ORIGINAL

2005 OCT 19 PM 2:58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

FILED
CLERK, U.S. DISTRICT COURT

NOV 15 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RODRIGUEZ, REENA B. FRAILICH, LOREDANA NESCI, JENNIFER BRAZEAL and LISA GINTZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WEST PUBLISHING CORPORATION, a Minnesota Corporation dba BAR/BRI, and KAPLAN, Inc., a Delaware corporation,<br><br>Defendants. | **LEAD CASE NO.**<br>**CV 05-3222 R(MCx)**<br><br>[PROPOSED] CASE MANAGEMENT ORDER NO. 1 |
| KARI BREWER and LORRAINE RIMSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WEST PUBLISHING CORPORATION, a Minnesota Corporation dba BAR/BRI, and KAPLAN, Inc., a Delaware corporation,<br><br>Defendants. | CASE NO. CV 05-6211 R(Ex) |

DOCKETED ON CM
NOV 17 2005
BY _____ 012

265222.1                [PROPOSED] CASE MANAGEMENT ORDER NO. 1

This matter having come before the Court upon motion by the Plaintiffs in the above-captioned cases; IT IS ORDERED:

## 1. CONSOLIDATION OF ACTIONS

The above-captioned actions (hereinafter collectively referred to as the "Consolidated Action") are hereby consolidated for all purposes, including discovery and trial, before the Honorable Manuel L. Real. The Consolidated Action, together with all other actions which may subsequently be consolidated pursuant to the provisions of this Order, shall be governed by this Order for all purposes.

The *Rodriguez* First Amended Complaint shall be the operative complaint (the "Consolidated Complaint"). Each defendant's respective previously-filed answer to the Consolidated Complaint shall continue to be applicable and no further answer need be filed.

## 2. DOCKETING AND FILING

a. All docket entries and court papers for the Consolidated Action shall be made in the dockets established for Case No. CV 05-3222 (the "Master Docket"), and shall be styled *Rodriguez, et al. v. West Publishing Corp.; et al.*

b. All documents previously filed and served to date in the cases consolidated herein are deemed filed and adopted and are made part" of the record in the Consolidated Action.

## 3. SUBSEQUENTLY FILED ACTIONS

a. If any other action ("related case") arising out of the facts alleged in the Consolidated Action is subsequently filed in this Court, or transferred to this Court from another court, the Clerk shall:

    i. File a copy of this Order in the separate file for the related case;

    ii. Mail a copy of this Order to counsel for plaintiff(s) in the related case;

    iii. Mail a copy of this Order to counsel for each defendant in the related case;

    iv. Make an appropriate entry in the Master Docket.

b.   Counsel shall call to the attention of the Clerk the filing of any case which might be properly deemed a related case and coordinated or consolidated as part of the Consolidated Action pursuant to the provisions of this Order.

c.   This Order shall apply to any new case that arises out of the subject matter of the Consolidated Actions and that is filed in this Court, or transferred to this Court, unless a party in such newly-filed or transferred action objects to any provision of this Order within ten (10) days of the date upon which a copy of this Order is served on counsel for such party. Such objection shall be made by filing an application for relief, and relief from this Order shall be granted only if the Court deems it appropriate to grant such applications. Any subsequently filed action to which this Order applies shall be consolidated for all purposes into the Consolidated Action and proceed under the Consolidated Complaint that each defendant has already answered, and no defendant shall be required to file an answer with respect to the subsequently filed action.

d.   All discovery taken in the Consolidated Action will apply to subsequently filed, related and consolidated actions.

**4.   ORGANIZATION OF PLAINTIFFS' COUNSEL**

a.   The Court hereby designates the following firm as lead counsel for the Plaintiffs in the Consolidated Action, to carry out the responsibilities described herein:

> VAN ETTEN SUZUMOTO & BECKETT LLP
> 1620 26 Street, Suite 6000N
> Santa Monica, CA 90404
> (310) 315-8200

b.   Lead Plaintiffs' counsel shall coordinate and have sole authority, on behalf of Plaintiffs, over:

   i.   initiation and conduct of discovery (including scope and order);

   ii.  initiation, response, scheduling, briefing and arguing all motions. No motion, request for discovery or pretrial proceeding shall be initiated, or responded to on behalf of any plaintiff except by Lead Counsel;

   iii. assignment of work to, other Plaintiffs' counsel as they may

deem appropriate;

iv. designation of which attorneys appear at hearings;

v. the timing and substance of any settlement negotiations;

vi. articulation of the positions of Plaintiffs before the Court and before opposing counsel on all matters during pretrial proceedings;

vii. conducting settlement negotiations on behalf of Plaintiffs, but not to enter binding agreements except to the extent expressly authorized;

viii. entry into stipulations, with opposing counsel, necessary for the conduct of the litigation;

ix. calling meetings of Plaintiffs' counsel when appropriate, and prepare and distribute to Plaintiffs' counsel periodic status reports;

x. to perform such other duties and undertake such other responsibilities consistent with all applicable laws, regulations, court rules and orders and rules of professional conduct as they deem necessary or desirable in connection with the prosecution of the Consolidated Action; and

xi. Lead Plaintiffs' Counsel shall be the contact between Plaintiffs' Counsel and counsel for defendants, as well as the spokespersons for Plaintiffs' Counsel in all actions made part of the Consolidated Action. Lead Counsel shall have the authority to speak for all plaintiffs in all actions made part of the Consolidated Action. Defendants' counsel may rely upon all agreements made with Lead Counsel, and such agreements shall be binding on all Plaintiffs and their counsel.

5. **SERVICE OF PLEADINGS AND OTHER PARTIES**

The parties to the Consolidated Action agree that service of all documents, including pleadings and discovery demands, will be via email and first class mail. All documents served by Defendants upon any plaintiff(s) shall be served upon Lead Counsel in the same manner unless otherwise agreed.

**6.   COMMUNICATION OF COUNSEL AND RETENTION OF RIGHTS**

The parties and the Court recognize that cooperation by and among counsel is essential for the orderly and efficient resolution of this litigation. The communication, to the extent provided by applicable law, of information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and shall not be used against any Plaintiff by any Defendant. Similarly, the communication, to the extent provided by applicable law, of information among and between Defendants' respective counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and shall not be used against any Defendant by any Plaintiff. Nothing contained in this Order shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or the attorney work product doctrine.

**7.   OTHER MATTERS**

a.   Time Records: All Plaintiffs' counsel participating in the Consolidated Action shall submit to Lead Counsel, on a monthly basis, contemporaneously maintained time and expense records. Failure to maintain accurate time records and/or the timely submission of the same will be grounds for Lead Counsel to withhold future work assignments. Lead counsel shall also maintain on a monthly basis, contemporaneously maintained time and expense records.

///
///
///
///
///
///
///
///
///

b.   No Waiver: Nothing in this Order, including participation of counsel for the Defendants, shall be deemed to waive or otherwise affect any argument, defense or other right available to Defendants, including the right to challenge the Court's jurisdiction over this matter.

IT IS SO ORDERED.

Date: Nov. 15, 2005

_____
United States District Judge

Submitted by:

VAN ETTEN SUZUMOTO & BECKET LLP

By: _____
Eliot G. Disner
A Professional Corporation
1620 26th Street, Suite 6000 North
Santa Monica, California 90404
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

*Attorneys for Plaintiffs, Ryan Rodriguez, Reena B. Frailich Loredana Nesci, Jennifer Brazeal, and Lisa Gintz*

FINKELSTEIN, THOMPSON & LOUGHRAN

By: _____
Christine G. Pedigo
601 Montgomery Street, Suite 665
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

*Attorneys for Kari Brewer and Lorraine Rimson*

265222.1                        -6-
[PROPOSED] CASE MANAGEMENT ORDER NO. 1

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1620 26th Street, Suite 6000 North, Santa Monica, California 90404. On October 19, 2005, I served the following document(s) described as:

**NOTICE OF LODGING OF [PROPOSED] CASE MANAGEMENT ORDER NO. 1; and**

**[PROPOSED] CASE MANAGEMENT ORDER NO. 1**

     on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED LIST**

☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Santa Monica, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐   **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (310) 315-8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐   **BY HAND DELIVERY:** I caused to be delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on October 19, 2005, at Santa Monica, California.

                                                              Roland Morrissette

265363.1

## SERVICE LIST

| | |
|---|---|
| Bradley S. Phillips, Esq.<br>Stuart N. Senator, Esq.<br>Munger Tolles & Olson LLP<br>355 S. Grand Avenue<br>35th Floor<br>Los Angeles, CA 90071-1560<br>Tel: (213) 683-9528<br>Fax: (213) 683-4028 | Attorneys for *Kaplan, Inc.* |
| Steven F. Molo, Esq.<br>Wayne Dale Collins, Esq.<br>James P. Tallon, Esq.<br>Shearman & Sterling, LLP<br>599 Lexington Avenue<br>New York, NY 10022-6069<br>Tel: (212) 848-4650<br>Fax: (212) 848-7179 | Attorneys for *West Publishing Corporation* |
| Edward A. Klein, Esq.<br>Heather H. Gilhooly, Esq.<br>Linger Yankelevitz Sunshine & Regenstreif LLP<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA 90024-3503<br>Tel: (310) 500-3500<br>Fax: (310) 500-3501 | Attorneys for *West Publishing Corporation* |

## SERVICE LIST

| | |
|---|---|
| Bradley S. Phillips, Esq.<br>Stuart N. Senator, Esq.<br>Munger Tolles & Olson LLP<br>355 S. Grand Avenue<br>35th Floor<br>Los Angeles, CA 90071-1560<br>Tel: (213) 683-9528<br>Fax: (213) 683-4028 | Attorneys for *Kaplan, Inc.* |
| Steven F. Molo, Esq.<br>Wayne Dale Collins, Esq.<br>James P. Tallon, Esq.<br>Shearman & Sterling, LLP<br>599 Lexington Avenue<br>New York, NY 10022-6069<br>Tel: (212) 848-4650<br>Fax: (212) 848-7179 | Attorneys for *West Publishing Corporation* |
| Edward A. Klein, Esq.<br>Heather H. Gilhooly, Esq.<br>Linger Yankelevitz Sunshine & Regenstreif LLP<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA 90024-3503<br>Tel: (310) 500-3500<br>Fax: (310) 500-3501 | Attorneys for *West Publishing Corporation* |

265363.1

-2-