UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RODRIGUEZ, REENA B. FRAILICH, LOREDANA NESCI, JENNIFER BRAZEAL and LISA GINTZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WEST PUBLISHING CORPORATION, a Minnesota Corporation dba BAR/BRI, and KAPLAN, Inc., a Delaware corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTION | CASE NO. CV 05-3222 R(MCx)<br><br>Assigned to The Hon. Manuel L. Real<br>Courtroom 8<br><br>[~~REVISED PROPOSED~~] ORDER RE CLASS NOTICE |

Upon consideration of Plaintiffs' Proposal re Adequate Class Notice (the "Proposal"), and after considering all briefs and argument related thereto, the Court finds that the proposed methods of class notice and the form of class notice (the "Proposed Notice") set forth in the Proposal constitute the best notice practicable, and thereby satisfy the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. Plaintiffs' Proposal is APPROVED.

The contents of the Proposed Notice have been agreed upon by the parties. The Proposed Notice utilizes plain language while making the notice accurate, objective, and understandable to class members, thereby satisfying the requirements of Federal Rule of Civil Procedure 23(c)(2) for class actions certified under Rule 23(b)(3). The Proposed Notice also complies with the requirements of Rule 23(c)(2) by informing Class members that: (a) the Court will exclude any member from the Class if the member requests exclusion in writing by a specified date; (b) all Class members who fail to opt out will be included in the judgment, whether favorable or not; and (c) any Class member who does not request exclusion may enter an appearance through counsel if that member so desires.

It is hereby ORDERED that the Proposed Notice, attached hereto as Exhibit A is APPROVED.

Further, it is hereby ORDERED that Plaintiffs issue the Approved Proposed Notice of Class Action to the class in the following manner:

1. Plaintiffs shall send the Approved Proposed Notice via First Class Mail to reasonably locatable class members identified from Defendant West's REGIS database at addresses updated through the United States Postal Service, supplemented by a private address update service (if necessary).

2. Plaintiffs shall send the Approved Proposed Notice to the "Office Manager" of each law firm listed in the American Lawyer's most recent list of the 200 largest law firms via First Class Mail.

3. Plaintiffs shall establish a BAR/BRI class action website ("class action website"), which will include a copy of the operative Complaint and Answer, the class notice, and answers to frequently asked questions, the contents of which are to be agreed upon by the parties.

4. Plaintiffs shall add a prominent hyperlink to the class action website on their counsels' homepages.

5.  Defendant West shall add a prominent hyperlink to the class action website on barbri.com.

6.  Plaintiffs shall establish a toll-free call center (the "call center") which will provide general information about the case. The contents of the script for the call center will include contact information for Class Counsel and be agreed to by the parties.

7.  Plaintiffs shall have notice published in the following national publications: (a) *National Law Journal*, 2 insertions; (b) *Lawyers Weekly USA*, 2 insertions; (c) *USA Today*, 1 insertion. Plaintiffs shall also have notice published on the internet by distribution through Business Wire.

This individual notice plan, as supplemented by publication, constitutes the best notice practicable as required by Fed. R. Civ. P. 23 because (1) individual notice is the proper method of class notice when there exists a substantially complete customer list and addresses for class members are reasonably obtainable; and (2) the additional notice publication is designed to reach all class members both practicing lawyers and non-practicing lawyers on a nationwide level.

IT IS SO ORDERED.

Dated: 6/28/06

HONORABLE MANUEL L. REAL
United States District Judge

1  Submitted by:

2

3  _____
   One of Plaintiffs' attorneys,
4  Eliot G. Disner, Esq.
   A Professional Corporation
5

6  McGUIREWOODS LLP
   1800 Century Park East, 8th Floor
7  Los Angeles, California 90067
8  Telephone: (310) 315-8200
   Facsimile: (310) 315-8210
9  Email:   edisner@mcguirewoods.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCANNED

## LEGAL NOTICE

**If you purchased a bar review course from BAR/BRI in the United States anytime from August, 1997, until the present, this notice may affect your rights.**

**Please read this Court ordered Class Action Notice.**

If you purchased a bar review course from BAR/BRI anywhere in the United States anytime from August, 1997, until the present, you may be affected by a class action lawsuit pending in the United States District Court for the Central District of California called *Rodriguez, et. al v. West Publishing Corp., d/b/a BAR/BRI, and Kaplan, Inc.*, Case No. CV-05-3222 R (MCx). This is to inform you of the Court's certification of a Plaintiff Class (the "Class"), the nature of Plaintiffs' claims, and your right to participate in, or exclude yourself from, this Class. At this time, you do not have to do anything to remain a member of the Class (a "Class Member").

**What Is This Case About?** BAR/BRI provides full-service bar review courses throughout the United States, which are aimed at assisting would-be attorneys in their preparation for taking one or more bar examinations required by each state and the District of Columbia prior to the issuance of a license to practice law. Plaintiffs allege that BAR/BRI, violated the federal antitrust laws by conspiring with Kaplan, Inc., to prevent competition in the market for full-service bar review courses. West Publishing Corporation is the owner of BAR/BRI and is a defendant. The other defendant is Kaplan, Inc. (BAR/BRI, and Kaplan, Inc., are hereinafter colleceively referred to as "Defendants.") Specifically, Plaintiffs allege that BAR/BRI agreed not to compete in the LSAT business and Kaplan agreed not to compete in the bar review business, thereby allocating to BAR/BRI the market for full-service bar review courses in the United States, thereby preventing a competitive bar review course from being marketed and sold.

\3993275.1



5

Plaintiffs also allege that BAR/BRI, acquired the assets of its former competitor, West Bar, thereby substantially lessening competition in the full-service bar review course market.

Plaintiffs further claim that BAR/BRI, unlawfully acquired and/or maintained a monopoly of the full-service bar review course market.

Plaintiffs allege that, as a result of Defendants' conduct, consumers paid more for BAR/BRI bar review courses than they should have. Defendants deny Plaintiffs' allegations and contend that their conduct was legal.

The Court has not yet determined whether Plaintiffs' or Defendants' contentions are correct. A jury trial is scheduled to resolve the issues beginning on September 12, 2006.

**Am I Affected By This Litigation?** Class members are those that purchased a full-service bar review course from BAR/BRI anywhere in the United States where BAR/BRI directly operated a course anytime from August, 1997 up to the present time. You are a Class Member then if you purchased a full-service bar review course from BAR/BRI to prepare for the winter 1998 bar examination or any subsequent bar examination.

**Who Represents Me In This Case?** The Court appointed Ryan Rodriguez, Reena B. Frailich, Loredana Nesci, Jennifer Brazeal, Lisa Gintz, Kari Brewer, and Lorraine Rimson as class representatives for all claims. The Court designated and appointed as Class Counsel the law firm of McGuireWoods, LLP. They are assisted by the firms of Finkelstein, Thompson & Loughran, and Zwerling Schachter & Zwerling, LLP (collectively "Class Attorneys").

**How Do I Find Out More Information About This Case?** To find out more information, visit the website at www.barbri-classaction.com, call 1-800-___-

\3993275.1

6

_____, or write to BAR/BRI Class Counsel, Eliot G. Disner, Esq., McGuireWoods LLP, 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.  The website contains the Complaint; Defendants' Answers; the Order Certifying Plaintiff Class; and a list of frequently-asked questions and answers.

**How Do I Remain A Class Member? You Need Not Do Anything At This Time.**  As a Class Member, you will be bound by all orders and judgments of the Court.  Any claims you have against Defendants concerning the allegations summarized in this Notice will be determined by the final resolution of the case.  You do not have to pay the Class Attorneys.  If they obtain a recovery from the Defendants, they will ask the Court to order reasonable attorneys' fees and costs to be paid by Defendants or from any funds recovered.  If you hire your own attorney, you must pay that attorney.  You may also seek the Court's permission to intervene or personally appear in the action.

**How Do I Exclude Myself From The Class?**  If you want to be excluded from the Class, mail a signed letter asking to be excluded to:  BAR/BRI Claims Exclusions _____.  All exclusion requests must be postmarked by <u>August 13</u>, 2006.  If you exclude yourself, you cannot participate in any monetary recovery for the Class, and you will not be bound by any Court orders or judgments.  If you wish to remain a member of the Class, **DO NOT** submit an exclusion form.

\3993275 1

7

**What If I Have Questions?** Visit the website at www.barbri-classaction.com, call 1-800-__-_____, or write to BAR/BRI Class Counsel, Eliot G. Disner, Esq., McGuireWoods LLP, 1800 Century Park East, 8th Floor, Los Angeles, CA 90067. All Court records may be examined in person and copied at the Clerk's office, United States District Court, Central District of California, 312 N. Spring Street, Los Angeles, California, 90012. **PLEASE DO NOT PHONE THE COURT.**

Dated:_____, 2006                     The Honorable Manuel L. Real
                                        United States District Judge

\3993275.1

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, California 90067.

On June 21, 2006, I served the following document(s) described as **[REVISED PROPOSED] ORDER RE CLASS NOTICE** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED LIST**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately ____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (310) 315-8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 21, 2006, at Los Angeles, California.

_Glen A. Davis_

Document2

PROOF OF SERVICE

## SERVICE LIST

| | |
|---|---|
| Bradley S. Phillips, Esq.<br>Stuart N. Senator, Esq.<br>Munger Tolles & Olson LLP<br>355 S. Grand Avenue<br>35th Floor<br>Los Angeles, CA 90071-1560<br>Tel: (213) 683-9528<br>Fax: (213) 683-4028 | Attorneys for Kaplan, Inc.<br><br>VIA U S MAIL AND EMAIL<br><br>Brad.Phillips@mto.com<br>Stuart.Senator@mto.com |
| Steven F. Molo, Esq.<br>Wayne Dale Collins, Esq.<br>Shearman & Sterling, LLP<br>599 Lexington Avenue<br>New York, NY 10022-6069<br>Tel: (212) 848-4650<br>Fax: (212) 848-7179 | Attorneys for *West Publishing Corporation*<br><br>VIA U S MAIL AND EMAIL<br><br>smolo@shearman.com<br>wcollins@shearman.com |
| Edward A. Klein, Esq.<br>Heather H. Gilhooly, Esq.<br>Liner Yankelevitz Sunshine & Regenstreif LLP<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA 90024-3503<br>Tel: (310) 500-3500<br>Fax: (310) 500-3501 | Attorneys for *West Publishing Corporation*<br><br>VIA U S MAIL AND EMAIL<br><br>hgilhooly@linerlaw.com<br>eklein@linerlaw.com |