John Francis Carroll
Bar No. 34934
1408 Le Grande Terrace
San Pedro, CA 90732

Tel: 310.548.6001
Fax: 310.547-5065
Email: CARROLLMEDIATOR@
       SBCGLOBAL.NET

Special Master

**ORIGINAL**

FILED
CLERK, U.S. DISTRICT COURT
JUL 26 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RODRIGUEZ, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> WEST PUBLISHING CORPORATION, et al., <br><br> Defendants. <br><br> AND CONSOLIDATED ACTION | CASE NO. CV 05-3222 R(MCx) <br><br> SPECIAL MASTER'S ORDERS RE PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF (1) CPA AND PATENT BAR REVIEW DOCUMENTS, AND (2) DOCUMENTS CREATED SINCE MAY 26, 2005 RE LOUISIANA BAR/BRI COURSE |

DOCKETED ON CM
JUL 27 2006

Pursuant to the direction of the Special Master, the following were filed:

(1) PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CPA AND PATENT BAR REVIEWS DOCUMENTS; DECLARATION OF NOAH E. JUSSIM;

(2) [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CPA AND PATENT BAR REVIEW DOCUMENTS; (3) PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS CREATED SINCE MAY 26, 2005 RE LOUISIANA BAR/BRI COURSE; DECLARATION OF NOAH E. JUSSIM;

(4) PLAINTIFFS' COMBINED REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL PRODUCTION OF (1) DOCUMENTS CREATED SINCE MAY 26, 2005 RE LOUISIANA BAR/BRI COURSE, AND (2) CPA AND PATENT REVIEW DOCUMENTS;

-1-

SPECIAL MASTER'S ORDERS RE PLAINTIFF'S MOTIONS TO COMPEL PRODUCTION OF (1) CPA AND PATENT BAR REVIEW DOCS. AND (2) DOCS. SINCE MAY 26, 2005 RE LOUISIANA BAR/BRI COURSE

1  (5) WEST PUBLISHING CORPORATION'S MEMORANDUM OF POINTS AND
2  AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION
3  OF DOCUMENTS RELATING TO BAR/BRI'S PATENT BAR AND CPA REVIEW
4  COURSES; (6) DECLARATION OF ALAN S. GRUBER FILED IN SUPPORT OF WEST
5  PUBLISHING CORPORATION'S MOTION TO COMPEL PRODUCTION OF
6  DOCUMENTS RELATING TO BAR/BRI'S PATENT BAR AND CPA BAR REVIEW
7  COURSES; (7) WEST PUBLISHING CORPORATION'S MEMORANDUM OF POINTS
8  AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
9  PRODUCTION OF DOCUMENTS CREATED SINCE MAY 26, 2005 RE LOUISIANA
10  BAR/BRI COURSE: (8) DECLARATION OF ALAN S. GRUBER FILED IN SUPPORT
11  OF WEST PUBLISHING CORPORATION'S OPPOSITION TO MOTION TO COMPEL
12  PRODUCTION OF DOCUMENTS RELATING TO BAR/BRI'S PATENT BAR AND CPA
13  COURSES: (9) WEST PUBLISHING CORPORATION'S MEMORANDUM OF POINTS
14  AND AUTHORITIES IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION TO
15  COMPEL PRODUCTION OF (1) DOCUMENTS CREATED SINCE MAY 26, 2005 RE
16  LOUISIANA BAR/BRI COURSE AND (2) CPA AND PATENT BAR REVIEW
17  DOCUMENTS; (10) DECLARATION OF ALAN S. GRUBER IN FILED SUPPORT OF
18  WEST PUBLISHING CORPORATION'S FURTHER OPPOSITION TO MOTION TO
19  COMPEL PRODUCTION OF (1) DOCUMENTS CREATED SINCE MAY 26, 2005 RE
20  LOUISIANA BR/BRI COURSE AND (2) AND CPA AND PATENT BAR REVIEW
21  DOCUMENTS.

22  In addition to reviewing all of the forgoing, the Special Master has reviewed the
23  TRANSCRIPT OF FIRST MEETING OF COUNSEL, June 8, 2006, The REPORT OF
24  THE FIRST MEETING OF COUNSEL, the TRANSCRIPT OF HEARING ON THE
25  REPORT OF FIRST MEETING OF COUNSEL, June 28, 2006, and all relevant
26  correspondence from and between counsel since his appointment herein.

I.

The first to be addressed is the MOTION TO COMPEL PRODUCTION OF THE CPA AND PATENT BAR REVIEW DOCUMENTS. Plaintiffs allege that subject documents are relevant on the issues of damages and liability. During the Hearing on June 28, 2006, Plaintiffs' counsel, (Jussim), stated, "...*the documents . . .are important benchmarks for the damage analysis*, (emphasis added) as our expert Professor Greer said." And, then, another of plaintiffs' counsel (Disner) said, "Our expert testified already based on the limited information he has that *he thinks that the CPA market would be a good benchmark here* . . ." (emphasis added). But, neither of these statements is supported by Professor Greer's Declaration, In Paragraph 79, he states, in relevant part, "The market for CPA exam preparation is a *possible yardstick* (emphasis added) in this case. That is a long way from "important" and "good" benchmarks. In the balance of his declaration seeks to support his stated impression of a possible yardstick and is not helpful.

While the "yardstick" approach may be an appropriate method in the calculation of damages, it needs to be based on similar competitive markets, among other things. Here there is no similarity between the CPA and Patent Bar reviews. The reviews in question address totally different subject matter, time, markets, etc. It is worth noting that non lawyers make up part of the CPA and Patent Bar review markets.

Mr. Jussim stated in his declaration in support, Page 3. 14-16, "As the information sought relates both to liability issues (BAR/BRI's *possible agreement to assure that Becker would not re-enter the bar review course market*) . . ." (emphasis added) and damages . . ." But there is no evidence offered that any such agreement actually exists nor any basis for assuming that it ever did exist. Even if there were evidence of such an agreement it would be necessary for Plaintiffs to show the likelihood that it would lead to the discovery of admissible evidence. They have not

-3-

1  done so.

2  The requested documents have no relevance to the present matter nor would
3  they tend to lead to any relevant, discoverable evidence. There is no need to address
4  any other possible deficit in the motion.

5  II

6  Addressing Plaintiffs' Motion To Compel Production of Documents Created
7  Since May 26, 2005, re The Louisiana BAR/BRI Course, on October 25, 2005, Plaintiffs'
8  served their first set of Request for Production of Documents, RFP, on Defendant
9  West. RFP Number 44, states, "All documents relating to any agreement between
10 BAR/BRI and the Paul M. Hebert Law Center of LOUISIANA State University (the
11 "LSU" Law Center) for the provision of bar review courses at the LSU Law Center.
12 Defendant West filed it's response on November 23, 2005, objecting generally and
13 specifically to the request. In several exchanges of correspondence after that,
14 Plaintiffs reiterated their request and Defendant maintained it's objection.

15 There appears to have been ongoing discussions prior to the Special Master
16 being appointed. In a conference call with all counsel, the parties were directed to
17 meet and confer on all discovery matters in preparation for the First Meeting of
18 Counsel. The First Meeting was held on June 7, 2006, and RFP 44 was one of the
19 issues mentioned as still outstanding. The parties were again directed to meet and
20 confer and then to file a joint report outlining the status of each issue.

21 On June 23, 2006, the parties jointly filed Report To Special Master Regarding
22 Meet And Confer On Discovery Issues. Regarding RFP 44 they reported, "With respect
23 to documents relating to any agreement between BAR/BRI and LOUISIANA State
24 University for the provision of bar review courses at LSU and in response to Plaintiff's
25 concerns about inconsistencies with documents produced by LSU, West's counsel
26 agreed to check and ensure that all responsive documents have been produced. As

27

28

-4-

1  agreed, West's counsel have made further inquires subsequent to the meet and confer
2  and confirmed that all responsive documents to Plaintiffs' RFP, subject to West's
3  objections, have been produced."
4      Plaintiffs now contend it was on June 23, 2006, that West announced for the first
5  time that it would only produce LSU documents created prior to the filing of the First
6  Amended Complaint on May 26, 2005. This contention is not supported. In fact, West
7  has in correspondence to counsel has reaffirmed, and has not wavered from, it's
8  objection.
9      Plaintiffs point to the production of about a dozen documents, out of a production
10  of some 300,000 documents produced, as evidence that West was not enforcing it's
11  stated objection. This is not convincing. Often in a mass document production there is
12  an inadvertent production. In this case, a dozen documents were produced
13  inadvertently and that it was inadvertent is clear, and especially so when one
14  considers the repeated position of West.
15      Plaintiffs have delayed far too long in seeking these documents. The Special
16  Master's order to file a motion to compel, which issued to ensure that everything would
17  be considered, does not cure this long standing defect.
18      Therefore, having given full consideration to everything filed in support of and in
19  opposition, and good cause appearing,
20      IT IS ORDERED that Plaintiff's Motion To Compel Production Of Documents
21  Created Since May 26, 2005, Re LOUISIANA BAR/BRI course is denied.
22      IT IS FURTHER ORDERED that Plaintiffs' Motion To Compel Production Of
23  Documents Relating To BR/BRI's Patent And CPA Review Courses is denied.
24  Dated: July 21, 2006
25                                                                      *[signature]*
26                                                     John Francis Carroll
                                                   Special Master
27
28

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in San Pedro, California, over the age of 18 and not a party to the within action and my business address is: 1408 Le Grande Terrace, San Pedro, California 90732.

On July 21, 2006, I served the document described as :

SPECIAL MASTER'S ORDERS RE PLAINTIFFS' MOTION COMPEL PRODUCTION OF (1) CPA AND PATENT BAR REVIEW DOCUMENTS AND (2) DOCUMENTS CREATED AFTER MAY 26, 2006 RE LOUISIANA BAR/BRI COURSE

on interested parties in this action by causing said documents to be emailed to the following:

Brad.Phillips@mto.com, ddrachler@zsz.com, edisner@vsblaw.com, eklein@linerlaw.com, hgilhooly@linerlaw.com, hr@ftllaw.com, LDunlop@shearman.com, Lee.Taylor@mto.com, lks@ftllaw.com, " Steven Molo" <smolo@shearman.com>, njussim@mcguirewoods.com, rebecca.trent@shearman.com, stuart.senator@mto.com, TMoyer@mcguirewoods.com, WCollins@shearman.com

Executed on July 25, 2006, at San Pedro, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the above is true and correct

Sean Carroll