UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RODRIGUEZ, REENA B. FRAILICH, LOREDANA NESCI, JENNIFER BRAZEAL and LISA GINTZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WEST PUBLISHING CORPORATION, a Minnesota Corporation dba BAR/BRI, and KAPLAN, Inc., a Delaware corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTION | CASE NO. CV 05-3222 R(MCx)<br><br>Assigned to the Hon. Manuel L. Real Courtroom 8<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO THE CLASS<br><br>Hearing Date: March 19, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 8 |

Plaintiffs Reena B. Frailich, Jennifer Brazeal, Kari Brewer, and Lorraine Rimson, on their own behalf and on behalf of the class certified in this litigation on the one hand, and Defendants West Publishing Corporation and Kaplan, Inc., on the other, have entered into a Stipulation and Settlement Agreement ("Agreement") intended to resolve finally this litigation;

The Agreement, together thereto with the exhibits thereto, sets forth the terms and conditions for a proposed settlement and dismissal of this Action with prejudice

1  upon the terms and conditions set forth therein;

2      The Court has before it Plaintiffs' Motion for Order Granting Preliminary
3  Approval of Class Action Settlement and Directing Dissemination of Notice to the
4  Class along with supporting memoranda, exhibits and other supporting materials;

5      Having held a hearing on March 19, 2007, to consider the motion and the
6  proposed Settlement, this Court hereby Orders and Decrees as follows:

7      1.    The terms used in this Order have the meanings assigned to them in the
8  Agreement.

9      2.    The proposed Settlement was negotiated in good faith, under the
10 supervision of a well-respected mediator, and at arm's length by highly experienced
11 counsel after sufficient discovery enabling them to make an informed judgment.
12 The proposed Settlement falls within the range of reasonableness and is hereby
13 preliminarily approved;

14     3.    The Court previously certified the class as defined in Paragraph 5 of the
15 Agreement, *viz*.:

16     All Persons who purchased a bar review course from BAR/BRI
17     in the United States from August 1, 1997 through and including July 31,
18     2006.

19 Pursuant to the Order of the Court dated July 12, 2006, the "Class Action Notice"
20 was sent to Class Members advising them of the pending class action and their right
21 to remain a member of the Class or to seek exclusion from the Class. The deadline
22 to request exclusion was August 13, 2006. The Court determines that there is no
23 need for an additional opt-out period at this juncture.

24     4.    The Settling Parties have proposed and the Court hereby directs that the
25 Class be given notice of the proposed Settlement, substantially in the form of
26 Exhibit 1 hereto, by first-class mail to the last known postal address of each Class
27 Member. The Court also approves the proposed summary notice. A copy of the
28 Summary Notice, substantially in the form of Exhibit 2 hereto, shall also be

published in The National Law Journal (two insertions), Lawyers Weekly USA (two insertions), and USA Today (one insertion). Class Counsel are also directed to publish the Summary Notice on the Internet by distribution through Business Wire or PR Newswire. The Summary Notice shall also be mailed by first-class mail to the Office Manager of each law firm listed in American Lawyer's most recent list of the 200 largest law firms as well as any law firm to which the Class Action Notice was mailed but is not currently listed in the American Lawyer's most recent list of the 200 largest law firms. The Summary Notice shall contain a toll-free number and website address that Class Members may use to obtain a copy of the full Notice and Claim Form.

5.  The Court approves the form and content of the proposed notices and claim form, substantially in the form of Exhibit 3 hereto, and finds that under the circumstances, dissemination of the Notices as proposed by the Settling Parties meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

6.  The Court appoints Complete Claim Solutions, LLC, as Claims Administrator. The responsibilities of the Claims Administrator shall include: (a) supervising and administering the notice procedures; (b) establishing a P.O. Box (to be included in the Notices) for purposes of communicating with Class Members; (c) accepting and maintaining documents sent from Class Members, including Claim Forms, and other documents relating to claims administration; and (d) administering claims for the allocation of the Net Settlement Fund to Authorized Claimants. Not later than thirty (30) days before the Final Settlement Hearing, the Claims Administrator shall provide Class Counsel with an affidavit or declaration, by a competent affiant or declarant, attesting that notice was disseminated in accordance with Paragraph 4 of this Order. Class Counsel shall file the affidavit or declaration with the Court on or before May 4, 2007.

7. The Final Settlement Hearing shall be held before this Court on June 18, 2007 at 10:00 a.m. at the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California, 90012, to determine whether the proposed Settlement, resolving and dismissing the Action on the terms and conditions provided for in the Agreement, is fair, reasonable and adequate and should be approved by the Court; whether the proposed plan of allocation is fair, reasonable and adequate and should be approved by the Court; whether a judgment as provided in Exhibit C of the Agreement should be entered herein; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of Incentive Awards that should be approved. The Court may adjourn the Final Settlement Hearing without further notice to Class Members.

8. Any Class Member may enter an appearance in the Action, at the Class Member's own expense, individually or through counsel of the Class Member's choice. Any Class Member who does not enter an appearance will be represented by Class Counsel.

9. Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the proposed Settlement, to the proposed plan of allocation, or to any proposed Attorneys' Fees Award, Expenses Award or Incentive Awards must (a) serve on Lead Counsel and Defendants' Counsel; and (b) file with the Court a statement of his, her or its statement of objection(s). To be effective, any such statement must be received by Lead Counsel and by Defendants' Counsel, and filed with the Court no later than May 21, 2007, or as the Court may otherwise direct.

10. The Class Member's statement of objection shall provide evidence of the objector's membership in the Class and shall state the specific reason(s), if any, for each objection made by the Class Member, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection.

11. Any Class Member may file an objection on his, her or its own, or through an attorney hired at his, her or its own expense. If a Class Member hires an attorney in connection with filing an objection, the attorney must (a) serve on Lead Counsel and Defendants' Counsel; and (b) file with the Court, a notice of appearance. To be effective, any such notice of appearance must be received by Lead Counsel and Defendants' Counsel, and filed with the Court no later than May 21, 2007, or as the Court may otherwise direct.

12. Any Class Member who timely files and serves a written objection and any other required materials pursuant to Paragraphs 9 through 11 - and only such Class Members - may appear at the Final Settlement Hearing, either in person or through counsel hired at the Class Member's expense, to object to (i) the fairness, reasonableness or adequacy of the proposed Settlement, (ii) the proposed plan of allocation, or (iii) any term(s) of the Agreement (including, without limitation, the proposed Attorneys' Fees Award, Expenses Award or Incentive Awards), provided however that Class Members or their attorneys intending to make an appearance at the Final Settlement Hearing must also (a) serve on Lead Counsel and Defendants' counsel; and (b) file with the Court, a notice of intention to appear. Any such notice of intention to appear must be received by Lead Counsel and Defendants' counsel, and filed with the Court no later, May 21, 2007, or as the Court may otherwise direct.

13. Any Class Member who fails timely to comply with any of the provisions of this Order shall waive and forfeit any and all rights he, she or it may otherwise have to appear separately at the Final Settlement Hearing and/or to object to the Settlement, and shall be bound by all the terms of the Agreement and the proposed Settlement (if approved by the Court), as well as by all proceedings, orders and judgments in this Action.

14. No Person who is not a Class Member or Class Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless

otherwise ordered by the Court or otherwise provided in the Agreement.

15. All papers in support of the proposed Settlement and any application by Class Counsel for attorneys' fees or reimbursement of expenses and Incentive Awards shall be filed and served by May 7, 2007. The Settling Parties may file responses to any objection to the proposed Settlement or the applications for attorneys' fees, reimbursement of expenses and Incentive Awards.

16. The proposed plan of allocation shall be considered separately from the fairness, reasonableness and adequacy of the proposed Settlement.

17. Any application for attorneys' fees, reimbursement of expenses and incentive awards made by Class Counsel shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

18. In conjunction with the Final Settlement Hearing, or at such other time as the Court in its discretion determines is appropriate, the Court shall determine whether to grant any application for attorneys' fees, reimbursement of expenses and incentive awards.

19. All reasonable costs incurred in giving notice to Class Members and administering the Settlement shall be borne and paid as set forth in the Agreement. Defendants shall have no responsibility to pay any costs related to providing notice to the Class or administration of the Settlement.

20. Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

21. The Court reserves the right to adjourn the date of the final settlement hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or in connection with the proposed Settlement. The Court may approve the proposed Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without

further notice to the Class.

22. If the proposed Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties status quo ante.

IT IS SO ORDERED

Dated: **March 26**, 2007

_____
Hon. Manuel L. Real
United States District Judge

Submitted by

_____
Sidney K. Kanazawa

McGUIREWOODS LLP
Eliot G. Disner
A Professional Corporation
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210
edisner@mcguirewoods.com
skanazawa@mcguirewoods.com

Legal Notice

**THIS IS AN IMPORTANT LEGAL NOTICE THAT MAY AFFECT
SUBSTANTIAL LEGAL RIGHTS. *READ THIS NOTICE CAREFULLY***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RODRIGUEZ, REENA B. FRAILICH, LOREDANA NESCI, JENNFIER BRAZIL, and LISA GINTZ, on behalf of themselves and all others similarly situated, <br> Plaintiffs, <br> vs. <br> WEST PUBLISHING CORPORATION, a Minnesota Corporation d/b/a BAR/BRI; and KAPLAN, Inc., a Delaware Corporation, <br> Defendants <br><br> AND CONSOLIDATED ACTION | CASE NO: CV-05-3222 R(MCx) |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND HEARING
REGARDING SETTLEMENT**

To: All persons who purchased a bar review course from BAR/BRI anywhere in the United States anytime from August 1, 1997 through July 31, 2006 (the "Class");

I. **PURPOSE OF NOTICE**

You may be affected by a proposed settlement of the lawsuit *Rodriguez, et al. v. West Publishing Corp., d/b/a BAR/BRI, and Kaplan, Inc.*, Case No: CV-05-3222 R (MCx), now pending before the United States District Court for the Central District of California (the "Court"), filed by Ryan Rodriguez, Reena B. Frailich, Loredana Nesci, Jennifer Brazeal, Lisa Gintz, Kari Brewer, and Lorraine Rinson ("Plaintiffs") on behalf of themselves and all others similarly situated against BAR/BRI and Kaplan, Inc. (hereinafter collectively referred to as "Defendants") for violations of the federal antitrust laws.

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Order of the Court for the purpose of informing you of your rights with regard to: (a) a proposed settlement of the above-captioned lawsuit for a payment by the Defendants of Forty-nine Million dollars in cash (the "Settlement Fund"); and (b) a hearing scheduled to be held on [DATE] at [TIME] before the Honorable Manuel J. Real, at the United States District Courthouse at 312 N. Spring Street, Los Angeles, California, 90012 (the "Final Settlement Hearing").

The purpose of the Final Settlement Hearing will be (1) to determine whether the proposed settlement is fair, reasonable, adequate and in the best interest of the Class, and thus should be approved; (2) to approve a plan to allocate the Settlement Fund (net of attorneys' fees and costs and incentive award to Plaintiffs) among the Class; and (3) to consider the application of Class Counsel for an award of attorneys' fees and costs, and the application for an incentive award for the Plaintiffs as class representatives. The Court may continue or reschedule the hearing without further notice.

1240492.1                                    1.


EXHIBIT 1

Class members also are hereby advised of their right to provide comments in support of or in objection to the proposed settlement and to appear at the Final Settlement Hearing. If you did not exclude yourself from the Class on or before August 13, 2006 pursuant to the original Notice of Pendency of Class Action you will be bound by the terms of this settlement if it receives final approval from the Court.

## II. BACKGROUND

### A. What Is This Case About?

BAR/BRI provides full-service bar review courses throughout the United States, which are aimed at assisting would-be attorneys in their preparation for taking one or more bar examinations required by each state and the District of Columbia prior to the issuance of a license to practice law. Plaintiffs allege that BAR/BRI violated the federal antitrust laws by agreeing with Kaplan, Inc. ("Kaplan") to prevent competition in the market for full-service bar review courses. West Publishing Corporation is the owner of BAR/BRI and is a Defendant. The other Defendant is Kaplan. Specifically, Plaintiffs allege that BAR/BRI agreed not to compete in the LSAT business and Kaplan agreed not to compete in the bar review business, thereby allocating to BAR/BRI the market for full-service bar review courses in the United States and preventing a competitive bar review course from being marketed and sold.

Plaintiffs also allege that BAR/BRI acquired the assets of its former competitor, West Bar, thereby substantially lessening competition in the full-service bar review course market. Plaintiffs further claim that BAR/BRI unlawfully acquired and/or maintained a monopoly of the full-service bar review course market. Plaintiffs allege that, as a result of Defendants' conduct, consumers paid more for BAR/BRI bar review courses than they should have.

Defendants deny Plaintiffs' allegations and contend that their conduct was at all times legal. The Court has not ruled on the merits of any of the claims asserted by Plaintiffs.

### B. The Certified Class

On March 13, 2006, Plaintiffs filed a motion seeking to certify the Class. The Court granted Plaintiffs' motion for class certification on May 15, 2006. The certified class is defined as follows:

> All persons who purchased a bar review course from BAR/BRI anywhere in the United States anytime from August 1, 1997 through July 31, 2006 (the "Class").

Excluded from the Class are all persons who requested exclusion on or before August 14, 2006. The Court designated and appointed the law firm of McGuireWoods, LLP as lead class counsel ("Lead Counsel"). They are assisted by the firms of Finkelstein Thompson LLP, and Zwerling Schachter & Zwerling, LLP (collectively "Class Counsel"). The Court also appointed Ryan Rodriguez, Reena B. Frailich, Loredana Nesci, Jennifer Brazeal, Lisa Gintz, Karl Brewer, and Lorraine Rimson as Class Representatives. Notice of this action and the class certification was given to the Class in June and July, 2006, with a deadline of August 13, 2006 to request exclusion.

### C. The Settlement Negotiations

At the time the parties reached agreement on the proposed settlement, pre-trial discovery on all issues was nearing completion. Class Counsel have reviewed many thousands of documents produced in discovery by Defendants and third parties, have consulted with experts, and have taken numerous depositions. As a result of this intensive investigation and discovery, Class Counsel obtained significant knowledge regarding the strength and weaknesses of the claims and defenses in this case before entering into settlement negotiations. The settlement negotiations were mediated by a retired judge who specializes in mediating court cases.

## III. The Proposed Settlement

Subject to the terms and conditions of the Stipulation of Settlement (the "Settlement Agreement"), dated February __, 2007 (which is on file with the Court and available on the website referenced below),

1240492.1                                   2

Defendants are paying $49 million into an interest bearing escrow account (the "Settlement Fund").

Pursuant to the Settlement Agreement, Defendants have also agreed to terminate a marketing agreement between them, and BAR/BRI has further agreed to include language in its student enrollment form noting that, by making an initial enrollment payment to BAR/BRI, students are not committed to taking the BAR/BRI course at a later date or for making full payment for such course if not taken. BAR/BRI also states its commitment to accurate advertising. The Settlement Agreement also includes a release of claims as summarized below. A majority of the class representatives have approved the proposed settlement.

The proposed settlement is a compromise of disputed claims. It is not an admission of liability by anyone and does not mean that the Court has found liability for the claims made by Plaintiffs.

If the proposed settlement is approved by the Court and becomes final, the Settlement Fund, net of attorney's fees and other amounts awarded by the Court as specified in the next paragraph (the "Net Settlement Fund"), will be distributed in accordance with the plan of allocation approved by the Court. In summary, the Net Settlement Fund will be allocated among the Class members based upon the *pro rata* share of the price paid by each Class member who submits an authorized claim for the BAR/BRI bar review course(s) purchased in relation to the amounts paid by all other claimants. The actual dollar amount paid to each claimant will depend on the number of claims, the tuition amounts paid by claimants, and the amount of costs, expenses, attorneys' fees and incentive awards approved by the Court as described below. In no event shall any Class member receive more than thirty (30) percent of the amount paid for BAR/BRI bar review courses during the Class Period (August 1, 1997 through July 31, 2006). In addition, Class members will have the option of having their entire payment made directly to a charity.

All costs, fees, and expenses related to this lawsuit are to be paid out of the proceeds of the Settlement Fund. From the inception of the lawsuit, Class Counsel have not received any payment for their services in prosecuting the case, nor have they been reimbursed for any out-of-pocket expenses. Class Counsel will apply to the Court for an award of attorneys' fees of 25% of the Settlement Fund and reimbursement of expenses advanced in the litigation (the "Fee Petition"). Moreover, an application will be made to the Court for an incentive award of [AMOUNT] for Plaintiffs to compensate them for their participation in, and prosecution of, this case on behalf of the Class, which included, among other things, producing documents, providing written discovery, consulting with Class Counsel and members of the Class, and appearing for deposition (the "Incentive Award Petition"). Class Counsel will file the Fee Petition and the Incentive Award Petition with the Clerk of the Central District of California, at the United States District Courthouse, 312 N. Spring Street, Los Angeles, California 90012 on or before [insert date]. The petitions will be available for inspection during normal business hours at the office of the Clerk.

Any disputes arising under or relating to the Settlement Agreement, including, but not limited to, the releases in the Settlement Agreement, will be resolved by the Court.

The above is only a summary of the proposed settlement. A copy of the Settlement Agreement is on public file with the United States District Court for the Central District of California at the address indicated in this Notice. A copy of the Settlement Agreement and other documents related to the settlement can also be found at www.barbri-classaction.com.

IV.   **RELEASE**

In addition to the effect of any final judgment entered if the proposed settlement is approved by the Court, the Settlement Agreement provides a full and complete release by each Class member and his or her heirs, successors and assigns to Defendants and their subsidiaries and affiliates, and each of their present and former officers, directors and employees, and any predecessor or successor firm, from any and all actions and/or causes of action, suits, obligations, etc., whether or not asserted in the above-captioned action, with respect to bar review courses purchased between August 1, 1997 and July 31, 2006.

Notwithstanding the above, the release shall not apply to claims asserted in the putative class actions entitled *Park v. Thomson Corp., et al.*, Case No. 05 Civ. 2931 (WHP), and *Arendas v. Thomson Corp., et al.*, Case No. 6:06-cv-1113-Orl-28JGG, currently pending in the United States District Court, Southern District of New York. Furthermore, the release will not bar any action or claim to enforce the terms of the Settlement Agreement.

1240492.1                                          3.

This summary of the terms of the release should be read in conjunction with, and is entirely qualified by, the complete text of the release set forth in the Settlement Agreement.

## V. THE FINAL SETTLEMENT HEARING

The Court preliminarily approved the proposed settlement after a hearing held on [DATE]. The Court found the proposed settlement to be within the range of reasonableness. Accordingly, the Court has set the Final Settlement Hearing in order to determine whether the proposed settlement should finally be approved.

If you do not wish to object to the settlement, it is not necessary to appear at the hearing or take any action at this time. Any member of the Class who has not previously excluded his or herself from the Class may appear at the Final Settlement Hearing in person or by duly authorized attorney and show cause why the settlement should not be approved as fair, reasonable, and adequate, or to oppose or comment on any other subject of the Hearing, including the Fee Petition and the Incentive Award Petition, provided that no person shall be heard in opposition to the settlement, Fee Petition or Incentive Award Petition and no paper or brief submitted by any such person shall be received or considered by the Court, unless on or before [DATE], a notice of intention to appear and a statement of the position to be asserted and the grounds therefore, together with copies of any supporting papers or briefs is filed with the Office of the Clerk, Central District of California, at the United States District Courthouse, 312 N. Spring Street, Los Angeles, CA 90012. Such notice must include in a prominent location the name of the case, the case number, and the Judge's name. You must also send a copy of those papers to Class Counsel, Eliot G. Disner, Esq., McGuireWoods LLP, 1800 Century Park East, 8th Floor, Los Angeles, CA 90067, and to Defendants' counsel Steven F. Molo, Esq., James P. Tallon, Esq., Shearman & Sterling LLP, 599 Lexington Avenue, New York, N.Y. 10022 and Bradley S. Phillips, Esq., Stuart N. Senator, Esq., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071.

Except as provided herein, no person shall be entitled to contest the terms and conditions of the settlement, Fee Petition or Incentive Award Petition, and persons who fail to object as provided herein shall be deemed to have waived and shall be foreclosed forever from raising any such objections. You need not appear at the hearing in order to object or endorse the proposed settlement.

## VI. ADDITIONAL INFORMATION

To find out more information, visit the website at www.barbri-classaction.com, call 1-888-    , or write to BAR/BRI Class Counsel, Eliot G. Disner, Esq., McGuireWoods LLP, 1800 Century Park East, 8th Floor, Los Angeles, CA 90067. You may also send an email inquiry to [insert]. The website contains the Complaint; Defendants' Answers; the Settlement Agreement; the Preliminary Approval Order; the Claim Form; and a list of frequently-asked questions and answers.

### PLEASE DO NOT PHONE THE COURT.

All Court records may be examined in person and copied at the Clerk's office, United States District Court, Central District of California, 312 N. Spring Street, Los Angeles, California, 90012. Certain settlement documentation is also available at www.barbri-classaction.com.

Date:                                                BY ORDER OF THE COURT
                                                     Hon. Manuel L. Real, United States District Judge

For more information:

Call: 1-888-    , or Visit: www.barbri-classaction.com

COURT-ORDERED LEGAL NOTICE

# If You Bought A Bar Review Course From BAR/BRI In The United States From August 1, 1997 Through July 31, 2006, Your Rights May Be Affected By A Class Action Settlement.

This is a summary notice to inform you of a proposed Class Action Settlement that may affect your rights. You can obtain a full Notice, which explains your rights and how to obtain settlement benefits, in more detail, by contacting the Claims Administrator at: [Claims Administrator, Address, Telephone Number.] You may also download the full Notice from the Internet at www.barbri-classaction.com.

**What Is This Case About?** A settlement has been proposed in a lawsuit brought against West Publishing Corp. d/b/a BAR/BRI ("BAR/BRI") and Kaplan, Inc. ("Defendants"). The lawsuit, *Rodriguez et al. v. West Publishing Corp. et al.*, Case No. CV-05-3222 R(MCx), is pending in the United States District Court for the Central District of California. The settlement resolves claims that BAR/BRI violated federal antitrust laws by agreeing with Kaplan, Inc. to prevent competition in the market for full-service bar review courses. Plaintiffs allege that BAR/BRI agreed not to compete in the LSAT business and Kaplan agreed not to compete in the bar review business, thereby allocating to BAR/BRI the market for full-service bar review courses in the United States and preventing a competitive bar review course from being marketed and sold.

Plaintiffs also allege that BAR/BRI acquired the assets of a former competitor, thereby substantially lessening competition in the full-service bar review course market. Plaintiffs further claim that BAR/BRI unlawfully acquired and/or maintained a monopoly of the full-service bar review market. Plaintiffs allege that as a result of Defendants' conduct, consumers paid more for BAR/BRI bar review courses than they otherwise should have. The Defendants deny that they did anything wrong.

**What Does The Settlement Provide?** The proposed Settlement establishes fund of $49,000,000 million U.S. dollars. If the proposed Settlement is approved and becomes final, the Settlement Fund, net the costs of notice and settlement administration, attorneys' fees, litigation expenses and incentive awards as approved by the Court ("Net Settlement Fund"), will be distributed in accordance with a plan of allocation approved by the Court. In summary, the Net Settlement Fund will be allocated among Class members *pro rata* based upon the price each paid for a BAR/BRI bar review course in relation to the amounts paid by all other claimants. The actual dollar amount will depend on the number of claims submitted, the amounts paid by all other claimants, and the amount of attorneys' fees, expenses and incentive awards approved by the Court. In no event shall any Class Member receive more than thirty percent (30%) of the amount paid for each BAR/BRI bar review course.

The proposed Settlement also requires that (1) Defendants terminate the marketing agreement Plaintiffs allege is unlawful; (2) BAR/BRI notify first-year law students that their initial payment for a BAR/BRI bar review course does not obligate them to sign up with BAR/BRI for a bar review course in the future; and that (3) BAR/BRI comply with all applicable state and federal laws relating to advertising.

**How Do I Participate In The Settlement:** To make a claim for a settlement payment, you must complete and submit a Claim Form by [____, 2007] to the Claims Administrator at the address listed on the Claim Form. To obtain a Claim Form, write or call the Claims Administrator or download a Claim Form at www.barbri-classaction.com.

**How Do I Tell The Court What I Think?** If you are a Class Member, you have the right to object to or comment in support of the Settlement, the attorneys' fees and expenses and the incentive awards. You must comply with all the requirements in Part V of the Notice, including filing your written comments or objections with the Court and submitting your comments or objections to the parties by no later than [____, 2007]..

On ____, 2007 at ____ .m., the Honorable Manuel L. Real will hold a hearing at the United States District Courthouse, 312 N. Spring Street, Los Angeles, CA 90012 to decide whether to approve the settlement, the attorneys' fees, and expenses and incentive awards.

**What If I Have Questions or Want More Information?** For more information, visit the website at www.barbri-classaction.com, or write to BAR/BRI Class Counsel,_____. You may also send an email inquiry to [insert]. All Court records may be examined in person and copied at the Clerk's office, United States District Court, Central District of California, 312 N. Spring Street, Los Angeles, CA 90012. You may also view the Complaint, Defendants' Answers, the Settlement Agreement, the Preliminary Approval Order, the Notice and Claim Form and a list of frequently-asked questions and answers by visiting www.barbri-classaction.com.

**PLEASE DO NOT PHONE THE COURT**

## Rodriguez, et al. v. West Publishing Co., et al.
## CLAIM FORM

If you are a member of the Class, as defined below, then, in order to receive a distribution you must return this form, *POSTMARKED no later than* _____, to the following address:

BAR/BRI Claims Administration
[address]

**Do not submit your claim to the Court.**

Pursuant to Court Order, this is a Claim Form which must be properly and timely filled out, signed, and returned in order for you to receive any payment as a result of the Settlement of *Rodriguez, et al. v. West Publishing Co., et al.* Pursuant to the Settlement, members of the Class are entitled to receive a payment. The Class consists of:

All persons who purchased a bar review course from BAR/BRI in the United States from August 1, 1997 to July 31, 2006 who did not request to be excluded from the Class prior to August 14, 2006.

The completed Claim Form and any information submitted with it are confidential and will be used only for purposes of administering the Settlement. No other class member will see this information.

THE INFORMATION YOU PROVIDE ON THIS CLAIM FORM WILL BE USED TO CALCULATE THE AMOUNT OF PAYMENT DUE YOU PURSUANT TO THE SETTLEMENT AND THE PLAN OF ALLOCATION, AS APPROVED BY THE COURT. FOR MORE INFORMATION REGARDING THE SETTLEMENT AND PLAN OF ALLOCATION OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS CLAIM FORM, WRITE TO, CALL, OR GO ON-LINE AT:

BAR/BRI Settlement
Claims Administrator
c/o [administrator]
[address]
[phone]
www.barbri-classaction.com

<u>**DO NOT CONTACT THE COURT IF YOU HAVE QUESTIONS CONCERNING THIS CLAIM FORM**</u>



EXHIBIT 3

### SECTION A – CLAIMANT INFORMATION

Class Member's Name:

Street Address                                    Floor/Suite

City                        State                 Zip

Telephone Number                          E-Mail Address

### SECTION B – INFORMATION NECESSARY TO CALCULATE PAYMENT

In the table below, fill in the date, location, and the amount you paid for each bar review course you purchased from BAR/BRI between August 1, 1997 and July 31, 2006. If you paid for the course for your own use, write "Self" in the box labeled "This Bar Review Course Was Purchased For." If you paid for the bar review course on behalf of a third-party – e.g., an employee – write the full name of the person(s) on whose behalf you purchased the course. For example, if you paid BAR/BRI $1,000 for a course to prepare yourself for the July 2003 South Carolina bar exam, the first box would read "July 2003," the second box would read "South Carolina," the third box would read "$1,000," and the final box would read "Self." If you do not know the amount you paid BAR/BRI for the bar review course please contact the Claims Administrator at [number]

| DATE OF BAR EXAM FOR WHICH YOU PURCHASED BAR REVIEW COURSE | STATE OF BAR EXAM FOR WHICH YOU PURCHASED BAR REVIEW COURSE | AMOUNT PAID FOR BAR REVIEW COURSE | THIS BAR REVIEW COURSE WAS PURCHASED FOR: |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

You may donate the entire payment you would receive as a result of submitting this Claim Form to the National Legal Aid and Defender Association ("NLADA") for the purpose of providing training opportunities for young lawyers nationwide. NLADA, founded in 1911, is the oldest and largest national, nonprofit membership organization devoting all of its resources to advocating equal access to justice for all people. If you wish to choose this option, please check here ☐ (in which case the payment will be sent directly to NLADA).

As a member of the Class, you will be subject to and bound by the terms of the Release contained in the Settlement Agreement and Final Judgment, which provides that:

\4455298.1

In addition to the preclusive effect of any final judgment entered in accordance with this Settlement, upon this Settlement becoming final, the Released Parties shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that any member of the Class (including any of their past, present or future officers, directors, agents, employees, legal representatives, trustees, parents, associates, affiliates, licensees, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns), whether or not he, she or it objects to the settlement and whether or not he, she or it makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity, ever had, now has or hereafter can, shall or may have concerning or relating to any conduct alleged in the Complaint in this Action, and including without limitation all claims that have been asserted or could have been asserted in any litigation against the Released Parties or any of them for any conduct alleged in the Complaint in this Action (collectively with all claims referenced in the next paragraph, the "Released Claims").

In addition to the release of claims as specified in the preceding paragraph, upon this Settlement becoming final, each member of the Class, will be deemed to have waived and released any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which states:

> Section 1542. Certain Claims not Affected by General Release. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each member of the Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of the preceding paragraph, but each member of the Class waives and fully, finally and forever settles and releases, upon this Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of the preceding Paragraph, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

I acknowledge reading the release specified above and certify under penalty of perjury that the information provided above is true and correct and that the submission of false information may subject me to civil and/or criminal penalties.

Signature: _____  Date: _____

Print Name and, if applicable, Title: _____

> This Claim Form must be signed by the Class Member or his, her or its authorized representative.

\4455298.1