UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RYAN RODRIGUEZ, REENA B. FRAILICH, LOREDANA NESCI, JENNFIER BRAZIL, and LISA GINTZ, on behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

WEST PUBLISHING CORPORATION, a Minnesota Corporation d/b/a BAR/BRI, and KAPLAN, Inc., a Delaware Corporation,

    Defendants

AND CONSOLIDATED ACTION

CASE NO. CV-05-3222 R(MCx)

[PROPOSED] ORDER GRANTING CLASS COUNSEL ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

The Court has granted final approval of the Settlement Agreement[1] in the Action (the "Final Approval Judgment"). Class Counsel filed their Motion for

---

[1] Unless otherwise stated herein, all capitalized terms shall have the same meanings as set forth in the Stipulation and Settlement Agreement dated February 2, 2007.

Award of Attorneys' Fees and Reimbursement of Expenses (the "Motion") on May 7, 2007, in accordance with the Order Granting Preliminary Approval of Class Action Settlement and Directing Dissemination of Notice to Class dated March 26, 2007.

In support of the Motion, Class Counsel filed: (1) Declaration of Sidney K. Kanazawa (to which is attached the Declarations of Christine Pedigo Bartholomew and Dan Drachler); and (2) Memorandum and Points and Authorities in Support of Motion for Attorneys' Fees.

The following objections to the Motion were filed:

|   | DATE FILED | CLASS MEMBER |
|---|---|---|
| 1. | May 21, 2007 | David Oriol |
| 2. | May 21, 2007 | Jason Tingle<br>Oliver Gutierrez |
| 3. | May 21, 2007 | David Feldman<br>Cameron Gharabiklou<br>Emily Grant<br>Jeff Lang<br>Sarah McDonald<br>Cara Patton<br>Rachel Schwartz<br>Greg Thomas |
| 4. | May 21, 2007 | Joseph J. Angersola |
| 5. | May 21, 2007 | Anthony Valach |
| 6. | May 21, 2007 | Robert Gaudet, Jr.<br>Sandeep Gopalan<br>Elizabeth De Long<br>Andrea Boggio |
| 7. | May 21, 2007 | Justin Head<br>Ryan Helfrich |

| | DATE FILED | CLASS MEMBER |
|---|---|---|
| 8. | May 21, 2007 | George Schneider<br>Jonathan Slomba<br>James Puntumapanitch |
| 9. | May 21, 2007 | James Juranek<br>Audrey Juranek<br>Le Blanc, Richard P., III. |
| 10. | May 12, 2007 | Arcelia Trevino |
| 11. | May 21, 2007 | Aaron Lukoff<br>John Prendergast<br>David Orange |
| 12. | May 22, 2007 | Daryl Chilimidos |
| 13. | May 22, 2007 | Andrew Gilman<br>Stephen M. Vasil |
| 14. | May 23, 2007 | Pamela Collins |
| 15. | June 12, 2007 | Stephen Lindholm |

On June 11, 2007, Class Counsel filed a Reply Memorandum in Support of the Motion and the Declaration of Sidney K. Kanazawa in further support of the Motion.

The Motion was heard by the Court on June 18, 2007 and July 9, 2007. The Court has considered all papers submitted and oral argument presented in support of the Motion. The Court has also considered all papers submitted by Class Members objecting to the Motion, and accompanying oral argument.

In awarding attorneys' fees, the Court has the discretion to use either the percentage method or the lodestar/multiplier method in common fund cases such as this one. *See In re Washington Public Power Supply System Securities Litig ("WPPSS")*, 19 F.3d 1291, 1295 (9th Cir. 1994). The Court is guided by the fundamental principle that fee awards out of common funds be "reasonable under

the circumstances." *Id.* at 1296. The Court will utilize the lodestar/multiplier approach in this case.

Under the lodestar/multiplier approach, the lodestar is first calculated by multiplying the reasonable hours expended by a reasonable hourly rate. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986). The Court may then enhance the lodestar by a "multiplier," if necessary, to arrive at a reasonable fee under the circumstances. *See Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989). The Court may enhance a lodestar in common fund cases based on, among other things, risk; the novelty and difficulty of the questions involved; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; and awards in similar cases. *See WPPSS,* 19 F.3d at 1299; *Vizcaino v. Microsoft Corp.,* 142 F. Supp. 2d 1299, 1306, (W.D. Wash. 2001).

Class Counsel faced a substantial amount of risk in the prosecution of this action. Unlike other antitrust cases, Class Counsel here did not benefit from the fruits of any underlying government actions. There were no controlling precedents regarding Plaintiffs' claims, especially with regard to the Section 7 claim under the Clayton Act. Class Counsel's risk was even greater, and their work more difficult, because Defendants are resourceful and formidable, and were represented by skilled counsel.

Further, as detailed in Class Counsel's submission in connection with the Motion, Class Counsel faced a number of hurdles in proving both damages and liability at trial. Class Counsel also faced a number of risks, including: the risk that the Class would be decertified during trial or certification reversed on appeal; the risk of proving conspiracy; and the risk of proving damages, among other things. Also, Defendants raised numerous defenses that, if successful, would have foreclosed or, at a minimum, diminished any recovery. Despite these obstacles,

1 | Class Counsel obtained $49 million in cash for the benefit of the Class and non-
2 | monetary relief designed to promote competition in the bar review market.
3 |     The Court has reviewed all of the documentation submitted by Class
4 | Counsel in support of the Motion, including the detailed declarations of Sidney K.
5 | Kanazawa, Dan Drachler, and Christine P. Bartholomew. The Court has also
6 | reviewed Class Counsel's firm résumés and the prevailing market rates. The Court
7 | finds that Class Counsel's hourly rates are reasonable.
8 |     The Court recognizes that Class Counsel's lodestar has increased since the
9 | filing of the Motion due to the work they performed in connection with the
10 | Settlement, including responding to objectors' arguments and preparing for and
11 | appearing at the Final Settlement Hearing. Class Counsel have advised the Court
12 | that they have and will continue to respond to Class Member inquiries,
13 | communicate with and monitor the Claims Administrator, and otherwise monitor
14 | the Settlement administrative process. Should any objectors file an appeal from
15 | the Final Approval Judgment, Class Counsel will have to perform additional work
16 | to ensure that the appeal is dismissed or the Final Approval Judgment is affirmed
17 | in all respects.
18 | **IT IS THEREFORE ORDERED THAT:**
19 |     Good cause appearing therefor, the Court hereby awards Class Counsel: (1)
20 | their lodestar on the Effective Date (as defined in the Settlement Agreement),
21 | enhanced by a multiplier of 1.75, but not to exceed twenty-five percent of the
22 | Gross Settlement Fund on the Effective Date; and (2) reimbursement of their
23 | expenses as of the Effective Date. This award shall be paid from the Gross
24 | Settlement Fund in accordance with the terms of the Settlement and pursuant to an
25 | order of the Court.
26 | ///
27 | ///

4667130 1

[PROPOSED] ORDER GRANTING CLASS COUNSEL ATTORNEYS' FEES
CASE NO CV 05-3222 R(Mcx)

IT IS SO ORDERED

DATE Sept. 10, 2007

U.S. DISTRICT COURT JUDGE

**IT IS SO ORDERED.**

DATED: _____   _____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT COURT JUDGE

Submitted by:

_____
Sidney K. Kanazawa (SBN 84608)
**McGUIREWOODS LLP**
Email: skanazawa@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Dan Drachler (*Pro Hac Vice*)
**Zwerling, Schachter & Zwerling, LLP**
1904 Third Avenue, Suite 1030
Seattle, WA 98101
Telephone: (206) 223-2053
Facsimile: (206) 343-9631

Christine Bartholomew (SBN 211425)
**Finkelstein Thompson LLP**
601 Montgomery Street, Suite 665
San Francisco, CA 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Class Counsel