Eliot G. Disner, Esq. (SBN: CA 068832)
A Professional Corporation
edisner@disnerlaw.com
Joel R. Bennett, Esq. (SBN: CA 042162)
rbennett@disnerlaw.com
Fredricka Ung, Esq. (SBN: 253794)
fung@disnerlaw.com
DISNER LAW CORPORATION
2029 Century Park East, 19th Floor
Los Angeles, California 90067-2901
Tel: (310) 286-0600
Fax: (310) 282-2585

Alan Harris, Esq. (SBN: CA 146079)
HARRIS & RUBLE
5455 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Tel: (323) 931-3777 Fax (323) 931-3366
la@harrisandruble.com

*Attorneys for Prospective Intervenors,
Stephen Stetson, Shane LaVigne, Christine
Leigh Brown-Roberts, Valentin Yuri Karpenko, and
Jake Jeremiah Fathy*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RYAN RODRIGUEZ, et al., Plaintiffs, vs. WEST PUBLISHING CORPORATION, et al., Defendants. AND CONSOLIDATED ACTIONS | CASE NO. CV 05-3222-R<br><br>CLASS ACTION<br><br>[Assigned to the Hon. Manuel Real]<br><br>**CONDITIONAL EX PARTE APPLICATION OF STETSON PLAINTIFFS TO INTERVENE AND TO MODIFY THE STIPULATION AND PROTECTIVE ORDER; SUPPORTING MEMORANDUM; DECLARATION OF ELIOT G. DISNER**<br><br>**[PROPOSED ORDER LODGED HEREWITH]**<br><br>Date: None Set<br>Time: None Set<br>Place: Courtroom 8 |
|---|---|

**TO THE COURT AND ALL PARTIES BY AND THROUGH THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that on March 25, 2008, counsel Eliot G. Disner of Disner Law Corporation, Plaintiffs' counsel in *Stetson v. West Publishing Corp.*, Case No. CV 08-00810R (C.D. Cal.), filed on Feb. 6, 2008, hereby files this Conditional Ex Parte Application to Modify the Stipulation and Protective Order in this case, the effect of which will be to provide narrow access to materials covered by said Protective Order to Stetson's counsel.

    This Application is based upon this Notice, the Memorandum of Points and Authorities and the Declaration of Eliot G. Disner, filed concurrently herewith. Disner's Declaration confirms that West's and Kaplan's counsels were given appropriate notice of this Application.

    Pursuant to Local Rule 7-19, the name, address and telephone numbers of counsels for opposing party are as follows:

Heather H. Gilhooly, Esq.
Liner Yankelvitz Sunshine & Regenstreif LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500

James P. Tallon, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022-6069
Telephone: (212) 848-7179

James F. Rittinger, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1130
New York, New York 10169
Telephone: (212) 818-9606

Bradley S. Phillips
Munger, Tolles & Olson LLP
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 683-9100

DATED: March 25, 2008

Respectfully submitted,

DISNER LAW CORPORATION
A Professional Corporation

*/s/ Eliot G. Disner*

Eliot G. Disner
Attorney for Prospective Intervenors Stephen Stetson, Shane Lavigne, Christine Leigh Brown-Roberts, Valentin Yuri Karpenko, and Jake Jeremiah Fathy, and all others similarly situated, Plaintiffs in *Stetson v. West Publishing Corp.*, Case No. CV 08-00810R

## I. INTRODUCTION

This Conditional Ex Parte Application is prompted by a complaint expressed by West's counsel in the related case *Stetson v. West* CV 08-00810R, that Stetson's counsel was not free to provide this Court with factual matter that contradicted representations made by West's counsel in its Motion to Dismiss the *Stetson* case. Although it is true that the Protective Order in effect in this case does provide that so-called "confidential documents" produced in this case should not be used outside this litigation, said Order also states the following at paragraph 26: "The Order is not binding on the Court or Court personnel. The Court may amend this Order at any time." Thus, this Court has no obligation to so limit its reliance on such designated documents in the *Stetson* case, or any other case for that matter.

Now, it is evident that Defendant West's counsel was banking on the inability of Stetson's counsel to factually refute the fictitious representations made by West in its Motion to Dismiss in *Stetson*. That said, there is no good reason for the Court to be so misled, particularly when it is not bound by the Protective Order in the first place. In any event, the filing by Stetson's counsel of its Application to Seal Plaintiffs' Memorandum in Opposition to Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) gives the Court complete discretion whether to permit Stetson's Opposition to Motion to Dismiss to be filed under seal. That Application explicitly seeks to seal said Opposition, so that the purportedly confidential matter previously provided by West will only be disclosed to the Court, which, as noted above, is not bound by the Protective Order. We do not believe that the Court will consent to be a party to West's bad-faith pursuit of the dismissal of *Stetson* by hiding behind the Protective Order in this case.

If the Court perceives its authority as we outline above, this Ex Parte Application is unnecessary because the Application filed in *Stetson* provides adequate protection against whatever concerns West may hold in good faith, while providing

the Court all the facts it needs to fairly resolve the Motion to Dismiss in *Stetson*. If, however, we misunderstand the Court's authority, then this Ex Parte Application seeks to amend the Protective Order herein to add Stetson's counsel to it, to permit said counsel access to just one document, the "West Education Group Bar Review Competitive Defense, October 4, 2004" ("BAR/BRI's Competitive Defense") Power Point document that is Exhibit 1 to Stetson Plaintiffs' Opposition to Motion to Dismiss, in order to moot any good faith concerns of West once and for all.

## II. THE *STETSON* PLAINTIFFS ARE PROPER INTERVENORS HERE

Fed. R. Civ. P. 24(a)(2) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest unless the applicant's interest is adequately represented by existing parties.

The *Stetson* plaintiffs claim an interest in substantive injunctive relief for the reform of the bar exam preparation marketplace. Said plaintiffs are not members of the *Rodriguez* class, and, as a practical matter are impeded in their ability to contest as inadequate the nominal injunctive relief purportedly provided by the *Rodriguez* settlement, which does not accomplish the meaningful injunctive ends that the *Stetson* plaintiff Class primarily seeks. The standard for this inadequacy of representation is low. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972) ("[The] requirement of the [Fed. Rule Civ. P. 24(a)(2)] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.")

///

///

## III. *STETSON* COUNSEL SHOULD BE PERMITTED ACCESS TO THE CONFIDENTIAL DOCUMENTS FROM THIS CASE AS A RELATED CASE

### A. This Litigation is Related to *Stetson*

Local Rule 83-1.3.1, in pertinent part, states that two or more civil cases may be related if the cases:

> (a) arise from the same or a closely related transaction, happening or event; or (b) call for determination of the same or substantially related or similar question of law and fact. . . .

When filing their Complaint in *Stetson*, plaintiffs indicated in part VIII(b) of the Civil Cover Sheet that *Rodriguez* is a case "previously filed that [is] related to the present case" and checked boxes "A" and "B." This Court accepted the Complaint on this basis and Defendant never disputed that, though could have (L.R. 83-1.3.2).

Plaintiffs brought this action under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26 to obtain injunctive relief and recover treble damages they sustained by reason of Defendants' violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. § 1 and Section 7 of the Clayton Act, 15 U.S.C. § 18. Likewise, the proceedings instituted in *Stetson* were also brought under Section 16 of the Clayton Act, 15 U.S.C. § 26, to obtain injunctive relief, which was never obtained in this case, to remedy Defendant's violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2.

Plaintiffs in both cases also allege that Defendant entered into illegal conspiracies to create a monopoly and used its monopoly power to eliminate competition and artificially inflate prices. Thus, the cases arise from the same transaction *and* call for determination of the same question of law and fact, satisfying the requirements listed in Local Rule 83-1.3.1.

In *Olympic Refining Co. v. Carter*, 332 F.2d 260, 265 (9th Cir. 1964), the plaintiff brought an antitrust action based on the same alleged violations as another

case that terminated three years prior. Plaintiff there also sought access to documents placed under protective orders in the previous case for purposes of discovery. *Id.* The court held:

> [Plaintiff] is entitled to have the [protective] orders reconsidered as of this time, and modified in such form as to permit access to the documents subject to reasonable restrictions as to disclosure, whether or not some of the information contained in them may still be regarded as trade secrets or sensitive competitive information. It is immaterial that [Plaintiff] could possibly obtain the same information through the process of propounding its own interrogatories to [Defendants].

*Id.* at 265-66. Similarly, plaintiffs in *Stetson* brought an antitrust action based on the same alleged violations as here.

It cannot be disputed that these two cases are related, and *a fortiori*, the plaintiffs in *Stetson* are also entitled to a modification of the Protective Order entered in this case. This is particularly so since the requested modification will provide said plaintiffs' counsel access to just one document.

### B. "West Education Group Bar Review Competitive Defense, October 4, 2004", Produced in This Case, Is Directly Relevant to *Stetson*

The *Stetson* plaintiffs here seek access to just one document, "BAR/BRI's Competitive Defense". This one document provided BAR/BRI's clear articulation of past, present, and future competitive strategies for continuing to dominate the relevant market involved in both cases. Since West's counsel seemed to forget BAR/BRI's tactics in crafting its Motion to Dismiss, it is incumbent on *Stetson* plaintiffs' counsel to set the record straight by detailing BAR/BRI's actual tactics in its now-lodged Opposition to that Motion. Indeed, we would expect that the Court would tolerate no less.

Viewing the matter generally, the Plaintiffs here brought an action for treble

1  damages and injunctive relief under the antitrust laws of the United States against
2  Defendant BAR/BRI (an assumed name of Defendant "West Publishing
3  Corporation"). Given the entrenched monopoly of BAR/BRI created over decades,
4  only structural relief can help create a competitive playing field for the future.
5       The principal purpose for the *Stetson* lawsuit is to break up the long held and
6  illegally maintained monopoly of BAR/BRI in the market for the provision of bar
7  review preparation courses for the nation's various bar exams. Every substantive fact
8  alleged in the Complaint regarding Defendants here is subsumed within *Stetson*. The
9  Plaintiffs and class members here were awarded only nominal injunctive relief; they
10 did not obtain all the injunctive relief they sought, which is now what the plaintiffs in
11 *Stetson* seek.

12     **C. As a Matter of Law, the Protective Order in this Case Should be Modified**
13      The Ninth Circuit has articulated and upheld a policy of admitting confidential
14 discovery documents from a previous action for use in subsequent actions involving
15 similar issues and parties. *See Olympic Refining Co., supra* (protective order should
16 have been modified to allow full use of the protected documents in the second
17 antitrust action, even if the defendants in the first antitrust action had released
18 information in reliance on the protective order.) *Olympic* was followed in
19 *Kraszewski v. State Farm*, 139 F.R.D. 156 (N.D. Cal. 1991), a case in which the class
20 counsel first brought an action against defendant State Farm for sex discrimination.
21 The same class counsel then brought another action against State Farm for age
22 discrimination (*Pines v. State Farm Gen. Ins. Co.*, 1992 U.S. Dist. LEXIS 6972 (C.D.
23 Cal. 1992)).
24      In the early discovery stage in *Pines*, class counsel there contended "that much
25 of the discovery from [*Kraszewski*] is directly relevant to the *Pines* action, and that
26 modification of the protective order [in *Kraszewski*] would avoid much costly and
27 time-consuming duplication of discovery." *Kraszewski* at 158.
28

The protective order in *Kraszewski* provided that:

> All personnel records or files of any individual not a named party to this action, and all documents, records, interrogatory answers, or other material which is stamped by the party producing the material or answering the interrogatory with the notation "confidential" shall come within the provisions of this Order and shall be considered "confidential information."

The protective order in that case also provided that any document marked "confidential" "shall be used only for the purposes of this litigation and not for any other purpose whatsoever." *Kraszewski* at 157. Despite the case-limiting language of the protective order there, the Court in *Kraszewski* held that "'[t]he law in the Ninth Circuit is settled. In cases such as this one, the protective order should be amended to allow use of the discovery in the other litigation.'" *Kraszewski* at 159 (citation omitted). The Court also stated that "[i]t simply does not make sense to force class counsel to reinvent the wheel and to promulgate discovery requests and take depositions [in *Pine*] when much of the same discovery has already taken place in [*Kraszewski*]." *Kraszewski* at 160.

Likewise, in *Essex Wire Corp. v. Eastern Electric Sales Co.*, 48 F.R.D. 308, 310 (E.D. Pa. 1969), the Court held:

> In the instant case this Court is persuaded that the subject matter of the existing protective arrangement is relevant to the subject matter in the pending suit. Therefore it becomes incumbent upon the defendants to show "good cause" why this information should not be made public.

Thus, the burden rests on BAR/BRI to show "good cause" why the Protective Order should not be narrowly modified as prayed for here. Furthermore, the Court has broad discretion to modify the Protective Order because paragraph 26 the Order states, "This

Order is not binding on the Court or Court personnel. The Court may amend this Order at any time."

## IV. CONCLUSION

For the reasons described above, the *Stetson* plaintiffs respectfully request that the Court now grant the *Stetson* plaintiffs' Application to Intervene and Modify the Stipulation and Protective Order entered on January 13, 2006 be granted, as reflected in the Proposed Order lodged herewith.

DATED: March 25, 2008

Respectfully submitted,

DISNER LAW CORPORATION
A Professional Corporation

_____
Eliot G. Disner
Attorney for Stephen Stetson, Shane Lavigne, Christine Brown-Roberts, Valentin Karpenko, and Jake Fathy, and all others similarly situated, Plaintiffs in *Stetson v. West Publishing Corp.*, Case No. CV 08-00810R

## DECLARATION OF ELIOT G. DISNER

I, ELIOT G. DISNER, declare:

1. I am a member in good standing of the State Bar of California, and practice law through the Disner Law Corporation ("DLC"). I am co-counsel for plaintiffs in STEPHEN STETSON, SHANE LAVIGNE, CHRISTINE LEIGH BROWN-ROBERTS, VALENTIN YURI KARPENKO, JAKE JEREMIAH FATHY and all others similarly situated v. WEST PUBLISHING CORPORATION, a Minnesota Corporation dba BAR/BRI, and KAPLAN, INC. Case No. CV 08-00810R. I am competent to make this declaration and if asked to testify, I would and could competently testify thereto.

2. On March 24, 2008, Defendant West's counsel, Heather H. Gilhooly, brought to our attention that the *Stetson* plaintiffs relied on a document in their Memorandum in Opposition to Motion to Dismiss in *Stetson* that is covered by the Protective Order in *Rodriguez*.

3. On March 24, 2008, Fredricka Ung told Ms. Gilhooly over the telephone that plaintiffs in *Stetson* will file an Ex Parte Application in *Rodriguez* to modify the Protective Order. Ms. Gilhooly expressed her objection to this procedure.

4. On March 25, 2008, I confirmed this in an e-mail I sent to Defendants' counsels. Having received no response from the Defendants' counsel with respect thereto, we presume they will continue to oppose *Stetson* plaintiffs' Application, even though it is far narrower than the similar motion brought by the plaintiffs in *Schall et al. v. West Publishing Corp.*, Case No. CV 05-3222 R (MCx) filed on August 8, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of March, 2008 at Los Angeles, California.

_____
ELIOT G. DISNER