UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RYAN RODRIGUEZ, et al., | CASE NO. CV 05-3222-R (Mcx) |
|---|---|
| Plaintiffs, | CLASS ACTION |
| vs. | **[PROPOSED] ORDER ON CONDITIONAL EX PARTE APPLICATION OF STETSON PLAINTIFFS TO INTERVENE AND TO MODIFY THE STIPULATION AND PROTECTIVE ORDER** |
| WEST PUBLISHING CORPORATION, et al., | |
| Defendants. | |
| AND CONSOLIDATED ACTIONS | |

Having considered the submissions of the Plaintiffs in *Stetson et al. v. West Publishing Co. et al.*, Case No. CV 08-00810R (C.D. Cal. filed on Feb. 6, 2008) ("*Stetson*") and Defendants, the Court grants the *Stetson* plaintiffs the right to intervene in this case and further, amends here the Stipulation and Protective Order entered on January 13, 2006, as follows:

    1.    Certain information, documents, and other things discovered from a party under the Federal Rules of Civil Procedure in this action may include confidential information of the party from which discovery is sought. The parties shall produce such information, documents, and other things, which are otherwise not

1

objectionable, pursuant to request made under the pertinent provisions of the Federal Rules of Civil Procedure ("Discovery Material"), subject to this Protective Order (the "Order").

2.  Any of the parties producing Discovery Material in this litigation may designate Discovery Material produced by it as "Confidential" or "Highly Confidential" under the terms of this Order. These "Confidential" and "Highly Confidential" designations shall be limited to information which the disclosing party in good faith believes contains or reveals confidential, proprietary or commercially sensitive information that requires the protections provided by this Order, and which, if disclosed to persons other than those permitted under Paragraphs 8, 9 and 10 could cause business or other injury. For purposes of this Order, Discovery Material that may be designated "Confidential" or "Highly Confidential" includes all non-public materials, including but not limited to materials constituting or containing information reflecting or related to: financial or business plans, strategies or projections; acquisition offers, strategies or expressions of interest; proposed strategic transactions or other business combinations, partnerships or joint ventures; trade secrets; proprietary technical information; business and marketing plans and strategies; studies or analyses by internal or outside experts; financial or tax data; student lists and information; competitive analyses; costs of goods and services; pricing of goods and services (although publicly disseminated pricing information may not form the basis of a "Confidential" or "Highly Confidential" designation); current or former personnel; financial results or data; or personal financial information. A party may designate Discovery Material as "Highly Confidential" that it believes contains or refers to trade secrets or other confidential research, development, business or financial information or other confidential commercial information, that, if disclosed to persons other than those permitted under Paragraphs 9 and 10, could cause irreparable competitive or other injury.

3. Discovery Material that is designated "Confidential" or "Highly Confidential," and any documents or information derived therefrom, shall be used solely for purposes of this litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or *in* connection with any other litigation.

4. The party receiving Discovery Material designated *as* "Confidential" or "Highly Confidential" may object to such designation and request the removal of such designation, initially by making a good faith effort to resolve any such objection by contacting the producing party, and thereafter by court intervention. Motions/joint stipulations challenging confidentiality designations, and *only* motions/joint stipulations for challenges to confidentiality designations, will be subject to the following modifications to the timeline provided in Local Rule 37: (a) Counsel for the opposing party shall confer with counsel for the moving party within four (4) business days after the moving party serves its letter requesting such a conference, (b) the motion may be noticed to be heard on the particular judge's regular Motion Day which shall not be earlier than fourteen (14) days after the filing of the motion, and (c) each party may file a supplemental memorandum pursuant to Local Rule 37-2.2 no later than seven (7) days prior to the hearing date; or a more expedited procedure in extraordinary circumstances at the Court's discretion. While such an application is pending, the Discovery Material or testimony in question shall be treated as "Confidential" or "Highly Confidential" Discovery Material pursuant to this Order.

5. The designation of Discovery Material as "Confidential" or "Highly Confidential" shall be so designated by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page containing any "Confidential" or "Highly Confidential" Discovery Material. Affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover of any multipage document which is

bound, stapled, or otherwise securely attached shall designate all pages of the document as "Confidential" or "Highly Confidential," unless otherwise indicated by the producing party.

6. If the producing party inadvertently produces Discovery Material that it considers to be "Confidential" or "Highly Confidential" without such designation, the producing party may subsequently designate such Discovery Material as "Confidential" or "Highly Confidential" by delivering written notice of such designation to the other parties within ten (10) business days after becoming aware of the inadvertent failure to designate such Discovery Material, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this Order. The initial failure to designate information in accordance with this Order shall not be deemed a waiver of confidentiality.

7. In the case of depositions or other pretrial testimony, the designation of Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Order shall be made (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all Parties within ten (10) business days after receiving a copy of the transcript thereat and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any "Confidential" or "Highly Confidential Discovery Material." All deposition transcripts and other pretrial testimony shall be treated as "Highly Confidential" until the expiration of the tenth business day after receipt by counsel of a copy of the transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential" or "Highly Confidential" in the litigation shall be deemed "Confidential" or "Highly Confidential" Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

8. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons: (a) outside and in-house counsel who represent a party in this litigation, and the regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) assisting in the conduct of the litigation, *provided, however*, that such disclosure may solely be for use in accordance with this Order; (b) experts or consultants and their employees and/or staff members engaged to assist counsel for a party in the litigation; (c) potential or actual witnesses or deponents and their counsel, during the course of, or, to the extent necessary in preparation for, depositions, testimony or trial in the litigation; (d) any party and former or current directors, officers or employees of the parties (or any subsidiary or affiliate thereof) and their counsel who are assisting the parties in the litigation, or who appear or reasonably may appear as witnesses; (e) the Court, pursuant to paragraphs 13 and 15 of this Stipulation and Order; (f) court reporters employed by the Court or in connection with the litigation; (g) authors or recipients of documents or persons referred to in any document; and (h) any other person only upon order of the Court or upon stipulation of the producing party.

9. Discovery Material designated "Highly Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons absent agreement from the producing party: (a) outside attorneys who represent parties in this litigation whose law firm has entered an appearance in this litigation, and regular and temporary employees and service vendors of such counsel (who are not employed by either of the parties or any third parties), *provided, however,* that such disclosure may solely be for use in accordance with this Order; (b) experts or consultants and their employees and/or staff members not employed by any party but engaged to assist counsel for a party in the

litigation; (c) witnesses deposed who were within the control of the producing party at the time the document was created or are represented by counsel for the producing party; (d) the Court, pursuant to paragraphs 13 and 15 of this Order; (e) court reporters employed by the Court or in connection with the litigation; (f) any person who is specifically identified as an author or recipient of the document; and (g) any other person only upon order of the Court or upon stipulation of the producing party.

10. West may also add the designation "RESTRICTED DISTRIBUTION" to specific documents that have been classified as "Highly Confidential" and which pertain to sensitive personnel matters in connection with high level management evaluations, decisions or business strategy, which documents are not widely distributed within West or **BAR/BRI**. Simultaneous with the production of any "RESTRICTED DISTRIBUTION" documents, West will provide a log of the documents indicating the authors and recipients of the documents as well as additional copies of such documents with the sensitive material redacted. Notwithstanding paragraph 9 above, "RESTRICTED DISTRIBUTION" documents may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons absent agreement from the producing party: the individuals described in paragraphs 9(a), (b), (d) and (e) and the authors and recipients of the document as indicated on the accompanying log. The redacted versions of "RESTRICTED DISTRIBUTION" documents shall be marked "HIGHLY CONFIDENTIAL" and may be disclosed pursuant to paragraph 9 above. It is understood by all parties that the universe of documents to which the "RESTRICTED DISTRIBUTION" designation may apply is limited and this designation is therefore to be sparingly used.

11. "Confidential" Discovery Material may be provided to persons listed in paragraphs 8(b)-(d), (f)-(h) and "Highly Confidential" Discovery Material may be provided to persons listed in paragraph 9(b), (c), (f) and (g) above, provided that such

individuals are using said "Confidential" or "Highly Confidential" Discovery Material solely in connection with this litigation and *provided further* that such individuals sign a nondisclosure agreement in the form of the Assurance of Compliance at Exhibit A.

12. This Order shall not prevent any of the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing to modify this Protective Order, subject to the approval of the Court, as follows:

   a. Counsel desiring to disclose confidential information to a person not named in paragraphs 8-10 shall, as to the desired disclosure, provide five (5) business days notice if notice is by personal delivery, email or by telecopy to all counsel for the other parties, or ten (10) days if notice is mailed.

   b. The disclosure shall not be made unless within the notice period provided for *in* subparagraph 13(a), all counsel agree in writing that the requested disclosure may be made.

13. In the event that counsel for any party determines to file with the Court any document subject to the provisions of this Order, or to submit to the Court any such document or the information contained therein for any purpose, such document or information shall be filed under seal with a copy of the title page attached to the front of the sealed envelope or container and the label "Confidential - Subject to Protective Order dated [INSERT DATE OF ORDER)" or "Highly Confidential - Subject to Protective Order dated [INSERT DATE OF ORDER)" clearly marked thereon,

14. If information subject to a claim of attorney-client privilege, attorney work product, or *any* other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding

production to which the producing party would otherwise be entitled, *provided that,* promptly after discovering that the information was inadvertently produced, the producing party requests in writing that the other party or parties return all Discovery Material as to which the claim of inadvertent production has been made and destroy all copies or other material derived therefrom (a "Return Request"). All Discovery Material covered by a Return Request shall be returned and/or destroyed as requested within ten (10) business days of receipt of the Return Request If a party objects to the Return Request, that party must file a motion challenging the protected status of the subject Discovery Material within ten (10) business days of receipt of the Return Request. Any party so objecting shall not use the Discovery Material covered by the Return Request for any purpose other than such a motion pending the Court's resolution of the issue. Any documents submitted to the Court in support of such a motion shall be filed under seal,

15. In the event that any "Confidential" or "Highly Confidential" Discovery Material is used in any court proceeding in this action, it shall not lose its status as "Confidential" or "Highly Confidential" Discovery Material through such use, Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any such court proceedings.

16. This Order has no effect upon, and shall not apply to, the parties' use or disclosure of their own "Confidential" or "Highly Confidential" Discovery Material for any purpose. Furthermore, nothing contained herein shall impose any restrictions on the use or disclosure by a party of any "Confidential" or "Highly Confidential" Discovery Material obtained lawfully by such party independently of the discovery proceedings in this litigation.

17. The parties to the litigation agree that the production of any Discovery Material by any non-party to the litigation shall be subject to and governed by the

terms of this Order, and a party may designate as "Confidential" or "Highly Confidential" any materials produced by a non-party if such designation is appropriate under this Order.

18. Subject to paragraph 17 hereof, in the event that additional parties join or are joined in the litigation, they shall not have access to "Confidential" or "Highly Confidential" Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be Bally bound by this Order.

19. If any third party serves a subpoena or other process or request seeking to review any information designated as "Confidential" or "Highly Confidential," the party to whom the demand is made (the "Recipient") shall inform the producing party's counsel immediately in writing and shall not permit inspection by or production to any third party on the grounds of the existence of this Order unless otherwise ordered by a court. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" or "Highly Confidential" Discovery Material covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

20. Nothing in this Order shall bar or otherwise restrict counsel for any party from rendering advice to their clients with respect to this litigation and, in the course thereof, from relying upon the examination of "Confidential" or "Highly Confidential" Discovery Material; provided, however, that in rendering such advice, and in otherwise communicating with their clients, counsel shall not disclose the contents of "Confidential" or "Highly Confidential" Discovery Material except in accordance with the terms of this Order.

21. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of

altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

22.     This Order shall survive the final termination of this action, to the extent that the information contained *in* "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Discovery Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Within sixty (60) calendar days after the conclusion of this action in its entirety (including expiration of appeal periods or the execution of a settlement agreement among the parties finally disposing of this action), all parties and persons having received "Confidential" or "Highly Confidential" Discovery Material shall dispose of all such material either by (i) returning such material to counsel for the producing party, or (ii) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person. Upon request, the parties and their counsel shall separately provide written certification to any producing party making the request that such disposal has been completed. Outside counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work-product, including materials which contain, quote, discuss, or analyze "Confidential" or "Highly Confidential" Discovery Material, provided that such counsel and employees of such counsel shall not disclose such materials to any person unless, after reasonable prior notice to the producing party, the disclosing counsel has obtained permission pursuant to court order or by agreement of the producing party. The "Confidential" or "Highly Confidential" Discovery Material kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order. Unless otherwise agreed, outside counsel for each party may retain archival copies of all "Confidential" or "Highly Confidential" Discovery Material marked as an exhibit during a deposition,

used at a hearing or at trial, or filed with Court, and this Order shall remain in force with respect to such material.

23. Each party understands that treatment of documents and information as "Confidential" or "Highly Confidential" requires additional procedures (as specified in this Order) and litigation therefore can be more burdensome to the extent that such designations are used. Each party therefore expressly agrees that these designations will be used only when there is a good faith belief that they are warranted. A party receiving Discovery Material designated as "Confidential" or "Highly Confidential" may object to and request the removal of such designation, initially by making a good faith effort to resolve any such objection by contacting the producing party, and thereafter by court intervention. Each party agrees that it will promptly meet and confer in good faith about the removal of a confidentiality designation from a particular document or documents when another party gives notice of its belief that the designation was not appropriate with respect to the documents) specified. While any application, motion, or other such filing pertaining to the appropriateness of a confidentiality designation is pending before the Court, the Discovery Material or testimony in question shall be treated as "Confidential" or "Highly Confidential" pursuant to this Order.

24. The term "counsel" as used in this Protective Order includes the counsel in *Stetson v. West Publishing Corp.*, Case No. CV 08-00810R, but their rights are limited to the review and use in *Stetson* of one document falling within the purview of this Protective Order, referred to as "West Education Group Bar Review Competitive Defense, October 4, 2004". Each such counsel in *Stetson* shall execute Exhibit "A" hereto before obtaining access to the discovery material subject to this Order.

25. The provisions of this Order shall become effective upon its entry by the Court or an alternative thereto that is satisfactory to the parties; however, all material produced and designated as "Confidential" or "Highly Confidential" in the manner

prescribed herein prior to the effective date of this Order shall be subject to, and governed by, its provisions as though entered by the Court.

    26. The parties and any other person subject to the terms of this Order agree that after this action is terminated, this Court shall have and retain jurisdiction over it for the purpose of enforcing this Order.

    27. This Order is not binding on the Court or Court personnel. The Court may amend this Order at any time.

IT IS SO ORDERED.

DATED: _____     _____

United States District Judge

Submitted by: _____

Attorneys for Prospective Intervenors, Stephen Stetson, Shane LaVigne, Christine Leigh Brown-Roberts, Valentin Yuri Karpenko, and Jake Jeremiah Fathy v. West Publishing Corp. and Kaplan, Inc., Case No. CV 08-00810R

ELIOT G. DISNER, Esq. (SBN: CA 068832)
*edisner@disnerlaw.com*
A Professional Corporation
Joel R. Bennett, Esq. (SBN: CA 042162)
*rbennett@disnerlaw.com*
Fredricka Ung, Esq. (SBN: 253794)
*fung@disnerlaw.com*
DISNER LAW CORPORATION
2029 Century Park East. 19th Floor
Los Angeles, California 90067
Tel: (310) 286-0600; Fax: (310) 282-2585

Alan Harris, Esq. (SBN: CA 146079)
aharris@harrisandruble.com
HARRIS & RUBLE
5455 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Tel: (323) 931-3777; Fax (323)931-3366

# ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City of _____, County of _____, the State of _____.

I have read the annexed Protective Order ("Order") dated December \_\_\_\_, 2007, entitled *Rodriguez, et al v. West Publishing Corporation*. Case Number CV 05-3222-R, which currently is pending in the United States District Court of the Central District of California;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order; and

I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purpose of this litigation, any Discovery Material designated as "'CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

I consent to the jurisdiction of the United States District Court of the Central District of California for the purpose of enforcing said Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

_____
(Signature)