Edward A. Klein, Esq. (SBN: 145736)
Heather H. Gilhooly, Esq. (SBN: 198911)
hgilhooly@linerlaw.com
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

James P. Tallon, Esq. (SBN: 154035)
jtallon@shearman.com
Wayne Dale Collins, Esq. (*pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Attorneys for Defendant
West Publishing Corp.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN RODRIGUEZ, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>WEST PUBLISHING CORPORATION, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 05-3222 R(MCx)<br><br>**DEFENDANT WEST PUBLISHING CORPORATION'S OPPOSITION TO EX PARTE APPLICATION; DECLARATION OF HEATHER H. GILHOOLY** |

Defendant West Publishing Corporation ("West") respectfully submits this memorandum in opposition to the *ex parte* application of Stephen Stetson, Shane LaVigne, Christine Leigh Brown-Roberts, Valentin Yuri Karpenko, and Jake Jeremiah Fathy (collectively, "Movants"), plaintiffs in the action *Stetson v. West Publishing Corp.*, CV 08-0810 R, to modify the Protective Order entered in this case.

**I.**

**MOVANTS' APPLICATION IS AN ATTEMPT TO OBFUSCATE THEIR EGREGIOUS VIOLATIONS OF A BINDING COURT ORDER.**

Movants' *ex parte* application is a belated attempt to avoid the consequences of egregious violations of a court order by Movants' counsel. Movants attempt to divert attention from their clear wrongdoing by questioning the motives of West and its counsel. However, the following facts are not disputed – and are not addressed by Movants' application:

(1) Movants' attachment of a highly confidential document subject to the protective order entered in this case (the "Protective Order") to their opposition to West's motion to dismiss in *another case*, *Stetson v. West Publishing Corporation, et al.*, clearly violates Paragraph 3 of the Protective Order. (*See* Protective Order, attached to Application to Seal, attached to Plaintiffs' Application to File Opposition Under Seal, filed March 24, 2008, ¶ 3 (providing that designated materials subject to the Protective Order shall be used solely for the purposes of the Rodriguez litigation "and may not be used . . . in connection with any other litigation.").)

(2) The Disner Law Corporation's possession of the document attached to their opposition violates the Protective Order, since Movants' counsel Alan Harris – who received the document pursuant to the terms of the Protective Order and is bound by its terms – was not permitted to share the document with Mr. Disner or his colleagues, who are not authorized recipients of designated materials under the Protective Order. (*Id.*, ¶¶ 8-10.)

Movants' cavalier attempt to "gloss over" their violations of this Court's Protective Order should not be entertained. Having violated key provisions of the Protective Order, *Stetson* counsel dismissively portray the Protective Order as not

worth the paper it was written upon, repeatedly stating that the Court is not bound by the order it entered and that the Court may amend the order.

Movants' position fails to recognize the simple facts that the Protective Order (1) is a binding court order in full force and effect, and (2) has not been amended by this Court and thus prohibits the actions taken by Movants' counsel. Movants wholly ignore that whether or not the Court is bound by the Protective Order is not the issue; Mr. Harris was and is bound by it – and he undeniably violated its explicit prohibitions. Equally important, although the Court has the power to amend the Protective Order pursuant to requests or motions brought under the terms thereof, ***no amendment had been made by the Court prior to Movants taking their own liberty with the protected document***. Indeed, no request or motion for such relief was made prior to Mr. Harris sharing the document with unauthorized recipients or Movants' unlawful attachment of the document to a court filing.

Mr. Harris's conduct of sharing the document with unauthorized recipients and attaching it to a filing in another litigation constitutes multiple violations of a binding order of this Court. Moreover, having been counsel of record for a party to the litigation (a status which later changed) at the time the Protective Order was entered in this case, Movants' counsel Eliot Disner was intimately familiar with the Protective Order (indeed, he helped draft it) and the terms violated.

The Court should not reward said counsel for their wanton disregard of the Protective Order's restrictions by granting the *ex parte* relief sought. Rather, Movants' application to modify the Protective Order should be denied and Movants' opposition to West's motion to dismiss in *Stetson v. West Publishing Corporation, et al.*, CV 08-810, which discusses and attaches the unlawfully shared and used document, should be stricken and removed from the Court record.[1]

---

[1] In the event the Court does not strike and remove the opposition brief, it should be filed **under seal** due to the protected status and highly confidential nature of the document which is attached thereto and discussed within.

## II.

## MOVANTS' REQUEST IS FATTALLY FLAWED ON A SUBSTANTIVE LEVEL.

Movants' *ex parte* application is also fatally flawed in substance.

First, the application seeks intervenor relief without Movants having obtained intervenor status as required by Federal Rule of Civil Procedure 24(c) and controlling Ninth Circuit authority. The clear language of Federal Rule of Civil Procedure 24 requires that a non-party wishing to intervene in an existing case bring a motion to intervene. *See* Fed. R. Civ. P. 24(c) (stating, in relevant part, that "[a] person desiring to intervene *shall* serve a motion to intervene upon the parties as provided in Rule 5") (emphasis added). The Ninth Circuit has strictly interpreted this provision, unambiguously requiring that strangers to a litigation must formally obtain intervenor status before any relief they request may be granted. *See California Practice Guide: Federal Civil Procedure Before Trial*, Schwarzer, Tashima and Wagstaffe, Section 7:269 (2007 edition) (citing *Spangler v Pasadena Board of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977) and its holding that, pursuant to Fed. R. Civ. P. 24(c), before a stranger to a litigation may obtain any form of relief in the case, a formal motion to intervene must be brought and the requisite findings thereunder be made by the district court); *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (intervention requires formal motion to intervene). Despite labeling themselves "plaintiffs-in-intervention," Movants – who are strangers to the instant litigation – have at no time moved to intervene. They do not fall within the clearly-defined *Rodriguez* class and have never appeared in the case. As such, they are required to obtain intervenor status via formal motion before they may obtain any relief in this case. Their failure to do so precludes the relief they now seek and the *ex parte* application must be denied based on this procedural defect alone.

Moreover, by their *ex parte* application, Movants seek access to a document which is not the proper subject of the *Stetson* motion to dismiss. The document to which Movants currently seek access is not at all necessary to a decision on the sufficiency of their *pleading*; rather, Movants chose to pluck it – out of context – from the voluminous *Rodriguez* production in the desperate hope of disparaging West and trying their case early. Movants did not follow proper channels to obtain legitimate access and use of the document precisely because they recognized that they could not justify such access and use – apparently deciding that they could more readily accomplish their improper goal by asking for forgiveness rather than permission.

Movants' attempt to justify their misdeeds by arguing that documents from *Rodriguez* will be relevant to *Stetson*, and therefore should be shared, puts the cart before the horse. As West and other parties have previously noted for this Court in connection with Movant counsel's earlier motion to modify the Protective Order, the appropriate time for discussing and determining what, if any, documents from *Rodriguez* are relevant to the *Stetson* case and should be shared with *Stetson* counsel is the Rule 26(f) conference – if the Court determines that the *Stetson* claims will actually proceed.[2]

---

[2] The Federal Rules of Civil Procedure and Local Rules of this Court clearly contemplate that the parties are to discuss such discovery matters at their Rule 26(f) conference. Indeed, parties are *prohibited* from seeking discovery in a case until after the Rule 26(f) conference has taken place. *See* Fed. R. Civ. P. 26(d) (stating that a party may not seek discovery until after the Rule 26(f) conference). West remains willing to meet and confer regarding the potential for sharing West documents produced in the prior litigation at the appropriate time.

Moreover, although providing catchy soundbites regarding general principles of litigation economy, Movants' reliance on *Olympic Refining Company v. Carter*, 332 F.2d 260 (9th Cir. 1964) and *Kraszewski v. State Farm General Ins. Co.*, 139 F.R.D. 156 (N.D.Cal. 1991) does not endorse their position. In *Olypmic Refining*, the party seeking access had, unlike Movants here, served a Rule 45 subpoena for the documents at issue. *Kraszewski*, a non-controlling Northern District of California opinion, is also distinguishable in that the two cases at issue there involved (1) the same class counsel, (2) some of the same plaintiffs, and (3) the same defendant. As such, the court's focus in that case was the subject protective order's restriction of

(Continued...)

Movants' attempt to justify their clear violation of the Protective Order with issues that are not yet ripe does nothing to save their position.

## III.

## MOVANTS' APPLICATION IS PROCEDURALLY DEFICIENT AND RELIES UPON A MANIFESTLY INACCURATE DECLARATION.

In their haste to seek a retroactive "blessing" of their undisputed violations of the Protective Order, Movants' counsel failed to advise defense counsel of the precise nature of the relief being sought and resorted to filing a manifestly inaccurate declaration regarding communications with defense counsel.

Movants' counsel first raised the issue of bringing an *ex parte* application with West's counsel via telephone on the afternoon of March 24. However, Movants' counsel, Fredricka Ung, did not specify precisely what relief would be sought. Gilhooly Decl., ¶ 2. As such, West's counsel reiterated that West objected to Movants' attachment of the protected document at issue to a court filing in *Stetson* and to the Disner Law Corporation's possession of the document, because both circumstances clearly violated the Protective Order. *Id.*

On the afternoon of March 25, 2008, Movants' counsel, Eliot Disner, sent an email to counsel for defendants West and Kaplan, Inc. ("Kaplan"), proposing a resolution which was not sound or practicable. Gilhooly Decl., ¶ 3. Having previously been instructed by Mr. Disner to direct all calls to his associate, Fredricka Ung, West counsel Heather Gilhooly called Ms. Ung regarding Mr. Disner's email, pointing out the problematic terms. *Id.* Ms. Ung agreed that Mr. Disner's email was confusing and stated that Mr. Disner had obviously misunderstood the timing for the

---

(...Continued)
use of the requested materials to the litigation in which they were produced. The circumstances present here – West's willingness to meet and confer regarding the potential for sharing West documents produced in the prior litigation if the Stetson motion to dismiss is denied – were not considered or addressed by the *Kraszewski* court. The clear factual distinctions between this case and *Kraszewski* render that non-controlling opinion of no real assistance to Movants' position.

Court's consideration of Movants' application to file their opposition under seal. *Id.* Ms. Ung represented that she would seek clarification from Mr. Disner and then call West's counsel or send an email to clarify Mr. Disner's earlier email. *Id.*

Ms. Ung did not call or email West's counsel as promised. Gilhooly Decl., ¶ 4. Instead, Movants filed their *ex parte* application at approximately 9:24 p.m. that night, attaching a declaration by Eliot Disner which states that Movants' counsel received "no response" to his email from defense counsel. *Id.*

On the morning of March 26, 2008, West counsel, Heather Gilhooly again spoke to Fredricka Ung by telephone. Gilhooly Decl., ¶ 5. Ms. Ung confirmed that Ms. Gilhooly had called on March 25 in response to Mr. Disner's email of that day, that she had agreed that the email proposal was confusing as drafted, and that she had agreed to speak to Mr. Disner regarding defense counsel's questions and then call or email Ms. Gilhooly with clarification. *Id.* Ms. Ung confirmed that she did not call or email Ms. Gilhooly as promised. *Id.* Ms Ung also confirmed each and all of the following: (a) that she had informed Mr. Disner of Ms. Gilhooly's March 25 call regarding his email – prior to the filing of Mr. Disner's declaration, (b) that she was the filing attorney for the ex parte application and declaration that Movants' filed the night of March 25, and (c) that she had specifically noticed before filing the *ex parte* application and declaration that the declaration stated there had been "no response" from defense counsel to Mr. Disner's email. *Id.* Ms. Ung indicated that she went ahead and filed the document despite all of the foregoing because she was "in a hurry" to get the document filed. *Id.* Email correspondence between counsel memorializes and confirms the above-described communications and actions. Gilhooly Decl., ¶¶ 6 and 7, Exs. A and B.[3]

---

[3] Exhibits A and B to the attached Gilhooly Declaration memorialize the above-described communications between counsel.

In attempting to retroactively erase the effect of their misdeeds, Movants have resorted to submission of a declaration they knew to contain false information. Mr. Disner submitted a declaration under penalty of perjury stating that his firm had received "no response" to his email, despite having been informed that West's counsel had called about his email. And Ms. Ung caused to be filed a declaration which she knew to be in error, since she – as the attorney receiving the call from West's counsel – was fully aware that West's counsel had responded regarding Mr. Disner's email.

This further demonstrates the willful disregard of order and rule with which Movants' counsel conduct themselves, and further demonstrates why the relief they seek to excuse their prior haphazard misconduct should not be granted.

## IV.

## CONCLUSION

Yet again, Movants' counsel, Eliot Disner, has acted in a brazenly haphazard manner, in total disregard of governing rules and orders. The attempt to "bless" those actions via yet another haphazard – and manifestly inaccurate – filing, should not be entertained. For the foregoing reasons, the Court should deny plaintiffs' *ex parte* application. Plaintiffs' opposition to West's motion to dismiss in *Stetson v. West Publishing Corporation, et al.*, CV 08-810, which discusses and attaches the unlawfully shared and used document should be stricken and removed from the Court record.[4]

Due to the very limited time which West's counsel has to respond to Movants' *ex parte* application, West hereby reserves the right to bring a sanctions and/or contempt motion based upon counsel Alan Harris, Eliot Disner and Fredricka Ung's respective violations of the Protective Order and submission of a manifestly

---

[4] Again, if the opposition brief is not stricken and removed from the Court record, it should be filed **under seal** due to the protected status and highly confidential nature of the document which is attached thereto and discussed within.

inaccurate declaration. Should the Court raise these issues *sua sponte*, West respectfully requests the opportunity to respond to any evidence or submission by Movants' counsel.

Dated: March 26, 2008

Respectfully submitted,

SHEARMAN & STERLING LLP

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By: ________________________________
Heather H. Gilhooly