Eliot G. Disner, Esq. (SBN: CA 068832)
A Professional Corporation
*edisner@disnerlaw.com*
Joel R. Bennett, Esq. (SBN: CA 042162)
*rbennett@disnerlaw.com*
Fredricka Ung, Esq. (SBN: 253794)
*fung@disnerlaw.com*
DISNER LAW CORPORATION
2029 Century Park East, 19th Floor
Los Angeles, California 90067-2901
Tel: (310) 286-0600
Fax: (310) 282-2585

Alan Harris, Esq. (SBN: CA 146079)
HARRIS & RUBLE
5455 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Tel: (323) 931-3777 Fax (323) 931-3366
la@harrisandruble.com

*Attorneys for Prospective Intervenors, Stephen Stetson, Shane LaVigne, Christine Leigh Brown-Roberts, Valentin Yuri Karpenko, and Jake Jeremiah Fathy*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RODRIGUEZ, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>WEST PUBLISHING CORPORATION, et al.,<br><br>Defendants. | CASE NO. CV 05-3222-R<br><br>CLASS ACTION<br><br>[Assigned to the Hon. Manuel Real]<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO THE *EX PARTE* APPLICATION TO INTERVENE AND TO MODIFY THE STIPULATION AND PROTECTIVE ORDER** |
| AND CONSOLIDATED ACTIONS | Date: None Set<br>Time: None Set<br>Place: Courtroom 8 |

Dockets.Justia.com

The Opposition brief filed today by Plaintiffs' counsel, McGuireWoods, LLP ("MW'') should be disregarded by this Court for the following reasons.

1. MW was timely served with the ex parte Application, via the Court's electronic filing system.

2. Like every other ostensible opponent to the Application, MW has the same 24 hours to respond. Instead, its Opposition merely begs for more time.

3. The subject matter of the Application does not concern MW in the slightest because: a) the single document now needed by the *Stetson* Plaintiffs is a West document, not a MW document or a *Rodriguez* Plaintiffs' document[1]; and b) the *Rodriguez* Plaintiffs are on the same side as the *Stetson* Plaintiffs. No legitimate prejudice to the *Rodriguez* Plaintiffs has ever been demonstrated by MW.

4. Defendants' counsels, who have standing to object, will certainly summon whatever arguments there are to oppose the Application. De facto defense counsel MW's views are unnecessary, and suspect. Why is MW on West's side? Alas, the same answer that motivates most class action counsel. It wants to get paid, and wants nothing real or imagined to get in the way.

For these reasons, the *Stetson* Plaintiffs now respectfully request that the Court disregard the MW filing, and expedite its handling of the *Stetson* Plaintiffs' ex parte Application.

---

[1] As the Court may recall, MW's five named Plaintiff clients all approved the *Schall* Plaintffs having access to MW's *Rodriguez* case files. They could not then have consented to this filing by MW.

Respectfully submitted,

DATE: March 26, 2008

**THE DISNER LAW CORPORATION**

By: ______________________________

Eliot G. Disner
A Professional Corporation
Attorneys for Plaintiffs
Stephen Stetson, Shane LaVigne, Christine Leigh Brown-Roberts, Valentin Yuri Karpenko, Jake Jeremiah Fathy, and all others similarly situated