Sidney K. Kanazawa (SBN 84608)
Email: skanazawa@mcguirewoods.com
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

*Class Counsel*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RODRIGUEZ, REENA B. FRAILICH, LOREDANA NESCI, JENNIFER BRAZEAL and LISA GINTZ, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>      vs.<br><br>WEST PUBLISHING CORPORATION, a Minnesota Corporation dba BAR/BRI, and KAPLAN, Inc., a Delaware corporation,<br><br>            Defendants. | CASE NO. CV 05-3222 R(MCx)<br><br>**DECLARATION OF SIDNEY K. KANAZAWA IN SUPPORT OF SETTLING CLASS PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND UPON THE OCCURRENCE OF THE EFFECTIVE DATE AND FOR APPROVAL AND DISTRIBUTION OF ATTORNEYS' FEES AND EXPENSES**<br><br>Hearing Date: November 2, 2009<br>Time:        10:00 a.m.<br>Place:       Courtroom 8 |
| AND CONSOLIDATED ACTION | |

# DECLARATION OF SIDNEY K. KANAZAWA

I, Sidney K. Kanazawa, declare as follows:

1.      I am a member in good standing of the State Bar of California and a member of the law firm McGuireWoods LLP ("MW"), counsel of record for Plaintiffs Ryan Rodriguez, Reena B. Frailich, Loredana Nesci, Jennifer Brazeal, Lisa Gintz, and Lead Class Counsel in the above-entitled action.  This Court appointed the following counsel on behalf of the class in this consolidated class action: MW, Finkelstein Thompson LLP ("FT"),[1] and Zwerling, Schachter & Zwerling LLP ("ZSZ") (collectively "Class Counsel").  The following statements are based on my personal knowledge and the files and records in this case of which I am aware and, if called on to do so, I could and would testify competently thereto.

2.      This declaration is submitted in support of Class Counsel's motion for final distribution of the Settlement Fund created by the Stipulation and Settlement Agreement in this matter against Kaplan, Inc. ("Kaplan") and West Publishing Corporation d/b/a BAR/BRI ("West" or "BAR/BRI").  I discuss, in the following order: (a) the history of the proceedings in this case, which will shed light on the complexity of the issues involved and the amount of work required of Class Counsel in this matter; (b) the activities undertaken as part of the claims administration process; and (c) the time and expense figures underlying Class Counsel's motion for an order reaffirming the Court's original award of attorneys' fees and reimbursement of expenses.

///
///

---

[1]      Formerly Finkelstein, Thompson & Loughran LLP.

# I.        HISTORY OF THE LITIGATION

3.        Discovery in this matter was extensive and spanned the course of about one year, with a court-ordered discovery cutoff date of July 17, 2006. Discovery matters continued, however, into December 2006.  Plaintiffs deposed witnesses on each of the relevant issues in the case, including the following areas: (1) negotiation, terms and impact of the 1997 co-marketing agreement between BAR/BRI and Kaplan; (2) BAR/BRI's competitive activities and interactions with competitors; (3) BAR/BRI's purchase of assets of West Bar Review; (4) the geographic and product market for full-service bar review courses; (5) market conditions, including, but not limited to market shares and market power; (6) barriers to entry; (7) the existence of less anticompetitive acquirers of West Bar Review; and (8) damages.

4.        In total, Plaintiffs deposed thirteen (13) fact witnesses, including four key witnesses: Richard Conviser, the Chief Executive Officer and founder of BAR/BRI, Michael Suchsland, President and General Manager of West Education Company, overseer of BAR/BRI, Jonathan Grayer, the Chief Executive Officer of Kaplan, and Andrew Rosen, the Chief Operating Officer of Kaplan.  Plaintiffs also deposed non-party witnesses, including John Costonis, the Chancellor of Louisiana State University, and Robert Feinberg, the founder and former President and Chief Executive Officer of PMBR, Inc.

5.        Plaintiffs also conducted a substantial amount of written discovery. Plaintiffs served five sets of interrogatories on West and four sets of interrogatories on Kaplan.  Plaintiffs served three sets of inspection demands on West and two sets on Kaplan.  In response to these discovery requests, Defendants produced over 400,000 pages of documents, which both Class Counsel and retained experts analyzed.

3

DECLARATION OF SIDNEY K. KANAZAWA
CASE NO. CV 05-3222

\9998762.1

6.     Each named Class Representative appeared for deposition and also responded to five sets of written interrogatories and five sets of inspection demands served by West and Kaplan.

7.     The parties also conducted three rounds of expert discovery on issues related to class certification, liability and damages. Defendants deposed Plaintiffs' expert, Dr. Douglas Greer three times, and William Buckley once. Plaintiffs deposed Defendants' expert Dr. Daniel Rubinfeld twice, and their experts Dr. Margaret Guerin-Calvert and Michael Wallace once each.

8.     The discovery process was protracted and difficult. The parties had several discovery disputes, requiring numerous meet and confer conferences amongst the parties and before Special Discovery Master John Francis Carroll, Esq., whose appointment was also the subject of motion practice. Ultimately, Special Master Carroll heard and decided several motions to compel, and others were being decided and/or prepared when the parties finally reached the Settlement.

9.     On June 20, 2005, Defendant Kaplan moved to transfer the case to the United States District Court for the Southern District of New York. Plaintiffs opposed the motion. Following extensive briefing, the Court denied Kaplan's motion at oral argument on August 1, 2005.

10.     On August 24, 2005, after conducting their own independent investigation, Plaintiffs Kari Brewer and Lorraine Rimson filed a related class action against Defendants in this Court entitled, *Brewer v. West Publishing Corp., et al*, Case No. CV 05-06211. Plaintiffs sought Defendants' stipulation to consolidate the cases. After several rounds of unsuccessful negotiations, Plaintiffs filed a motion to consolidate the actions, which Defendants each partially opposed in separate filings. The Court granted Plaintiffs' motion for consolidation on October 17, 2005.

11.     After significant and repeated discovery disputes forced Plaintiffs to file motions to compel, Plaintiffs filed a motion for the appointment of a Special Master to oversee discovery on April 24, 2006. Each Defendant vigorously opposed

\9998762.1

1  the motion in separate filings.  The Court appointed a Special Master on May 24,

2  2006.

3        12.    On March 13, 2006, Plaintiffs filed their motion for class certification

4  together with a memorandum of law explaining, *inter alia*, Plaintiffs' theory of

5  class-wide antitrust injury and proposed method of calculating damages.  In support

6  of their motion, Plaintiffs filed a comprehensive expert declaration authored by

7  Douglas Greer, Ph.D., a professor of economics at San Jose State University.

8  Plaintiffs argued that all of the prerequisites for class certification under

9  Fed.R.Civ.P. 23(a) and (b)(3) had been satisfied.

10        13.    In preparation for and in furtherance of the class certification motion,

11  Class Counsel engaged in a comprehensive review of the bar review industry,

12  including the relevant product and geographic markets, competitive practices, and

13  pricing.  Additionally, Class Counsel, with the assistance of experts, studied and

14  researched the viability of various damages theories and methodologies, identified

15  and studied the data necessary to support such methodologies, and developed a

16  formula for computing damages.

17        14.    Class Counsel worked closely with Dr. Greer throughout the

18  preparation of his initial declaration in support of the class certification motion, and

19  in analyzing and rebutting reports of Defendants' expert, Daniel Rubinfeld, Ph.D.

20  Dr. Greer further submitted a supplemental expert declaration in support of the class

21  certification motion, as did Dr. Rubinfeld on behalf of Defendants.

22        15.    Defendants challenged every aspect of the class certification motion,

23  including the relevant product and geographic market definitions, antitrust impact,

24  adequacy of the class representatives, and the existence of a formulaic approach to

25  damages.  Specifically, Defendants' expert, Dr. Rubinfeld, opined that the relevant

26  product market is state specific, and that the relevant geographic market is local,

27  thereby negating the existence of a nationwide class.  He further criticized Plaintiffs'

28

\9998762.1

1  damages analysis, stating, among other things, that there were issues which require

2  individualized proof and analysis.

3       16.    On May 15, 2006, after comprehensive briefing, including the

4  submission of detailed expert declarations and exhibits, the court conducted oral

5  argument on Plaintiffs' class certification motion, at which time the parties

6  presented legal arguments regarding Plaintiffs' satisfaction of the requirements of

7  Fed.R.Civ.P. 23.  At the close of the hearing, the Court granted Plaintiffs' motion

8  and certified a national class defined as:  "All persons who purchased a bar review

9  course from BAR/BRI in the United States from 1997 to the present."  The Court

10  appointed Frailich, Brazeal, Brewer, Rimson, Rodriguez, Nesci, and Gintz as class

11  representatives.

12       17.    West filed a petition with the Court of Appeals for the Ninth Circuit

13  for leave to file an appeal regarding the Class Certification Order.  Kaplan joined

14  West's petition.  Plaintiffs vigorously opposed the petition.  The Ninth Circuit

15  denied West's petition on August 11, 2006.

16       18.    Because of the specialized nature of the bar review market, as well as

17  a number of other issues in this case, particularly with respect to proving causation

18  and damages, Class Counsel worked closely with several experts to help review

19  documents, assist in depositions, and develop an aggregate damage model to

20  calculate damages suffered by the Class as a result of Defendants' alleged wrongful

21  conduct.

22       19.    Class Counsel retained economist, Dr. Douglas Greer, to analyze

23  issues regarding liability, causation and damages.  Dr. Greer and his staff advised

24  counsel regarding various economic issues in this case, including: market allocation

25  analysis, including examination of collusive activity, conscious parallelism and

26  "plus factors"; monopoly/market power; data analysis; damages modeling; and

27  allocation and settlement distribution issues.  Dr. Greer developed the damages

28  model utilized by Plaintiffs.

6

DECLARATION OF SIDNEY K. KANAZAWA
CASE NO. CV 05-3222

\9998762.1

20.     Class Counsel also hired William Buckley, MBA, to rebut the opinion of experts retained by Defendants with regard to the reasonableness, from a business perspective, of (1) Thomson/West's decision to divest West Bar Review in 1997; (2) Kaplan's decision not to purchase West Bar Review in 1997; (3) the 1997 Co-Marketing agreement between BAR/BRI and Kaplan; and (4) West's arrangement with BAR/BRI in October of 1997.

21.     The work of Mr. Buckley and Dr. Greer and his staff was critical to the economic and legal analysis of Defendants' alleged misconduct, and the impact thereof, as well as the formulation of damage models, all of which was critical both to the prosecution of this action and its settlement.  The work of these experts was not only necessary to the development of Plaintiffs' case, but was also required to address the defenses raised by Defendants.  Defendants mounted vigorous attacks regarding relevant product and geographic market definition, legitimate business justifications for their actions, the assertion that their conduct did not impact or injure consumers, and the appropriate measure of damages in a "but for" world in which West Bar Review was acquired by Kaplan.

22.     For example, Defendants argued that West Bar Review was not a viable business, irrespective of any actions by Defendants, necessarily precluding any injury claimed by Plaintiffs.  Defendants further argued that Thomson/West's decision to exit the market was justified based upon this non-viability.  Defendants also claimed that the non-viability of West Bar Review justified Kaplan's decision not to purchase West Bar Review.  Defendants relied upon, among other things, the expert opinions of Dr. Guerin-Calvert and Michael Wallace in support of these arguments.  Plaintiffs' experts opined to the contrary that West Bar was a viable competitor in the full-service bar review market and could have been profitable had Kaplan completed the purchase.

23.     Defendants also asserted, supported by the expert opinion of Dr. Margaret Guerin Calvert, that the Co-Marketing Agreement was *bona fide* because

1    it was economically beneficial to both Kaplan and BAR/BRI. Dr. Greer opined that

2    the Co-Marketing Agreement was not *bona fide* and that there was both direct and

3    circumstantial evidence that Defendants were acting collusively contrary to section

4    1 of the Sherman Act.

5         24.    Defendants further contended that BAR/BRI's agreement with

6    Thomson/West to provide bar review courses to students to which West Bar Review

7    had obligations was not improper and in fact, benefited consumers. Defendants

8    relied upon the expert opinion of Dr. Guerin-Calvert in support of this position.

9         25.    The issue of damages was also vigorously disputed. Dr. Greer opined

10   that the Class suffered damages in the range of approximately $158 million to

11   approximately $168 million. Defendants' damages expert, Dr. Daniel Rubinfeld,

12   opined that the Class suffered no antitrust impact or damages as a result of the

13   conduct alleged by Plaintiffs under Section 2 of the Sherman Act or Section 7 of the

14   Clayton Act. Dr. Rubinfeld's most generous estimate of damages assuming liability

15   was found against Defendants for violation of Section 1 of the Sherman Act (which

16   neither Defendants nor Dr. Rubinfeld conceded) was approximately $7 million.

17        26.    Following entry of the Class Certification Order, the parties turned to

18   negotiating a proposed form of notice and plan for dissemination. Negotiations

19   were prolonged, and the parties could not reach a complete agreement. Plaintiffs

20   filed a proposed notice plan with the Court, which each Defendant partially

21   opposed. On June 29, 2006, the Court approved Plaintiffs' proposed form of notice.

22        27.    In accordance with the Court's Order, notice of class certification was

23   disseminated in July 2006.

24        28.    On June 28, 2006, Defendant West served a subpoena for testimony

25   and documents on third party witness James Rigos, a competitor of BAR/BRI

26   operating in Washington State. In November 2005, Rigos was named by Class

27   Counsel in Plaintiffs' Supplemental Rule 26 Disclosures as an individual who is

28   "likely to have discoverable information that [Plaintiffs] may use to support [their]

8

DECLARATION OF SIDNEY K. KANAZAWA
CASE NO. CV 05-3222

1   claims." Class Counsel subsequently listed Mr. Rigos on Plaintiffs' trial witness list

2   dated July 17, 2006.

3        29.   Rigos served written objections to the subpoena on July 10, 2006.

4   Counsel for Plaintiffs offered to contact Rigos regarding responding to West's

5   subpoena. Plaintiffs' counsel contacted Rigos through his counsel, but he continued

6   his refusal to respond to West's subpoena. On July 27, 2006, Defendant West filed a

7   motion to compel Rigos's response to the subpoena and documents in the United

8   States District Court for the Western District of Washington at Seattle. Rigos

9   opposed the motion to compel, submitting a brief and lengthy declaration in support

10  of his opposition.

11       30.   On August 22, 2006, the District Court denied the motion to compel

12  on the ground that "the parties did not comply with the meet and confer requirement

13  in the Local Rules prior to the filing of the motion." The District Court's Order

14  offered "guidance to aid the parties' attempt to resolve the discovery dispute",

15  including suggestions regarding proposed timing of a response, as well as the

16  propriety of the individual document requests. Due to the commencement of

17  settlement discussions, a date was not set for either the production of documents by

18  Mr. Rigos or his deposition.

19       31.   On July 17, 2006, Kaplan filed a motion for summary judgment

20  seeking to dismiss Count Two of the First Amended Complaint (the only count

21  against Kaplan). Kaplan asserted that it was entitled to summary judgment on

22  Plaintiffs claim under Section 1 of the Sherman Act because (1) it had a legitimate

23  business reason for not purchasing West Bar; (2) there is no direct evidence of an

24  improper agreement between Kaplan and BAR/BRI; (3) conscious parallelism is

25  inapplicable here, as the alleged agreement is between non-competitors; and (4)

26  Plaintiffs' evidence of an illegal agreement between Kaplan and BAR/BRI is

27  circumstantial, speculative and insufficient.

28

9

DECLARATION OF SIDNEY K. KANAZAWA
CASE NO. CV 05-3222

\9998762.1

32.     Plaintiffs vigorously opposed Kaplan's summary judgment motion, compiling volumes of exhibits and deposition testimony to refute each point on a very compressed schedule. Plaintiffs also sought leave to file two further supplemental briefs concerning particular issues raised in Kaplan's motion, which the Court granted. In their oppositions, Plaintiffs set forth genuine issues of material fact and evidence supporting the applicability of conscious parallelism plus and the existence of a conspiracy between Defendants to illegally allocate markets in violation of Section 1 of the Sherman Act. The Court denied Kaplan's motion for summary judgment after oral argument on September 18, 2006.

33.     In the fall of 2006, the parties retained the Honorable Daniel Weinstein (Ret.), a well-respected mediator with Judicial Arbitration and Mediation Services ("JAMS"), for purposes of mediating a resolution of this case, which was scheduled for trial in February 2007. The parties selected Judge Weinstein because of his extensive experience in designing effective alternative dispute resolution processes and resolving class actions brought under federal and state antitrust laws.

34.     In preparation for the mediation session, the parties made a joint submission containing a number of the pleadings filed in this matter. In addition, some parties submitted separate mediation statements discussing the strengths and weaknesses of their respective cases.

35.     On November 29, 2006, the parties participated in a mediation before the Honorable Daniel Weinstein (Ret.) in New York City. The parties engaged in intense discussions and negotiations at the session, which lasted until approximately 11:00 pm, but were unable to reach an agreement.

36.     Under the supervision of Judge Weinstein, the parties continued arm's length negotiations in telephone conferences and in person over the next several weeks. Trial preparation also continued apace, including drafting motions in *limine*, conducting a meet and confer conference with counsel for Defendant Kaplan, and litigating discovery matters before the Special Master. A settlement agreement was

\9998762.1

1  ultimately entered into on February 2, 2007, the Friday before the Final Pre-Trial

2  Conference. A true and correct copy of the executed Stipulation is attached hereto

3  as **Exhibit 1**. The Stipulation has the following exhibits, which are incorporated by

4  reference:

5      **Exhibit A**: List of Class members who requested timely exclusion from the

6  Class.

7      **Exhibit B**: Claim Form.

8      **Exhibit C**: Proposed Final Order and Judgment.

9      **Exhibit D**: Class Notice.

10     **Exhibit E**: Proposed Plan of Allocation.

11     37. Because the final agreement was not inked until the Friday before the

12 Final Pre-Trial Conference, trial preparation not only continued, but ramped up after

13 the mediation session.

14     38. Class Counsel had prepared to bring the case to trial if the settlement

15 had not been consummated.

16     39. On March 26, 2007, Class Counsel filed a motion for preliminary

17 approval of the proposed Settlement, supported by memorandum of law and a

18 declaration. Additionally, McGuireWoods LLP filed a motion to withdraw as

19 counsel of record for Plaintiffs Gintz, Nesci and Rodriguez based on a conflict of

20 interest. Plaintiffs Gintz, Nesci and Rodriguez did not support the Settlement.

21     40. On March 2, 2007, Plaintiffs Gintz, Nesci and Rodriguez filed an *ex*

22 *parte* application seeking to continue the March 19, 2007 hearing on the motion for

23 preliminary approval and the motion to withdraw. Class Counsel filed papers in

24 opposition to the *ex parte* application.

25     41. On March 5, 2007, Plaintiffs Gintz, Nesci and Rodriguez filed a

26 lengthy opposition to the motion for preliminary approval and the motion to

27 withdraw. Class Counsel filed a reply in support of the motion for preliminary

28

11

DECLARATION OF SIDNEY K. KANAZAWA
CASE NO. CV 05-3222

\9998762.1

1  approval and McGuireWoods LLP filed a reply in support of the motion to

2  withdraw.

3       42.    On March 19, 2007, the Court held a hearing on the motion for

4  preliminary approval and the motion to withdraw.  The Court granted the motion for

5  preliminary approval, but denied the motion to withdraw.  Thereafter, the Court

6  entered an order granting preliminary approval of the Settlement and ordering

7  dissemination of the settlement notice in accordance with Class Counsel's proposed

8  notice program.

9       43.    The Court held hearings on final approval on June 18, 2007 and July

10 9, 2007.  At the later hearing, it announced its decision to grant final approval to the

11 settlement and awarded Class Counsel attorneys' fees of their collective lodestar

12 with a multiplier of 1.75, and denied all incentive awards.

13      44.    Attached hereto as **Exhibit 2** is a true and correct copy of the Court's

14 Final Order and Judgment Approving Settlement, entered on September 11, 2007.

15      45.    Attached hereto as **Exhibit 3** is a true and correct copy of the Court's

16 Order Granting Class Counsel Attorneys' Fees and Reimbursement of Expenses,

17 entered on September 11, 2007.

18      46.    Attached hereto as **Exhibit 4** is a true and correct copy of the Court's

19 Order Denying Incentive Awards to Class Representatives, entered September 11,

20 2007.

21      47.    Attached hereto as **Exhibit 5** is a true and correct copy of the Court's

22 Opinion and Order, entered September 11, 2007.

23      48.    Several sets of objectors sought attorneys' fee awards, which the Court

24 heard and denied on November 5, 2007.  Attached hereto as **Exhibit 6** is a true and

25 correct copy of the Court's Order denying these fee awards.

26      49.    Several Class members appealed the final judgment and all aspects of

27 the opinion.  These appeals were consolidated by the Ninth Circuit in January 2008.

28 The Appellants filed their opening briefs on or about April 15, 2008.  On behalf of

1   the Settling Class Plaintiffs, Class Counsel filed the opposition brief on May 23,

2   2008. Appellants filed their reply briefs around June 16, 2008.

3       50.    The Ninth Circuit entertained Class Counsel's motion to expedite the

4   appeal and supplement the record with updated claims information on October 10,

5   2008. Without deciding the motions, the Ninth Circuit set oral argument on the

6   consolidated appeals for March 3, 2009. The matter was heard and taken under

7   submission on March 3, 2009.

8       51.    The Ninth Circuit issued its final opinion on April 23, 2009 affirming

9   the final approval of settlement and the denial of incentive awards, but remanding

10  for further consideration the denial of attorney's fees to objectors and the fee award

11  to Class Counsel.

12      52.    On July 13, 2009, this Court granted an award of attorneys' fees in the

13  amount of $8,125.00 to the objecting parties represented by John William Davis,

14  and $8,125.00 to the objecting parties represented by C. Benjamin Nutley. Attached

15  hereto as **Exhibit 7** is a true and correct copy of the Court's order dated August 7,

16  2009.

17  **II.    CLAIMS ADMINSTRATION**

18      53.    Since the Court's order granting preliminary approval of the

19  Settlement in March 2007, Class Counsel has worked closely with Rust

20  Consulting, Inc. ("Rust"), f/k/a Complete Claims Solutions, appointed by the Court

21  as the claims administrator, to ensure the dissemination of the settlement notice in

22  accordance with the Court's order granting preliminary approval.

23      54.    Class Counsel also directed and supervised the update of the official

24  BAR/BRI class action website, which provided copies of the Class Notice and

25  Claim Form; copies of certain of the relevant pleadings; and answers to frequently

26  asked questions, among other things.

27

28

13

DECLARATION OF SIDNEY K. KANAZAWA
CASE NO. CV 05-3222

\9998762.1

1    55.    Class Counsel also set up a response team to respond to Class member

2  inquiries.  To date, Class Counsel have responded to thousands of telephone calls,

3  letters and emails from Class members.

4    56.    Class Counsel continues to respond to Class member inquiries.

5    57.    Class Counsel has also monitored and supervised the processing of the

6  claims.  The resolution of disputed claims was a prolonged process.  In excess of

7  41,000 claim determination letters were sent out (both initial and final determination

8  letters) as provided in the Settlement Agreement.  Class Counsel corresponded and

9  spoke with numerous Class members and claimants during this period.

10    58.    Class Counsel expended substantial additional time administering the

11  Settlement, including updating changes of address requests, providing updated

12  Settlement information on the website, working with the Claims Administrator to

13  determine valid claims and ensuring that all Class member claims that are timely

14  and valid are fulfilled.

15  **III.    CLASS COUNSEL'S TIME AND EXPENSE FIGURES**

16    59.    As of August 31, 2009, Class Counsel have expended approximately

17  20,540 hours in this matter, for a total lodestar of $8,873,517.75.  Class Counsel

18  have also incurred $1,637,240.05 in unreimbursed expenses in this matter.  A

19  breakdown of the hours, lodestar, and unreimbursed expenses for each law firm is as

20  follows:

| LAW FIRM | TOTAL HOURS | LODESTAR | EXPENSES |
|---|---|---|---|
| McGUIREWOODS LLP | 13,785.06 | $5,396,554.15 | $1,483,742.71 |
| FINKELSTEIN THOMPSON LLP | 3,559.18 | $1,775,067.60 | $118,259.86 |
| ZWERLING, SCHACHTER & ZWERLING, LLP | 3,196.30 | $1,701,896.00 | $35,237.48 |

14

DECLARATION OF SIDNEY K. KANAZAWA
CASE NO. CV 05-3222

\9998762.1

1   61.   Attached hereto as **Exhibit 8** is the original declaration of Sidney K.

2  Kanazawa of McGuireWoods LLP.  This declaration contains the total number of

3  hours and hourly rates for each timekeeper who performed work in this matter from

4  the law firm of McGuireWoods LLP and its total amount of unreimbursed expenses.

5   62.   Attached hereto as **Exhibit 9** is the original declaration of Rosemary

6  Rivas of Finkelstein Thompson LLP.  This declaration contains the total number of

7  hours and hourly rates for each timekeeper who performed work in this matter from

8  the law firm of Finkelstein Thompson LLP and its total amount of unreimbursed

9  expenses.

10   63.   Attached hereto as **Exhibit 10** is the original declaration of Dan

11  Drachler of Zwerling, Schachter & Zwerling, LLP.  This declaration contains the

12  total number of hours and hourly rates for each timekeeper who performed work in

13  this matter from the law firm of Zwerling, Schachter & Zwerling, LLP and its total

14  amount of unreimbursed expenses.

15   I declare under penalty of perjury under the laws of the United States that the

16  foregoing is true and correct.  Executed this 9th day of October, 2008 at Los

17  Angeles, California.

18  _____/s/_____

19  SIDNEY K. KANAZAWA

20

21

22

23

24

25

26

27

28

15

DECLARATION OF SIDNEY K. KANAZAWA
CASE NO. CV 05-3222

\9998762.1

**EXHIBIT 1**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RODRIGUEZ, REENA B. FRAILICH, LOREDANA NESCI, JENNFIER BRAZIL, and LISA GINTZ, on behalf of themselves and all others similarly situated, | CASE NO. CV-05-3222 R(MCx) |
| | ~~[PROPOSED]~~ FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT |
| Plaintiffs, | |
| vs. | |
| WEST PUBLISHING CORPORATION, a Minnesota Corporation d/b/a BAR/BRI, and KAPLAN, Inc., a Delaware Corporation, | |
| Defendants. | |

AND CONSOLIDATED ACTION

This matter came before the Court for hearing on June 18, 2007 and July 9, 2007, pursuant to the Order Granting Preliminary Approval of Class Action Settlement and Directing Dissemination of Notice to Class dated March 26, 2007 (the "Preliminary Approval Order"), on application for approval of the proposed

1   Settlement[1] set forth in the Stipulation and Settlement Agreement dated February

2   2, 2007, ("Settlement Agreement").

3          Pursuant to the Preliminary Approval Order, Notice was given to the Class.

4   The Notice advised Class Members of the opportunity to *inter alia*: object to the:

5   (1) Settlement Agreement and the Settlement; and/or (2) the Plan of Allocation.

6          On May 7, 2007 Class Counsel filed: (1) Notice of Motion and Motion For

7   Final Approval of Class Action Settlement; (2) Declaration of Sidney K.

8   Kanazawa; and (3) Memorandum of Points and Authorities in Support of Final

9   Approval.

10          On May 17, 2007, plaintiffs/objectors Ryan Rodriguez, Lisa Gintz and

11  Loredana Nesci (the "Objecting Plaintiffs") filed an objection, *inter alia*, objecting

12  to entry of the Preliminary Approval Order (the "May 17 Objections").

13          On May 18, 2007, Class Counsel filed a response to the May 17 Objections.

14          On May 31, 2007, the Objecting Plaintiffs filed an *ex parte* application,

15  memorandum and declaration for an order to: (1) allow Eliot Disner, Esq.

16  ("Disner") to "speak freely" on their behalf; (2) allow access to certain files: and

17  (3) clarify the status of Disner as a "co-lead counsel" (the "*Ex Parte* Application").

18          On June 1, 2007, Class Counsel filed an Opposition to the *Ex parte*

19  Application and defendants West Publishing Corporation ("West") and Kaplan,

20  Inc. ("Kaplan") filed objections to the *Ex Parte* Application (the "*Ex Parte*

21  Oppositions").

22          On June 7, 2007, the Objecting Plaintiffs filed a reply to the *Ex Parte*

23  Application.

24

25  _____

26  [1]   Unless otherwise stated herein, all capitalized terms shall have the same
    meanings as set forth in the Stipulation and Settlement Agreement dated February
27  2, 2007.

4670962 1                                    2

[PROPOSED] FINAL ORDER AND JUDGMENT - CV 05-3222 R(MCx)

In addition to the May 17 Objections, the Class Members listed in the following table filed objections to the Settlement on the dates indicated:

|   | DATE FILED | CLASS MEMBER |
|---|---|---|
| 1. | May 21, 2007 | David Oriol |
| 2. | May 21, 2007 | Jason Tingle<br>Oliver Gutierrez |
| 3. | May 21, 2007 | David Feldman<br>Cameron Gharabiklou<br>Emily Grant<br>Jeff Lang<br>Sarah McDonald<br>Cara Patton<br>Rachel Schwartz<br>Greg Thomas |
| 4. | May 21, 2007 | Joseph J. Angersola |
| 5. | May 21, 2007 | Anthony Valach |
| 6. | May 21, 2007 | Jay M. Wolman |
| 7. | May 21, 2007 | Joan E. Shreffler |
| 8. | May 21, 2007 | Robert Gaudet, Jr.<br>Sandeep Gopalan<br>Elizabeth De Long<br>Andrea Boggio |
| 9. | May 21, 2007 | Justin Head<br>Ryan Helfrich |
| 10. | May 21, 2007 | George Schneider<br>Jonathan Slomba<br>James Puntumapanitch |
| 11. | May 21, 2007 | James Juranek<br>Audrey Juranek<br>Richard P Le Blanc, III. |
| 12. | May 12, 2007 | Trevino, Arcelia |

| | **DATE FILED** | **CLASS MEMBER** |
|---|---|---|
| 13. | May 21, 2007 | Aaron Lukoff<br>John Prendergast<br>David Orange |
| 14. | May 22, 2007 | Daryl Chilimidos |
| 15. | May 22, 2007 | Nikki Love<br>John Bernitz |
| 16. | May 22, 2007 | Daniel M. Schafer |
| 17. | May 22, 2007 | Evans & Mullinix, P.A. |
| 18. | May 22, 2007 | Sarah Siegel |
| 19. | May 22, 2007 | Jennifer Brown McElroy |
| 20. | May 22, 2007 | Andrew Gilman<br>Stephen M. Vasil |
| 21. | May 23, 2007 | David Harris<br>Kareem Kamal<br>Matthew Kavanaugh<br>Simon Newfield<br>Jonathan Ricasa<br>Abigail Treanor<br>David Zelenski |
| 22. | May 23, 2007 | Pamela Collins |
| 23. | April 10, 2007 | Walenta Craig |
| 24. | May 28, 2007 | Richard A. Bodmer |
| 25. | June 12, 2007 | Stephen Lindholm |

On June 11, 2007, Class Counsel filed: (1) a reply memorandum in support of the Settlement which addressed the May 17 Objections and the objections set forth in the preceding paragraph (hereafter, the "Objections to the Settlement"); and (2) the declarations of: (a) Sidney K. Kanazawa, (b) Christine Bartholomew, (c) Richard Sartory, and (d) Hon. Daniel Weinstein.

4670962 1

4

[PROPOSED] FINAL ORDER AND JUDGMENT - CV 05-3222 R(MCx)

1    On June 11, 2007, Defendants filed "Defendants' Combined Response To

2 | Various Class Members' Objections To Stipulation And Settlement Agreement."

3 | Also on June 11, 2007, West filed a reply memorandum to the May 17 Objections.

4    On June 15, 2007, Kaplan filed (1) "Notice of Filing of Declaration of Lee

5 | S. Taylor in Support of Motion for Final Approval of Settlement, Regarding

6 | Kaplan's Compliance with the Requirements of the Class Action Fairness Act;"

7 | and (2) Declaration of Lee S. Taylor, and subsequently filed (1) "Notice of Filing

8 | of Revised Declaration of Lee S. Taylor in Support of Motion for Final Approval

9 | of Settlement, Regarding Kaplan's Compliance with the Requirements of the Class

10 | Action Fairness Act;" (2) "Revised Declaration of Lee S. Taylor; Notice of Filing

11 | Under Seal;" and (3) "Declaration of Lee S. Taylor Authenticating and Attaching

12 | Documents."

13    On June 18, 2007, West filed the "Declaration of James P. Tallon Regarding

14 | the Class Action Fairness Act."

15    Pursuant to this Court's Order, on June 26, 2007, Class Counsel filed: (1)

16 | "Settling Plaintiffs' Supplemental Briefing In Support of Motion for Final

17 | Approval Re: 30% Distribution Limit to Authorized Claimants and *Cy Pres* Fund

18 | for Remainder;" and (2) "Declaration of Sidney K. Kanazawa." Also, on that date,

19 | Defendants filed: (1) "Defendants' Supplemental Brief Regarding Approval of

20 | Proposed Settlement, Addressing *Cy Pres* Provision of Proposed Settlement;" and

21 | (2) the Declaration of Stuart N. Senator.

22    In addition, on June 26, 2007, several objectors, including James Juranek,

23 | Audrey Juranek, Richard P. LeBlanc, III, David Harris, Kareem Kamal, Matthew

24 | Kavanaugh, Simon Newfield, Jonathan Ricasa, Abigail Treanor and David

25 | Zelinski, submitted additional briefing in further opposition to final approval of the

26 | Settlement.

27

4670962 1                                    5

[PROPOSED] FINAL ORDER AND JUDGMENT - CV 05-3222 R(MCx)

1      On July 5, 2007, Eliot G. Disner filed a "Summary of Evidence Regarding

2  Defendant West Publishing Co.'s Violation of Section 2 of the Sherman Act (15

3  U.S.C. § 2)" and a "Re-Notice of Appearance of Counsel."

4      At the Final Settlement Hearing Objectors were given an opportunity to state

5  their objections to the Settlement Agreement, the Settlement and the Plan of

6  Allocation.

7      Having read and fully considered the terms of the Settlement Agreement, the

8  Plan of Allocation, and all submissions (which may include submissions not

9  specifically described above), written and oral, the Court finds the Settlement is

10  fair, reasonable and adequate:

11      **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**

12  **THAT**:

13      1.    **Objections to the Settlement** – The Objections to the Settlement are

14  overruled.

15      2.    **Incorporation of Definitions** – This Final Order and Judgment

16  Approving Settlement (the "Judgment") incorporates by reference the definitions

17  in the Settlement Agreement, and all defined terms used herein shall have the same

18  meanings as set forth in the Settlement Agreement.

19      3.    **Jurisdiction** – The Court has personal jurisdiction over all Class

20  Members (as defined below) and has subject matter jurisdiction over this Action,

21  including, without limitation, jurisdiction to (1) approve the Settlement Agreement

22  and the Plan of Allocation, (2) grant final certification of the Class, and (3) dismiss

23  the Action with prejudice.

24      4.    **Final Class Certification** – The Class this Court certified in the

25  Preliminary Approval Order under Fed. R. Civ. P. 23(b)(3) is hereby finally

26  certified and consists of all persons who purchased a bar review course from

27  BAR/BRI in the Untied States from August 1, 1997 through July 31, 2006,

4670962.1

6

1  exclusive of those individuals set forth in Exhibit A hereto who timely requested

2  exclusion pursuant to the Court's Order of August 14, 2006.

3        5.    **Adequacy of Representation** – Plaintiffs and Class Counsel –

4  McGuireWoods LLP, Zwerling, Schachter & Zwerling, LLP and Finkelstein

5  Thompson LLP – have fully and adequately represented the Class and have

6  satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

7        6.    **Notice** – The Court finds that the distribution of the Notice, the

8  publication of the Summary Notice, the distribution of the Claim Form, and the

9  notice methodology were materially implemented in accordance with the terms of

10  the Settlement Agreement and the Preliminary Approval Order.  The Court further

11  finds that the Notice, Summary Notice and Claim Form were simply written and

12  readily understandable, and that the Notice, Summary Notice, Claim Form and

13  notice methodology: (i) constituted the best practicable notice, (ii) constituted

14  notice that was reasonably calculated, under the circumstances, to apprise Class

15  Members of the Settlement, their rights to object to the Settlement and to appear at

16  the Final Settlement Hearing, (iii) were reasonable and constituted due, adequate

17  and sufficient notice to all persons entitled to notice, and (v) met all applicable

18  requirements of the Federal Rules of Civil Procedure, the United States

19  Constitution (including the Due Process Clause), the Rules of the Court and any

20  other applicable law.

21        7.    **Final Settlement Approval** – The terms and provisions of the

22  Settlement Agreement have been entered into in good faith and are hereby fully

23  and finally approved as fair, reasonable and adequate as to, and in the best interest

24  of, each of the Settling Parties and the Class Members, and in full compliance with

25  all applicable requirements of the Federal Rules of Civil Procedure, the United

26  States Constitution (including the Due Process Clause), the Rules of the Court and

27  any other applicable law.  With respect to the determination that the Settlement

4670962 1

7

23

1  Agreement is fair reasonable and adequate, the Court specifically notes that the

2  outcome of a trial on the merits was by no means certain, this Action involved

3  highly complex factual and legal issues, the Settlement Agreement was reached

4  with the participation of a highly-respected mediator and retired judge, and the

5  monetary and non-monetary terms of the Settlement reflect substantial benefits.

6        8.    **Plan of Allocation** – The Court also hereby approves the Plan of

7  Allocation as a fair and reasonable method to allocate the Net Settlement Fund

8  among Class Members, and directs consummation of all its terms and provisions.

9        9.    **Dismissal of Action** – The Court dismisses on the merits and with

10  prejudice the First Amended Complaint and the Released Claims as defined in the

11  Settlement Agreement as to all Class Members.  Only the Persons identified in

12  Exhibit A hereto requested exclusion from the Class as of the deadline for opting

13  out.  These Persons so identified shall not share in the benefits of the Settlement.

14  The Court dismisses without prejudice the claims of such Persons who have

15  properly and timely excluded themselves in full accordance with the procedures set

16  forth in the Settlement Agreement.

17        10.    **Releases** – Upon the Effective Date of the Settlement, the

18  Representative Plaintiffs and each Class Member shall be deemed to have, and by

19  operation of this Final Order and Judgment shall, except as provided in paragraph

20  58 of the Agreement, (a) have released and forever discharged the released parties

21  from all manner of claims, demands, actions, suits, causes of action, whether class,

22  individual, or otherwise in nature, damages whenever incurred, liabilities of any

23  nature whatsoever, including costs, expenses, penalties and attorneys' fees, known

24  or unknown, suspected or unsuspected, in law or equity, that any member of the

25  Class (including any of their past, present or future officers, directors, agents,

26  employees, legal representatives, trustees, parents, associates, affiliates, licensees,

27  subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors,

4670962 1

8

[PROPOSED] FINAL ORDER AND JUDGMENT - CV 05-3222 R(MCx)

24

1  successors and assigns), whether or not he, she or it objects to the settlement and

2  whether or not he, she or it makes a claim upon or participates in the Settlement

3  Fund, whether directly, representatively, derivatively or in any other capacity, ever

4  had, now has or hereafter can, shall or may have concerning or relating to any

5  conduct alleged in the Complaint in this Action, and including without limitation

6  all claims that have been asserted or could have been asserted in any litigation

7  against the Released Parties or any of them for any conduct alleged in the

8  Complaint and Amended Complaint in this Action; and (b) in addition, upon the

9  Effective Date of the Settlement, the Representative Plaintiffs and each Class

10  Member shall be deemed to have, and by operation of this Final Order and

11  Judgment shall have waived and released any and all provisions, rights and

12  benefits conferred by § 1542 of the California Civil Code, which states:

13  **Section 1542.  Certain Claims not Affected by General Release.  A**

14  **general release does not extend to claims which the creditor does**

15  **not know or suspect to exist in his favor at the time of executing**

16  **the release, which if known by him must have materially affected**

17  **his settlement with the debtor;**

18  or by any law of any state or territory of the United States, or principle of common

19  law, which is similar, comparable or equivalent to § 1542 of the California Civil

20  Code.  The Court has considered that each member of the Class may hereafter

21  discover facts other than or different from those which he, she or it knows or

22  believes to be true with respect to the claims which are the subject matter of

23  Paragraph 56 of the Agreement, but each member of the Class by operation of this

24  Final Order and Judgment has waived and fully, finally and forever settled and

25  released any known or unknown, suspected or unsuspected, contingent or non-

26  contingent claim with respect to the subject matter of Paragraph 56 of the

27

4670962 1                              9
[PROPOSED] FINAL ORDER AND JUDGMENT - CV 05-3222 R(MCx)

1  Agreement, whether or not concealed or hidden, without regard to the subsequent

2  discovery or existence of such different or additional facts.

3      11.    **Permanent Injunction** – All members of the Class who did not duly

4  request exclusion from the Class in the time and manner provided in the Class

5  Action Notice (which includes all members of the Class who are not listed on

6  Exhibit A hereto) are permanently enjoined, and restrained from commencing or

7  prosecuting any action, suit, proceeding, claim, or cause of action in any

8  jurisdiction or court against Defendants or any of the other entities or persons who

9  are to be discharged as noticed above in Paragraph 10, based upon, relating to, or

10  arising out of, any of the matters which are discharged and released pursuant to

11  paragraph 10 thereof, except as provided in paragraph 58 of the Settlement

12  Agreement.

13      12.    **Retention of Jurisdiction** – The Court has jurisdiction to enter this

14  Judgment.  Without in any way affecting the finality of this Judgment, this Court

15  expressly retains exclusive and continuing jurisdiction as to all matters relating to

16  the administration, consummation, enforcement and interpretation of the

17  Settlement Agreement, and of this Judgment, and for any other necessary purposes,

18  including, without limitation:

19          (i)     enforcing the terms and conditions of the Settlement

20  Agreement and resolving any disputes, claims or causes of action that, in whole or

21  in part, are related to or arise out of the Settlement Agreement, or the Judgment

22  including, without limitation, whether a Person is or is not a Class Member; and

23          (ii)    entering such additional orders as may be necessary or

24  appropriate to project or effectuate the Judgment approving the Settlement

25  Agreement, dismissing all claims with prejudice, and permanently enjoining Class

26  Members from imitating or pursuing related proceedings, or to ensure the fair and

27  overly administration of this Settlement.

4670962 1

10

[PROPOSED] FINAL ORDER AND JUDGMENT - CV 05-3222 R(MCx)

1    13.    **Dismissal of Action** – This Action, including all individual claims

2    and Class claims resolved by it, are hereby dismissed with prejudice against

3    Defendants and all Class Members, without fees or cost except as otherwise

4    provided by this Court.

5    14.    **Non-Effect on Judgment** – Neither any modification or appellate

6    reversal of the Plan of Allocation, the Fee Award or Incentive Awards, nor any

7    orders entered by this Court thereon, shall in any way disturb nor affect the finality

8    of the Settlement, and all such matters shall be considered separate from this

9    Judgment.

10    15.    **Effective Date** – If: (i) the Effective Date does not occur for any

11    reason whatsoever; or (ii) the Settlement Agreement becomes null and void

12    pursuant to the terms of the Settlement Agreement, this Judgment shall be deemed

13    vacated and shall have no force or effect whatsoever.

14    16.    **No Admissions** – Nothing in this Judgment, the Settlement

15    Agreement or any aspect of the Settlement is or shall be deemed or construed to be

16    an admission, concession or evidence of any violation of any statute or law or any

17    liability or wrongdoing by any Defendant or Released Party or of the truth of any

18    of the factual or legal claims or allegations relating to the subject matter of the

19    Released Claims.

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

4670962 1                                          11

[PROPOSED] FINAL ORDER AND JUDGMENT - CV 05-3222 R(MCx)

1    The Clerk is directed to enter this Final Order and Judgment forthwith as the

2    final judgment of the Court.

3

4    Dated: **Sep 10**, 2007

5                                                            _____
                                                             Honorable Manuel L. Real
6                                                            United States District Court Judge

7    Submitted By:

8

9    Sidney K. Kanazawa (SBN 84608)
     **McGUIREWOODS LLP**
10   Email: skanazawa@mcguirewoods.com
     1800 Century Park East, 8th Floor
11   Los Angeles, California 90067
     Telephone: (310) 315-8200
12   Facsimile: (310) 315-8210

13   Dan Drachler, (*Pro Hac Vice*)
     **Zwerling, Schachter & Zwerling, LLP**
14   1904 Third Avenue, Suite 1030
     Seattle, WA 98101
15   Telephone: (206) 223-2053
     Facsimile: (206) 343-9631
16

17   Christine Bartholomew (SBN 211425)
     **Finkelstein Thompson LLP**
18   601 Montgomery Street, Suite 665
     San Francisco, CA 94111
19   Telephone: (415) 398-8700
     Facsimile: (415) 398-8704

20

21   Class Counsel

22

23

24

25

26

27

4670962.1                                12

[PROPOSED] FINAL ORDER AND JUDGMENT - CV 05-3222 R(MCx)

SCANNED

## OPT OUT MEMBER LIST

Adams, Christi R.
Orlando, FL

Adams, Kara Kinson
West Boxford, MA

Ahmad, Fatima
Montreal, Quebec, Canada

Albano, Molly E.
Southington, CT

Alexakis, Georgia
San Francisco, CA

Anderson, Dominic J.
Richland Center, WI

Andrews, Scott R.
Dublin, OH

Armesto, Castor
St Louis, MO

Ashe, Reagan
North Myrtle Beach, SC

Ast, Robyn
Chicago, IL

Avery, Robert Dean
Chicago, IL

Babbitt, Lindsay
Minneapolis, MN

Bacci, Bella Ee Ling
Napa, CA

Back, Ji-Yun
Arlington, VA

Barrila, Gaetano
Maple, Ontario, Canada

Batsedis, Olga
Dix Hills, NY

Bauer, Kristen A.
Mtn view, CA

Beck, Kimberly
Loveland, OH

Beretta, Jonathan, JD
Avondale, AZ

Bertin, Allen P.
Houston, TX

Birchfield, Jennifer
Rockford, IL

Blanchette, Jean-Pierre
New York, NY

Boesch, Victoria
Pasadena, CA

Bowen, Jeff J.
Los Angeles, CA

Boykin, Namosha
Washington, D.C.

Bracewell, Joseph S.
Washington, DC

4433793 1

**EXHIBIT A**

Page 13

| | |
|---|---|
| Brady, Rebecca A<br>Cheektowaga, NY | Causland, Tara<br>Kirkland, WA |
| Bragassam, Jossy<br>Singapore | Chan, Flora L.<br>Winston-Salem, NC |
| Branton, Vincent A.<br>West Richland, WA | Chareas, Stephen<br>Arl. Heights, IL |
| Brown, Necole M.<br>Lake Charles, LA | Chelico, Nabil Elias<br>Los Angeles, CA |
| Brownstone, Rebecca B.<br>Calabasas, CA 91303 | Chen, Yi-Wen<br>Philadelphia, PA |
| Buckner, Lauren<br>St. Louis, MO | Cherry, Daphne M.<br>Houston, TX |
| Burgasser, Jessica J<br>Buffalo, NY | Cho, Hay-Mie<br>Tucson, AZ |
| Burgos, Diana<br>Tampa, FL | Cho, Jayne P.<br>New York, NY |
| Caldwell, Dan<br>Ormond Beach, FL | Choong, Pek Yoke<br>Singapore |
| Caldwell, Peter<br>Lake City, FL | Choudhry, Erum A.<br>San Jose, CA |
| Caluori, Colleen A.<br>Johnston, RI | Chung Jenny<br>Oakland, CA |
| Campbell, David L.<br>Troy, MI | Clarkson, Brooke<br>Kensington, MD |
| Capuzzi, Cristiano<br>Old Bridge, NJ | Clements, Adrienne M.<br>Fort Worth, TX |
| Carter, Daragh JM<br>Houston, TX | Chett, Gabe T.<br>Metter, GA |
| Carville, Todd C.<br>Utica, NY | Collazos, Adriana<br>New York, NY |

4433793 1

Collins, Charece
Carlisle, PA

Conahan, Sean M.
Tampa, FL

Cook, Dean
Plano, TX

Cook, Jessica
San Clemente, CA

Coppola, Maddalena
West Hempstead, NY

Cox, Genevieve A.
San Francisco, CA

Cristaudo, Alexander L.
Monroeville, NJ

Culmer, Gabrielle
New York, NY

Daley, Paul F.
Melbourne, FL

Daniels, Yvette
St. Petersburg, FL

Danquah, Angela
Greenford, Middlesex,
London

Darnell, Leslie S.
Jacksonville, FL

Dayton, Richard C.
San Jose, CA

deRoss, Carolyn
Friday Harbor, WA

Deshotel, Ashley Arinder
Baton Rouge, LA

Dhillon, Amar
Modesto, CA

Dickson, Amy L.
Castleton, NY

Dieteman, David F.
Erie, PA

Douglas R. Hoffman
Mt. Vernon, IL

Dreher, Salaam G.
Apopka, FL

Duffee, Eric D.
Columbus, OH

Dumas, Laura F.
Danville, CA

Duvall, Kathryn L.
Charlottesville, VA

Eck, Gretchen A.M.
Springfield, IL

Eck, Jonathan
Lebanon, NH

Eckart, Elyse
El Segundo, CA

Embry, Ronald G., Jr.
Houston, TX

Eskovitz, Sean
Los Angeles, CA

Estrada, E. Martin
Santa Monica, CA

Fairweather, John Zachary
Birmingham, AL

Case 2:05-cv-03222-R  -Mc   Document 585   Filed 10/09/09   Page 33 of 71   Page ID
#:1737
Case 2:05-cv-03222-R-Mc    Document 429   Filed 09/10/2007   Page 17 of 24

Goddard, Jane M
Orlando, FL

Hopkins, Crystal
Ypsilanti, MI

Goes, Ian
Toronto, Ontario

Howell, Byron Boylin
Tampa, FL

Gordon, Sarah L.
Pittsburgh, PA 15206

Hunt, Melissa A.
Chicago, IL

Grossman, Matthew A
Knoxville, Tennessee

Hurta, Shelly Z.
Naperville, IL

Gunn, Kristy
Memphis, TN

Inagawa, Kenichi
Yokohama Kanagawa, Japan

Gutierrez, Joshua
Newton, MA

Innet, Leanne M.
Ocean Ridge, FL

Hagen, Joyce
Oakland Park, FL

Jamsa, Siobhan
Minneapolis, MN

Hammond, Erin H.
Tacoma, WA

Jenkins, Lyn
Orlando, FL

Hammond, Zachary
Spring, TX

Jervis, Amy Tufts
Melvin, KY

Haytas, Joseph R.
Upland, CA

Jones, Allison Medlock
Birmingham, AL

Hebert, Leon F., Jr.
Springfield, MA

Jordan, Patrick T.
Seattle, WA

Heine, Dorsey E
Los Angeles, CA

Joshi, Neeraj
Montville, NJ

Hercules, Jesse
Oxford, MS

Jumper, Johanna L.
Nashville, TN

Hill, Mark
Tallahassee. FL.

Kapeller-Wismewski, Heather S.
Lansing, MI

Hilleren, Christine C.
Mandeville, Louisiana

Karstaedt, Louise
New York, NY

33

| | |
|---|---|
| Katsivela, Maria E<br>Nassau, Bahamas | Laginess, Courtney A.<br>Cincinnati, OH |
| Katze, Samantha<br>New York, NY | LaGrandeur, Thomas<br>Palo Alto, CA |
| Kazakova, Joanna<br>E. Rutherford, NJ | Lamanna, Kelly R.<br>Pittsburgh, PA |
| Kelly, Matthew<br>Walnut Creek, CA | Lammers, Steven<br>Valparaiso, IN |
| Kelly, Meghan<br>St. Louis, MO | Lang Susman, Alexandra<br>Los Angeles, CA |
| Kessler, Daniel<br>Munich, Germany | Lategano, Rosemary<br>Albany, NY |
| Kidron, Leeora<br>New York, NY | Latkina, Dinara<br>Chicago, IL |
| Kim, Hyung Sup<br>Lincoln, NE | Lauro, Daniel R.<br>Grottoes, VA |
| King, Bernard F., III<br>San Diego, CA | Lawrence, J. Raza<br>Los Angeles, CA |
| King, Robert<br>Gainesville, FL | Leach, Brooke<br>Philadelphia, PA |
| Konoor, Sapna<br>Millville, NJ | Leight, Adrienne S.<br>San Francisco, CA |
| Ku, Katherine<br>Los Angeles, CA | Levin, Daniel B.<br>Los Angeles, CA |
| Kuhl, Brooke Castle<br>no address available | Liederman, Peter H<br>Berkeley, CA |
| La Muro, Anthony M. Jr.<br>Hempstead, NY | Litke, Carol<br>Oceanside, NY |
| Lageson, Anne E.<br>St. Louis, MO | Lobb, George C<br>Fairfield, CA |

4433793 1

34

Case 2:05-cv-03222-R -Mc   Document 585    Filed 10/09/09   Page 35 of 71   Page ID
#:1739
Case 2:05-cv-03222-R-Mc     Document 429    Filed 09/10/2007    Page 19 of 24

| | |
|---|---|
| Longo, Anthony<br>Chicago, IL | McCord, Nicole<br>Cleveland, TN |
| Looby, David J.<br>Oklahoma City, OK | McEwen, Warran<br>Orlando, FL |
| Lopez, Alejandra L.<br>Miami, FL | Medina, Erika<br>Philadelphia, PA |
| Lynch, Rebecca Gosc<br>Oakland, CA | Melzer, Margaret A.<br>Palatka, FL |
| Macksood, Jennifer Ann<br>Carlsbad, CA | Menachemi, Efrat<br>New York, NY |
| Magee, Michael<br>Athens, GA | Menahem, Caren Jennifer<br>Great Neck, NY |
| Manfredo, Robert F.<br>Albany, NY | Mennillo, Seth Daniel<br>Brookline, MA |
| Mann, James<br>New York, NY | Merken, Stacie<br>Los Angeles, CA |
| Marciniak, Erin<br>Springfield, VA | Messinger, Jonathan D<br>Danversport, MA |
| Markwood, Sarah<br>University City, MO | Mezoff, Sheri<br>Brookline, MA |
| Marsch, Tiffany L.<br>Chicago, IL | Miller, Shont E.<br>Pasadena, CA |
| Marzock, Kirk R<br>Lancaster, PA | Mills, Gregory A.<br>Bloomington, IN |
| Matarazzo, Leopoldo<br>Fair Lawn, NJ | Minnix, A. L.<br>Columbus, OH |
| Mattson, Clay<br>Buffalo, NY | Montgomery, Jennifer<br>Baton Rouge, WA |
| Mazzotta, Francesco G.<br>Bethel Park, PA | Moore, Michelle<br>Arlington, MA |

4433793 1

Morelli, Gaia
Rome, Italy

O'Dowd, Sean
New Paltz, NY

Morgan, Cynthia
San Diego, CA

Oliveira, Leonor
Burbank, CA

Morra, Robert A.
Forest Hills, NY

Oxford, James R. Jr.
Cedartown, Georgia

Morrissey, John R.
Toronto, Ontario, Canada

Pages Stone, Natalie
Los Angeles, CA

Mosby, Brian L
Indianapolis, IN

Palmer, Blake
Wall, NJ

Moulton, Jason R
Crestview, FL

Palmer, Margaret Anne
Rector, PA

Mourad, Adriana
Washington, DC

Patel, Ulka
Baltimore, MD

Mueller, Andra
Saint Paul MN

Paul, Michael
San Antonio, TX

Murphy, Ryan P.
Hollister, CA

Penn-Loya, Alexis
Santa Ana, CA

Neal, Zachary L.
Washington, D.C.

Pham, Pearl
Malvern, PA

Newby, John L., II
Washington, D.C.

Ploetz, Nicola
Mobile, AL

Newell, Ryan Patrick
Wilmington, DE

Pogoriler, Leah
Washington, DC

Ng, Stephanie
Walnut Creek, CA

Polansky, Seth C.
Silver Spring, MD

Nguyen, Vinh
Findlay, OH

Powell, Daniel J.
San Francisco, CA

Oberholzer, Lori
Columbus, OH

Prado, Gabriela
Miami, FL

| | |
|---|---|
| Proxmire, Mick L. | Rutten, James C. |
| Columbus, OH | San Bernardino, CA |
| | |
| Raetz, James T. | Sacrison, Katherine |
| Los Angeles, CA | Port Orchard, WA 98366 |
| | |
| Reboucas, Rui Tabakov | Sagi, Chava Eve |
| Sao Paulo, SP Brazil | Woodland Hills, CA |
| | |
| Reddivari, Krishna | Sagnard, Candice |
| Dallas, TX | Minneapolis, MN |
| | |
| Regina, Richard | Samuelson, Marc B. |
| Baldwin, NY | Somers Point, NJ |
| | |
| Reisman, Sean Peter | Sanchez, Gabriel |
| New York, NY | Los Angeles, CA |
| | |
| Rengito, Stephanie | Sanfilippo, Robert |
| Bethpage, NY | Wayne, NJ |
| | |
| Rhee, Patricia | Sawyer, Joel W. |
| Castle Rock, CO | Mount Airy, NC |
| | |
| Richter, Zachary C | Scattergood, Carrie L. |
| Arlington, VA | Burlington, NJ |
| | |
| Roach, Matthew T. | Schacherer, P.M., J D. |
| Jacksonville, FL | Forest, Virginia |
| | |
| Robinson, James J. | Schaeffer, Stephen |
| Los Angeles, CA | Washington, DC |
| | |
| Rogers, James | Schuknecht, Amber |
| Sag Harbor, NY | Pittsburgh, PA |
| | |
| Romaszewski, Sandra A. | Schwartz, Jason Brett |
| Lansing, MI | Cherry Hill, NJ |
| | |
| Ruscom, Mikaela | Scott, Ann Marie |
| Miami, FL | Los Angeles, CA |
| | |
| Russell, Freya, K. | Sealy, Karen A. |
| Los Angeles, CA | Ellicott City, MD |

4433793 1

Seward, Michael
Benton, Pennsylvania

Spigarelli, Rowena C
Whitehouse Station, NJ

Shapiro, David M.
Honolulu, HI

Spyridakis, Vasilios S.
Sacramento, CA

Shekhtman, Lyudmila
S  San Francisco, CA

St. John, Richard
Los Angeles, CA

Sheridan, Patrice
Boston, MA

Standish, Craig A.
Dover, NH

Shore, Blake
Jacksonville, FL

Stefek, Alicia
Owego, IL

Silverman, Charles
Chicago, IL

Stout, Katherine E.
New Martinsville, WV

Simmonds, Karen H.
Seattle, WA

Stump, Monica A.
Alexandria, VA

Simmons, Leslie Vaughan
Cartersville, Georgia

Stump, Nathan D.
Alexandria, VA

Simpson, Alistair G.
Toronto, Ontario Canada

Subasic, Alma
Brooklyn NY

Skeens, A. Skeens
Fort Wayne, IN

Sukkar, Suzanne K.
Ypsilanti, MI

Sloan, Charissa
Waco, TX

Sullivan, James
Fargo, ND

Smith, Penelope
New York, NY

Sullivan, Marbree D.
Somerville, MA

Smith, Travis M.
Houston, TX

Szudajski, Matthew T.
Carson City, NV

Spaide, Heather
New Canaan, CT

Taira, Wakana
Chofu-shi Tokyo, Japan

Sperath, Jessica T.
Indianapolis, IN

Takah, Jarrod T.
Burgettstown, PA

| | |
|---|---|
| Tapia, Antonio G.<br>Orlando, FL | Varner, Christina A.<br>San Francisco, CA |
| Tarasco, Monica D.<br>Pepper Pike, OH | Venero, Jose Antonio<br>San Antonio, TX |
| Taylor, Lee S.<br>Los Angeles, CA | Vogel, John-Paul<br>San Antonio, TX |
| Tellalian, Bryan<br>Clovis, CA | Wada, Megan<br>San Francisco, CA |
| Thabet, Mark<br>Chester, NY | Wang, Annie<br>Glendale, CA |
| Thompson, Scott A.<br>New York, NY | Wang, Shanyah Albert<br>Troy, MI |
| Thomson, Marchelle<br>Drexel Hill, PA | Warmuth, Glenn P.<br>Farmingville, NY |
| Torres, Stephanie W.<br>Buffalo, NY | Warren, Tracy A<br>San Diego, CA |
| Trunkey, Alan<br>Bainbridge Island, WA | Watkins, Anthony L , Jr.<br>Birmingham, AL |
| Tsurui, Toshitaka<br>Edogawa-ku, Tokyo, Japan | Weg, Nadav<br>New York, NY |
| Uchihara, Kiyoshi<br>Chiyoda-ku, Tokyo, Japan | Weinstein, Reid M.<br>Baltimore, MD |
| Unno, Mitsuo<br>Brea, CA | Weiss, Sharon<br>Woodmere, NY |
| Vaccaro, Michael<br>Avon Lake, OH | Weltin, Florence K.<br>St. Louis, MO |
| Van Devon, Nicholas P.<br>St. Louis, Missouri | White, Catherine<br>London |
| Vanderhoofven, Nathan D.<br>Jacksonville, FL | Whitehead, Kristen<br>Forth Worth, TX |

4433793 1

Page 22

39

Whiting, Joseph M.
Larchmont, NY

Zorn, Heather M.
Atlanta, GA

Whitley, Joel
Los Angeles, CA

Rauls, Claire Serrano
Saint Paul, MN

Wilkovich, Andrea
Fort Lee, NJ

Hwang, Irene
Fort Lee, NJ

Williams, Beth L.
Portola Valley, CA

Tavassoli, Alan
Phoenix, AZ

Wilner, Jared
New York, NY

Band, Marissa L.
Cherry Hill, NJ

Winters, Gary M.
Houston, TX

Landis, Jennifer M.
Fort Lauderdale, FL

Wiseberg, Nicol
Port St. Lucie, FL

Woo, In-Yu
New York, NY

Wiseberg, Phil
Palm Beach Garden, FL

Williams, Erika N.
Baton Rouge, LA

Woodard, Bethany
Los Angeles, CA

Parker, Warren B
Birmingham, AL

Yoshida, Kaori
Rego Park, NY

Rachko, Larissa
Woodbury, NJ

Young, Blanca
Berkeley, CA

Stramiello, Linda Stephens
Madison, CT

Young, Melodie
Forest Hills, NY

Noushkam, Donna B.
Cerritos, CA

Yurtkuran, Shaun E.
Jackson, MS

Graham, Emily
Miami, FL

Zayas, Idalisse
Kissimmee, FL

Kim, James W.
Chicago, IL

Zigman, Abigail
Staten island, NY

Sarna, Alejandro L.
Washington DC

4433793 1

Eliot Disner
Sidney K. Kanazawa
MCGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

*Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RODRIGUEZ, REENA B. FRAILICH, LOREDANA NESCI, JENNIFER BRAZIL, and LISA GINTZ, on behalf of themselves and all others similarly situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>WEST PUBLISHING CORPORATION, a Minnesota Corporation d/b/a BAR/BRI, and KAPLAN, INC., a Delaware Corporation,<br><br>      Defendants.<br><br>AND CONSOLIDATED ACTION | CASE NO.  CV-05-3222 R (MCx)<br><br>STIPULATION AND SETTLEMENT AGREEMENT |

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

### STIPULATION AND SETTLEMENT AGREEMENT

This Stipulation and Settlement Agreement (the "Stipulation" or "Settlement Agreement") is made and entered into by and among plaintiffs Reena B. Frailich, Jennifer Brazeal, Kari Brewer, and Lorraine Rimson (collectively, "Representative Plaintiffs"), on behalf of themselves and the Class as described below (collectively, "Plaintiffs"), and defendants West Publishing Corporation, with respect to its division, BAR/BRI ("BAR/BRI"), and Kaplan, Inc. ("Kaplan") (together the "Defendants" and collectively with the Plaintiffs, "Settling Parties"), in the above-captioned action ("Action"), by and through their undersigned attorneys. The settlement provided for in this Stipulation (the "Settlement") is conditioned upon satisfaction of each of the conditions that is a prerequisite to the occurrence of the Effective Date (as defined below).

WHEREAS, on April 29, 2005, Ryan Rodriguez, Reena B. Frailich, Loredana Nesci, Jennifer Brazeal and Lisa Gintz filed the first of two putative class actions on behalf of purchasers of bar review courses from BAR/BRI against the Defendants, alleging violations of the United States antitrust laws. Kari Brewer and Lorraine Rimson filed a second, related action on August 24, 2005. On October 17, 2005, the Court consolidated the two actions into the Action;

WHEREAS, Plaintiffs allege that in violation of Section 1 of the Sherman Act, Defendants entered into a *per se* illegal market division agreement whereby BAR/BRI agreed to withdraw certain of its exam preparation courses (its Law School Aptitude Test preparation course and various other graduate school preparation courses), from the market in which plaintiffs allege that Kaplan was the dominant competitor, while Kaplan agreed not to enter into the full-service bar review market in which plaintiffs allege that BAR/BRI was the dominant competitor. Plaintiffs also allege that BAR/BRI unlawfully acquired and maintained a monopoly of the market for bar exam preparation review courses in violation of Section 7 of the Clayton Act and Section 2 of the Sherman Act;

- 1 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

42

1    **WHEREAS**, as set forth in their Answers, Defendants denied, and continue
2    to deny, Plaintiffs' allegations, including that they committed any violation of law
3    or any wrongdoing, and further deny they have any liability with respect to the
4    claims asserted in the Action and deny any and all liability;

5    **WHEREAS**, on March 13, 2006, a motion for class certification was filed on
6    behalf of Plaintiffs seeking to certify a class of persons who purchased a bar review
7    course from BAR/BRI in the United States from August 1997 to the present (the
8    "Class");

9    **WHEREAS**, Defendants vigorously opposed the motion for class
10   certification;

11   **WHEREAS**, the Court entered an order granting the motion for class
12   certification on May 15, 2006, and appointing Ryan Rodriguez, Reena B. Frailich,
13   Loredana Nesci, Jennifer Brazeal, Lisa Gintz, Kari Brewer, and Lorraine Rimson as
14   class representatives (the "Class Representatives") and the law firm of
15   McGuireWoods LLP as lead class counsel to represent the Class;

16   **WHEREAS**, notice to the Class was published during a period through and
17   including July 31, 2006;

18   **WHEREAS**, those identified on Exhibit A hereto elected to exclude
19   themselves from the Class by the August 14, 2006 deadline (the "Opt-Outs");

20   **WHEREAS**, the Settling Parties have engaged in extensive analysis of the
21   pertinent facts.   Class Counsel (defined below) have conducted an extensive
22   investigation relating to the claims and underlying events alleged in the Action,
23   including (i) analysis of documents produced in discovery; (ii) analysis of
24   deposition testimony; and (iii) extensive legal research.  Class Counsel have also
25   retained and consulted with economists and other experts with respect to damages
26   they claim the Class sustained as a result of the wrongful conduct alleged in the
27   Action.   As a result, Class Counsel are thoroughly familiar with the issues of
28   liability and damages with respect to the claims asserted;

-2-                STIPULATION AND SETTLEMENT
                   AGREEMENT CV-05-3222 R (MCX)

43

1   **WHEREAS**, the Settling Parties engaged in extensive arm's-length
2   settlement negotiations and have also engaged in mediation before the Hon. Daniel
3   Weinstein (Ret.) of JAMS;

4   **WHEREAS**, over the course of the Settling Parties' extensive arm's-length
5   negotiations, Class Counsel have concluded that the Settlement is fair, reasonable
6   and adequate, and in the best interests of the Class.   Among other factors
7   considered in this Action are:  (1) the sharply contested legal and factual issues
8   involved in the Action as they relate to Defendants; (2) the risks attendant upon
9   further prosecution of this Action; and (3) the substantial benefits to be conferred
10  on the Class because of this Settlement Agreement;

11  **WHEREAS**, Defendants, recognizing the costs and uncertainties attendant
12  upon further litigation of the claims in this Action, and while continuing to
13  vigorously deny Plaintiffs' allegations and any liability with respect to any and all
14  claims asserted in the Action, have concluded that it is desirable that all of the
15  claims in this Action that have been or could have been asserted against Defendants
16  be compromised and settled.  The resolution of the claims asserted in the Action
17  will terminate the costly process of litigation and put to rest forever the controversy
18  surrounding matters at issue in this Action as they relate to Defendants; and which
19  culminated in an agreement to settle the Action;

20  **NOW, THEREFORE,** in consideration of the mutual promises contained
21  herein and other good and valuable consideration, the sufficiency of which is
22  hereby acknowledged, and pursuant to Federal Rule of Civil Procedure 23,

23  **IT IS HEREBY STIPULATED AND AGREED,** by and between the
24  Settling Parties by and through their respective undersigned counsel that the Action
25  shall be fully, finally and forever resolved, discharged, settled, compromised and
26  dismissed with prejudice, subject to the approval of the Court, in the manner and
27  upon the terms and conditions hereafter set forth.

28

- 3 -          STIPULATION AND SETTLEMENT
               AGREEMENT CV-05-3222 R (MCX)

**I.     ADDITIONAL DEFINITIONS**

When used in this Stipulation, the following terms have the meanings specified below:

1.     "Authorized Claimant" means any Class Member who submits a Claim Form in such form and manner, and in such time, as the Court shall prescribe.

2.     "Claim Deadline" means the date set forth in the Notice by which Class Members must submit the Claim Form.

3.     "Claim Form" means documents substantially in the form of Exhibit B hereto, or as otherwise approved by the Court, which must be signed by the Class Member or his, her or its authorized representative and submitted to the Claims Administrator in order to obtain the benefits under the Settlement, as described below.

4.     "Claims Administrator" means Complete Claim Solutions, LLC ("CCS"), or such similar third party as is designated by the Settling Parties and retained to disseminate the Notice and administer the claims process as set forth below, including but not limited to, receiving and processing Claim Forms, determining which Claim Forms are valid, and advising Class Counsel of which claims are valid.

5.     "Class" means all Persons who purchased a bar review course from BAR/BRI in the United States from August 1, 1997 through and including July 31, 2006, exclusive of the Opt-Outs as listed in Exhibit A.

6.     "Class Counsel" means Lead Counsel and Zwerling, Schachter & Zwerling, LLP and Finkelstein Thompson LLP.

7.     "Class Member" means any Person who is a member of the Class.

8.     "Court" means the United States District Court for the Central District of California.

STIPULATION AND SETTLEMENT
                                         AGREEMENT CV-05-3222 R (MCX)

1    9.    "Effective Date" means the first date by which all of the events
2    and conditions specified in Paragraph 61 of this Stipulation have occurred or have
3    been met.

4    10.    "Escrow Agent" means such escrow agent as Defendants and
5    Class Counsel mutually designate in writing.

6    11.    "Expense Award" has the meaning described in Paragraph 50 of
7    this Stipulation.

8    12.    "Fee Award" has the meaning described in Paragraph 50 of this
9    Stipulation.

10    13.    "Final Settlement Hearing" means the final hearing to be held
11    by the Court to determine, among other things, if the Settlement and Plan of
12    Allocation should be finally approved as fair, reasonable and adequate, whether an
13    order approving the Settlement and dismissing the Action should be entered,
14    whether Incentive Awards should be awarded to the Class Representatives, and
15    whether an award of attorneys' fees and reasonable expenses and in what amount
16    should be made to Class Counsel.

17    14.    "Gross Settlement Fund" means the Settlement Amount and any
18    interest or income thereafter earned thereon.

19    15.    "Incentive Award" means any award ordered by the Court to be
20    paid to the Class Representatives from the Gross Settlement Fund for their service
21    in representing the Class.

22    16.    "Judgment" means the Order and Final Judgment, substantially
23    in the form of Exhibit C hereto, or in such other form as is acceptable to counsel to
24    the Settling Parties and entered by the Court.

25    17.    "Lead Counsel" means McGuireWoods LLP.

26    18.    "Net Settlement Fund" means the remainder of the Gross
27    Settlement Fund after the payment of the amounts listed in Paragraph 34 of this
28    Stipulation.

- 5 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

46

1    19.    "Notice" means the "Notice of Proposed Settlement of Class

2    Action and Hearing Regarding Settlement," as approved by the Court, informing

3    Class Members of, among other things, the material terms of the proposed

4    Settlement and their options with respect thereto.  The agreed proposal for the form

5    of the Notice is attached hereto as Exhibit D.

6    20.    "Person" means any individual, corporation, partnership,

7    association, joint stock company, trust, estate, unincorporated association,

8    government and any political subdivision thereof and any other type of legal or

9    political entity.

10    21.    "Plan of Allocation" means the plan for distributing the Net

11    Settlement Fund to the Authorized Claimants, as approved by the Court.  The

12    agreed proposal for the Plan of Allocation is attached hereto as Exhibit E.

13    22.    "Preliminary Approval Order" means an order substantially in

14    the form of Exhibit F hereto, or in such other form as is acceptable to counsel to the

15    Settling Parties and entered by the Court, providing for, among other things,

16    preliminary approval of the Settlement and dissemination of the Notice to the Class.

17    23.    "Release" means the release set forth in Section V below.

18    24.    "Released Claim" or "Released Claims" has the meaning

19    specified in Paragraph 56.

20    25.    "Released Party" or "Released Parties" means and includes the

21    Defendants and each of them, and their respective current and prior parent

22    corporations, owners, affiliates, subsidiaries, predecessors, officers, directors,

23    employees, agents, licensees, successors, assigns, creditors, insurers,

24    administrators, heirs, executors and legal or personal representatives, and their

25    respective attorneys, accountants, consultants and advisors.

26    26.    "Releasing Person" or "Releasing Persons" means the

27    Representative Plaintiffs and each Class Member, and, with respect to natural

28    persons who are Class Members, their present and past heirs, executors,

- 6 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

administrators, successors and assigns, and, with respect to legal entities other than

natural persons, their predecessors, successors and assigns.

27.   "Settlement Amount" means $49,000,000 in U.S. dollars.

28.   "Settlement Fund" means the fund created and maintained for

the benefit of the Class as provided for in, and subject to, the provisions of this

Settlement and encompasses both the Gross Settlement Fund and the Net

Settlement Fund.

29.   "Summary Notice" means the "Summary Notice of Pendency of

Class Action, Proposed Settlement and Settlement Hearing," as approved by the

Court.  The parties shall agree on the form of the proposed Summary Notice.

30.   "Tax" or "Taxes" means any and all taxes, fees, levies, duties,

tariffs, imposts and other charges of any kind (together with any and all interest,

penalties, additions to tax and additional amounts imposed with respect thereto)

imposed by any governmental authority, including income tax and other taxes and

charges on or regarding franchises, windfall or other profits, gross receipts,

property, sales, use, capital stock, payroll, employment, social security, workers'

compensation, unemployment compensation or net worth; taxes or other charges in

the nature of excise, withholding, ad valorem, stamp, transfer, value added or gains

taxes; license, registration and documentation fees; and customs' duties, tariffs and

similar charges.

## II.   SETTLEMENT CONSIDERATION

### A.   Establishment of Settlement Fund.

31.   Within ten (10) business days of the entry of an order by the

Court preliminarily approving the Settlement, Defendants will cause the Settlement

Amount to be deposited (in such proportion as separately agreed upon by them) in

an interest-bearing account held by the Escrow Agent, pursuant to the terms of the

Escrow Agreement.  Class Counsel retains the option to terminate the Settlement if

the Settlement Amount is not paid in full in accordance with the prior sentence.  All

- 7 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

48

1   funds held by the Escrow Agent shall be deemed to be in the custody of the Court

2   and shall remain subject to the jurisdiction of the Court until such time as the funds

3   shall be distributed or returned to Defendants pursuant to this Stipulation and/or

4   further order of the Court. The Escrow Agent shall invest any funds in excess of

5   $100,000 in United States Treasury Bills of a maturity length of six months or less

6   or other debt obligations, and shall collect and reinvest all interest accrued thereon.

7   The Escrow Agent may hold an amount of $100,000 or less in an interest-bearing

8   bank account insured by the FDIC.

9        32.   The Settling Parties agree that the Settlement Fund is intended

10   to be a qualified settlement fund within the meaning of Treasury Regulation

11   § 1.468B-1 and that the Escrow Agent shall be the "administrator" of the

12   Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3). The

13   Escrow Agent shall timely and properly file all informational and other Tax returns

14   necessary with respect to the Settlement Fund (including without limitation the

15   returns described in Treasury Regulation §§ 1.468B-2(k) and 1.468B-2(l)), and

16   make all required Tax payments out of the Settlement Fund, including deposits of

17   estimated Tax payments in accordance with Treasury Regulation § 1.6302-1 and

18   corresponding provisions, if any, of state and local Tax laws. Such returns shall be

19   consistent with this paragraph, and in all events shall reflect that all Taxes on the

20   Settlement Fund or the income earned by the Settlement Fund shall be paid out of

21   the Settlement Fund. The Settling Parties agree that the Settlement Fund shall be

22   treated as a qualified settlement fund from the earliest date possible, and agree to

23   any relation-back election required to treat the Settlement Fund as a qualified

24   settlement fund from the earliest date possible. Defendants agree to provide

25   promptly to the Escrow Agent the statement described in Treasury Regulation §

26   1.468B-3(e).

27        33.   The Escrow Agent shall release funds upon five (5) business

28   days written notice from the Claims Administrator or Class Counsel at the request

- 8 -     STIPULATION AND SETTLEMENT
                AGREEMENT CV-05-3222 R (MCX)

1    of the Claims Administrator (which notice shall also be sent by facsimile or first

2    class mail to Defendants' respective counsel of record in the Action) for the

3    purpose of paying for the costs of notifying Class Members, assisting them in

4    making their claims, and otherwise administering, on behalf of the Class, the

5    Settlement.

6        34.    The Gross Settlement Fund, net of any Taxes thereon or on the

7    income thereof, shall be used to pay (i) any Fee Award and any Expense Award;

8    (ii) any Incentive Awards to the Class Representatives, (iii) all fees and expenses

9    properly incurred by the Claims Administrator, (iv) all costs specified in the prior

10    paragraph, and (v) any fees and expenses properly incurred by the Escrow Agent,

11    all as approved by the Court. The remainder of the Gross Settlement Fund after the

12    payment of the above amounts and net of any Taxes shall constitute the "Net

13    Settlement Fund," which shall be distributed to the Authorized Claimants as

14    ordered by the Court.

15        35.    The Settlement Amount is the total amount that Defendants will

16    pay under this Settlement for any purpose, including without limitation, to satisfy

17    claims by Class Members, attorneys' fees and costs, Incentive Awards to the Class

18    Representatives, any other payments approved by the Court, and payment of any

19    and all administrative and notice expenses associated with the Action or this

20    Settlement. Defendants shall not be liable for any costs, fees, awards or expenses

21    of any Class Members or the Class Representative, or of any Class Members' or

22    attorneys, experts, consultants, advisors, agents and representatives acting on behalf

23    of any Class Representative or Class Member. Any such costs, fees, awards and

24    expenses as approved by the Court shall be paid out of the Settlement Fund. Class

25    Members shall look solely to the Settlement Fund for settlement and satisfaction

26    against Defendants of all claims that are released hereunder. Except as expressly

27    provided by order of the Court, no Class Member shall have any interest in the

28    Settlement Fund or any portion thereof.

- 9 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

36.     This is not a "claims-made" settlement.  As of the Effective
Date, Defendants shall have no right to the return of the Settlement Fund or any
portion thereof irrespective of the number of Claim Forms filed, the collective
amounts of losses of Authorized Claimants, the percentage of recovery of losses, or
the amounts paid to Authorized Claimants from the Settlement Fund.  The amount
of the payment that any Class Member shall receive from the Net Settlement Fund
shall not exceed the maximum amount set forth in the Plan of Allocation (the
"Maximum Payment").

37.     Should there be any funds remaining in the Net Settlement Fund
after distributing the Maximum Payment to all Authorized Claimants, Class
Counsel shall make an application to the Court, upon fourteen (14) days advance
written notice to Defendants' counsel, for a suitable *cy pres* distribution of the
residual amount of the Net Settlement Fund; Defendants may object to the
application and reserve the right, if any, to make an alternative proposal for the *cy
pres* distribution.

**B.     <u>Non-monetary Consideration</u>.**

38.     For purposes of Settlement, the Settling Parties agree as follows:

(a)     The BAR/BRI – Kaplan marketing agreement shall be
terminated forthwith with neither side bearing any penalties or future obligations;

(b)     For a period of five (5) years from the Effective Date,
BAR/BRI shall include the following statement on its student enrollment form:
"NOTE:  By signing this Enrollment Form and making an initial enrollment
payment to BAR/BRI, you are not committing yourself to taking the BAR/BRI Bar
Review course or making full payment to BAR/BRI for such course."  BAR/BRI
may, on five (5) business days notice to Lead Counsel, petition the Court to shorten
the time period referred to in the first sentence of this Paragraph 38(b) for good
cause shown.

- 10 -                     STIPULATION AND SETTLEMENT
                          AGREEMENT CV-05-3222 R (MCX)

51

C.   **Further Statement By BAR/BRI.**

39.   BAR/BRI states that it is committed to accurate advertising as required by the Lanham Act, the Federal Trade Commission Act and similar laws, regulations and rules, subject to and only to the remedies provided thereunder. Nothing in this Paragraph 39 confers any right on any Class Member to assert a claim against BAR/BRI (i) pursuant to the Lanham Act, the Federal Trade Commission Act or similar laws, regulations and rules; (ii) or for breach of this Stipulation or the Settlement based on BAR/BRI's advertising.

III.   **NOTICE; OBJECTIONS TO SETTLEMENT; ADMINISTRATION AND CALCULATION OF CLAIMS; APPLICATION FOR FEE AND EXPENSE AWARD AND DISTRIBUTION OF THE SETTLEMENT FUND**

A.   **Notice.**

40.   The Settling Parties agree to and will request approval by the Court of the following forms and methods of notice to the Class Members:

(a)   A copy of the Notice and Claim Form shall be mailed by first-class mail by the Claims Administrator to the last known postal address of each Class Member.

(b)   A copy of the Summary Notice shall be published in *The National Law Journal* (2 insertions), *Lawyers Weekly USA* (2 insertions), and *USA Today* (1 insertion). The Summary Notice shall also be published on the internet by distribution through Business Wire or PR Newswire. The Summary Notice shall also be mailed by first-class mail to the Office Manager of each law firm listed in the American Lawyer's most recent list of the 200 largest law firms and to any law firm to which notice of class certification was mailed but is not currently listed in the American Lawyer's most recent list of the 200 largest law firms. The Summary Notice shall contain a toll-free number and website address that Class Members may use to obtain a copy of the full Notice and Claim Form.

- 11 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1          (c)    Class Counsel shall maintain the BAR/BRI class action

2    website ("class action website") until the Effective Date. The class action website

3    shall be modified to include a copy of this Stipulation, the Notice, the Claim Form,

4    contact information for the Claims Administrator, and answers to frequently asked

5    questions (such questions and answers to be written neutrally and agreed upon in

6    advance by Class Counsel and Defendants' counsel).

7          (d)    Class Counsel shall maintain a prominent hyperlink to the

8    class action website on their firm homepages until the Effective Date.

9          (e)    Defendant BAR/BRI shall maintain a hyperlink to the

10   class action website on the homepage of www.barbri.com until the Effective Date.

11   The hyperlink shall be of the same prominence as the hyperlink that BAR/BRI

12   maintained in conjunction with providing notice of the Action to Class Members.

13         (f)    The Notice shall describe the procedure whereby Class

14   Members may comment in support of or in objection to the proposed Settlement,

15   the Fee Award and Expense Award to Class Counsel, any Incentive Award to the

16   Class Representatives; and shall inform Class Members that they may elect to be

17   represented by counsel of their choice at their own expense, subject to Paragraphs

18   41-45.

19   **B.    Objections to Settlement.**

20         41.    Any Class Member who wishes to object to the fairness,

21   reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any

22   term(s) of this Stipulation or to the proposed Attorneys' Fees Award, Expense

23   Award or Incentive Awards must (a) serve on Lead Counsel and Defendants'

24   counsel *and* (b) file with the Court a statement of his, her or its statement of

25   objection(s). To be effective, any such statement must be received by Lead

26   Counsel, by Defendants' Counsel, and filed with the Court no later than twenty-one

27   (21) days before the Final Settlement Hearing or as the Court may otherwise direct.

28

- 12 -          STIPULATION AND SETTLEMENT
                AGREEMENT CV-05-3222 R (MCX)

42.     The Class Member's statement of objection shall provide
evidence of the objector's membership in the Class and shall state the specific
reason(s), if any, for each objection made by the Class Member, including any legal
support the Class Member wishes to bring to the Court's attention and any evidence
the Class Member wishes to introduce in support of such objection.

43.     Any Class Member may file an objection on his, her or its own,
or through an attorney hired at his, her or its own expense.  If a Class Member hires
an attorney in connection with filing an objection, the attorney must (a) serve on
Lead Counsel and Defendants' counsel *and* (b) file with the Court a notice of
appearance.  To be effective, any such notice of appearance must be received by
Lead Counsel, by Defendants' counsel, and filed with the Court no later than
twenty-one (21) days before the Final Settlement Hearing, or as the Court may
otherwise direct.

44.     Any Class Member who timely files and serves a written
objection and any other required materials pursuant to Paragraphs 41 through 43 –
and only such Class Members – may appear at the Final Settlement Hearing, either
in person or through counsel hired at the Class Member's expense, to object to
(i) the fairness, reasonableness or adequacy of this Settlement, (ii) the Plan of
Allocation, or (iii) any term(s) of this Stipulation (including, without limitation, the
proposed Attorneys' Fees Award, Expenses Award or Incentive Awards), provided
however that Class Members or their attorneys intending to make an appearance at
the Final Settlement Hearing must also (a) serve on Lead Counsel and Defendants'
counsel *and* (b) file with the Court a notice of intention to appear.  Any such notice
of intention to appear must be received by Lead Counsel, by Defendants' counsel,
and filed with the Court no later than twenty-one (21) days before the Final
Settlement Hearing, or as the Court may otherwise direct.

45.     Any Class Member who fails timely to comply with any of the
provisions of this Section shall waive and forfeit any and all rights he, she or it may

- 13 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1   otherwise have to appear separately at the Final Settlement Hearing and/or to object

2   to the Settlement, and shall be bound by all the terms of this Stipulation and the

3   Settlement and by all proceedings, orders and judgments in this Action.

4       **C.**   **Administration and Calculation of Claims.**

5         46.   The Claims Administrator shall administer the Net Settlement

6   Fund in accordance with the Plan of Allocation and subject to the jurisdiction of the

7   Court. Each Defendant shall cooperate with the Claims Administrator to provide

8   information in its possession and reasonably necessary to assist him in

9   determination of the proposed distribution of the monetary benefit under the Plan of

10   Allocation. BAR/BRI shall also use its best efforts to provide the Claims

11   Administrator, without cost to the Plaintiffs or Class Counsel, with records and

12   other information maintained by it or its agent(s) concerning the names and last

13   known addresses of Class Members and their transactions with BAR/BRI if the

14   Claims Administrator cannot ascertain such information from the data already

15   provided to Class Counsel.

16         47.   Class Counsel will apply to the Court, on notice to Defendants,

17   for an order (the "Class Distribution Order") approving the Claims Administrator's

18   determinations concerning the acceptance and rejection of the Claim Forms, and, if

19   the Effective Date has occurred, directing payment of the Net Settlement Fund to

20   Authorized Claimants. The Claims Administrator shall make such distribution as

21   approved by the Court to the Authorized Claimants pursuant to the Plan of

22   Allocation.

23         48.   The Claims Administrator shall process the Claim Forms and,

24   after entry of the Class Distribution Order, distribute the Net Settlement Fund to the

25   Authorized Claimants. Except for the obligations of Defendants to pay the

26   Settlement Amount and to perform under Paragraph 46 of this Stipulation, and

27   except as provided in paragraph 37, Defendants shall have no obligation or

28   responsibility for, or involvement in, the administration of the Settlement, the

- 14 -    STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

55

1   disbursement of the Gross Settlement Fund or the Net Settlement Fund, or the

2   determination, calculation and payment of claims to Class Members.

3        49.    For purposes of determining the extent, if any, to which a Class

4   Member shall be entitled to be treated as an "Authorized Claimant," the following

5   conditions shall apply:

6        (a)    Each Class Member shall be required to submit a Claim

7   Form;

8        (b)    All Claim Forms must be submitted by the date specified

9   in the Notice unless such period is extended by Order of the Court.  Any Class

10  Member who fails to submit a Claim Form by such date shall be forever barred

11  from receiving any payment pursuant to this Stipulation or the Settlement (unless,

12  by order of the Court, a later submitted Claim Form by such Class Member is

13  approved before the Effective Date), but shall in all other respects be bound by the

14  terms of this Stipulation and the Settlement, including the terms of the Judgment to

15  be entered in the Action and the releases provided for herein, and will be barred

16  from bringing any action against the Released Parties concerning the Released

17  Claims.  Provided that it is received before the motion for the Class Distribution

18  Order is filed, a Claim Form shall be deemed to have been submitted when posted,

19  if received with a postmark indicated on the envelope and if mailed by first-class

20  mail and addressed in accordance with the instructions thereon.  In all other cases, a

21  Claim Form shall be deemed to have been submitted when actually received by the

22  Claims Administrator;

23       (c)    Each Claim Form shall be submitted to and reviewed by

24  the Claims Administrator, who shall determine in accordance with this Stipulation

25  and the approved Plan of Allocation the extent, if any, to which each claim shall be

26  allowed, subject to review by the Court pursuant to subparagraph (e) below;

27       (d)    Claim Forms that do not meet the submission

28  requirements may be rejected.  Prior to rejection of a Claim Form, the Claims

- 15 -     STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1   Administrator shall communicate with the claimant in order to remedy curable

2   deficiencies in the Claim Form submitted.  The Claims Administrator shall notify,

3   in a timely fashion and in writing, all claimants whose Claim Forms it proposes to

4   reject in whole or in part, setting forth the reasons therefor, and shall indicate in

5   such notice that the claimant whose claim is to be rejected has the right to a review

6   by the Court if the claimant so desires and complies with the requirements of

7   subparagraph (e) below;

8            (e)     If any claimant whose claim has been rejected in whole or

9   in part desires to contest such rejection, the claimant must, within twenty (20) days

10   after the date of mailing of the notice required in subparagraph (d) above, serve

11   upon the Claims Administrator a notice and statement of reasons indicating the

12   claimant's grounds for contesting the rejection along with any supporting

13   documentation, and requesting a review thereof by the Court.  If a dispute

14   concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter

15   present the request for review to the Court;

16            (f)     The administrative determinations of the Claims

17   Administrator accepting and rejecting claims shall be presented to the Court, on

18   written notice to Defendants, for approval by the Court in the Class Distribution

19   Order.

20            (g)     Each claimant shall be deemed to have submitted to the

21   jurisdiction of the Court with respect to the claimant's claim, and the claim will be

22   subject to investigation and discovery under the Federal Rules of Civil Procedure,

23   provided that such investigation and discovery shall be limited to that claimant's

24   status as a Class Member and the validity and amount of the claimant's claim.  No

25   discovery shall be allowed on the merits of the Action or Settlement in connection

26   with processing of the Claim Forms.

27            (h)     Payment pursuant to this Stipulation shall be deemed final

28   and conclusive against all Class Members.  All Class Members whose claims are

- 16 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1   not approved by the Court shall be barred from participating in distributions from

2   the Net Settlement Fund, but otherwise shall be bound by all of the terms of this

3   Stipulation and the Settlement, including the terms of the Judgment to be entered in

4   the Action and the releases provided for herein, and will be barred from bringing

5   any action against the Released Parties.

6          (i)    All proceedings with respect to the administration,

7   processing and determination of claims made pursuant to this Settlement and the

8   determination of all controversies relating thereto, including disputed questions of

9   law and fact with respect to the validity of claims, shall be subject to the exclusive

10   jurisdiction of the Court.

11          (j)    The Net Settlement Fund shall be distributed to

12   Authorized Claimants by the Claims Administrator only after the Effective Date

13   and after: (i) all Claim Forms have been processed, and all claimants whose Claim

14   Forms have been rejected, in whole or in part, have been notified and provided the

15   opportunity to be heard concerning such rejection; (ii) all objections with respect to

16   all rejected claims have been resolved by the Court and all appeals therefrom have

17   been resolved or the time therefor has expired; (iii) all matters with respect to

18   attorneys' fees, costs and disbursements have been resolved by the Court and all

19   appeals therefrom have been resolved or the time therefor has expired; and (iv) all

20   costs of administration have been paid.

21          (k)    No Class Member shall have any claim against the Class

22   Representatives, Class Counsel or the Claims Administrator based on any

23   distributions made substantially in accordance with this Stipulation and the Notice

24   or as authorized by the Court.

25   **D.**    **Attorneys' Fees and Expenses and Class Representatives'**

26   **Incentive Awards.**

27          50.    Class Counsel will apply to the Court for an award from the

28   Gross Settlement Fund of (i) attorneys' fees (the "Fee Award") in an amount not to

- 17 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1    exceed twenty-five percent (25%) of the Gross Settlement Fund; and (ii)

2    reimbursement of litigation expenses (the "Expense Award").  Defendants agree not

3    to oppose, directly or indirectly, the application for the Fee and Expense Awards set

4    forth herein.

5          51.    Within five (5) business days of the Effective Date, Escrow

6    Agent shall pay or cause to be paid to Lead Counsel, on behalf of Class Counsel,

7    the Fee Award and the Expense Award, as approved by the Court, from the Gross

8    Settlement, subject to the terms set forth below.

9          52.    No Released Party nor any of his, her or its predecessors,

10    successors, parents, subsidiaries, partners, principals, affiliates (as defined in 17

11    C.F.R. Part 210.1-02. b), heirs, administrators, executors, attorneys, successors in

12    interest or assigns shall be liable or obligated to pay any fees, expenses, costs or

13    disbursements to, or incur any expense on behalf of, any person or entity

14    (including, without limitation, Plaintiffs), directly or indirectly, in connection with

15    the Action or this Settlement Agreement, except as expressly provided for in this

16    Stipulation.

17          53.    Class Counsel will also submit an application for an Incentive

18    Award to each Class Representative to be paid from the Gross Settlement Fund.

19    Defendants agree not to oppose, directly or indirectly, any Incentive Award

20    application seeking no more than $25,000.

21          54.    Class Counsel's application to the Court for an award of

22    attorneys' fees, for reimbursement of expenses reasonable incurred by Class

23    Counsel, or for Incentive Awards to the Class Representatives are to be considered

24    by the Court separately from the Court's consideration of the fairness,

25    reasonableness, and adequacy of the Settlement, and any order or proceedings

26    relating to the application for attorneys' fees, reimbursement of expenses and costs

27    and/or the Incentive Award, or any appeal from any order relating thereto or

28

- 18 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1  reversal or modification thereof, will not operate to cancel, or provide a right of

2  cancellation of, this Stipulation or the Settlement.

3  **IV.    PRELIMINARY APPROVAL ORDER**

4         55.    Promptly after execution of this Stipulation, Class Counsel, shall

5  move the Court for entry of the Preliminary Approval Order, substantially in the

6  form of Exhibit F hereto, providing for, among other things, preliminary approval

7  of the Settlement and notice to the Class of the Final Settlement Hearing.

8  **V.    RELEASES**

9         56.    In addition to the preclusive effect of any final judgment entered

10  in accordance with this Settlement, upon this Settlement becoming final, the

11  Released Parties shall be released and forever discharged from all manner of

12  claims, demands, actions, suits, causes of action, whether class, individual, or

13  otherwise in nature, damages whenever incurred, liabilities of any nature

14  whatsoever, including costs, expenses, penalties and attorneys' fees, known or

15  unknown, suspected or unsuspected, in law or equity, that any member of the Class

16  (including any of their past, present or future officers, directors, agents, employees,

17  legal representatives, trustees, parents, associates, affiliates, licensees, subsidiaries,

18  partners, heirs, executors, administrators, purchasers, predecessors, successors and

19  assigns), whether or not he, she or it objects to the settlement and whether or not he,

20  she or it makes a claim upon or participates in the Settlement Fund, whether

21  directly, representatively, derivatively or in any other capacity, ever had, now has

22  or hereafter can, shall or may have concerning or relating to any conduct alleged in

23  the Complaint in this Action, and including without limitation all claims that have

24  been asserted or could have been asserted in any litigation against the Released

25  Parties or any of them for any conduct alleged in the Complaint in this Action

26  (collectively with all claims referenced in the next paragraph, the "Released

27  Claims").

28         57.    In addition to the release of claims as specified in the preceding

- 19 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1   paragraph, upon this Settlement becoming final, each member of the Class, will be

2   deemed to have waived and released any and all provisions, rights and benefits

3   conferred by § 1542 of the California Civil Code, which states:

4         **Section 1542.  Certain Claims not Affected by General Release.  A general release does not extend to claims which the creditor does**

5         **not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected**

6         **his settlement with the debtor;**

7   or by any law of any state or territory of the United States, or principle of common

8   law, which is similar, comparable or equivalent to § 1542 of the California Civil

9   Code.  Each member of the Class may hereafter discover facts other than or

10   different from those which he, she or it knows or believes to be true with respect to

11   the claims which are the subject matter of the provisions of the preceding

12   paragraph, but each member of the Class waives and fully, finally and forever

13   settles and releases, upon this Settlement Agreement becoming final, any known or

14   unknown, suspected or unsuspected, contingent or non-contingent claim with

15   respect to the subject matter of the provisions of the preceding Paragraph, whether

16   or not concealed or hidden, without regard to the subsequent discovery or existence

17   of such different or additional facts.  The Claim Form shall contain a copy of the

18   release set forth in this Paragraph and in the preceding Paragraph, which shall be

19   signed by each member of the Class or his/her/its authorized representative as a

20   precondition to receiving any portion of the Settlement Fund.

21        58.    Notwithstanding the prior two paragraphs, the Released Claims

22   shall not include claims asserted as of the date of this Settlement Agreement against

23   the currently named defendants in the putative class actions entitled *Park v.*

24   *Thomson Corp., et al.*, Case No. 05 Civ. 2931 (WHP) and *Arendas v. Thomson*

25   *Corp., et al.*, Case No. 6:06-cv-1113-Orl-28JGG, currently pending in the United

26   States District Court, Southern District of New York.

27        59.    Nothing in the Judgment shall bar any action or claim by the

28   Settling Parties to enforce the terms of the Stipulation or the Judgment.

- 20 -       STIPULATION AND SETTLEMENT
                           AGREEMENT CV-05-3222 R (MCX)

**VI.**   **ORDER AND FINAL JUDGMENT OF DISMISSAL TO BE ENTERED BY THE COURT FOLLOWING APPROVAL OF THE SETTLEMENT**

60.   Following the Final Settlement Hearing, upon approval by the Court of the Settlement contemplated by this Stipulation, the Settling Parties shall petition the Court to enter the Judgment, substantially in the form of Exhibit C attached hereto.

**VII.**   **CONDITIONS OF SETTLEMENT**

61.   The Effective Date of this Settlement shall not occur unless and until each of the following events occurs and shall be the date on which the last (in time) of the following events occurs:

(a)   The Court has entered the Preliminary Approval Order;

(b)   The Court has entered the Judgment; and

(c)   The Judgment has become Final (as set forth in the next paragraph).

(d)   The Judgment shall be considered "Final" one business day following the latest to occur of the following events:

(e)   the date upon which the time expires for filing or noticing any appeal from the Judgment (including any appeal from the Fee Award, the Expense Award, the Incentive Awards, the Plan of Allocation and the procedures for determining Authorized Claimants' claims); and/or

(f)   if there is an appeal or appeals from the entry of the Judgment (in whole or in part, including any appeal from the Fee Award, the Expense Award, the Incentive Awards, the Plan of Allocation and the procedures for determining Authorized Claimants' claims), the completion, in a manner that affirms and leaves in place the Judgment without any material modification (except with respect to the Fee Award, the Expense Award, the Incentive Awards, the Plan of Allocation or the procedures for determining Authorized Claimants' claims), of all proceedings arising out of the appeal or appeals (including, but not limited to,

- 21 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1   the expiration of all deadlines for motions for reconsideration or petitions for

2   certiorari, all proceedings ordered on remand, and all proceedings arising out of any

3   subsequent appeal or appeals following decisions on remand).

4        62.    It is understood and agreed by the Settling Parties that any Court

5   order relating to the application for approval of, and any modification or reversal on

6   appeal of, the Fee Award, the Expense Award, the Incentive Awards, the Plan of

7   Allocation or the procedures for determining Authorized Claimants' claims, shall

8   not operate to terminate or cancel this Stipulation or affect the finality of the

9   Judgment or any other orders entered pursuant to this Stipulation, although the

10  Court's ruling upon the application for approval of, and completion of all appeals

11  from, the Fee Award, the Expense Award, the Incentive Awards, the Plan of

12  Allocation or the procedures for determining Authorized Claimants' claims are a

13  prerequisite to the occurrence of the Effective Date.

14       63.    Upon the Effective Date, any and all remaining interest or right

15  of Defendants in or to the Settlement Fund shall be absolutely and forever

16  extinguished, and Representative Plaintiffs and all Releasing Persons shall be

17  deemed to have, and by operation of the Judgment shall have, fully, finally and

18  forever released, relinquished and discharged all Settled Claims and any existing

19  judgment against any of the Released Parties.

20       64.    Lead Counsel shall provide written notice to Defendants'

21  counsel when the Judgment becomes Final.

22  **VIII.  EFFECT OF DISAPPROVAL, MODIFICATION, CANCELLATION
23        OR TERMINATION**

24       65.    If the Court refuses or declines to fulfill any of the conditions

25  specified in Paragraph 61, or if an appeal is taken and the Judgment fails to become

26  Final pursuant to Paragraph 62, then any of the Defendants or Class Counsel shall

27  have the right to terminate the Settlement by providing written notice of their

28  election to do so ("Termination Notice") to all Settling Parties to this Stipulation

- 22 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1  within thirty (30) days of the failure of any of the conditions specified in Paragraph
2  61 or failure of the Judgment to become final pursuant to Paragraph 62.

3      66.    Neither a modification nor an appellate reversal of the Plan of
4  Allocation or the procedures for determining Authorized Claimants' claims, nor a
5  determination by the Court to require a plan for notice to the Class of this
6  Settlement different from that proposed by the Settling Parties, nor the Court's or
7  any appellate court's decision concerning attorneys' fees, reimbursement of
8  expenses or Incentive Awards and interest requested by Class Counsel or any Class
9  Representative shall constitute grounds for termination of this Stipulation or
10  preclude the Judgment from becoming Final pursuant to Paragraph 62.

11      67.    In the event that the Settlement is terminated for any reason,
12  then the Settlement Fund including interest earned, less expenses actually incurred
13  or due and owing in connection with the Settlement provided for herein including
14  the expenses described in Paragraph 33 and expenses associated with the Escrow
15  Agreement, shall be returned to Defendants within ten (10) business days. Except
16  as otherwise provided herein, in the event that the Settlement is terminated, then the
17  Settling Parties to this Stipulation shall be deemed to have reverted to their
18  respective status in the Action as of January 12, 2007.

19  **IX.  MISCELLANEOUS PROVISIONS**

20      68.    The Settling Parties (a) acknowledge that it is their intent to
21  consummate this Settlement and (b) agree to use their best efforts and to act in good
22  faith to cooperate to the extent necessary to effectuate and implement all terms and
23  conditions of this Stipulation and to accomplish the terms and conditions of the
24  Stipulation. Class Counsel and Defendants' counsel agree to cooperate with one
25  another in seeking entry of the Preliminary Approval Order and final approval of
26  this Settlement of the Action. The Parties also agree to execute this Stipulation
27  promptly and to provide such documentation as may be required to obtain
28  preliminary and final approval of this Settlement, it being understood that Class

- 23 -    STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1    Counsel will take the laboring oar in preparing and filing all such papers.

2        69.   All of the exhibits attached hereto and identified herein are

3 hereby incorporated by reference as though fully set forth herein and are material to

4 this Stipulation.

5        70.   This Stipulation may be amended or modified only by a written

6 instrument signed by, or on behalf of, all Settling Parties or their successors in

7 interest.

8        71.   This Stipulation, the exhibits attached hereto constitute the

9 entire agreement among the Settling Parties and no representations, warranties,

10 covenants or inducements have been made to any party concerning this Stipulation

11 or its exhibits, other than the representations, warranties, covenants and

12 inducements contained and memorialized in such documents.

13        72.   Except as otherwise provided herein, each party shall bear its

14 own costs. Class Counsel's attorneys' fees and litigation expenses, subject to Court

15 approval, shall be paid only out of the Gross Settlement Fund.

16        73.   Class Counsel represents that it is authorized to sign this

17 Stipulation on behalf of the Representative Plaintiffs; and each of Defendant's

18 respective counsel signing below represents that he is authorized to sign this

19 Stipulation on behalf of the respective Defendant.

20        74.   This Stipulation may be executed in one or more original,

21 photocopied or facsimile counterparts. All executed counterparts and each of them

22 shall be deemed to be one and the same instrument. Class Counsel and Defendants'

23 counsel shall exchange original signed counterparts and a complete copy of the

24 original executed counterparts shall be filed with the Court.

25        75.   This Stipulation shall be binding upon, and inure to the benefit

26 of, the successors, assigns, executors, administrators, heirs and legal representatives

27 of the Settling Parties, provided, however that no assignment by any Settling Party

28 shall operate to relieve such party of its obligations hereunder.

- 24 -     STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1        76.    All terms of this Stipulation and the exhibits hereto shall be

2  governed by and interpreted consistent with Fed. R. Civ. P. 23 and the cases

3  construing and interpreting such rule and, where necessary, according to the laws of

4  the State of California, without regard to its rules of conflicts of law.

5        77.    The headings in this Stipulation are used for purposes of

6  convenience and ease of reference only and are not meant to have any legal effect,

7  nor are they intended to influence the construction of this Stipulation in any way.

8        78.    The waiver of one party of any breach of this Stipulation by any

9  other party shall not be deemed a waiver of any other breach of this Stipulation.

10  The provisions of this Stipulation may not be waived except by a writing signed by

11  the affected party or counsel for that Settling Party.

12        79.    The Court shall retain jurisdiction with respect to

13  implementation and enforcement of the terms of this Stipulation, and all Settling

14  Parties hereto submit to the jurisdiction of the Court for purposes of implementing

15  and enforcing the Settlement embodied in this Stipulation.

16        80.    This Stipulation is deemed to have been drafted by all Settling

17  Parties hereto, as a result of arm's-length negotiations among the Settling Parties.

18  Whereas all Settling Parties have contributed substantially and materially to the

19  preparation of this Stipulation, it shall not be construed more strictly against one

20  party than another.

21        81.    Neither this Stipulation nor the Settlement, nor any negotiation,

22  nor act performed, nor document executed nor proceedings held pursuant to or in

23  furtherance of this Stipulation or the Settlement (i) is, may be deemed to be, or may

24  be used as an admission of, or evidence of the validity of, any Released Claim, or of

25  any wrongdoing, negligence, misrepresentation, violation or liability of the

26  Defendants, any other Released Party, or of any fact alleged by Plaintiffs; (ii) is,

27  may be deemed to be, or may be used as an admission of, or evidence of any

28  infirmity in the claims asserted by the Representative Plaintiffs and Class Members;

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1   or (iii) is, may be deemed to be, or may be used as an admission of, or evidence of,

2   any fault or omission of any of Defendants or any other Released Party in any civil,

3   criminal or administrative proceeding in any court, administrative agency or other

4   tribunal, including in this Action.  However, this Stipulation and Settlement may be

5   used in such proceedings as may be necessary to consummate or enforce this

6   Stipulation, the Settlement or the Judgment; and any Released Party may file this

7   Stipulation or the Judgment in any action that may be brought against it in order to

8   support a defense or counterclaim based on principles of *res judicata*, collateral

9   estoppel, release, good faith settlement, judgment bar or reduction or any other

10   theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11        82.    The Settling Parties intend this Stipulation to achieve a final and

12   complete resolution of all disputes between them with respect to the Action.  The

13   Settling Parties agree that the amount paid to the Settlement Fund and the other

14   terms of the Stipulation and Settlement were negotiated in good faith at arm's-

15   length by the Settling Parties, and reflect a settlement that was reached voluntarily

16   after consultation with competent legal counsel.

17        83.    Until either (a) a motion for Preliminary Approval has been

18   filed; or (b) this Stipulation and Settlement Agreement has been filed, this

19   Settlement shall be considered "Confidential" pursuant to the terms of the

20   Stipulation and Protective Order entered into by the parties in this Action, and so-

21   ordered by the Court on January 13, 2006.

22        84.    Neither Plaintiffs nor Defendants nor any counsel or other agent

23   for or representative of Plaintiffs or a Defendant will make or cause to be made any

24   public statement or comment regarding the Settlement or Action — other than: (1)

25   straightforward statements (without elaboration) in substantially the form "the

26   action has settled," (2) neutral or positive statements regarding the terms and

27   benefits of the Settlement, or (3) statements repeating or paraphrasing, in a non-

28   misleading form, all or a portion of any Court-approved notice to the Class of the

- 26 -                STIPULATION AND SETTLEMENT
                     AGREEMENT CV-05-3222 R (MCX)

1   Settlement or the proposal for the form of Notice attached hereto as Exhibit D;
2   provided that (a) each Defendant shall be entitled to make such disclosures as are
3   required under the securities laws, and (b) Class Counsel and Defendants' counsel
4   may make available copies of pleadings filed in the public Court file (not under
5   seal) in the Action.  Nothing in this Paragraph shall restrict statements made in
6   papers filed with the Court or any other court of competent jurisdiction in
7   connection with the Settlement of this Action.

8          85.    Except as provided for in this Stipulation with regard to Class
9   Counsel, Class Members, Defendants and the Released Parties, no provision of this
10  Stipulation provides any rights, intended, incidental or otherwise, to any person or
11  entity that is not a Class Member.

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

1   **IN WITNESS WHEREOF**, the Settling Parties hereto, intending to

2   be legally bound hereby, have caused this Stipulation to be executed, by their duly

3   authorized attorneys, as of the ___ day of February 2007.

4                                   **On Behalf of the Representative Plaintiffs
                                    and the Class:**

5

6                                   MCGUIREWOODS LLP

7                                   By: _Sidney K. Kanazawa_ /fsj/
                                        Sidney K. Kanazawa

8                                   Sidney K. Kanazawa
9                                   1800 Century Park East, 8th Floor
                                    Los Angeles, California 90067
                                    Telephone: (310) 315-8200
10                                  Facsimile: (310) 315-8210

11                                  *Lead Counsel*

12                                  FINKELSTEIN THOMPSON LLP
13                                  Christine P. Bartholomew
                                    601 Montgomery Street, Suite 665
14                                  San Francisco, CA 94111
                                    (415) 398-8700

15                                  L. Kendall Satterfield
16                                  THE DUVALL FOUNDRY
                                    1050 30th Street, N.W.
17                                  Washington, DC 20007
                                    (202) 337-8000

18

19                                  ZWERLING, SCHACHTER & ZWERLING
                                    LLP
20                                  Dan Drachler
21                                  1904 Third Avenue Suite 1030
                                    Seattle, WA 98101
22                                  (206) 223-2053 – telephone
                                    (206) 343-9636 – facsimile

23                                  Robert S. Schachter
24                                  41 Madison Avenue
                                    New York, NY 10010
25                                  (212) 223-3900

26                                  *Class Counsel*

27

28

                    - 28 -              STIPULATION AND SETTLEMENT
                                        AGREEMENT CV-05-3222 R (MCX)

69

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**On Behalf of Defendants:**

SHEARMAN & STERLING LLP

By: _____
    Steven F. Molo

Wayne Dale Collins
James P. Tallon
Lisl J. Dunlop
Alan S. Gruber
599 Lexington Avenue
New York, New York 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*Attorneys for Defendant West Publishing
Corporation*

MUNGER, TOLLES & OLSON LLP

By: _____
    Bradley S. Phillips

Stuart N. Senator
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant Kaplan, Inc.*

- 29 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)

70

**On Behalf of Defendants:**

SHEARMAN & STERLING LLP

By: _____
     Steven F. Molo

Wayne Dale Collins
James P. Tallon
Lisl J. Dunlop
Alan S. Gruber
599 Lexington Avenue
New York, New York 10022-6069
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179

*Attorneys for Defendant West Publishing Corporation*

MUNGER, TOLLES & OLSON LLP

By: _____
     Bradley S. Phillips

Stuart N. Senator
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

*Attorneys for Defendant Kaplan, Inc.*

- 29 -

STIPULATION AND SETTLEMENT
AGREEMENT CV-05-3222 R (MCX)