**EXHIBIT 9**

1   Rosemary M. Rivas
    Email: rrivas@finkelsteinthompson.com
2   **FINKELSTEIN THOMPSON LLP**
3   100 Bush Street, Suite 1450
    San Francisco, California 94104
4   Telephone: (415) 398-8700
5   Facsimile: (415) 398-8704

6   *Counsel for Setting Class Plaintiff Kari Brewer*
7   *and the Class*

8

9                   **UNITED STATES DISTRICT COURT**

10                 **CENTRAL DISTRICT OF CALIFORNIA**

11

12  | RYAN RODRIGUEZ, REENA B. | Case No. CV 05-3222 R(MCx) |
13  FRAILICH, LOREDANA NESCI, | **DECLARATION OF ROSEMARY M.**
    JENNIFER BRAZEAL and LISA | **RIVAS IN SUPPORT OF**
14  GINTZ, on behalf of themselves and all | **FINKELSTEIN THOMPSON LLP'S**
    others similarly situated, | **APPLICATION FOR AWARD OF**
15      | **ATTORNEYS' FEES AND**
        | **REIMBURSEMENT OF EXPENSES**
16          Plaintiffs,

17  vs.     Date:       November 2, 2009
            Time:       10:00 a.m.
18          Place:      Courtroom 8

19  WEST PUBLISHING CORPORATION,
20  a Minnesota Corporation dba BAR/BRI
    and KAPLAN, Inc., a Delaware
21  Corporation.

22

23          Defendants.

24  AND CONSOLIDATED ACTION

25

26

27

28

---

                    DECLARATION OF ROSEMARY M. RIVAS
                    CASE NO. CV 05-3222-R

I, Rosemary M. Rivas, declare as follows:

1.      I am a partner with Finkelstein Thompson LLP, one of counsel of record for Settling Class Plaintiffs and the Class.  I am submitting this Declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in the above action and the reimbursement of expenses incurred by my firm related to the prosecution of claims in the course of this litigation from inception through August 31, 2009.  I have personal knowledge of the facts stated herein, and if called on to do so, could and would testify competently thereto.

2.      My firm served as counsel for Kari Brewer, a class representative plaintiff in this action.  My firm's compensation for services rendered in this case was wholly contingent on the success of this litigation, and was wholly at risk.

3.      A firm resume, including brief biographies of my firm and the attorneys who have primarily worked on this case, are attached hereto as Exhibit "A."

4.      During the period of time from inception through August 31, 2009, my firm performed the following work on behalf of the Class in connection with the prosecution of the litigation: factual investigation concerning the alleged antitrust claims; preparing the initial class complaint; work on briefing, including on the motion for class certification; assistance with discovery issues, including work with experts and electronic discovery issues; reviewing discovery materials, including key documents and depositions; settlement negotiations, including drafting the settlement documents; defending the settlement against objectors; drafting the appellate briefs; preparing appellate attorneys for oral argument; administering settlement; and weekly conference calls with co-lead counsel to discuss processing of claims from class members and other settlement administration matters.

DECLARATION OF ROSEMARY M. RIVAS
CASE NO. CV 05-3222-R

5.      All attorneys, legal assistants, and law clerks in my firm are instructed to maintain contemporaneous time records reflecting the time spent on this and other matters.

6.      The total number of hours spent on this litigation, as reported to McGuire Woods LLP, is 3,559.18 hours.  The total lodestar amount for attorney and paralegal time, calculated at the firm's current hourly rates during the litigation is $1,775,067.60.

7.      The schedule attached hereto as Exhibit "B" is a detailed summary indicating the amount of time spent by each attorney and paralegal of my firm who was involved in this litigation, and the lodestar calculation based on my firm's current billing rates.  The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

8.      From inception through August 31, 2009, my firm has expended a total of $118,259.86 in non-reimbursed expenses in connection with the prosecution of this litigation.  These expenses are broken down as follows:

EXPENSES

| | AMOUNT |
|---|---|
| Facsimile Charges | $       101.00 |
| External Reproduction | $         45.55 |
| Internal Reproduction | $     6,556.05 |
| Legal Research | $   82,452.69 |
| Delivery Services/Overnight Mail | $     1,367.47 |
| Telephone | $     2,405.69 |
| Hotel/Meals | $   10,519.57 |
| Postage | $       125.11 |
| Service of Process | $         65.00 |

DECLARATION OF ROSEMARY M. RIVAS
CASE NO. CV 05-3222-R

| | |
|---|---|
| Transcript Fees | $ 1,008.75 |
| Transportation/Parking/Airfare | $ 13,166.97 |
| Document Filing Fees | $ 440.06 |
| Miscellaneous/Other: computing services | $5.95 |
| **TOTAL EXPENSES:** | **$ 118,259.86** |

9. The expenses incurred pertaining to this case are reflected in the books and records of this firm maintained in the ordinary course of business. These books and records are prepared from expense vouchers and check records and are an accurate record of expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 8th day of October 2009 in San Francisco, California.

ROSEMARY M. RIVAS

DECLARATION OF ROSEMARY M. RIVAS
CASE NO. CV 05-3222-R

**EXHIBIT A**


FINKELSTEIN
THOMPSON LLP

# FIRM RESUME
# 2009

1050 30th Street, NW · Washington, DC 20007

100 Bush Street, Suite 1450 · San Francisco, CA 94104

# FINKELSTEIN THOMPSON LLP

FINKELSTEIN THOMPSON LLP ("the firm"), is a twenty-lawyer litigation firm, with offices in Washington, D.C. and San Francisco, CA, focusing primarily on complex financial litigation involving antitrust violations, fraud and crime in the banking, securities and commodities industries, and consumer fraud.

By concentrating exclusively on litigation, rather than a generalized transactional practice, the firm avoids the conflicts of interest, both actual and philosophical, that can arise from multi-faceted representation, and is able to offer the kind of hard-hitting approach that modern financial litigation demands. Since 1993, the firm has served in a leadership position in cases that have recovered many hundreds of millions of dollars for investors and consumers.

The firm's professional staff includes not only experienced and expert lawyers but also a certified financial analyst with a financial market background. The firm draws on this in-house expertise to provide the cost-efficient and timely analysis of complex transactions needed in fast-moving litigation. In addition, because the outcome of litigation is often dependent on the strength of expert testimony, the firm has developed strong working relationships with nationally prominent outside consultants in the areas of securities, commodities, antitrust, banking, consumer fraud, marketing and economics.

## HISTORY

The firm was founded in March 1977 by Burton H. Finkelstein and Douglas G. Thompson, Jr. The firm's offices are located in Georgetown in the historic Duvall Foundry and in San Francisco in the Financial District.

## EXPERIENCE

Our named partners have over seventy years combined experience in the prosecution and defense of complex financial civil and criminal matters. Senior partner Burton H. Finkelstein is the former head of the Administrative and Criminal Trial Unit of the Securities and Exchange Commission. Douglas G. Thompson, Jr. is an alumnus of the securities litigation group of a major Washington, D.C. law firm. The other partners and associates have extensive experience in a variety of complex litigation fields. The firm has seventeen lawyers and a Chartered Financial Analyst. The firm has practiced before the Securities and Exchange Commission, Commodity Futures Trading Commission, Federal Trade Commission, Federal Communications Commission, U.S. Copyright Office, New York Stock Exchange, Chicago Board of Trade, National Association of Securities Dealers, National Futures Association, and in various state and federal trial and appellate courts across the country, in civil and criminal enforcement matters and in private damage litigation. The firm has considerable expertise and experience in defending and prosecuting complex financial class action claims.

The firm is involved in class action litigation in federal and state courts nationwide. We have developed a reputation for successful and thorough representation of class clients against many of the largest and most powerful companies in the country. As part of our efforts to serve our clients' interests in the most effective and efficient manner possible, the firm has established ongoing relationships with other class action law firms whose size, location or expertise complement our own. We have won judgments and negotiated settlements that have recovered an aggregate of over one billion dollars for class members.

The firm has managed prominent roles in many of the largest nationwide class actions, including:

- In re "Light" Cigarette Litigation, No. 04cv1945 (E.D.N.Y), more than a dozen suits in states across the country against tobacco manufacturers alleging consumer fraud relating to the manufacture and sale of so-called "light" cigarettes, in which the firm is pursuing claims on behalf of millions of class members.

- In re Natural Gas Commodity Litigation, No. 03cv6186 (S.D.N.Y.) –The lawsuit alleged that defendants violated the federal commodity laws by knowingly and deliberately reporting inaccurate, misleading and false trading information (including artificial volume and price information) to trade publications that compile and publish widely-followed indices of natural gas spot prices. In addition, the lawsuit alleged that defendants engaged in a variety of fraudulent trade reporting strategies, including wash trades, whose purpose was to create the perception of increased liquidity and demand for natural gas, and thus to manipulate the spot prices of natural gas.

## SECURITIES & COMMODITIES CLASS ACTION LITIGATION

Since its inception in 1977, the firm's securities litigation practice has extended across a wide range of shareholders' securities litigation, from accounting fraud, allegations of insider trading, proxy statement fights, and minority shareholder rights being violated, to cases alleging misstatements in prospectuses. The firm regularly litigates substantive federal issues under the Securities Act of 1933, the Securities Exchange Act of 1934, the Reform Act of 1995, tenders offers under the Williams Act, derivative suits under State and Federal law, and unfair business practices claims.

Our clients include institutional investors, pension funds, high-net worth individuals and retail investors. While few class action securities suits go to trial, substantial skill and experience is required to investigate, prepare, and litigate the underlying claims to successful resolution. The firm enjoys a national reputation for high-quality and successful recoveries for our clients.

The firm also selectively prosecutes actions pursuant to the Commodity Exchange Act regarding market manipulations involving commodity futures and options. To date, the firm has enjoyed considerable success in these matters, which are recognized as some of the most difficult causes of action to successfully pursue.

## SETTLED REPRESENTATIVE SECURITIES AND COMMODITIES CLASS ACTION CASES

1. <u>In re Merrill Lynch & Co., Inc. Research Reports Litigation</u>, MDL 1484 (S.D.N.Y.)
   – Executive Committee member; Lead Counsel in six of the underlying actions; $125
   million settlement achieved.

2. <u>In re Natural Gas Commodity Litigation</u>, No. 03cv6186 (S.D.N.Y.) – Co-Lead
   Counsel; over $100 million achieved in settlements.

3. <u>PaineWebber Securities Litigation</u>, No. 94cv8547 (S.D.N.Y) – Executive Committee
   member; $200 million settlement achieved.

4. <u>Freeland v. Iridium World Communications, Ltd.</u>, No. 99cv1002 (D.D.C.) – Liaison
   Counsel and Executive Committee member; $47.5 million settlement achieved.

5. <u>Prudential Securities Litigation</u>, MDL 1005 (S.D.N.Y.) – Executive Committee
   member & Co-Chair of Settlement Committee; $150 million settlement achieved.

6. <u>Kidder Peabody Securities Litigation</u>, No. 94cv3954 (S.D.N.Y.) – Executive
   Committee member; $19 million settlement achieved.

7. <u>Rudolph vs. UT Starcom, et al</u>, No. 3:07-CV-04578-SI (N.D.Ca.) – The firm serves
   as sole Lead Counsel in a securities fraud class action against UT Starcom and certain
   officers in connection alleged illegal backdating of executive stock options. $9.5
   million settlement achieved

8. <u>Holly Glenn v. Polk Audio, Inc.</u>, No. 99cv4768 (Md. Cir. – Baltimore) – Co-lead
   Counsel; $4.8 million settlement achieved (an increase of nearly 50% of shareholder
   buyout value).

9. <u>Grecian v. Meade Instruments, Inc.</u>, No. 06cv908 (C.D. Cal.) – Sole Lead Counsel on
   behalf of shareholders claiming securities fraud violations related to alleged illegal
   backdating of executive stock options. Settlement achieved for $3 million and
   corporate governance changes.

## ONGOING REPRESENTATIVE SECURITIES AND COMMODITIES CLASS ACTION CASES

1. <u>In re Crude Oil Commodity Litigation</u>, No. 06cv6677 (S.D.N.Y.) – the firm has been
   appointed an Executive Committee member in an action alleging that the defendants
   manipulated the market for crude oil.

2. <u>In re Interbank Funding Corp. Securities Litigation</u>, No. 02-CV-01490 (JDB)
   (D.D.C.) – The firm serves as Lead Counsel in a securities fraud class action against

Radin Glass and CIBC Oppenheimer's alleging their lack of due diligence and compliance with accounting standards permitted InterBank's continued operation of a Ponzi scheme. The firm has already achieved a $4.5 million settlement with Simon Hershon, President and CEO of InterBank and $2 million settlement with CIBC Oppenheimer.

3.  In re Bear Stearns Litigation, Index No. 600780/08 (N.Y. Sup. Ct.) – The firm serves as a member of the Lead Counsel team in a shareholder class action on behalf of minority stockholders of The Bear Stearns Companies, Inc., alleging The Bear Stearns Companies, Inc. and its officers and directors breached their fiduciary duty and/or violated state laws in an effort to sell the company to JPMorgan for inadequate and unfair consideration.

4.  In re Metavante Technologies, Inc. Shareholder Litigation, No. 09-CV-5325 (Wis. Cir. Ct., Milwaukee County) – The firm serves as a member of the Lead Counsel team in a shareholder class action on behalf of common stock holders of Metavante Technologies, Inc. alleging that Metavante's officers and directors breached their fiduciary duty and/or violated state laws in their proposed sale of the company to Fidelity National Information Services, Inc., for inadequate and unfair consideration.

5.  Berger v. Life Sciences Research, Inc., et al., Docket No. SOM-C-12006-09 (N.J. Sup. Ct., Somerset County) – The firm serves as Co-Lead Counsel in a class action on behalf of Life Sciences Research, Inc. shareholders and derivative action on behalf of the company alleging that the company's officers and directors breached their fiduciary duty and/or violated state laws in entering their agreement to be taken private by the company's Chief Executive Officer and largest shareholder, Andrew Baker, pursuant to an inadequate price and process.

6.  Lanteigne v. Genius Products, Inc., et al., No. BC412610 (Cal. Sup. Ct., Los Angeles County) – The firm serves as Lead Counsel in a shareholder class action on behalf of common stock owners of Genius Products, Inc., alleging that Genius Products entered into a series of agreements for the purchase and sale of investor warrants with The Weinstein Company Holdings LLC that, in effect, diluted the equity interest and voting rights of Genius Products shareholders.

7.  The Pennsylvania Avenue Funds v. Avigen, Inc., et al., No. 09-470224 (Cal. Sup. Ct., Alameda County) – The firm serves as Lead Counsel in a class action on behalf of common stock holders of Avigen, Inc., alleging that Avigen's officers and directors breached their fiduciary duty and/or violated state laws in their proposed sale of the company to Medicinova, Inc., for inadequate and unfair consideration.

# ANTITRUST CLASS ACTION LITIGATION

Federal and state antitrust laws are primarily concerned with protecting the economy and promoting competition between businesses by preventing (i) collusion among "competitors" that might result in restraints on competition in a given industry or market, and (ii) anti-competitive conduct by a particular entity who holds monopoly power in a given industry or market.

The firm is involved in several cases on behalf of individuals and businesses that have been injured by the anti-competitive behavior of other companies. These cases involve allegations such as market manipulation, monopolization, price-fixing, and predatory practices. Below is a sample of the cases in which we have been intensively involved:

SETTLED REPRESENTATIVE ANTITRUST CLASS ACTION CASES

1. <u>In re Relafen Antitrust Litigation</u>, No. 01cv12239 (D. Mass.) – Executive Committee member in federal direct purchaser case, settlement achieved - $175 million.

2. <u>Heliotrope General, Inc. v. Sumitomo Corporation, et al.</u>, Master Case No. 701679 (Cal. Super. - San Diego) – Co-Lead Counsel; settlement achieved - $100 million.

3. <u>National Metals, Inc. v. Sumitomo Corp.</u>, No. 734001 (Cal. Super. - San Diego) – Co-Lead Counsel, settlements achieved with several defendants for $81 million.

4. <u>In re Warfarin Sodium Antitrust Litigation</u>, MDL 1232 (D. Del.) – Discovery Committee member and Co-lead Counsel in state case; settlement achieved in the companion national case - $44.5 million.

5. <u>Ryan Rodriguez v. West Publishing Corp. and Kaplan, Inc.</u>, No. CV-05-3222 R(MCx) (Cal. Central District Court) – An antitrust class action where FT LLP served as one of three law firms alleging nationwide national antitrust violations. $49 million settlement finally approved.

6. <u>In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation</u>, No. 05cv1671 (C.D. Cal.) – Co-Lead Counsel in a certified class action lawsuit that alleges antitrust and common law violations which resulted in increased prices for RFG for purchasers. $48 million settlement achieved

ONGOING REPRESENTATIVE ANTITRUST CLASS ACTION CASES

1. <u>In Re Webkinz Antitrust Litigation, MDL 1987 (N.D. Cal.)</u>: Plaintiff retailers allege that Defendant Ganz, the manufacturer of Webkinz toys, violated federal antitrust laws and state consumer statutes by illegally tying the sale of popular Webkinz toys to the purchase of unrelated Ganz products, among other things.

2. <u>In re Modafinil Antitrust Litigation, MDL 1797 (E.D. Pa.)</u>: Plaintiff purchasers allege that Defendant Cephalon entered into a conspiracy with the manufacturers of

generic versions of its drug Provigil, violating federal antitrust law by delaying the
launch of generics and dividing the resulting profits.

3.   <u>In re Marine Hose Antitrust Litigation, MDL 1888 (S.D. Fla.)</u>: American purchasers
     of marine hoses allege that an international cartel of manufacturers violated federal
     antitrust laws by rigging bids, fixing prices, and conspiring to reduce competition in
     the marine hose industry.

4.   <u>In Re Air Cargo Shipping Services Antitrust Litigation, MDL 1775 (E.D. NY)</u>:
     Purchasers of air cargo shipping allege that major airlines organized a global price-
     fixing conspiracy to keep air cargo surcharges artificially high in violation of federal
     antitrust laws.

## CONSUMER CLASS ACTION LITIGATION

In federal and state courts throughout the country, the firm represents consumers who have
been injured or defrauded. Our cases involve individuals or classes of individuals who have been
physically or economically damaged by the wrongdoing of others. Some of our cases seek to obtain
financial relief, medical monitoring, injunctions and revised notification for classes of plaintiffs.
Some of the cases we have brought include:

SETTLED REPRESENTATIVE SECURITY BREACH CLASS ACTION CASES

1.   <u>In Re TJX Companies Retail Security Breach Litigation</u>, MDL 1838 (D. Mass.)
     Counsel in class action lawsuit alleging statutory and common law violations that
     resulted in a security breach of consumers' debit and credit card information. $200
     million settlement achieved.
2.   <u>Lockwood v. Certegy Check Serv., Inc.</u>, No. 8:07-cv-01434-SDM-TGW (M.D. Fla.)
     Counsel in class action lawsuit alleging common law violations that resulted in a
     security breach of consumers' personal and financial information. Available benefits
     made to Settlement Class Members of over $500 million.

SETTLED REPRESENTATIVE CONSUMER CLASS ACTION CASES

1.   <u>Gael M. Carter, et al. v. Associates Financial Services Co., Inc., et al.</u>, No. 96cv4652
     (Tex. Dist. – Dallas County) – The firm played a pivotal role in pursuing the claims
     of millions of class members in a number of suits in states across the country against
     The Associates n/k/a Citifinancial, alleging consumer fraud relating to home equity
     and personal loan terms. Settlements achieved in the state, federal and companion
     FTC cases totaling $240 million.

2.   <u>Cavan et al. v. Sears Roebuck & Co. and Whirlpool Corp.</u>, No. 04CH10354 (Ill.
     Circuit Court - Cook County) – Co-Lead counsel for consumer class action based
     upon the sale of Calypso® washing machines. Nationwide settlement reached and
     approved by the Court.

3.  <u>In re Diet Drugs Products Liability Litigation</u>, MDL 1203 (E.D. Pa.). Co-Chair of the Non-PMC litigation group prosecuting class certification of claims not advanced by Plaintiffs' Management Committee.

ONGOING REPRESENTATIVE SECURITY BREACH CLASS ACTION CASES

1.  <u>Ruiz v. Gap, Inc.</u>, No. CV07-05739-SC (N.D. Cal.) Co-Lead Counsel in a class action lawsuit that alleges statutory and common law violations that resulted in a security breach of employee applicants' personal identifying information.

2.  <u>Irwin v. RBS Worldpay, Inc.</u>, No. 1:09cv0033 (N.D. Ga.) Counsel in a class action lawsuit alleging statutory and common law violations that resulted in a security breach of consumers' personal and financial information.

3.  <u>In Re Hannaford Bros. Co. Customer Data Security Breach Litigation</u>, MDL 1954 (D. Me.) Counsel in class action lawsuit alleging statutory and common law violations that resulted in a security breach of consumers' debit and credit card information.

4.  <u>In re Heartland Payment Systems Inc. Customer Data Security Breach Litigation</u>, MDL 2046 (S.D. Tex.). Co-Lead Counsel in class action lawsuit alleging statutory and common law violations that resulted in a security breach of consumers' personal and financial information.

5.  <u>Amburgy v. Express Scripts, Inc.</u>, No. 4:09-cv-00705 (E.D. Mo.). Co-Lead Counsel in class action lawsuit alleging common law violations that resulted in a security breach of consumers' personal and financial information.

ONGOING REPRESENTATIVE CONSUMER CLASS ACTION CASES

1.  <u>In re Mattel Toy Recall Litigation</u>, MDL 1897 – Executive Committee member in an action against Fisher-Price and Mattel in D.C. Superior Court under the District's Private Attorney General Action in connection with toys made with lead paint as well as a consumer action in the Central District of California against Mattel for the toys with magnetic parts which come loose. The suits allege that consumers were harmed not only by the defective design and manufacture, but also by a piecemeal recall that left many families confused as to the proper procedures to follow.

2.  <u>In re Avandia Marketing, Sales Practices and Products Liability Litigation</u>, MDL 1871 - FT serves as a member of the Plaintiffs Steering Committee and Co-Chair of the Class Action Sub-Committee. The suit alleges that SmithKline Beecham Corporation d/b/a GlaxoSmithKline used marketing schemes to deliberately conceal and affirmatively misrepresent the significant heart attack or heart-disease related risks associated with the use of the Avandia, Avandamet and Avandaryl – medications used to treat Type II diabetes.

3.  <u>In re "Light" Cigarette Litigation</u>, No. 04cv1945 (E.D.N.Y) - Co-lead Counsel, more than

203

a dozen suits in states across the country against major tobacco manufacturers alleging consumer fraud relating to the manufacture and sale of so-called "light" cigarettes, in which the firm has been successful in obtaining class certifications in various states.

ONGOING REPRESENTATIVE THIRD-PARTY PAYOR CLASS ACTION CASES

1.  Ironworkers Local No. 399 and Participating Employers Health And Welfare Funds v. Janssen, L.P., No. 3:06-cv-03044-FLW-JJH (D.N.J)- FT is serving as Lead counsel of third-party payor class actions. Janssen is alleged to have created, monitored and/or controlled various marketing firms, physicians and ghostwriters to promote and disseminate – through sponsored events and publications – misleading messages about safety and efficacy relating to the off-label use of Risperdal. The complaint alleges that as many as half of the prescriptions for Risperdal are for off-label use, helping to propel sales.

2.  Ironworkers Local Union No. 68 And Participating Employers Health And Welfare Funds, Ironworkers Local Union No. 399 And Participating Employers Health And Welfare Funds, And Ironworkers District Council Of Philadelphia And Vicinty Benefit And Pension Plan, v. Astrazeneca Pharmaceuticals, LP, In re Seroquel Products Liability Litigation, MDL 1769 (M.D. Fla.)- the firm is serving as a member of the Steering Committee for third-party payor class actions alleging an off-label promotion and marketing scheme which resulted in as much as seventy-eight percent of the prescriptions for Seroquel are for off-label use, leading to increased sales and health risks.

3.  Ironworkers Local Union No. 68 And Participating Employers Health And Welfare Funds; Ironworkers Local Union No. 399 And Participating Employers Health And Welfare Funds; and Ironworkers District Council Of Philadelphia And Vicinity Benefit And Pension Plan; v. Amgen, Inc., In Re Amgen Off-Label Marketing Litigation, MDL 1934 (C.D. Cal.). The suit details Amgen's illegal promotion and marketing of the Anemia Drugs for off-label use or at doses that result in levels of hemoglobin that are higher than those approved by the FDA as safe and effective. A significant percentage of the prescriptions written for Aranesp and Epogen are for off-label use. The suit alleges that increased demand also increased the price of the drugs.

## FALSE CLAIMS ACT LITIGATION

The firm maintains an active practice under the Federal False Claims Act (also known as the "*Qui Tam*" litigation). Through representation of whistleblowers who have independent knowledge of government contract fraud, the firm seeks to secure the return of millions of dollars to federal and state treasuries. Currently, the firm has investigated and filed *qui tam* claims in connection with the student loan industry. The following are matters that have been unsealed and in litigation:

1.  Batiste v. SLM Financial Corporation, No. 1:08-cv-00425-RJL (D.D.C.) FT seeks to recover for the U.S Government, under the False Claims Act, 31 U.S.C. §§3129-3732, treble

204

damages and civil penalties arising from Sallie Mae's alleged false statements, false claims and regulatory non-compliance while designated an Exceptional Performer by the United States Department of Education. Sallie Mae's alleged violations of the False Claims Act arise from its systemic failure to service loans and abide by forbearance regulations as required by Title IV of the Federal Higher Education Act and its receipt of U.S. subsidies to which it was not entitled by getting false claims allowed or paid through the Federal Family Educational Loan Program.

2. <u>Lopez v. Strayer Education, Inc.</u>, No.1:08-cv-00589-LO-TRJ (E.D. Va.) FT seeks to recover for the U.S Government, under the False Claims Act, 31 U.S.C. §§3129-3732, treble damages and civil penalties arising from Strayer Education, Inc., and Strayer University, Inc. arising from their alleged false statements, records, claims and regulatory non-compliance with the incentive ban, with respect to all Federal Family Education Loan Program, Pell grants, Federal Supplemental Opportunity grants, Stafford and PLUS loan proceeds.

## COMMUNICATIONS AND COPYRIGHT LAW PRACTICE

The firm lawyers have represented clients in federal courts and before administrative agencies (such as the Copyright Royalty Tribunal, the Copyright Office, and the Federal Communications Commission) and the U.S. Congress. Clients include foreign and domestic media firms with interests in broadcasting, entertainment, cable television and satellite communications.

205

## BURTON H. FINKELSTEIN
### Partner

BURTON H. FINKELSTEIN has practiced securities litigation for more than forty years, first with the Securities and Exchange Commission, and then in private practice. At the SEC, he was special trial counsel and an Assistant Director of the Enforcement Division, where he was in charge of the administrative, civil and criminal litigation nationwide enforcement program. In 1970, he joined the New York firm of Phillips, Nizer, Benjamin, Krim & Ballon and was a partner in their Washington, D.C. office until 1977, when he and Mr. Thompson formed the firm now known as FINKELSTEIN THOMPSON LLP.

In private practice, Mr. Finkelstein has participated in more than twenty securities fraud trials in cities throughout the United States, representing broker-dealers, principals and securities salesmen, attorneys, accountants, publicly and privately held companies and officers and directors of such companies. He has also represented companies and individuals in SEC investigations, and has served as special counsel to public companies in conducting internal investigations.

Mr. Finkelstein earned a B.B.A. degree in accounting from City College of New York in 1959 and an L.L.B. degree from the University of Pennsylvania in 1962. After military service and a brief stint as law clerk to the General Counsel of the Federal Power Commission, he began his securities litigation career as trial counsel at the SEC's Washington Regional Office.

Mr. Finkelstein has appeared as a panelist in securities litigation and enforcement seminars for the Practicing Law Institute, New York Law Journal and the American Law Institute - American Bar Association (ALI-ABA). He was an adjunct professor of law at Georgetown University Law School from 1979 to 1998. His course was entitled "Securities and Financial Frauds - Enforcement and Litigation."

**L. KENDALL SATTERFIELD**
Partner

KENDALL SATTERFIELD joined FINKELSTEIN THOMPSON LLP in 1985. Mr. Satterfield practices in the fields of both antitrust and consumer fraud class action litigation. Additionally, he has represented private clients and federal banking agencies in civil and administrative litigation involving securities and commodities fraud, federal banking law and accountant malpractice. Mr. Satterfield also represents Canadian broadcasters and television production companies in matters involving cable television copyright royalties before the United States Copyright Office and has practiced before the Federal Communications Commission.

Mr. Satterfield is a 1981 graduate of Ohio Northern University where he received a Bachelor of Sciences degree with Highest Honors in Business Administration. He then attended Emory University where he received his Juris Doctor in 1984. He is a member of the District of Columbia and Georgia Bars.

**ROSEMARY M. RIVAS**
Partner

ROSEMARY M. RIVAS joined FINKELSTEIN THOMPSON LLP in October 2006 and practices in the fields of antitrust, consumer fraud, and securities litigation. Before joining Finkelstein Thompson LLP, she worked at a San Francisco based law firm representing consumers in class action litigation. Ms. Rivas graduated from San Francisco State University in 1997 and received a B.A. in Political Science. She received her Juris Doctorate from the University of California, Hastings College of Law in 2000. While in law school, Ms. Rivas served as the Senior Note Editor for the Hastings Constitutional Law Quarterly and was honored with the American Jurisprudence Award in Wills and Trusts. Currently, she serves as a Board Member and as Diversity Director of the Barristers Club of the San Francisco Bar Association.

Ms. Rivas is a member of the California bar and is admitted to practice in the Central, Eastern, Northern, and Southern U.S. District Courts of California. Ms. Rivas is also admitted to practice before the Ninth Circuit Court of Appeals.

She practices in the San Francisco office.

**MICHAEL G. McLELLAN**
Associate

MICHAEL G. McLELLAN joined FINKELSTEIN THOMPSON LLP in May 2004.  Mr. McLellan practices in the fields of securities, antitrust and consumer fraud litigation. He is a 1996 graduate of the University of South Carolina, where he received a Bachelor of Arts degree in English.  Mr. McLellan also attended the University of South Carolina School of Law, where he received his Juris Doctor in 2003.  During law school, Mr. McLellan served as Articles Editor for the South Carolina Law Review and was awarded membership in the Order of the Wig and Robe.  Upon graduation, Mr. McLellan attended the American University Washington College of Law, where he received an LL.M. in Law and Government, magna cum laude in 2004.  While pursuing his LL.M. degree, Mr. McLellan worked as an intern for the Securities and Exchange Commission in the Division of Enforcement and volunteered as a Constitutional Law teacher at Ballou Stay High School.  He additionally worked as an independent researcher for the Association of Corporate Counsel.

Mr. McLellan is a member of the South Carolina and District of Columbia bars.  He practices in the Washington, D.C. office.

209

## CHRISTINE PEDIGO BARTHOLOMEW
### Associate (Former)

CHRISTINE PEDIGO BARTHOLOMEW joined FINKELSTEIN THOMPSON LLP in June 2004. Ms. Bartholomew practices in the fields of antitrust, consumer fraud and securities litigation. She is a 1997 graduate of the San Francisco State University, where she received a Bachelor of Arts degree in English Literature. Ms. Bartholomew then attended the University of California, Davis School of Law, where she received her Juris Doctor in 2000. During law school, Ms. Bartholomew served as Editor-in-Chief for the Journal of Juvenile Law & Policy, was a member of King Hall Law Review, and externed for the Honorable Gerald Burrell in the Eastern District of California. Ms. Bartholomew has published "The Portrayal of the Legal System in Young Adult Literature," 2 Davis J. of Juv. L. & Pol'y 17 (1998) and "Protecting Students' Fourth Amendment Rights: Alternatives to School Mandated Urinalysis," 4 Davis J. of Juv. L. & Pol'y 175 (2000).

Ms. Bartholomew is a member of the California bar and practiced in the San Francisco office.

**EXHIBIT   B**

## TIME REPORT - BAR/BRI LITIGATION (#2370)

**IN RE: BAR/BRI LITIGATION**
Firm Name: Finkelstein Thompson LLP
Time Period: Inception through August 31, 2009

| NAME | CUMULATIVE HOURS | HOURLY RATE | CUMULATIVE LODESTAR |
|---|---|---|---|
| Burton H. Finkelstein (P) | 185.90 | 825 | $153,367.50 |
| Douglas G. Thompson (P) | 10.40 | 825 | $8,580.00 |
| L. Kendall Satterfield (P) | 738.30 | 715 | $527,884.50 |
| William P. Butterfield (P) | 41.60 | 500 | $20,800.00 |
| Tracy D. Rezvani (P) | 24.90 | 605 | $15,064.50 |
| Rosemary M. Rivas (P) | 862.60 | 550 | $474,430.00 |
| Shannon P. Cereghino (A) | 7.80 | 375 | $2,925.00 |
| Hilary K. Ratway (A) | 28.00 | 375 | $10,500.00 |
| Christine Pedigo Bartholomew (A) | 645.00 | 450 | $290,250.00 |
| Michael G. McLellan (A) | 434.00 | 385 | $167,090.00 |
| Stan M. Doerrer (A) | 31.80 | 315 | $10,017.00 |
| Elisa P. Laird (A) | 44.00 | 325 | $14,300.00 |
| Shiva Sharifahmadian (A) | 7.90 | 275 | $2,172.50 |
| Laurance W. Frierson (PL) | 35.50 | 200 | $7,100.00 |
| Alyson M. Ratzburg (PL) | 159.40 | 150 | $23,910.00 |
| Valerie M. Foo (PL) | 74.20 | 125 | $9,275.00 |
| Sheeree I. Renwick (PL) | 24.18 | 220 | $5,319.60 |
| Sean T. Woosley (PL) | 6.70 | 200 | $1,340.00 |
| Law Clerks (CLK) | 154.20 | 150 | $23,130.00 |
| File Clerks (FIL) | 37.40 | 140 | $5,236.00 |
| Robert G. Garcia (F/A) | 5.40 | 440 | $2,376.00 |
| | | | |
| **TOTALS:** | 3,559.18 | | $1,775,067.60 |

212

**EXHIBIT 10**

1   Dan Drachler (*pro hac vice*)
    Email: ddrachler@zsz.com
2   **ZWERLING, SCHACHTER**
      **& ZWERLING, LLP**
3   1904 Third Avenue, Suite 1030
    Seattle, Washington 98101
4   Telephone:  (206) 223-2053
5   Facsimile:  (206) 343-9636
6
7   (Additional Counsel Listed on Signature Page)
8
9                  UNITED STATES DISTRICT COURT
10                CENTRAL DISTRICT OF CALIFORNIA
11
12   RYAN RODRIGUEZ, REENA B.           Case No. CV 05-3222 R(MCx)
     FRAILICH, LOREDANA NESCI,
13   JENNIFER BRAZEAL and LISA          DECLARATION OF DAN DRACHLER
     GINTZ, on behalf of themselves and IN SUPPORT OF ZWERLING
14   all others similarly situated,     SCHACHTER & ZWERLING LLP'S
                                        APPLICATION FOR AWARD OF
15           Plaintiffs,                ATTORNEYS' FEES AND
                                        REIMBURSEMET OF EXPENSES
16      vs.
17
18   WEST PUBLISHING
     CORPORATION, a Minnesota          Date:  November 2, 2009
19   Corporation dba BAR/BRI, and      Time:  10:00 a.m.
     KAPLAN, Inc., a Delaware          Place:  Courtroom 8
20   Corporation.
21
22
23           Defendants.
24   AND CONSOLIDATED ACTION
25
26
27
28

214

1          I, Dan Drachler, declare as follows:

2        1.    I am Of Counsel to Zwerling Schachter & Zwerling LLP.  I am submitting this Declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in the above action and the reimbursement of expenses incurred by my firm related to the prosecution of claims in the course of this litigation through August 31, 2009.

        2.    My firm was retained by Lorraine Rimson, a plaintiff in this action.  My firm's compensation for services rendered in this case was wholly contingent on the success of this litigation, and was wholly at risk.

        3.    A firm resume, including brief biographies of the attorneys who have worked on this case, is attached hereto as Exhibit "1."

        4.    During the period of time from inception through the present, my firm performed the following work on behalf of the class in connection with the prosecution of the litigation: factual investigation concerning the alleged conspiracy; legal research concerning potential claims; preparation of the initial class complaint; work on briefing, including the motion for class certification; preparation of named-plaintiffs for depositions; defense of named-plaintiff depositions;  preparation of witnesses for deposition; defense of witness deposition; assistance with general discovery issues, including responses to discovery demands, review of documents produced, including key documents and deposition transcripts, and preparation for sessions with special discovery master; preparation for court appearances including class certification, proposed notice plan, summary judgment and preliminary approval of settlement; research into notice administration firms; negotiations with defendants' counsel concerning class notice;

development of notice plan; liaison with class notice administrator; retention of computer forensic experts and work in conjunction with experts in connection with electronic database and electronic discovery issues, including preparation for deposition of defendants' IT witnesses and deposition of same; communications with named-plaintiffs concerning progress of litigation; trial preparation, including interviewing and selecting trial team specialists, preparation and review of trial documents, and preparation and presentation before a mock jury; participation in mediation sessions and extensive participation in settlement negotiations; research and negotiations concerning acceptable charitable organization for potential settlement distribution; extensive work with notice/claims administrator in setting up settlement website, notice and claims process; preparation of papers for final approval; preparation for court appearances in connection with final approval; extensive communications with class members in connection with final approval;  appearance and argument at final approval hearings; preparation for and participation in 9th Circuit mediation process; preparation of appellate papers; preparation for appellate argument; coordination of appeal with defendants' counsel; extensive work with claims administrator in connection with claims processing, website maintenance, addressing claimants' questions, drafting deficiency and final determination letters, and coordinating response to inquiries re same; preparation and participation in hearings on mandate; preparation of papers in connection with final distribution; and weekly conference calls with co-lead counsel to address outstanding issues related to the resolution of this action.

5.     All attorneys, legal assistants, and law clerks in my firm are instructed to maintain contemporaneous time records reflecting the time spent on this and other matters.

6.     The total number of hours spent on this litigation by my firm, as reported to Class Counsel through August 31, 2009 is 3,196.3 hours.  The total lodestar amount for attorney and paralegal time during the litigation is $1,701,896.00.

7.     The schedule attached hereto as Exhibit "2" is a summary indicating the amount of time spent by each attorney and paralegal of my firm who was involved in this litigation, and the lodestar calculation based on my firm's billing rates.  The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

8.     From inception through August 31, 2009 my firm has expended a total of $35,237.48 in non-reimbursed expenses in connection with the prosecution of this litigation.  These expenses are broken down as follows:

EXPENSES

| | | AMOUNT |
|---|---|---|
| Court Costs | $ | 190.41 |
| Commercial Copies | $ | 97.00 |
| Internal Reproduction/Copies | | 340.75 |
| Telephone/Fax/Email | | 1537.92 |
| Postage/Express Delivery/Messenger | | 218.61 |
| Professional Fees (Expert, Investigator, Accountant, etc.) | | 516.25 |
| Travel-Air Transportation, Travel, Meals, Lodging, etc. | | 31,928.90 |
| Clerical Overtime | | 47.64 |

DAN DRACHLER DEC ISO ZSZ LLP'S APP. FOR ATTORNEYS' FEES & EXPENSES
CASE NO. CV 05-3222

| | |
|---|---:|
| Miscellaneous/Other: PR Newswire | 360.00 |
| TOTAL EXPENSES: | $ 35,237.48 |

8.    The expenses incurred pertaining to this case are reflected in the books and records of this firm maintained in the ordinary course of business. These books and records are prepared from expense vouchers and check records and are an accurate record of expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

EXECUTED this 6th day of October, 2009 at Seattle, Washington.

DAN DRACHLER

**Zwerling, Schachter
& Zwerling, LLP**
1904 Third Avenue, Suite 1030
Seattle, WA  98101
(206) 223-2053

and

Robert S. Schachter
Paul Kleidman
Zwerling, Schachter & Zwerling, LLP
41 Madison Avenue, 32nd Floor
New York, NY  10010
(212) 223-3900

5

218

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Finkelstein Thompson LLP**
Rosemary M. Rivas
100 Bush Street, Suite 1450
San Francisco, CA  94104
(415) 398-8700

and

L. Kendall Satterfield
Michael G. McLellan
The Duvall Foundry
1050 30th Street NW
Washington, D.C.  20007
(202) 337-8000

McGuireWoods LLP
Sidney K. Kanazawa
Darrel Menthe
Tracy Evans-Moyer
1800 Century Park East, 8th Floor
Los Angeles, CA  90067
(310) 315-8200

**Attorneys for the Class**

DAN DRACHLER DEC ISO ZSZ LLP'S APP. FOR ATTORNEYS' FEES & EXPENSES
CASE NO. CV 05-3222

# EXHIBIT 1

**FIRM RESUME OF**
**ZWERLING, SCHACHTER & ZWERLING, LLP**

The firm of Zwerling, Schachter & Zwerling, LLP was formed on January 1, 1985 (the "Zwerling Firm"), and is currently involved in numerous class actions in the areas of securities fraud, consumer fraud, and antitrust litigation.

**Antitrust / Consumer Litigation**

The Zwerling Firm has acted or is presently acting as a lead counsel or member of an executive committee in numerous class actions involving antitrust claims and deceptive trade practices, including: *In Re Oxycontin Litigation*, S.D.N.Y., 04 MDL No. 1603; *In re Neurontin Antitrust Litigation*, D.N.J., MDL No. 1479; *In re Tamoxifen Antitrust Litigation*, E.D.N.Y., MDL No. 1408; *Karofsky v. Abbott Laboratories, et al.*, Case No. CV-95-1009 (as well as in 10 related cases in other state courts); *In Re Lorazepam and Clorazepate Antitrust Litigation*, D.D.C., MDL-1290 (TFH) (as well as in 11 related cases in state courts); *Newman v. DuPont Merck Pharmaceutical Company*, Sup. Ct. Cal., Case No. 788358; *In Re Ciprofloxacin Hydrochloride Antitrust Legislation*, E.D.N.Y., Master File No. CV-00-4428 MDL No. 1383; *Pickett v. Holland America Line*, 2000 WL 1141052 (Wash. App. Div. 1); *Latman v. Costa Cruise Lines*, N.V., 758 So.2d 699 (2000); *Renaissance Cruises, Inc. v. Glassman*, 738 So.2d 436 (1999) (as well as in 7 related cases in other state courts); *Garcia v. General Motors Corporation*, N.J. Sup. Ct., Docket No. L-4394-95; *In re Playmobil Antitrust Litigation*, E.D.N.Y., 95 Civ. 2896; and *Boni v. America Online Inc.*, Del. Ch., New Castle Co., 95-C-07 and *Feige v. America Online Inc.*, Sup. Ct., N.Y. Co., Index No. 118333/95) (as well as other related cases in state courts).

1

221

In the antitrust area, the firm is currently on the Steering Committee for plaintiffs in *In Re: Insurance Brokerage Antitrust Litigation*, D.N.J., MDL No. 1663 04-CV-5184 and 05-CV-5533 ("*Insurance Brokers*"). In *Insurance Brokers*, settlements totaling over $198 million have been reached with three of the many defendant groups. The Zwerling Firm is one of the three class counsel in *Rodriguez v. West Publishing Corporation*, C.D. Cal., Case No. 05-3222, where a $49 million settlement of antitrust claims was approved by the Court and affirmed by the Ninth Circuit Appeals on behalf of a class of law graduates enrolled in the BAR/BRI bar review courses.

The Zwerling Firm has also represented union health and welfare funds in litigation to recover damages for price-fixing and other anti-competitive behavior. Such actions have included: *In re Norvir Abbott Laboratories Antitrust Litigation*, N.D. Ca., Case No. 04-1511; *In Re Tamoxifen Citrate Antitrust Litigation*, E.D.N.Y., MDL No. 1408 (ILG); *Cirpo Cases I and II*, Judicial Council Coordination Proceeding Nos. 4154 and 4220, Sup. Ct. San Diego Co.

In *In re Norvir Abbott Laboratories Antitrust Litigation*, N.D.Ca., Case No. 04-1511, the Zwerling Firm represented the SEIU International Health Fund ("SEIU") against Abbott Laboratories in an action for monopoly leveraging under Section 2 of the Sherman Antitrust Act, as well as the California Unfair Competition law and state law unjust enrichment. In August, 2008, the parties reached a settlement whereby thirteen not-for-profit organizations shared almost $5 million in Cy Pres funds.

In *In Re Oxycontin Litigation*, S.D.N.Y., 04 MDL No. 1603, the Zwerling Firm represents Local 1199 National Benefit Fund and has been appointed third-party payor co-lead counsel. This matter challenges the monopoly pricing of Oxycontin, a pain killer, the patents for

which are in question. The matter is currently stayed pending the resolution of the underlying patent litigation.

The Zwerling Firm was appointed co-lead counsel for plaintiffs in numerous related indirect purchase actions brought against Mylan Laboratories, Inc. regarding injury to competition and monopolization, as well as price fixing. Those actions included an action in federal court, *In Re Lorazepam & Clorazepate Antitrust Litigation*, D.D.C., MDL-1290 (TFH) and resulted in settlements of over $100 million. The plaintiffs represented by the Zwerling Firm included several institutions, such as union health funds and private insurers.

The Zwerling Firm was co-lead counsel and a member of the Executive Committee in eleven actions filed against the major pharmaceutical manufacturers alleging violations of state antitrust laws for charging higher prices to consumers who purchased brand name prescription drugs from retail pharmacies. Those cases resulted in a $65 million settlement. The courts presiding over those cases have commented on the Zwerling Firm's expertise:

- I think the lawyering in this case is most commendable. I think that both sides have accorded themselves in a manner that allows us to be proud of the profession. . .

*Kerr v. Abbott Laboratories, et al.*, Case No. 96-2837, Transcript of Hearing at 16-17. (Dist. Ct. Hennepin Co., Minn., Nov. 24, 1998).

- this Court, in particular, has been helped along every step of the way by some outstanding lawyering . . . You can hardly say that there's been anything but five star attorneys involved in this case.

*Scholfield v. Abbott Laboratories, et al.*, Case No. 96 CV 460, Transcript of Hearing at 31 & 33. (Cir. Ct. Dane Co., Wisc., Oct. 5, 1998).

- I think the quality of counsel is excellent.

*McLaughlin v. Abbott Laboratories, et al.*, Case No. CV 95-0628, Transcript of Hearing at 28. (Super. Ct. Yavapai Co., Ariz., Oct. 28, 1998).

3

- I'll join my learned colleagues from this and other jurisdiction[s] in commending counsel in arriving at something that represents a great deal of hard work and a great deal of ingenuity in putting together a settlement of this magnitude and complexity, and especially the cost effective way in which this settlement is proposed to be distributed.

*Karofsky v. Abbott Laboratories, et al.*, Case No. CV-95-1009, Transcript of Hearing at 17. (Super. Ct. Cumberland Co., Maine, Dec. 2, 1998).

In addition, the Zwerling Firm represented consumers who were victims of overcharging in the sale of toys in *In re Playmobil Antitrust Litigation,* E.D.N.Y., 95 Civ. 2896. Judge Seybert complimented the work of Class Counsel, including the Zwerling Firm, stating in her opinion certifying the Class:

> As set forth in greater detail in the firm resumes...: (1) Zwerling, Schachter & Zwerling, LLP [and three other firms] ... all have extensive familiarity with the prosecution of complex litigations, class actions and specifically, antitrust litigations.... This is further borne out by counsels' submissions and conduct to date before this Court.

*In re Playmobil Antitrust Litigation*, 1998 WL 966003 at *13 (E.D.N.Y. Dec. 30, 1998).

In the area of deceptive trade practices, the Zwerling Firm was lead counsel in coordinated nationwide actions against the world's leading passenger cruise lines regarding their advertising practices concerning "port charges." (*Cicogna v. Royal Caribbean Cruises, Ltd.*, Cir. Ct. Dade Co. 96-08075; *Espinet v. Kloster Cruise Ltd.*, Cir. Ct. Dade Co. 96-08076; *Bellikoff v. Celebrity Cruises Inc.*, Cir. Ct. Dade Co. 96-08077; *Hackbarth v. Carnival Cruise Lines Inc.*, Cir. Ct. Dade Co. 96-08078; *Glassman v. Renaissance Cruises, Inc.*, Cir. Ct. Broward Co. 96-005490; *Pickett v. Holland America Line*, Sup. Ct., King Co. (Wash.) 96-2-10831 ("*Pickett*"), *Barton v. Princess Cruises Inc.*, Sup. Ct., L.A. Co. BC 148448); *Millheiser v. Dolphin Cruise Line*, Cir. Ct. Dade Co. 96-18146; *Latman v. Costa Cruise Lines N.V.*, Cir. Ct. Dade Co. 96-18139; and *Cronin v. Cunard Cruise Line*, Sup. Ct., N.Y. Co., 96-115899). These cases resulted

4

in settlements in excess of $100 million.  In *Pickett*, the Court complimented the Zwerling Firm by declaring that "[t]his has been litigated very professionally from the beginning to the end."

In addition, the Zwerling Firm was involved in cases regarding defective automobile brakes (*McGill v. General Motors Corp.*, Sup. Ct., Bronx Co., Index No. 15525-95) (related to *Garcia v. General Motors Corp.*, N.J. Sup. Ct., Docket No. L-4394-95) and defective pacemakers (*Gould v. Telectronics Pacing Systems*, S.D. Ohio, 95-726).

The Zwerling Firm was appointed Administrator for the General Motors Diesel Litigation Fund under the direction of Judge Henry Bramwell, District Judge, United States District Court, Eastern District of New York.

## Securities Litigation

The Zwerling Firm has acted or is presently acting as a lead counsel or as a member of an executive committee for plaintiffs in many securities related lawsuits, including: *In re Citigroup Auction Rate Securities Litigation*, S.D.N.Y. Civ. No. 1:08-CV-3139 (LTS); *In re NYMEX Holdings Shareholder Litigation*, Del. Ch. Ct., C.A. No. 3621 (VCN): *In re Vonage Initial Public Offering (IPO) Securities Litigation*, Civ. No. 07-177 (FLW) (D.N.J.); *In re BP Prudhoe Bay Royalty Trust Securities Litigation*, W.D. Wash. No. C06-1505 MJP; *Diana Allen Life Insurance Trust v. BP plc, et al.*, S.D.N.Y. Civ. No. 06-14209 (PJC); *In re First BanCorp Securities Litigation*, D.P.R. Civ. No. 3:05-cv-02148-PG; *Fox v. Levis, et al.*, S.D.N.Y. No. MD C 06-1506 (RO); *In re Silicon Image, Inc. Securities Litigation*, N.D. Cal. Master File No. C 05-00456 (MMC); *In re: Old Banc One Shareholders Securities Litigation*, N.D. Ill. Civ. No. 00C2100; *In re Network Associates Derivative Litigation*, Sup. Ct. Cal., Santa Clara Co., CV 781854; *In re Telxon Corporation Securities Litigation*, N.D. Ohio, 5:98-CV-2876; *Hayman v. PriceWaterhouseCoopers LLP*, N.D. Ohio 01-CV-1078; *In re Corrections Corporation*

5

*Shareholder Litigation,* Tennessee Chancery Ct., Master File No. 98-1257-iii; In *re Adaptec Inc. Derivative Litigation,* Sup. Ct. Cal., Santa Clara Co., CV 772590; In *re Pacific Scientific Securities Litigation,* C.D. Cal., No. SACV-96-1106-LHM(EEx); *Kaplan v. Prins Recycling Corp.,* D.N.J., 96 Civ. 2444; *In re Health Management Inc. Securities Litigation,* E.D.N.Y., 96 Civ. 889; *Weikel v. Tower Semiconductor, Ltd.,* D.N.J., 96 CV 03711; *In re Bennett Funding Group Inc. Securities Litigation,* S.D.N.Y., 96 Civ. 2583; *In re Horizon/CMS Healthcare Corporation Securities Litigation,* D.N.M.,   Master File No. 96-044 BB/LCS; *Rosenberg v. Stauth,* W.D. Okla., Civil Action No. 96-1808-M; *In re Solomon, et al. v. Armstrong,* Del. Ch. Ct., CA No. 13515 (the "GM/EDS Split-off Litigation"); *In re Archer Daniels Midland Company Derivative Litigation,* Del. Ch. Ct., Cons. C.A. No. 14403; *In Re American Pacific Securities Litigation,* D. Nev., CV-S-93-00576-PMP; *McNeil v. Austin,* Sup. Ct., N.Y. Co., Index No. 33189/91, *In Re Foodmaker/Jack-in-the-Box Securities Litigation,* W.D. Wash., No. C93-517WD; *In re Ames Department Stores, Inc. Stock Litigation,* D. Conn., 90-00027 (PCD); *In Re: General Development Corporation Securities Litigation,* S.D. Fla., 90-069; *In Re Republic Pictures Corporation Shareholders Litigation,* Del. Ch. Ct., C.A. No. 13122; *In Re Blockbuster Entertainment Corp. Shareholders Litigation,* Del. Ch. Ct., Civil Action No. 13319; *In re First Capital Holdings Corporation Financial Products Securities Litigation,* C.D. Cal., MDL No. 901; *In re New World Securities Litigation,* C.D. Cal., CV 88-06260; *In re Anchor Securities Litigation,* E.D.N.Y., 88 Civ. 3024; *3Com Corp. Securities Litigation,* N.D. Cal., C89-20480; *In re Par Pharmaceutical Derivative Litigation,* S.D.N.Y., 89 Civ. 5497 (RPP); *Fishbein v. Resorts International Inc.,* S.D.N.Y., 89 Civ. 6043 (MGC); *In re Bank of Boston Securities Litigation,* D. Mass., 89-2269-H; *In re Howard Savings Bank Securities Litigation,* D.N.J., 89-5131;  *Merrit v. Gulf States Utilities Co.,* E.D. Tex., B-86-574-CA.

6

226

In addition, the Zwerling Firm represents or has represented public employee pension funds and union pension funds in securities litigations, including: *In Re: Doral Financial Corp. Securities Litigation*, S.D.N.Y., Case No.: 1:05-md-1706 (RO); and *Clinton Charter Township Police and Fire Retirement Systems v. Donald. J. Reckler, et al.*, E.D.N.Y, Case No.: 03 CV 5008 (TCP).

The following is a representative sample of the complex securities claims which the Zwerling Firm has litigated:

·   *In re First BanCorp Securities Litigation*, D.P.R. Civ. No. 3:05-cv-02148-PG co-lead counsel in securities fraud class action involving sham mortgage sales transactions between Puerto Rico banks.  The Zwerling Firm achieved a $74.25 million settlement in less than eighteen months of litigation, which is pending court approval.

·   *Hayman v. PriceWaterhouseCoopers, LLP*, N.D. Ohio, 01-cv-1078 brought on behalf of investors in Telxon Corp. securities against the company's auditors for issuing false opinions on the company's financial statements.  The Zwerling Firm obtained a recommendation for a default judgment against PriceWaterhouseCoopers, LLP and subsequently settled the action for $27.9 million.

·   *In re Telxon Corp. Securities Litigation*, N.D. Ohio 5:98-cv-2876 a securities fraud class action where the Zwerling Firm, as sole lead counsel obtained a settlement of $40 million on behalf of investors.  Class members in the PriceWaterhouseCoopers and Telxon actions received over 70% of their losses in the two settlements.

·   *In re Corrections Corporation Shareholder Litigation*, Tennessee Chancery Ct., Master File No. No. 98-1257-iii - shareholder class action challenging a management-led buyout of public shareholders in exchange for shares in a publicly held REIT.

·   *In re Bennett Funding Group Inc. Securities Litigation*, S.D.N.Y., 96 CV 2583 - securities fraud class action involving the single largest alleged Ponzi scheme in the United States.  The Zwerling Firm has been on the Executive Committee which has successfully prosecuted the accountants, insurers, and sellers of the alleged fraudulent securities.

·   *In re Health Management Inc. Securities Litigation*, E.D.N.Y., 96 Civ. 889 - securities fraud class action alleging accounting fraud by the company and its auditors.  The Zwerling Firm was co-lead trial counsel in the first case tried pursuant to the Private Securities Litigation Reform Act of 1995.

7

227

·     *Rosenberg v. Stauth,* Civil Action No. 96-1808-M - shareholders' derivative action involving alleged improper business practices at Fleming Companies, Inc. in which the demand futility defense was successfully defeated.

·     *In re ICN/Viratek Securities Litigation,* S.D.N.Y., 87 Civ 4296 - securities fraud class action involving FDA sought approval of an HIV drug.

·     *McNeil v. Austin,* Index No. 33189/91 - shareholders' derivative action regarding the sale of defective nuclear containment systems by General Electric.

·     *In re Adaptec Inc. Derivative Litigation,* Master File No. CV 772590 and *In re Network Associates Derivative Litigation,* Superior Ct. Cal., Master File No. CV 781854 – shareholders' derivative lawsuits pursuant to California's insider trading statute to recover profits from the company's officers and directors.

·     *In re Ames Department Stores, Inc. Stock Litigation,* D. Conn., 90-00027 (PCD) - securities fraud class action in which the Second Circuit reaffirmed the scope of the "in connection with" requirement of the Securities Exchange Act §10(b).

Courts have commented favorably upon the expertise of the Zwerling Firm.     In appointing the firm as lead counsel in *In re Old Banc One Shareholders Securities Litigation,* N.D. Ill., 1:00-CV-2100, the Court noted that the "attorneys have extensive experience, many successes on their resumes, and have obtained sizable recoveries on behalf of their clients." Minute Order dated December 21, 2000.

In appointing it as lead counsel in *In re Telxon Corporation Securities Litigation,* N.D. Ohio, 5:98-CV-2876, the Court determined that the Zwerling Firm has "the requisite ability and expertise to prosecute and manage this litigation effectively."  Memorandum and Order entered August 25, 1999, p. 39.

As a member of a team of plaintiffs' trial counsel in *In re ICN/Viratek Securities Litigation,* S.D.N.Y., 87 Civ 4296, the Zwerling Firm was complimented by Judge Kimba Wood as having done a "superb job on behalf of the class.... This was a very hard fought case.  You had

8

228

very able, superb opponents, and they put you to your task.... The trial work was beautifully done
and I believe very efficiently done....”

In *In re Par Pharmaceutical, Inc. Derivative Litigation*, S.D.N.Y., 89 Civ 5742 (RPP),
Judge Patterson, in commenting on the Zwerling Firm, said “[they] acted skillfully and
resourcefully.... [The Zwerling Firm] exercised wisdom and judgment and negotiated a skillful
settlement with the defending company and with the officer and director/defendants.”  Slip Op.
dated June 12, 1992.

Chief Judge Weinstein, in the *Jack Eckerd Corporation* litigation (E.D.N.Y. 1986), and
Judge Charles P. Sifton in both *Golden v. Shulman* [1988 Transfer Binder] Fed. Sec. L. Rep.
(CCH) ¶94,060 (E.D.N.Y. 1988) and *Cagan v. Anchor Savings Bank, FSB*, [1990] Fed. Sec. L.
Rep. (CCH) ¶94,060 (E.D.N.Y. 1990) also commented favorably upon the Zwerling Firm.

One of the partners of the Zwerling Firm was appointed by former Chief Judge Browning
as Proof-of-Claim Counsel in connection with the loss analysis in *In re Washington Public
Power Supply System Securities Litigation*, MDL 551, in the United States District Court for the
District of Arizona.  In that matter, former United States District Judge Nicholas J. Bua, as
Special Master appointed by the Court, in commenting on one of the partners in the Zwerling
Firm, said: “I . . . find that the services of Mr. Schachter were efficiently and reasonably
performed by him personally....  Mr. Schachter specifically was appointed by the District Court
to serve as Claims Counsel....  It was not unreasonable for a senior partner like Mr. Schachter,
with his vast knowledge of the case, to directly oversee the claims administration process rather
than relying upon less knowledgeable junior attorneys.  The class received its money’s worth for
Mr. Schachter’s services....”

**Other Complex Litigation**

9

229

In *County of Nassau v. Hotels.com, L.P.*, E.D.N.Y., Case No. 2:06-cv-05724, the Zwerling Firm represents Nassau County (NY) in a class action seeking to recover unpaid taxes from internet-based hotel reservation companies on behalf of a class consisting of all New York counties and municipalities.

In addition, the Zwerling Firm has also represented union health and welfare funds in litigation against the tobacco industry. Those claims were for the excess costs incurred by the funds in providing health care to the members of their unions as a result of the fraudulent and deceptive practices of the tobacco companies *(Eastern States Health & Welfare Fund, et al. v. Philip Morris, Inc., et al.*, Sup. Ct. N.Y. Co., Index No. 97/603869).

The Zwerling Firm has been counsel in high profile constitutional and civil rights actions. In *Haley v. Pataki*, N.D.N.Y., 95-CIV 550, the firm obtained an order forcing the Governor of the State of New York to stop withholding salaries from legislative employees in an attempt to coerce members of the State Legislature to vote on his State budget. In a related case, *Dugan v. Pataki*, Sup. Ct., Kings Co., Index No. 16341/95, the Zwerling Firm obtained the same relief for the elected members of the State Legislature.

The Zwerling Firm has represented the New York City Council in *Mayor of the City of New York v. Council of the City of New York*, Sup. Ct., N.Y. Co., Index No. 402354/95, an action in which the Mayor challenged the legislative powers of the City Council in connection with the establishment of a board to review allegations of police corruption.

The Zwerling Firm also represented the Straphangers Campaign, a mass transit advocacy group, in *New York Urban League v. Metropolitan Transportation Authority*, 95-CIV-9001 (RPP), an action to compel the State of New York and the MTA to allocate transit subsidies in a manner which does not have a discriminatory impact on minority ridership in New York City.

10

230

The Zwerling Firm was an active member of the 9/11 Union Project where it provided legal representation *pro bono* for low income victims of the World Trade Center attacks and their families.

### Members of the Firm

#### Jeffrey C. Zwerling

Jeffrey C. Zwerling was admitted to the bar of the State of New York in 1972 and to the bar of the State of Arizona in 1981; he is admitted to the following federal courts: the United States District Court for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second Circuit. He received a Bachelor of Science degree with Honors from Lehigh University in 1968 and a Juris Doctor degree from Columbia University School of Law in 1971. He was Articles Editor of the Columbia Journal of Transnational Law. His professional affiliations include: New York State Bar Association, Association of the Bar of the City of New York, Nassau County Bar Association, and State Bar of Arizona.

On July 1, 1977, Mr. Zwerling founded the Law Offices of Jeffrey C. Zwerling; on January 1, 1985 that firm became Zwerling, Schachter & Zwerling, LLP. Prior to 1977, Mr. Zwerling was associated with the firms of Gasperini, Koch & Savage; Koch & Gluck; and Murray A. Gordon, P.C., with emphasis on civil litigation, real estate, general corporate and commercial matters. Mr. Zwerling has represented and advised the Uniformed Fire Officers Association in regard to its pension funds and annuity plans.

Mr. Zwerling has extensive experience in all phases of complex litigation, including jury and non-jury trials, mediation, expert discovery, and settlement negotiations. He has negotiated several innovative corporate governance and structural changes in the resolution of shareholders' complaints. He is highly knowledgeable about economic and finance issues. Mr. Zwerling co-

11

231

authored "The Dell Case:  The Doors To The Courts Close Further For Investors" in the Aspatore Special Report (Thomson Reuters/Aspatore 2008).

Mr. Zwerling is located in both the Zwerling Firm's New York and Long Island offices.

**Robert S. Schachter**

Robert S. Schachter was admitted to the bar of the State of New York in 1972; he is admitted to the following federal courts:  the United States District Court for the Southern and Eastern Districts of New York and the Central District of California, the United States Court of Appeals for the Second, Fifth and Ninth Circuits, and the Supreme Court of the United States. He received a Bachelor of Arts degree from Syracuse University in 1968 and a Juris Doctor degree from Brooklyn Law School in 1971.  His professional affiliations include:  The American Bar Association (Lecturer, Panels in Class Actions, 1980 and 1998) and the Second Circuit Federal Bar Council.  Mr. Schachter was a panelist at the Public Funds Summit (2002-2004), Investment Education Symposium sponsored by the Council of Louisiana Trustees (2002), and Fire & Police Pension Summit (2002).

Prior to the formation of the Zwerling Firm, Mr. Schachter was associated since 1973 with the firm now known as Labaton Sucharow & Rudoff LLP.  Mr. Schachter became a partner of that firm on January 1, 1978, concentrating in complex multi-district litigation.

Mr. Schachter has extensive experience in all phases of complex litigation.  He has been involved in many settlement negotiations, as well as the drafting of complex settlement documents, and has particular expertise in the administration of class settlements. Mr. Schachter has been instrumental in crafting novel settlements which have been applauded by courts in securities, as well as antitrust matters, including corporate governance issues.

12

Mr. Schachter is located in the Zwerling Firm's New York office.

**Robin F. Zwerling**

Robin F. Zwerling was admitted to the bar of the State of New York in 1976; she is admitted to the following federal courts:  the United States District Court for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second, Fourth and Seventh Circuits, and the Supreme Court of the United States.  She received a Bachelor of Arts degree *cum laude* from Jackson College of Tufts University in 1972, and a Juris Doctor degree from Georgetown University Law Center in 1975.  Her memberships include:  the American Bar Association, the National Institute of Trial Advocacy, the National Association of Securities and Commercial Law Attorneys, and the Second Circuit Federal Bar Council.  As a member of the Program Committee of the Second Circuit Federal Bar Council, Ms. Zwerling plans and coordinates Continuing Legal Education programs.

Ms. Zwerling has concentrated in litigation since her graduation from law school.  At that time, she became associated with Martin, Clearwater & Bell, becoming a partner in 1982 and remained there until the formation of the Zwerling Firm in 1985.  Ms. Zwerling has extensive experience in all phases of litigation, including trials and appellate arguments.  She has tried cases in both state and federal courts.  Ms. Zwerling successfully completed the National Institute of Trial Advocacy's Advanced Trial Practice course after having tried a number of cases.

Ms. Zwerling is located in the Zwerling Firm's New York office.

**Susan Salvetti**

13

233

Susan Salvetti was admitted to the bar of the State of New York in 1980; she is admitted to the following federal courts: the United States District Court for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit. She received a Bachelor of Arts degree *summa cum laude* from Thomas More College of Fordham University in 1976 and a Juris Doctor degree from Fordham University School of Law in 1979. Her memberships include: the American Bar Association, the New York State Bar Association – Committee Member of the Commercial and Federal Litigation Section on Class Actions, Who's Who in American Women, and Phi Beta Kappa. Ms. Salvetti authored the published *Report on Class Certification for Particular Issues Pursuant to Federal Rules of Civil Procedure 23(C)(4)(A)*, 12 NYLitigator 63 (2007).

Ms. Salvetti has concentrated in litigation throughout her career, becoming a partner of the Zwerling Firm on January 1, 1992. Prior to her association with the firm in 1985, she was associated with Martin, Clearwater & Bell. Prior to that time, Ms. Salvetti was associated with Newman, Tannenbaum, Helpern & Hirschtritt, a general practice firm.

Ms. Salvetti has extensive experience in all phases of complex litigation, including as trial counsel and complex discovery. She has taken numerous depositions, argued motions before courts, and has negotiated complicated settlements in both securities and consumer matters.

Ms. Salvetti is located in the Zwerling Firm's New York office.

**Richard A. Speirs**

Richard A. Speirs was admitted to the bar of the State of New York in 1986; he is admitted to the following federal courts: the United States District Court for the Southern and

14

234

Eastern Districts of New York, and the United States Courts of Appeals for the Second, Ninth and Tenth Circuits. He received a Bachelor of Arts degree *cum laude* from Brooklyn College of the City University of New York in 1976. Mr. Speirs received his Juris Doctor degree from Brooklyn Law School in 1985, where he was awarded the Order of the Coif and was the recipient of American Jurisprudence Awards in Conflicts of Law and Labor Law. He is a member of the New York State Bar Association and the Second Circuit Federal Bar Council. Mr. Speirs was a panelist at the Public Funds Summit in 2007.

Mr. Speirs became a partner of the firm on January 1, 2000. Prior to his association with the Zwerling Firm in 1997, Mr. Speirs was an associate of Bernstein Litowitz Berger & Grossmann LLP where he concentrated primarily in securities and class action litigation.

Mr. Speirs has extensive experience in all phases of complex litigation, including the investigation and analysis of potential matters and the development of electronic discovery requirements. He has conducted many depositions of both fact and expert witnesses and has acted as trial counsel.

Mr. Speirs is located in the both the Zwerling Firm's New York and Long Island offices.

15

235

## Senior Counsel

**Hillary Sobel**

Hillary Sobel was admitted to the bar of the State of New York in 1989; she is also admitted to the following federal courts: the United States District Court for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Fourth and Ninth Circuits. She received a Bachelor of Arts Degree from Barnard College of Columbia University in 1985, and a Juris Doctor degree from the Benjamin N. Cardozo School of Law of Yeshiva University in 1988, where she was Editor of the ILSA International Law Journal. Her memberships include: the American Bar Association.

Ms. Sobel has been involved in complex discovery, including responding to and drafting discovery requests, questioning fact and expert witnesses, as well as arguments before the court. She has also participated at trial, including witness questioning, as well as trial preparation.

Ms. Sobel is located in the Zwerling Firm's New York office.

**Stephen L. Brodsky**

Stephen L. Brodsky was admitted to the bar of the State of New York in 1994; he is also admitted to the United States District Court for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Third and Eighth Circuits. He received a Bachelor of Arts degree *summa cum laude* from the University of Pennsylvania in 1989, and a Juris Doctor degree from Columbia Law School in 1993, where he was a Harlan Fiske Stone Scholar and member of the Columbia Journal of Law and Social Problems. His memberships include: Phi Beta Kappa.

Mr. Brodsky has published "The Time is Right For Mid-Size Public Or Union Pension

16

236

Funds To Be Lead Plaintiffs in Securities Class Action," in Investment Management Weekly (Vol. 21, Issue No. 10, March 10, 2008); "Federal Courts in New York Provide Framework For Enforcing Preliminary Agreements," in the New York State Bar Association Journal (March/April 2001) and "Defending an Agent Against a Claim for Breach of Warranty of Authority," NYLitigator (Spring 2001).  He also co-authored "The Dell Case:  The Doors To The Courts Close Further For Investors" in the Aspatore Special Report (Thomson Reuters/Aspatore 2008).  Prior to joining the Zwerling Firm, Mr. Brodsky was associated with Sonnenschein Nath & Rosenthal, LLP.  Prior to joining the Zwerling Firm, Mr. Brodsky was associated with Sonnenschein Nath & Rosenthal, LLP.

Mr. Brodsky is located in the Zwerling Firm's New York office.

**Stephen J. Riegel**

Stephen J. Riegel was admitted to the bar of the State of New Jersey in 1984 and the bar of the State of New York in 1987; he is also admitted in the following federal courts:  the United States Court of Appeals for the Second Circuit, the United States District Courts for the Southern, Eastern and Western Districts of New York and for the District of New Jersey.  Mr. Riegel received a Bachelor of Arts degree *magna cum laude* from Princeton University in 1979, and a Juris Doctoris degree from Stanford University Law School in 1984.  From 1984 to 1986, he served as a law clerk to the Honorable Frederick B. Lacey and the Honorable Harold A. Ackerman, U.S. District Judges for the District of New Jersey.

Prior to joining the Zwerling Firm in 2009, Mr. Riegel was head of appellate litigation at the firm of Weitz & Luxenberg, P.C. for eight years.  Prior to that and for eleven years, he was an Assistant U.S. Attorney in the Eastern District of New York conducting a variety of

17

affirmative and defensive civil litigations involving the federal government, its agencies, officials and agents, as well as federal appellate practice.  Mr. Riegel is a member of the American Trial Lawyers Association and Phi Beta Kappa.

Mr. Riegel has concentrated in federal court litigation throughout his career, including the investigation and prosecution of lawsuits, pretrial discovery, motion practice, trial of cases, and appeals.  He has been involved in many high-profile cases, including representing securities investors before the U.S. Supreme Court in the seminal case *Basic Inc. v. Levinson*, 485 U.S. 224 (1988).

Mr. Riegel is located in the Zwerling Firm's New York office.

<u>**Associates of the Firm**</u>

<u>**Sona R. Shah**</u>

Sona R. Shah was admitted to the bar of the State of New Jersey in 1997, and to the bar of the State of New York in 1998; she is also admitted to the following federal courts: the United States District Court for the Southern and Eastern Districts of New York.  She received a Bachelor of Arts degree from New York University in 1994, and a Juris Doctor degree from Fordham University School of Law in 1997.  Her professional affiliations include:  the New York State Bar Association.

Prior to her association with the Zwerling Firm, Ms. Shah was associated with the Center for Constitutional Rights.

Ms. Shah is located in the Zwerling Firm's New York office.

18

238

**Shaye J. Fuchs**

Shaye J. Fuchs was admitted to the bar of the State of New Jersey in 1999 and to the bar of the State of New York in 2000; he is also admitted to the following federal courts: the United States District Court for the Southern and Eastern Districts of New York. He received a Bachelor of Arts degree *magna cum laude* from Queens College of the City University of New York in 1995, and a Juris Doctor degree from Brooklyn Law School in 1998. His memberships include: the American Bar Association, the New York County Lawyers Association, and Phi Beta Kappa.

Prior to his association with the Zwerling Firm, Mr. Fuchs interned at the New York Stock Exchange Enforcement Division and has been of counsel in securities class action lawsuits.

Mr. Fuchs is located in the Zwerling Firm's Long Island office.


**Justin M. Tarshis**

Justin M. Tarshis was admitted to the bar of the State of New York in 2003; he is also admitted to the United States District Court for the Southern and Eastern Districts of New York. He received a Bachelor of Science degree from the University of Wisconsin in 1999, and a Juris Doctor degree *cum laude* from Brooklyn Law School in 2002. While in law school, Mr. Tarshis was the recipient of the Samuel L. Sporn Academic Achievement Scholarship and the CALI Excellence for the Future Award in Civil Practice. In addition, Mr. Tarshis served as an intern to the Honorable Shira A. Scheindlin of the Southern District of New York, as well as an intern in the New York State Attorney General's Office.

Mr. Tarshis is located in the Zwerling Firm's New York office.

19

239

**Paul Kleidman**

Paul Kleidman was admitted to the bar of the State of New York in 2002; he is also admitted to the United States District Court for the Southern and Eastern Districts of New York. He received a Bachelor of Science degree from Boston University in 1998, and a Juris Doctor degree from the State University of New York at Buffalo School of Law in 2001. While in law school, Mr. Kleidman was the recipient of the Martin Feinrider Merit Scholarship. He served as Business Editor of the Buffalo Human Rights Law Review and was a Senior Member of the Jessup International Moot Court Board.

Prior to joining the Zwerling Firm, Mr. Kleidman was an Assistant Corporation Counsel in the General Litigation Division of the New York City Law Department. There, he worked on high profile class action lawsuits, including *Benjamin v. Horn* in the Southern District of New York.

Mr. Kleidman is located in the Zwerling Firm's New York office.

**Stephanie E. Kirwan**

Stephanie E. Kirwan was admitted to the bar of the State of New Jersey in 2004, and to the bar of the State of New York in 2005; she is also admitted to the following federal courts: the United States District Court for the District of New Jersey, and the United States District Court for the Southern and Eastern Districts of New York. She received a Bachelor of Arts degree from Tufts University in 2000, and a Juris Doctor degree *cum laude* from New York Law School in 2004, where she was an associate editor for the Law Review. Her professional associations include: the New York State Bar Association, the New York County Lawyers Association; and the New York State Trial Lawyers Association.

20

Prior to her association with the Zwerling Firm, Ms. Kirwan was associated with the Renzulli Law Firm where her practice concentrated in litigation.

Ms. Kirwan is located in the Zwerling Firm's New York office.


**David R. Kromm**

David R. Kromm was admitted to the bar of the State of New York in 2001. He received a Bachelor of Arts degree and graduated with Departmental Honors from Wheaton College in 1997, and a Juris Doctor degree from St. John's University School of Law in 2000, where he was Editor-in-Chief of the St. John's Journal of Legal Commentary. While in law school, Mr. Kromm served as an intern with the United States Attorney's Office, Southern District of New York. His professional affiliations include the New York State Bar Association.

Prior to his association with the Zwerling Firm, Mr. Kromm worked as a criminal trial prosecutor with the Office of the District Attorney, Bronx County (New York) for six years. As a prosecutor, he was lead counsel in approximately two dozen criminal trials.

Mr. Kromm is located in the Zwerling Firm's New York office.


**Ana Cabassa**

Ana Maria Cabassa was admitted to the bar of the State of New York in 2001 and to the bar of the District of Columbia in 2002; she is admitted to the following federal courts: the United States District Court for the District of Columbia, and the Tax Court. She received a Bachelor of Science degree in Accounting and Finance, *magna cum laude*, from Georgetown University in 1995 and a Juris Doctor degree from New York University, School of Law in 2000. She received the Thomas Stoddard Award for editing contributions to the Journal of Legislation

21

and Public Policy. Her professional affiliations include: American Bar Association and New York State Bar Association.

Ms. Cabassa is also a Certified Public Accountant.

Prior to her association with the Zwerling Firm, Ms. Cabassa was associated with Latham & Watkins, LLP, where she represented clients in antitrust, securities and complex commercial litigation matters.

Ms. Cabassa has extensive experience in all phases of complex litigation, including the investigation and analysis of potential matters and the development of electronic discovery requirements.

Ms. Cabassa is located in the Zwerling Firm's New York office.

<u>**Of Counsel**</u>

**<u>Dan Drachler</u>**

Dan Drachler was admitted to the bar of the State of New York in 1988; he is also admitted to the bar of the States of Washington, New Jersey and Minnesota; he is admitted to the following federal courts: the United States District Court for the Southern and Eastern Districts of New York, the United States District Court for the Western and Eastern Districts of Washington, the United States Court of Federal Claims, and the United States Court of Appeals for the Ninth and Federal Circuits. Mr. Drachler received a Bachelor of Arts degree *cum laude* from the University of South Carolina in 1980, and his Juris Doctor degree *cum laude* from New York Law School in 1987. At New York Law School, Mr. Drachler was a member of the law review and was a John Ben Snow Merit Scholar. His professional affiliations include: the American Bar Association, the Washington State Bar Association, the King County Bar

22

Association, and the National Association of Consumer Advocates.

Prior to joining the Zwerling Firm, Mr. Drachler served as Chief Deputy Attorney General for the State of New York. In that position, all litigation and investigations in the Antitrust and Consumer Protection Bureaus were subject to Mr. Drachler's review. Mr. Drachler also regularly counseled state agencies and the Governor's office regarding a variety of legal and non-legal matters. From 1987 to 1993, Mr. Drachler was an associate and then partner of Koppell, Drachler & Lipofsky. At that firm, he concentrated in general civil litigation, real estate, and trusts and estates.

Mr. Drachler was an Adjunct Professor at New York Law School from 1992-97. He taught "Negotiation, Counseling and Interviewing," a course designed to develop skills in counseling clients and conducting negotiations in simple and complex matters.

Mr. Drachler is located in the Zwerling Firm's Seattle office.

**Joseph Lipofsky**

Joseph Lipofsky was admitted to the bar of the State of New Jersey in 1972, and is also admitted to the bar of the States of New York, Missouri and Michigan; he is admitted to the following federal courts: the United States District Court for the Southern and Eastern Districts of New York, the District of New Jersey, the Eastern District of Missouri, the Eastern District of Michigan, and the Supreme Court of the United States. He received a Bachelor of Science degree from Rider College in 1969, and a Juris Doctor degree *cum laude* from Seton Hall University School of Law in 1972. His professional affiliations include: the American Bar Association; the New York State Bar Association, where he serves on the Executive Committee of the Antitrust Section; the National Lawyers Guild; and the National Association of Consumer

23

243

Advocates. He also serves as a Board Member for Brooklyn Legal Services Corporation A; and for the Sugar Law Center for Economic and Social Justice.

Prior to joining the Zwerling Firm, Mr. Lipofsky served as Deputy Counsel to the Attorney General of New York. In that capacity, he regularly counseled state agencies and the Governor's office regarding a variety of legal and non-legal matters. From 1991 to 1993, Mr. Lipofsky was counsel to the firm of Koppell & Drachler and then partner of Koppell, Drachler & Lipofsky. Prior to 1991, he served as an attorney and Executive Director with legal service programs in New Jersey, Missouri and Michigan, as well as with various labor unions including their ERISA funds.

Mr. Lipofsky is located in the Zwerling Firm's New York office.

**Jonathan Platnick**

Jonathan Platnick was admitted to the bar of the State of New York in 1979. Mr. Platnick received a Bachelor of Arts degree *magna cum laude* from The City University of New York 1971, and his Juris Doctor degree from the New York University School of Law in 1978.

His memberships include: Phi Beta Kappa.

Mr. Platnick is located in the Zwerling Firm's New York office.

**Lisa Holman**

Lisa Holman was admitted to the bar of the State of New York in 1998. She received a Bachelor of Arts degree from Cornell University in 1994, and a Juris Doctor degree from the University of Michigan Law School in 1997. Her memberships include the American Bar

24

Association and the New York State Bar Association.

Prior to joining the Zwerling Firm, Ms. Holman practiced corporate law and securities litigation with Goodkind Labaton Rudoff & Sucharow, LLP, now known as Labaton Sucharow & Rudoff LLP.

Ms. Holman is located in the Zwerling Firm's New York office.

N:\OG\RESUMES\MASTERS\Antitrust.doc

25

245

# EXHIBIT 2

# IN RE BAR/BRI ANTITRUST LITIGATION

**Firm Name: Zwerling, Schachter & Zwerling, LLP**
Period:        **Inception through 8/31/2009**

| NAME | HOURS | RATE | TOTAL LODESTAR |
|---|---|---|---|
| Jeffrey C. Zwerling (P) | 3.0 | $665 | $ 1,995 |
| Robert S. Schachter (P) | 268.5 | $665 | $ 178,553 |
| Susan Salvetti (P) | 30.9 | $635 | $ 19,622 |
| Richard Speirs (P) | 0.4 | $610 | $ 244 |
| Dan Drachler (C) | 2,373.4 | $550 | $ 1,305,370 |
| Joseph Lipofsky (C) | 35.7 | $550 | $ 19,635 |
| Hillary Sobel (SC) | 1.3 | $525 | $ 683 |
| Karl Zucconi (A) | 119.2 | $425 | $ 50,660 |
| Paul Kleidman (A) | 294.3 | $365 | $ 107,420 |
| Justin Tarshis (A) | 25.9 | $355 | $ 9,195 |
| Jayne C. Nykolyn (Pl) | 5.3 | $195 | $ 1,034 |
| Donald R. Lanier (Pl) | 6.7 | $195 | $ 1,307 |
| Willy T. Gonzalez (Pl) | 31.7 | $195 | $ 6,182 |
| **TOTAL** | **3,196.3** | | **$ 1,701,896** |

P = Partner
C = Of Counsel
SC = Senior Counsel
A = Associate
Pl = Paralegal

247