1  | Sidney K. Kanazawa (SBN 84608)
   | Email: skanazawa@mcguirewoods.com
2  | McGuireWoods LLP
   | 1800 Century Park East, 8th Floor
3  | Los Angeles, California 90067
   | Telephone: (310) 315-8200
4  | Facsimile: (310) 315-8210

5  | *Class Counsel*

6  | [Additional counsel listed on signature page]

7  | **UNITED STATES DISTRICT COURT**

8  | **CENTRAL DISTRICT OF CALIFORNIA**

9

10 | RYAN RODRIGUEZ, REENA B. | CASE NO. CV 05-3222 R(MCx)
   | FRAILICH, LOREDANA NESCI,
11 | JENNIFER BRAZEAL and LISA
   | GINTZ, on behalf of themselves and all | **REPLY IN FURTHER SUPPORT**
12 | others similarly situated, | **OF SETTLING CLASS**
   | | **PLAINTIFFS' NOTICE OF**
13 | Plaintiffs, | **MOTION AND MOTION FOR**
   | | **DISTRIBUTION OF THE NET**
14 | vs. | **SETTLEMENT FUND UPON THE**
   | | **OCCURRENCE OF THE**
15 | | **EFFECTIVE DATE AND FOR**
   | WEST PUBLISHING | **APPROVAL AND DISTRIBUTION**
16 | CORPORATION, a Minnesota | **OF ATTORNEYS' FEES AND**
   | Corporation dba BAR/BRI, and | **EXPENSES UPON THE**
17 | KAPLAN, INC., a Delaware | **OCCURRENCE OF THE**
   | corporation, | **EFFECTIVE DATE**
18 |
19 | Defendants.
20
21 | Hearing Date: November 2, 2009
22 | Time: 10:00 a.m.
   | Place: Courtroom 8
23
24 | AND CONSOLIDATED ACTION
25
26
27
28

1

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...............................................................................................1

II.  OBJECTORS MISREPRESENT THE MANDATE ........................................2

III.  THE NINTH CIRCUIT AFFIRMED THIS COURT'S FINDINGS THAT THE SETTLEMENT WAS FAIR, ADEQUATE, AND REASONABLE; THAT CLASS COUNSEL PROVIDED ADEQUATE REPRESENTATION; AND THAT THE INCENTIVE AWARDS CAUSED NO HARM TO THE CLASS .......................................2

IV.  OBJECTORS MISREPRESENT THE LAW ..................................................3

V.  OBJECTORS MISREPRESENT THE FACTS ................................................9

VI.  OBJECTORS MISREPRESENT CLASS COUNSEL'S FEE REQUEST ......................................................................................................10

VII.  OBJECTORS MISREPRESENT THE REASONABLENESS OF CLASS COUNSELS' FEE AND EXPENSES REQUEST .............................11

VIII.  CLASS COUNSEL'S STAFFING, HOURS AND RATES ARE APPROPRIATE ................................................................................................11

IX.  CONCLUSION ...............................................................................................14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Boeing Co. v. Van Gemert*
    444 U.S. 472 (1980)..........................................................................3

*Dennis v. Chang*
    611 F.2d 1302 (9th Cir. 1988) ...........................................................14

*Fischer v. S.J.B.-P.D. Inc.*
    214 F.3d 1115 (9th Cir. 2000) ...........................................................14

*Grant v. Martinez*
    973 F.2d 96 (2d. Cir. 1992) ...............................................................11

*In re American Bank Note Holographics, Inc.*
    127 F. Supp. 2d 418 (S.D.N.Y. 2001) ...............................................11

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*
    109 F.3d 602 (9th Cir. 1997) .............................................................11

*In re FPI/Agretech Securities Litigation*
    105 F.3d 469 (9th Cir. 1997) ..............................................................4

*In re Ins. Brokerage Antitrust Litigation*
    579 F.3d 241 (3rd Cir. 2009)..............................................................14

*In re Washington Public Power Supply System Securities Litigation*
    19 F.3d 1291 (9th Cir. 1994) .............................................................13

*Missouri v. Jenkins*
    491 U.S. 274 (1989)...........................................................................13

*Powers v. Eichen*
    229 F.3d 1249 (9th Cir. 2000) ...........................................................11

*Rodriguez v. West Publishing Corp.*
    563 F.3d 948 (2009) ....................................................................passim

*Six (6) Mexican Workers v. Arizona Citrus Growers*
    904 F.2d 1301 (9th Cir. 1990) ...........................................................11

3

*Spark v. MBNA Corp.*
  289 F. Supp. 2d 510 (D. Del. 2003) ............................................................12

*State of Florida v. Dunne*
  915 F.2d 542 (9th Cir. 1990) ......................................................................4

*Torrisi v. Tucson Elec. Power Co.*
  8 F.3d 1370 (9th Cir. 1993) .....................................................................11

*Trustees of the Central States v. Golden Nugget, Inc.*
  697 F. Supp. 1538 (C.D. Cal.1988) ...........................................................14

*Vizcaino v. Microsoft*
  290 F.3d 1043 (9th Cir. 2002) ..................................................................13

*Williams v. Alioto*
  625 F.2d 845 (9th Cir. 1980), cert. denied, 450 U.S. 1012 (1981) ...................14

*Winterrowd v. American General Annuity Ins. Co.*
  556 F.3d 815 (9th Cir. 2009) ....................................................................14

**CALIFORNIA CASES**

*Cal-Pak Delivery, Inc. v. United Parcel Service et al.*
  52 Cal.App.4th 1 (1997) ............................................................................6

*Drummond v. Temmerman, Desmarais & Phillips, LLP*
  2009 WL 1611281 (June 10, 2009) .............................................................7

*Frye v. Tenderloin Housing Clinic*
  38 Cal.4th 23 (2006) .................................................................................3

*Goldstein v. Lees*
  46 Cal.App.3d 614 (1975) ..........................................................................7

*Jeffry v. Pounds*
  67 Cal.App.3d 6 (1977) .............................................................................7

*Mardirossian v. Ersoff*
  153 Cal.App.4th 257 (2007) ................................................................3, 4, 6

*Pringle v. LaChappelle*
  73 Cal.App.4th 1000 (1999) ...........................................................3, 4, 5, 6

*Slovensky v. Friedman*
  142 Cal.App.4th 1518 (2005) .................................................................5

*Sullivan v. Dorsa*
  128 Cal.App.4th 974 (2005) ...............................................................5, 6

**OTHER AUTHORITIES**

California Rules of Professional Conduct Rule 1-100 .........................................5, 6

California Rules of Professional Conduct Rule 3-310 ...........................................4, 5

California Rules of Professional Conduct Rule 3-600 .............................................5

Fed. Rule Civ. P. Rule 23 ..........................................................................9

## I.   INTRODUCTION

The only issue raised by the Objectors[1] is whether Class Counsel[2] is entitled to the fees and expenses previously awarded by this Court.  No other timely objection has been raised to the proposed Distribution Order.[3]  As Settling Plaintiffs explain below, the Court's original award of attorneys' fees and expenses to Class Counsel was correct in all respects.  The factual record and the law simply do not support a forfeiture of attorneys' fees.  Further, the time and expenses that Class Counsel expended over the last two years were necessary to protect and further the interests of the Class and resulted from the Objectors' scorch-earth efforts to defeat the Settlement at the district court level and again before the Ninth Circuit Court of Appeals.  Accordingly, Settling Plaintiffs respectfully request that the Court grant their Motion for Distribution of the Net Settlement Fund Upon the Occurrence of the Effective Date and enter an Order reaffirming its prior fee award to Class Counsel to be distributed on the Effective Date.[4]

---

[1] Four different sets of Objectors have filed oppositions to this motion: (1) George Schneider, Jonathan M. Slomba, James Puntumapanitch, Justin Head, and Ryan Helfrich (the "Schneider Objectors"); (2) Aaron Lukoff, John Prendergast, and David Orange (the "Lukoff Objectors"); (3) David Feldman, Cameron Gharabiklou, Emily Grant, Jeff Lang, Sarah MacDonald, Cara Patton, Rachael Schwartz, and Greg Thomas (the "Feldman Objectors"); and (4) Robert Gaudet and Sandeep Gopalan (the "Gaudet Objectors").

[2] Unless otherwise stated all capitalized terms have the meaning ascribed to them in the Stipulation and Settlement Agreement dated February 2, 2008.

[3] An untimely opposition was emailed two days late on the afternoon of October 21, 2009 to present and former party counsel (including the deceased Eliot Disner) and some named class representatives (not all) by the Gaudet Objectors. Class Counsel objects to the Court's consideration of this untimely opposition and requests the Court disregard this opposition and deny these *pro per* attorneys standing to further appeal this case.

[4] Class Counsel is submitting a Revised [Proposed] Order attached hereto as "Exhibit 1" which clarifies that Class Counsel's request for the distribution of attorneys' fees to Class Counsel and certain Objectors, expenses to Class Counsel and payment to Rust is to take place on the occurrence of the Effective Date.  The only changes made to the [Proposed] Order lodged on October 9, 2009 are in the caption and on page 4, at lines 9, 12, 16 and 18, to clarify that distribution will take place on occurrence of the Effective Date.

10083395.1                                                           1
REPLY IN FURTHER SUPPORT OF SETTLING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF SETTLEMENT FUND
\10083395.1

6

## II.    OBJECTORS MISREPRESENT THE MANDATE

Many of the Objectors couch the reversal and remand of this Court's prior fee award to Class Counsel as a directive to this Court to change its fee award or to require a new fee application.  Not so.  The 9th Circuit instructed this Court to revisit "the effect, **if any**, of the conflict arising out of the incentive agreements on the request by class counsel for an attorney's fee award."  *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (2009) (emphasis added).[5]  With the term "if any," the Ninth Circuit declined to pass judgment on whether a forfeiture of fees was at all appropriate in this case.  Indeed, the Ninth Circuit explicitly stated: "We express **no opinion** on the impact of these principles on the fees request in this case."  *Id.* at 968 (emphasis added).

## III.   THE NINTH CIRCUIT AFFIRMED THIS COURT'S FINDINGS THAT THE SETTLEMENT WAS FAIR, ADEQUATE, AND REASONABLE; THAT CLASS COUNSEL PROVIDED ADEQUATE REPRESENTATION; AND THAT THE INCENTIVE AWARDS CAUSED NO HARM TO THE CLASS

In affirming the findings of this Court as to the fairness, adequacy, and reasonableness of the Settlement and the adequacy of Class Counsel, the Ninth Circuit expressly found Class Counsel caused *no harm* to the Class in any respect:

- "In this case, the negotiated amount is fair and reasonable no matter how you slice it."  *Rodriguez,* 563 F.3d at 966.

- "There is no evidence of fraud, overreaching, or collusion."  *Id.*

- "By any measure, this settlement is fair, adequate, and reasonable."  *Id.* at 968.

---

[5] This was not a throwaway line.  The Ninth Circuit repeated the instruction to "determine the effect, **if any**," three times in the last five paragraphs of its Opinion. *Rodriguez,* 563 F.3d at 968-69 (emphasis added).

10083395.1
2
REPLY IN FURTHER SUPPORT OF SETTLING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF SETTLEMENT FUND
\10083395.1

7

- "[W]e conclude that the presence of conflicted representatives was *harmless*. Similarly, the adequacy requirement for class counsel is satisfied." *Id.* at 961 (emphasis added).

The Ninth Circuit also recognized the vigorousness with which Class Counsel prosecuted this case and the risks they undertook without the guidance of a government investigation or other any other assistance. *Id.* at 966.

Such findings conclusively negate the Objectors' assertion that a conflict had any impact on the prosecution or outcome of the case, which is the test for forfeiture. *Mardirossian v. Ersoff*, 153 Cal.App.4th 257 (2007) (finding that the lack of harm is dispositive, not the existence of a conflict).

Under California Law, as set forth below, the findings of this Court and the Ninth Circuit preclude leveling a multimillion dollar sanction against Class Counsel in the form of a forfeiture of fees.[6]

## IV.   OBJECTORS MISREPRESENT THE LAW

California courts have repeatedly rejected the concept of an automatic forfeiture of fees in the event of a violation of the rules of professional responsibility and have instead imposed an equitable rule that requires both egregious conduct and a *harm* that cannot be remedied before fees will be forfeited.  *Mardirossian v. Ersoff*, 153 Cal.App.4th 257 (2007); *Pringle v. LaChappelle,* 73 Cal.App.4th 1000 (1999); *see also Frye v. Tenderloin Housing Clinic,* 38 Cal.4th 23 (2006) (denying disgorgement of statutory attorneys' fees for lack of harm).

The application of such equitable principles is particularly appropriate in a "common fund" class action, such as this, where equity is the entire basis for the award of attorneys' fees. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980);

---

[6] The Ninth Circuit explicitly ruled Finkelstein Thompson LLP ("Finkelstein Thompson") and Zwerling Schachter & Zwerling, LLP ("Zwerling Schachter") were "non-conflicted" in this matter. *Rodriguez*, 563 F.3d at 968.  Therefore, the Incentive Agreements have no effect whatsoever on those firms' attorneys' fees.

10083395.1
3
REPLY IN FURTHER SUPPORT OF SETTLING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF SETTLEMENT FUND
\10083395.1

8

1   *In re FPI/Agretech Securities Litigation,* 105 F.3d 469, 474 (9th Cir. 1997)

2   ("[A]ttorneys' fees in a class action… derive from principles of equity, not

3   contract").  In common fund cases, an award of Class Counsel's fees from the

4   common fund is "based on the equitable notion that those who have benefitted from

5   litigation should share in its costs" – including paying the attorneys who made the

6   recovery possible. *State of Florida v. Dunne,* 915 F.2d 542, 545 (9th Cir. 1990).

7        The Objectors – some of whom received attorneys' fee awards in this case

8   based on these very same equitable principles – distort the applicable case law in

9   their opposition to this motion for a final distribution.

10       To begin with, the Schneider Objectors misapprehend the holding of

11  *Mardirossian v. Ersoff, supra,* which governs here.  In *Mardirossian,* the reviewing

12  court declined to second-guess the trial court's determination of the existence of a

13  violation of Rule 3-310 because the violation would have been **harmless**.  The lack

14  of *harm* was dispositive. Whether the conflict was actual or potential was not

15  dispositive. *See id.* at 278 ("We review the trial court's determination as to the

16  existence of an actual or potential conflict and whether such conflicts are

17  sufficiently egregious to require forfeiture of fees[.]").  The *Mardirossian* Court

18  concluded, "[a]s the [trial] court observed, even if rule 3-310 were violated in this

19  instance, Ersoff has not shown the violation was particularly egregious or that he

20  was in any way prejudiced by it. Under the circumstances, we cannot say the trial

21  court abused its discretion in concluding it would be inequitable and an 'an unjust

22  enrichment' if Ersoff's attorney fee obligation were to be excused." *Id.* at 279.

23       The Schneider Objectors' analysis of *Pringle v. LaChappelle,* 73 Cal.App.4th

24  1000 (1999) is similarly misguided.   Just as objectors do here, LaChappelle sought

25  an automatic forfeiture of fees for breach of Rule 3-310.  The Court categorically

26  stated that automatic forfeiture is not the rule in California: "La Chapelle has not

27  cited a case standing for the proposition that a violation of a rule of professional

28

10083395.1                                                4
REPLY IN FURTHER SUPPORT OF SETTLING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF SETTLEMENT FUND
\10083395.1

9

1  conduct automatically precludes an attorney from obtaining fees.  Rules 3-310 and

2  3-600 do not so provide."  *Id.* at 1005.

3        Specifically, the *Pringle* court held that proving the rule violation by the

4  attorney should not lead to *post hoc* forfeiture of fees without first showing that

5  there was *harm* to the client and that the violation was sufficiently egregious.  *Id.* at

6  1006-07.  Thus, as in *Pringle,* the Schneider Objectors' analysis is backward.

7        The Schneider Objectors' attempt to distinguish *Slovensky v. Friedman,* 142

8  Cal.App.4th 1518 (2005) is also unavailing.  It is irrelevant whether the analysis is

9  being conducted in the context of a malpractice action or not; *Slovensky* stands

10  firmly for the proposition that there is no automatic forfeiture of fees just because

11  there is a conflict of interest.   Indeed, the *Slovensky* Court began its analysis with

12  the assumption that "for purposes of review, we accept as true plaintiff's allegations

13  in her complaint that defendants concealed and misrepresented material facts while

14  dealing with plaintiff, thus violating professional duties spelled out in rule 3-310 of

15  the California Rules of Professional Conduct."  *Id.* at 1534.  Despite that

16  assumption, the court declined to impose the sanction of fee forfeiture because the

17  conflict, while real, was found to have been ***harmless***.  *Id.* at 1536.

18        Here, the Ninth Circuit has already decided the issue of harm.  It expressly

19  found ***no harm*** to the Class and found that Class Counsel provided adequate

20  representation and achieved an excellent result for the Class.  *Id.* at 961.  The Lukoff

21  Objectors' statement that the conflict here is "not a harmless error" is ludicrous and

22  simply false, as a matter of law, in this case.  *Id.*

23        Equally ridiculous is the Lukoff Objectors' citation-less claim that Class

24  Counsel's reliance upon *Sullivan v. Dorsa,* 128 Cal.App.4th 974 (2005) is

25  "particularly misplaced, as that case involved a disputed fee awarded by the trial

26  court to law firms appointed to represent a referee, not as counsel for a party."

27  Lukoff Brief, 3:19-22.  A lawyer's professional responsibilities are not altered by the

28  person or entity an attorney represents.  *See* Cal. Rules. Prof. Conduct, Rule 1-100.

Indeed, Objectors cannot hide from the plain language of *Sullivan* which requires an egregious ethical violation before a fee can be forfeited. A "fee may be forfeited as sanction for **gross abuse** by the lawyer of obligations to the client, or other **serious violations** of the law of lawyering." *Id.* at 561 (emphasis added). Such a sanction is not warranted here where the Ninth Circuit expressly found:

- "In this case, the negotiated amount is fair and reasonable no matter how you slice it." *Rodriguez*, 563 F.3d at 966.

- "There is no evidence of fraud, overreaching, or collusion." *Id.*

- "By any measure, this settlement is fair, adequate, and reasonable." *Id.* at 968.

- "[W]e conclude that the presence of conflicted representatives was **harmless**. Similarly, the adequacy requirement for class counsel is satisfied." *Id.* at 961 (emphasis added).

The Schneider Objectors' reliance on *Cal-Pak Delivery, Inc. v. United Parcel Service et al.*, 52 Cal.App.4th 1 (1997) is also misplaced. The *Cal-Pak Delivery* case significantly predates the more recent decisions of *Pringle, Sullivan,* and *Mardirossian* and can be harmonized by observing that the conflict of interest found in *Cal-Pak* was truly egregious and harmful to the class. The attorney in *Cal-Pak* proposed that he would "provide UPS all of his work product and other documents concerning this action and related PUC proceedings. In return, [attorney] Khourie wanted UPS to pay $8 to $10 million to him personally; the class would receive nothing." *Cal-Pak,* 52 Cal.App.4th at 7. The Court further found that his actions would have a continuing destructive effect on the class. *Id.* at 12. No similar conduct or causal effect can be found here.

In a final effort to circumvent California law, the Schneider Objectors aver that the pertinent language in *Pringle* and *Sullivan* is all *dicta*. California courts disagree. Just this year, the California Court of Appeal (in an unpublished opinion) considered and rejected that view of *Pringle* with analysis that is instructive here:

REPLY IN FURTHER SUPPORT OF SETTLING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF SETTLEMENT FUND

1    It will be observed that all of these cases involved breaches of
2    the fundamental duties of fidelity and confidence, as reflected in the
3    rules against representing conflicting interests. None of them supports
4    the sweeping rule advocated by plaintiffs.

5                                         ***

6    Plaintiffs dismiss our discussion of the point [in Sullivan] as
7    "dicta," but make no attempt to show that it was ill-considered or
8    should not be followed here. Nor do they address the case on which we
9    principally relied, Pringle v. La Chapelle (1999) 73 Cal.App.4th
10   1000....[that] noted the absence of cited authority "standing for the
11   proposition that a violation of a rule of professional conduct
12   automatically precludes an attorney from obtaining fees." Id. at pp.
13   1005-1006.

14                                        ***

15   They necessarily rely upon a categorical, automatic rule that all
16   breaches of the rules of professional conduct will categorically forfeit
17   any contractual right to fees. We find no such rule[.]
18   *Drummond v. Temmerman, Desmarais & Phillips, LLP*, 2009 WL 1611281 *16-17
19   (June 10, 2009) (unpublished).   The *Drummond* Court distinguished the older
20   authorities cited by the Schneider Objectors with broader language (*Goldstein v.*
21   *Lees*, 46 Cal.App.3d 614  (1975), *Jeffry v. Pounds*, 67 Cal.App.3d 6 (1977)) noting
22   that these were all really tied to pronouncements about the gravity of the specific
23   acts of misconduct.  This analysis, while not itself of precedential value, is almost
24   certainly a correct statement of the current state of California law.
25   Finally, the cases relied upon by the Schneider Objectors concerning
26   prospective disqualification of attorneys are necessarily inapposite here as they
27   would yield a nonsensical, inequitable result.  No authority supports the notion of
28   the "retroactive disqualification" of Class Counsel as urged.  Obviously, the equities

10083395.1                                      7
REPLY IN FURTHER SUPPORT OF SETTLING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF SETTLEMENT FUND
\10083395.1

12

1  concerning prospective disqualification differ from the *post hoc* denial of fees for
2  work already performed.  The latter action is a sanction that requires the Court to
3  consider, first and foremost, the enormous amount of skilled legal work expended
4  by Class Counsel that produced an excellent result for the Class.  The Court had the
5  opportunity to consider disqualification more than two years ago, as Objectors
6  repeatedly urged at the time.  *See, e.g.*, Supplemental Objection and Response to
7  Supplemental Filing by Plaintiffs Re: Conflict of Interest, dated July 5, 2007 (docket
8  entry 409) at 7-17.  This Court declined, and the Ninth Circuit did not disagree.

9       Moreover, the work was indeed considerable and of great benefit to the Class,
10  as both this Court and the Ninth Circuit have held.  This case was settled within
11  days of the commencement of trial without the benefit of a government investigation
12  and after: a motion for class certification; multiple discovery and procedural
13  motions; extensive written and oral discovery; production and organization of more
14  than 400,000 pages of documents; complete briefing of Kaplan Inc.'s summary
15  judgment motion; preparation of pretrial memoranda and papers for trial; extensive
16  settlement negotiations; and preparation for trial.  But unlike other class actions, this
17  case also required sophisticated responses to multiple motions and interactions with
18  a knowledgeable and exceptionally inquisitive lawyer class.

19       Even after approval of the Settlement, Class Counsel was faced with multiple
20  appeals by lawyers and their lawyer clients that required an extraordinary legal
21  effort.  Objectors' reliance on Ninth Circuit interpretations of California law and
22  their own mischaracterizations of California precedents cannot hide the underlying
23  harmonizing principles of equity (and the absence of contrary California statutory or
24  case authority) that consistently reject an automatic forfeiture of fees and require an
25  egregious ethical violation and an uncompensated harm before fees are forfeited
26  under California law.  Since the Ninth Circuit expressly found "the presence of
27  conflicted representatives was harmless" and "the adequacy requirement for class
28

13

1 counsel is satisfied" there is no basis for a forfeiture of Class Counsels' fees in this

2 case under California law.

3 **V.    OBJECTORS MISREPRESENT THE FACTS**

4       Contrary to the Objectors' assertions, there was no finding by this Court or the

5 Ninth Circuit that Class Counsel "improperly concealed" from or "misrepresented"

6 or "misled" the unnamed Class members or the Court about the Incentive

7 Agreements.

8       In this Court's Opinion and Order, this Court acknowledged that "[a]pparently

9 . . . Defendants obtained a copy of the Incentive Agreement in April 2006." The

10 record before this Court and the Ninth Circuit also revealed that Defendants'

11 deposed the named plaintiffs about the Incentive Agreements before filing their

12 opposition to Plaintiff's Motion for Class Certification. *See* Supplemental

13 Declaration of Sidney K. Kanazawa in further support of Motion for Incentive

14 Awards to Class Plaintiffs (docket entry 413), Exhibit 1-7. Nothing was hidden.

15       When Defendants filed their opposition to the Motion for Class Certification,

16 they did not mention the Incentive Agreements and, apparently, did not think the

17 Incentive Agreements presented any serious ethical or fiduciary violations by Class

18 Counsel since the Incentive Agreements expressly provided that court approval was

19 required for any requested incentive award.

20       In its analysis of the incentive awards and review of Class Counsel's conduct,

21 this Court acknowledged that the law about incentive award agreements was not

22 settled, and there were articles suggesting that a written incentive agreement was

23 proper. *See* Opinion and Order dated September 10, 2007 ("Opinion and Order") at

24 27.

25       In a separate section of the opinion, this Court expressly found that "Class

26 Counsel fulfilled its fiduciary obligation to the Class as a whole and is adequate

27 under Rule 23." *Id.* at 20. The Ninth Circuit expressed a similar sentiment: "[W]e

28 conclude that the presence of conflicted representatives was harmless. Similarly, the

1   adequacy requirement for class counsel is satisfied." *Rodriguez*, 563 F.3d at 961.

2       There was no hiding or concealment or misleading conduct by Class Counsel.

3   The ethical concern articulated by this Court was in the context of "fee-sharing" and

4   "fee-splitting" with the Named Class Representatives and not based on any

5   intentional concealment or misrepresentation or conflict by Class Counsel.  Opinion

6   and Order at 29-32.

7   **VI.   OBJECTORS MISREPRESENT CLASS COUNSEL'S FEE REQUEST**

8       Despite Objectors' repeated accusations to the contrary, Class Counsel did

9   not, and does not seek compensation for time spent on litigating its own fee

10   application or any issues concerning the effect the incentive awards might have on

11   that fee.  *See* Class Counsel's Notice of Motion and Motion for Award of Attorneys'

12   Fees and Reimbursement of Expenses dated May 7, 2007 (docket entry 278) at 19,

13   fn 15.

14       Class Counsel only seeks only the reaffirmation of this Court's original fee

15   and expense award – "(1) [Class Counsels'] lodestar on the Effective Date (as

16   defined in the Settlement Agreement), enhanced by a multiplier of 1.75, but not to

17   exceed twenty-five percent of the Gross Settlement Fund on the Effective Date; and

18   (2) reimbursement of their expenses as of the Effective Date."  Order Granting Class

19   Counsel Attorneys' Fees and Reimbursement of Expenses at 5, ln 19-23.  As set

20   forth in the supplemental declarations submitted herewith, Class Counsel is not

21   seeking to be compensated for any work not directly benefitting the Class, including

22   work related to its application for fees.  *See* Supplemental Declaration of Sidney K.

23   Kanazawa at ¶¶ 4-5, Supplemental Declaration of Dan Drachler at ¶ 4, and

24   Supplemental Declaration of Rosemary Rivas at ¶ 5.

25       To allay any appearance of impropriety as to the tasks billed for and time

26   spent and the expenses incurred, Class Counsel has previously offered to provide the

27   Court with its detailed time and expense records and is still prepared to do so again

28   if the Court so desires.  *See* Declaration of Sidney K. Kanazawa in Support of Class

10083395.1
10
REPLY IN FURTHER SUPPORT OF SETTLING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF SETTLEMENT FUND
\10083395.1

15

1  Counsel's Motion for Award of Attorney's Fees and Reimbursement of Expenses

2  dated May 7, 2007 (docket entry 279) at Exhibit 2, ¶ 8, Exhibit 3, ¶ 6 and 4, ¶7 and

3  Declaration of Sidney Kanazawa in Support of Settling Class Plaintiffs' Notice of

4  Motion and Motion for Distribution of the Net Settlement Fund Upon the

5  Occurrence of the Effective Date and for Approval and Distribution of Attorneys'

6  Fees and Expenses at Exhibit 8, ¶8, Exhibit 9, ¶ 7, and Exhibit 10, ¶ 7.

7  **VII.  OBJECTORS MISREPRESENT THE REASONABLENESS OF**

8  **CLASS COUNSELS' FEE AND EXPENSES REQUEST**

9  The Court's fee award of Class Counsel's lodestar plus a multiplier of 1.75

10  (not to exceed 25% of the common fund) is an award well within the range of

11  reasonableness.  Indeed, a long list of Ninth Circuit cases treats 25% as the

12  benchmark for fee awards.  *See, e.g., Powers v. Eichen*, 229 F.3d 1249, 1257 (9th

13  Cir. 2000); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust*

14  *Litig.*, 109 F.3d 602, 607 (9th Cir. 1997); *Torrisi v. Tucscon Elec. Power Co.,* 8 F.3d

15  1370, 1376 (9th Cir. 1993); *Six (6) Mexican Workers v. Arizona Citrus Growers*,

16  904 F.2d 1301, 1311 (9th Cir. 1990).

17  In addition to attorneys' fees, unreimbursed expenses are routinely awarded.

18  *See, e.g. In re American Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 430

19  (S.D.N.Y. 2001).  The objections to these expenses are unfounded.

20  **VIII. CLASS COUNSEL'S STAFFING, HOURS AND RATES ARE**

21  **APPROPRIATE**

22  Several Objectors question the number of hours Class Counsel expended in

23  this case, the manner in which they staffed the case, their hourly rates, and the

24  absence of detailed time records.  These arguments rehash mostly the same

25  arguments made and rejected by this Court at final approval and should be rejected

26  again.

27  As to the lodestar incurred after May 7, 2007, it is settled that "time expended

28  defending [a] settlement" should be included in lodestar, *Grant v. Martinez*, 973

10083395.1                                                           11
REPLY IN FURTHER SUPPORT OF SETTLING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF SETTLEMENT FUND
\10083395.1

16

1   F.2d 96, 100 (2d. Cir. 1992), and the "risk inherent in defending [a] class action on

2   appeal" justifies a risk multiplier on that lodestar. *Spark v. MBNA Corp.*, 289 F.

3   Supp. 2d 510, 515 (D. Del. 2003).  Indeed, this Court's original fee order correctly

4   stated Class Counsel's fee award should include such time, with a 1.75 multiplier.

5   *See* Fee Order at 5.

6         The Objectors provide no valid reason for this Court to disregard this well-

7   settled precedent and alter its earlier conclusion.  Indeed, the Objectors fail to cite a

8   single case in support of their position, instead relying on the false and

9   unsubstantiated assertion that Class Counsel's work after May 1, 2007 was somehow

10  unnecessary and not beneficial to the Class.  In reality, that work was necessary to

11  protect the Settlement for the Class and administer the Settlement.

12        There is no question that the work required of Class Counsel to protect the

13  Settlement was complex and extensive, requiring the attention of senior attorneys

14  with experience in class action settlements at the district court and appellate level.

15        This complex and extensive work included: reviewing and responding to in

16  excess of twenty (20) written objections to the Settlement filed on behalf of

17  approximately 50 class members; drafting Court-ordered supplemental briefing; and

18  preparing for and appearing at two (2) separate hearings on final approval.  Class

19  Counsel's efforts succeeded: this Court granted final approval.

20        But the work did not stop there.  Several objectors then sought fees

21  aggregating approximately $800,000, again requiring Class Counsel to file

22  oppositions to protect the Class' interests.

23        Following final approval, multiple objectors appealed and filed six (6)

24  separate briefs in the Ninth Circuit.  Class Counsel was required to review and

25  respond to the briefs.  Again, senior attorneys were required to prepare for and argue

26  the appeal.  Senior attorneys additionally took part in an unsuccessful mediation

27  with the Objectors.  In short, the Objectors' efforts to defeat the Settlement failed

28

10083395.1                                    12
REPLY IN FURTHER SUPPORT OF SETTLING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF SETTLEMENT FUND
\10083395.1

17

1    and the Ninth Circuit ultimately held the "settlement . . . meets the standard for

2    approval by any measure."[7] *Rodriguez*, at 968.

3         Over this time period, Class Counsel also expended considerable time and

4    effort administering the Settlement.  In this regard, Class Counsel responded to

5    countless letters, emails, and telephone calls from claimants and conducted

6    numerous face to face meetings with claimants.  Kanazawa Decl. at ¶¶ 55-57.  Class

7    Counsel supervised the Claims Administrator to ensure that all claims were timely

8    and properly reviewed.  Class Counsel also worked with the Claims Administrator

9    to address over 40,000 deficient claims, which has been reduced to only 47

10   claimants who are currently asking for Court intervention.  Class Counsel also

11   ensured Class Members had accurate information and supervised claims processing.

12   *See* Kanazawa Decl. at ¶¶ 54, 57-58.

13        Such work was absolutely necessary and beneficial to the Class, and should

14   not go uncompensated.  Indeed, the lodestar incurred here compares extremely

15   favorably to lodestars incurred in similar class actions.  *See Vizcaino*, 290 F.3d at

16   1051 ($7,386,876 lodestar appropriate in 2002).

17        And, as to Class Counsel's use of current rates: it is settled law that a firm's

18   lodestar in class action contingency cases is calculated by reference to current rates

19   at the time of a fee award.  *In re Washington Public Power Supply System Securities*

20   *Litigation*, 19 F.3d 1291, 1305 (9th Cir. 1994).[8]  Thus, each of the three firms

21   properly submitted their lodestar from the inception of the case through August 31,

22

23        [7] The Ninth Circuit specifically noted the beneficial impact of Finkelstein
24   Thompson and Zwerling Schachter's participation in the case.  *Rodriguez*, 563 F.3d
     at 955.  Indeed, much of the hours Finkelstein Thompson and Zwerling Schachter
25   expended in this case after May 7, 2007 were spent defending the Settlement at the
     district court level and on appeal.

26        [8] This practice is meant to compensate continent firms for delay in payment.
     *See also Missouri v. Jenkins*, 491 U.S. 274, 281 (1989); *Vizcaino v. Microsoft*, 290
27   F.3d 1043, 1051 (9th Cir. 2002); *In re Washington Public Power Supply System*
     *Securities Litigation*, 19 F.3d 1291 (9th Cir. 2002).

28

1   2009 using their current rates.[9]   In any event, Class Counsel are seeking only a 1.43

2   multiplier on their time, a smaller multiplier than this Court awarded, effectively

3   nullifying Objectors' arguments.

4        Finally, it is well-settled that detailed time sheets are unnecessary.  On an

5   application for attorneys' fees, the Ninth Circuit requires only that that Class

6   Counsel submit affidavits sufficient for a court to consider all the factors necessary

7   to determine a reasonable attorneys' fee award.  *Dennis v. Chang*, 611 F.2d 1302,

8   1308 (9th Cir. 1988); *Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir. 1980), cert.

9   denied, 450 U.S. 1012 (1981); *Winterrowd v. American General Annuity Ins. Co.*,

10   556 F.3d 815, 827 (9th Cir. 2009); *Trustees of the Central States v. Golden Nugget,*

11   *Inc.*, 697 F. Supp. 1538, 1558-59 (C.D. Cal.1988).   There is no requirement in the

12   Ninth Circuit that a district court always examine contemporaneous time records

13   where attorneys' fees are sought.   Class counsel can meet its burden "by simply

14   listing [counsel's] hours and 'identify[ing] the general subject matter of his time

15   expenditures.'" *Fischer v. S.J.B.-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).

16   This Court's initial decision not to require detailed time sheets was entirely proper.

17   *See In re Ins. Brokerage Antitrust Litigation*, 579 F.3d 241, 284 (3rd Cir. 2009)

18   ("[D]espite the objectors' arguments to the contrary, it was not error for the District

19   Court to rely on time summaries instead of reviewing actual time records.")

20   **IX.   CONCLUSION**

21        Based on the foregoing, Settling Class Plaintiffs respectfully request that the

22   Court grant its motion, reaffirm its prior fee award, and enter the Revised

23

24   ─────────────────────

25   [9] Finkelstein Thompson had a rate increase in July 2007, which was not
reflected in the fee application submitted in May 2007.  In July 2009 – two years
later – Finkelstein Thompson readjusted their rates again, including the rate of

26   Rosemary M. Rivas, who was promoted from associate to partner.  Such rate
increases in the past two and a half years since the original fee application are not

27   surprising.  Thus, the increase in Finkelstein Thompson's lodestar is partly due to
these rate increases. *See* Declaration of Rosemary Rivas at ¶¶ 2-4, 6.

28

1  [Proposed] Order Granting Motion for Distribution of the Net Settlement Fund upon

2  the Occurrence of the Effective Date and for Approval and Distribution of

3  Attorneys' Fees and Expenses Upon the Occurrence of the Effective Date.

4

5  DATE:  October 26, 2009                    Respectfully submitted,

6
                                             **McGUIREWOODS LLP**
7

8                                            /s/  Sidney K. Kanazawa
                                             Sidney K. Kanazawa
9                                            Darrel C. Menthe
                                             Tracy Evans-Moyer
10                                           1800 Century Park East, 8th Floor
                                             Los Angeles, California 90067
11                                           Telephone: (310) 315-8200
                                             Facsimile: (310) 315-8210
12

13

14                                           **Finkelstein Thompson LLP**
                                             Rosemary M. Rivas
15                                           601 Montgomery Street, Suite 665
                                             San Francisco, California 94111
16                                           Telephone: (415) 398-8700
                                             Facsimile: (415) 398-8704
17

18                                           L. Kendall Satterfield
19                                           The Duvall Foundry
                                             1050 30th Street NW
20                                           Washington, D.C. 20007
                                             Telephone: (202) 337-8000
21                                           Facsimile: (202) 337-8090
22

23                                           **Zwerling, Schachter & Zwerling LLP**
24                                           Dan Drachler
                                             1904 Third Avenue, Suite 1030
25                                           Seattle, Washington 98101
                                             Telephone: (206) 223-2053
26                                           Facsimile: (206) 343-9636
27

28

10083395.1                              15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Robert S. Schachter
41 Madison Avenue
New York, New York 10010
Telephone: (212) 223-3900
Facsimile:  (212) 371-5969

Class Counsel

10083395.1

\10083395.1

16

REPLY IN FURTHER SUPPORT OF SETTLING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF SETTLEMENT FUND

**EXHIBIT 1**

1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

11   RYAN RODRIGUEZ, REENA B.              Case No. CV 05-3222 R(MCx)
     FRAILICH, LOREDANA NESCI,
12   JENNIFER BRAZEAL and LISA            The Honorable Manuel L. Real
     GINTZ, on behalf of themselves and all
13   others similarly situated,            **REVISED [PROPOSED] ORDER
                                           GRANTING SETTLING CLASS
14                                         PLAINTIFFS' MOTION FOR
                                           DISTRIBUTION OF NET
15           Plaintiffs,                   SETTLEMENT FUND UPON THE
                                           OCCURRENCE OF THE
16   vs.                                   EFFECTIVE DATE AND FOR
                                           APPROVAL AND DISTRIBUTION
17                                         OF ATTORNEYS' FEES AND
                                           EXPENSES ON THE EFFECTIVE
18   WEST PUBLISHING CORPORATION,          DATE**
     a Minnesota Corporation dba BAR/BRI
19   and KAPLAN, Inc., a Delaware          Date:        November 2, 2009
     Corporation.                          Time:        10:00 a.m.
20                                         Place:       Courtroom 8
21
22           Defendants.
23   AND CONSOLIDATED ACTION
24
25
26
27
28

1

**REVISED [PROPOSED] ORDER GRANTING SETTLING CLASS PLAINTIFFS' MOTION FOR
DISTRIBUTION OF NET SETTLEMENT FUND
CASE NO. CV 05-3222**

\10094802.1

23

1  **WHEREAS**, on September 10, 2007, this Court finally approved the

2  parties' Stipulation and Settlement Agreement and entered (1) a Final Order and

3  Judgment Approving Settlement, and (2) an Order Granting Class Counsel

4  Attorneys' Fees and Reimbursement of Expenses ("Fee Award");

5  **WHEREAS**, all capitalized phrases herein shall have the same meaning as

6  those in the Stipulation and Settlement Agreement, dated February 2, 2007;

7  **WHEREAS**, on April 23, 2009, the Ninth Circuit Court of Appeals affirmed

8  this Court's approval of the Settlement, but remanded Class Counsel's award of

9  attorneys' fees "for consideration of the effect, if any" of certain incentive

10  agreements entered into by one of the three firms serving as Class Counsel and five

11  of the seven Class Representatives;

12  **WHEREAS**, the claims administration process, with respect to calculating

13  the method to distribute the Net Settlement Fund, has come to a close;

14  **WHEREAS**, this Court finds that the Claims Administrator followed the

15  procedures for identifying the Authorized Claimants;

16  **WHEREAS**, distribution of the Net Settlement Fund will therefore be

17  appropriate upon the Effective Date of the Settlement;

18  **WHEREAS**, this Court has also considered the effect of the incentive

19  agreements on the Fee Award;

20  **WHEREAS**, this Court reaffirms the Fee Award and approves an award of

21  attorneys' fees to Class Counsel in the amount of $12,725,016;

22  **WHEREAS**, this Court approves an award of $1,637,240 to Class Counsel

23  to reimburse them for the unreimbursed expenses they incurred in this Action;

24  **NOW, THEREFORE**, upon consideration of the Settling Class Plaintiffs'

25  Motion for Distribution of the Net Settlement Fund Upon the Occurrence of the

26  Effective Date and for Approval of Attorneys' Fees and Reimbursement of

27  Expenses, including the accompanying Memorandum of Points and Authorities,

28  the Declaration of Sidney K. Kanazawa and attached exhibits, the Declaration of

2

**REVISED [PROPOSED] ORDER GRANTING SETTLING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF NET SETTLEMENT FUND**
**CASE NO. CV 05-3222**

\10094802.1

24

1  Eric J. Miller, the Requests by Claimants for Review of Claims Determinations,

2  and upon all prior proceedings herein and after due deliberation, it is hereby

3       **ORDERED**, that the administrative determinations of the Claims

4  Administrator accepting the claims submitted with and described in the Eric J.

5  Miller Declaration, including claims submitted after September 17, 2007, through

6  and including August 18, 2009, are hereby approved, and said claims are hereby

7  accepted; and it is further

8       **ORDERED**, that the determinations of the Claims Administrator rejecting

9  the claims as set forth in the Eric J. Miller Declaration and the Requests by

10  Claimants for Review of Claims Determination, are hereby approved, and said

11  claims are hereby rejected; and it is further

12       **ORDERED**, that the Net Settlement Fund shall, upon the Effective Date of

13  the Settlement, be distributed to the Authorized Claimants whose claims have been

14  accepted as set forth in the Miller Declaration in proportion to their respective

15  Recognized Claims; and it is further

16       **ORDERED**, that the payments to be distributed to the Authorized Claimants

17  shall bear the notations "CASH PROMPTLY, VOID AND SUBJECT TO RE-

18  DISTRIBUTION 180 DAYS AFTER ISSUE DATE;" and it is further

19       **ORDERED**, that all persons involved in the review, verification,

20  calculation, tabulation, or any other aspect of the processing of the Proofs of

21  Claims submitted herein, or otherwise involved in the administration or taxation of

22  the Settlement Fund or the Net Settlement Fund are released and discharged from

23  any and all claims arising out of such involvement, and all Class Members,

24  whether or not they are to receive payment from the Settlement Fund, are barred

25  from making any further claim against the Settlement Fund or the released persons

26  beyond the amount allocated to them pursuant to this Order; and it is further

27       **ORDERED**, that the Claims Administrator is hereby authorized to discard

28  paper or hard copies of the Proofs of Claims and supporting documents not less

3

**REVISED [PROPOSED] ORDER GRANTING SETTLING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF NET SETTLEMENT FUND CASE NO. CV 05-3222**

\10094802.1

1   than one year after the initial distribution of the Net Settlement Fund to the eligible

2   claimants and electronic or magnetic media data not less than three years after the

3   initial distribution of the Net Settlement Fund to the eligible claimants; and it is

4   further

5        **ORDERED**, that no claim submitted, and no deficient claim corrected, after

6   August 18, 2009 may be accepted for any reason whatsoever; and it is further

7        **ORDERED**, that Class Counsel are hereby granted an award of attorneys'

8   fees in the amount of $12,725,016 to be paid from the Gross Settlement Fund to be

9   distributed on the Effective Date; and it is further

10       **ORDERED**, that Class Counsel are granted $1,637,240 as reimbursement of

11  reasonable expenses incurred in connection with the Settlement, to be paid from

12  the Gross Settlement Fund on the Effective Date; and it is further

13       **ORDERED,** that the objectors represented by John William Davis, are

14  granted $8,125.00, and the objectors represented by C. Benjamin Nutley, are

15  granted $8,125.00, for a total award of $16,250.00, to be paid from the Gross

16  Settlement Fund on the Effective Date; and it is further

17       **ORDERED,** that Rust Consulting, Inc. be paid the sum of $252,236.64 from

18  the Gross Settlement Fund on the Effective Date for the balance of its fees and

19  expenses incurred and the amounts estimated to be incurred in connection with the

20  services performed and to be performed in giving notice to the Class, preparing tax

21  returns for the Settlement Fund, processing the Proofs of Claim, and administering

22  and distributing the Settlement Fund; and it is further

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**REVISED [PROPOSED] ORDER GRANTING SETTLING CLASS PLAINTIFFS' MOTION FOR
DISTRIBUTION OF NET SETTLEMENT FUND
CASE NO. CV 05-3222**

\10094802.1

1    **ORDERED**, that this Court retains jurisdiction over any further application

2    or matter which may arise in connection with the Action.

3    **IT IS SO ORDERED.**

4

5    Dated: _____    _____

6    The Honorable Manuel L. Real
     United States District Judge

7

8    Submitted by:

9

10   _____

11   Sidney K. Kanazawa (SBN 84068)

12   **McGUIREWOODS LLP**
     1800 Century Park East, 8th Floor

13   Los Angeles, California 90067
     Telephone: (310) 315-8200

14   Facsimile: (310) 315-8210

15   Dan Drachler (*Pro Hac Vice*)
     **ZWERLING, SCHACHTER & ZWERLING, LLP**

16   1904 Third Avenue, Suite 1030
     Seattle, Washington 98101

17   Telephone: (206) 223-2053
     Facsimile: (206) 343-9631

18

19   Rosemary M. Rivas (SBN 209147)
     **FINKELSTEIN THOMPSON LLP**

20   100 Bush Street, Suite 1450
     San Francisco, California 94104

21   Telephone: (415) 398-8700
     Facsimile: (415) 398-8704

22

23   Class Counsel

24

25

26

27

28

5

**REVISED [PROPOSED] ORDER GRANTING SETTLING CLASS PLAINTIFFS' MOTION FOR
DISTRIBUTION OF NET SETTLEMENT FUND
CASE NO. CV 05-3222**

\10094802.1

27