Robert Gaudet, Jr. (*pro per*)
robert@rjgaudet.com
Valkenboslaan 107
2563CH The Hague
The Netherlands
Tel. 206-332-1745
Fax: (866) 333-1484

Sandeep Gopalan (*pro per*)
sandeepgopalan@hotmail.com
P.O. Box 877906
Tempe, AZ 85287-7906
Tel. (480) 636-0710
Fax: (866) 333-1484



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

-------------------------------------------------------x

RYAN RODRIGUEZ, REENA B.
FRAILICH, LOREDANA NESCI,
JENNIFER BRAZEAL, and LISA
GINTZ, on behalf of themselves and all
others similarly situated,

                        Plaintiffs,

    v.

WEST PUBLISHING CORP., a
Minnesota corp. d/b/a BAR/BRI, and
KAPLAN, INC., a Delaware corp.,

                     Defendants

-------------------------------------------------------x

CASE NO. CV-05-3222 R(MCx)

**OPPOSITION TO CLASS
COUNSEL'S TIME SHEETS &
EXPENSES**

Date: December 7, 2009
Time: 10:00 am
Courtroom: 8
Judge: Hon. Manuel Real

# TABLE OF CONTENTS

Page

FACTS ................................................................................................ 2

ARGUMENT..................................................................................... 6

I. Because Class Counsel Can Only Receive Payment For Work Performed on Behalf of the Class, They Cannot Be Paid For Pursuing Their Own Fees Or Working on the Separate "Park Action"................................................................. 6

A.   Class Counsel's Lodestar Should Be Reduced By Ten Percent........................... 6

B.   Class Counsel May Not Recover Fees For Appeals Or Other Work Done In Pursuit of Attorney's Fees.................................................................. 8

C.   The Zwerling Firm Cannot Receive Payment For Work Done In the Separate "Park Action" Cited In Their Time Sheets .........................................11

II.   The Court Must Reduce Hourly Rates to Prevailing Market Rates, or Eliminate the 1.75 Risk Multiplier, And Reduce $18,000/Month Computer Research Expenses ................................................................................13

III.  McGuireWoods Should Not Be Rewarded With Millions of Dollars For Providing Ethically Conflicted Representation.................................................18

CONCLUSION ........................................................................................19

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Aspex Eyewear, Inc. v. Cheuk Ho Optical Intern. Ltd.*, 2008 WL 4549118 (S.D.N.Y. Oct. 8, 2008) ............................................................................................................16

*Bell v. Clackamas County*, 341 F.3d 858 (9th Cir. 2003) ...........................................13

*Blecher & Collins P.C. v. Northwest Airlines, Inc.*, 858 F.Supp. 1442, 1457 (C.D. Cal. 1994) ............................................................................................................19

*Blum v. Stenson*, 465 U.S. 996 (1984) .........................................................................17

*Bulger v. Commissioner of Internal Revenue*, 2005 WL 1427315 (U.S. Tax Ct., June 20, 2005) ............................................................................................................15

*Camacho v. Bridgeport Financial, Inc.*, 2008 WL 2951290 (N.D. Cal. July 24, 2008) ........................................................................................................................14

*Cornhusker Cas. Ins. Co. v. Kachman*, 2009 WL 2853119 (W.D. Wash. Sept. 1, 2009) ......................................................................................................................15

*County of Suffolk v Long Island Lighting Co.*, 907 F.2d 1295 (2d Cir. 1990) ............. 8

*Demitro v. GMAC*, 388 Ill.App.3d 15, 23; 902 N.E.2d 1163 (Ill. App. Ct. 1 Dist. 2009) ......................................................................................................................16

*Eklund v. City of Seattle*, 2009 WL 1884402 (W.D. Wash. June 30, 2009) ...............15

*Fischel v. Equitable Life Assur. Society of U.S.*, 307 F.3d 997 (9th Cir. 2002) ..........13

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .......................................................7, 13, 14

*Imaginary Images Inc. v. Evans*, 2009 WL 2488004 (E.D. Va. Aug. 12, 2009) ........15

*In re Cendant Corp. Securities Litig.*, 404 F.3d 173 (3d Cir. 2005) ....................10, 12

*Insinga v. Cooperatieve Centrale Raiffeisen Boerenleenbank B.A.*, 478 F.Supp.2d 508 (S.D.N.Y. 2007) ..............................................................................................16, 17

*Johnson v. Georgia-Pacific Corp.*, 2009 WL 3190343 (W.D. Wash. Sept. 30 2009) ................................................................................................................11, 15

*JP ex rel. Peterson v. County School Bd. of Hanover County, Va.*, 641 F.Supp.2d 499 (E.D. Va. 2009) ....................................................................................................15

*Kahil v. Original Old Homestead Restaurant, Inc.*, 2009 WL 3103846 (S.D.N.Y. Sept. 30, 2009) ....................................................................................................16

*Kittok v. Ralphs Grocery Co.*, 2009 WL 2603096 (C.D. Cal. Aug. 24, 2009) ...........15

*Lewis v. Anderson*, 692 F.2d 1267, 1270 (9th Cir. 1982) ........................................... 6

*Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 165 (3d Cir. 1973) ("Lindy I") ............................................6, 7, 8, 13

*Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir. 1976) ("Lindy II") .........................................................9, 14

*Mardirossian v. Guardian Life Ins. Co. of America*, 457 F.Supp.2d 1038 (C.D. Cal. 2006) ......................................................................................................................15

iii

**Opposition to Class Counsel's Time Sheets & Expenses**

*Matsushita Elec. Indus. Co., Ltd. v. Epstein,* 516 U.S. 367 (1996) .............................10

*Matter of Superior Beverage/Glass Container Consol. Pretrial,* 133 F.R.D. 119 (N.D. Ill. 1990) ......................................................................................................... 7

*Mills v. Electric Auto-Lite Co.,* 396 U.S. 375 (1970)...............................................10

*New York Dist. Council of Carpenters Pension Fun v. Perimeter Interiors, Inc.,* 2009 WL 2486009 (S.D.N.Y. Aug. 13, 2009).........................................................16, 17

*Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1156 (8th Cir. 1999) ...............................18

*Phillips v. Brink's Co.,* 2009 WL 3681835 (W.D. Va. Oct. 31, 2009) .......................15

*Scott v. City of New York,* No. 02-civ-9530 (S.D.N.Y. Aug. 25, 2009)............7, 14, 15

*Serrano v. Unruh,* 186 Cal.Rptr. 754; 652 P.2d 985; 32 Cal.3d 621 (Cal. 1982) ........ 8

*Shah v. County of Los Angeles,* 2008 WL 3928230 (C.D. Cal. Aug. 18, 2008) .........15

*Trustees v. Greenough,* 105 U.S. 527 (1881) .................................................6, 10, 11

## **Rules**

Fed. R. Civ. P. 23(h)(2).................................................................................. 1

## **Miscellaneous**

Samantha Stainburn, *Rising salaries for new lawyers drive up legal fees,* Crain's Det. Business 17, 2008 WLNR 9369102 (May 12, 2008)...............................................18

iv

Robert J. Gaudet, Jr. and Sandeep Gopalan hereby oppose Class Counsel's request for fees, costs, and expenses, entered as Dkt. 605 (Declaration of Darrel C. Menthe In Further Support of McGuireWoods LLP's Application for Award of Attorneys' Fees and Reimbursement of Expense) (hereinafter "McGuireWoods Request"), Dkt. 604 (Declaration of Rosemary M. Rivas In Further Support of Finkelstein Thompson LLP's Application For Award of Attorneys' Fees and Reimbursement of Expenses) (hereinafter "Finkelstein Request"), and Dkt. 603 (Declaration of Dan Drachler In Support of Zwerling Schachter & Zwerling LLP's Application For Award of Attorneys' Fees and Reimbursement of Expenses) (hereinafter "Zwerling Request")).

In short, Class Counsel may not be compensated (1) for legal representation provided at a time of actual ethical conflict with respect to McGuireWoods LLP or (2) with hourly rates that are in excess of the prevailing market rates for their respective regions or (3) for time spent applying for, and arguing on appeal to preserve, their own attorney's fees because such work provided no benefit to the class or (4) for unreasonable expenses such as $18,000/month legal research bills when they most likely pay lower monthly rates for the service. We submit these objections pursuant to Fed. R. Civ. P. 23(h)(2) ("A class member, or a party from whom payment is sought, may object to the motion [for attorney's fees]") to protect the Class settlement fund from withdrawals for payment of unreasonable attorney's fees, costs and expenses. Due to prohibitively expensive travel costs from the Netherlands

**Opposition to Class Counsel's Time Sheets & Expenses**

and Ireland, where we respectively reside, we cannot attend the hearing and ask the Court to consider our written objections as submitted.

### FACTS

On November 2, 2009, this Court held a hearing with regard to Class Counsel's motion for attorney's fees and entered a Minute Order (Dkt. 601) requiring Class Counsel to submit time sheets no later than Friday, November 13, 2009 and requiring Class members to submit objections to no later than five days afterwards on November 18.  On November 13, the Finkelstein firm entered the Finkelstein Request on the Court's docket in which they reported 3,559.18 hours with a lodestar of $1,775,067.60 including the following:

- $825/hour for Burton Finkelstein for a lodestar of $153,367.50

- $825/hour for Douglas Thompson for a lodestar of $8,580

- $715/hour for L. Kendall Satterfield for a lodestar of $527,884.50

- $605/hour for Tracy Rezvani for a lodestar of $15,064.5

- $550/hour for Rosemary Rivas for a lodestar of $474,430

- $450/hour for associate Christine Bartholomew for a lodestar of $290,250

- $220/hour for paralegal Sheeree Renwick for a lodestar of $5,319.60

- $200/hour for paralegal Laurance Frierson for a lodestar of $7,100

- $200/hour for paralegal Sean Woosley for a lodestar of $1,340

- $140/hour for unnamed File Clerks for a lodestar of $5,236

*See* Dkt. 604-2, at 2.  Finkelstein, Thompson, Satterfield, and Rezvani are partners

2

**Opposition to Class Counsel's Time Sheets & Expenses**

in the Washington, D.C. office.  *See* Declaration of Robert J. Gaudet, Jr. In

Support of Opposition to Class Counsel's Time Sheets & Expenses (hereinafter

"Gaudet Decl."), Ex. A.  The firm did not provide up-to-date affidavits, case law,

or other information in support of the billing rates cited in their time sheets.

In addition to fees, the Finkelstein firm requested payment of costs and

expenses including: (1) $12,250.50 for Lexis research charges for February 2006

(Dkt. 604-4, at 6) (2) $3,249.50 for "Computer Research" charges in March 2006

(*id.*); (3) $14,163.50 in "Lexis Nexis Computer Research" charges for April 2006

(*id.*); (4) $18,646.43 in Westlaw charges for January 2007 (Dkt. 604-4, at 7); and

(5) $11,713.28 in Westlaw charges for April 2007 (*id.*).  The firm provided no

information about whether it had a monthly billing account or a pay-as-you go

account with Lexis or Westlaw or whether the firm would make a profit if it were

to receive payment for the computer research charges in the requested amounts.

On November 13, McGuireWoods LLP entered the McGuireWoods Request

on the docket in which they reported 13,821.3 hours with a lodestar of

$5,418,126.40 including the following:

• $650/hour for Duncan Getchell for lodestar of $2,405

• $640/hour for Eliot Disner for lodestar of $1,408,960

• $635/hour for Thomas Spahn for lodestar of $16,510

• $575/hour for Leslie Locke for lodestar of $30,475

• $525/hour for Sidney Kanazawa for lodestar of $731,010

3

**Opposition to Class Counsel's Time Sheets & Expenses**

- $525/hour for Leslie Werlin for lodestar of $34,702.50

*See* Dkt. 605-2, at 2.  Getchell is a partner in Richmond, Virginia; Disner is a former

partner in Los Angeles; Thomas Spahn is a partner in McLean, Virginia outside D.C.;

Leslie Locke is a partner in Chicago; and Sidney Kanazawa and Leslie Werlin are

partners in Los Angeles.  *See* Gaudet Decl., Ex. B.  No up-to-date information was

provided about prevailing market rates in the cities where these lawyers practice.   In

addition, McGuireWoods LLP claimed costs and expenses including $4,673.23 for

"airfare, room, meals" during a three-day trip from Los Angeles to New York by

Sidney Kanazawa on December 21, 2006.  *See* Dkt. 605-11, at 20.

On November 13, the Zwerling firm entered on the docket the Zwerling

Request reporting 3,196.3 billable hours with a lodestar of $1,701,896.  *See* Dkt. 603,

at 2.  The Zwerling Request included:

- $550/hour for Dan Drachler (Dkt. 603, at 6)

- $665/hour for Robert Schachter (Dkt. 603, at 6)

- $425/hour for Karl Zuccconi (Dkt. 603, at 148)

- $550/hour for Joseph Lipofsky (Dkt. 603, at 114)

- $635/hour for Susan Salvetti (Dkt. 603, at 107-108)

The time sheets contained entries for legal work performed in the "Park action"

which is a completely separate litigation.  *See* Dkt. 603, at 134.  Specifically, the

Zwerling firm billed Park litigation to the Class settlement fund as follows:

- "Paul Kleidman 6/6/2008 ... Research re: objectors in Park action." (Dkt. 603,

4

1    at 134)

2    • "Dan Drachler, Esq. 6/6/2008 ... "conv with claims administrator re declaration

3    in Park. Corr with co-counsel re same.  Corr with defendants' counsel re same.

4
     Review declaration.  Corr with defendants' counsel, co-counsel, claims
5
     administrator r same. Conv with co-counsel re same. Conv with RSS re same.
6

7    Conv with PK re docket in Park action, review order in Park, list of objectors,

8    corr with defendants, claims administrator, plaintiffs' counsel in Park re
9
     declaration, issues related thereto.  Revisions proposed to declaration. Conv
10

11   with plaintiffs' counsel in Park re same.  Review docket in Park, review

12   objectors papers.  Conv with co-counsel re objectors, revised papers.  Corr re
13

14   same." [requesting $2,475 for this entry alone]  (Id.)

15   • "Robert S. Schachter, Esq. 6/6/2008 ... Review of email from DD with respect

16
     to issues concerning the Park Action" (Id.)
17

18   • "Robert S. Schachter, Esq. 6/6/2008 ... Telephone with DD with respect to

19
     implications on Park case" (Id.)
20

21   • "Dan Drachler, Esq. 8/24/2009 ... conv with client re notice from claims

22   administrator.  Review notice from Park case.  Corr with RSS re conference
23
     with claims administrator to review cost issues" (Dkt. 603, at 162)
24

25   • "Dan Drachler, Esq. 8/25/09 ... preparation for conference call with RSS,

26   claims administrator re Park settlement issues, status report. Meet with client re
27
     conv with class member re status." (Dkt. 603, at 162)
28

**Opposition to Class Counsel's Time Sheets & Expenses**

Dracher is Of Counsel in Seattle; Zucconi is a former associate in New York;

Lipofsky is Of Counsel in New York; and Salvetti and Schachter are "Members" or

partners in New York. Gaudet Decl., Ex. C.

## ARGUMENT

I.  **Because Class Counsel Can Only Receive Payment For Work Performed on Behalf of the Class, They Cannot Be Paid For Pursuing Their Own Fees Or Working on the Separate "Park Action"**

A.  **Class Counsel's Lodestar Should Be Reduced By Ten Percent**

Class Counsel's lodestar (i.e., what remains after removing the lodestar of McGuireWoods LLP) should be reduced by 10 percent across the board for work performed in the pursuit of fees, *infra* at 8 - 11, and on behalf of the Park litigation, *infra* at 11 - 13. It is well-established that equitable fee awards are available for work performed for the benefit of a Class. *See Trustees v. Greenough,* 105 U.S. 527 (1881); *Lewis v. Anderson,* 692 F.2d 1267, 1270 (9th Cir. 1982). As the Third Circuit noted, when a lawyer seeks a fee award, "[t]he attorney's claim is that his conduct of the suit conferred a benefit on all the class members ..." *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161, 165 (3d Cir. 1973) ("Lindy I"); *id.* at 169 ("unrepresented claimants should pay for the attorneys'

services in proportion to their benefit from them").[1]  The pursuit of fes has not

benefited the Class.  Accordingly, those portions of the lodestar should be deducted

from the lodestar or the overall lodestar should be reduced by 10 percent.  *See e.g.*

*Hensley v. Eckerhart*, 461 U.S. 424, 438 n.13 (1983) (noting District Court "properly

... reduced the hours of one attorney by thirty percent" in calculating lodestar for

statutory fee request due to lawyer's "inexperience and failure to keep

contemporaneous time records"); *Scott v. City of New York*, No. 02-civ-9530

(S.D.N.Y. Aug. 25, 2009) (Scheindlin, J.) (attached to Gaudet Decl., Ex. D) ("If the

court finds that time spent was wasteful or redundant, the court may decrease the

award, either by eliminating compensation for unreasonable hours or by making

across-the-board percentage cuts in the total hours for which reimbursement is

sought") (quoting another case).  An across-the-board reduction of 10 percent (or an

ever greater percentage) is appropriate since, in some instances, it might be difficult

to excise work performed in pursuit of fees from work done on behalf of the Class.

Some time sheets combine both types of advocacy into a single line item.  *See e.g.,*

Dkt. 603, at 88 (time sheet dated July 10, 2007 noting telephone conference over

"motion for final approval, motion or attorneys' fees and motion for incentive

awards").

---

1 *Lindy I* is a historic case which heralded a new approach started in the 1970s by
which "[m]any courts began using a 'lodestar' or time/rate analysis" instead of the
"common fund on a percentage basis" for awarding fees. *Matter of Superior
Beverage/Glass Container Consol. Pretrial*, 133 F.R.D. 119, 123 (N.D. Ill. 1990).

**Opposition to Class Counsel's Time Sheets & Expenses**

7

**B.    Class Counsel May Not Recover Fees For Appeals Or Other Work Done In Pursuit of Attorney's Fees**

Class Counsel are not entitled to an equitable fee award for time spent trying to obtain and, then, preserve their own fees, especially since they lost their argument over fees before the Third Circuit, resulting in the reversal of their attorney's fee award. *See e.g. County of Suffolk v Long Island Lighting Co.,* 907 F.2d 1295, 1327 (2d Cir. 1990) (indicating that law firm which substantially benefited class by conducting discovery and two-month trial should receive smaller fee award due to the firm's later opposition to beneficial settlement when opposition did not confer benefit on Class); *Serrano v. Unruh,* 186 Cal.Rptr. 754, 765 n.28; 652 P.2d 985, 996 n.28; 32 Cal.3d 621, 639 n.28 (Cal. 1982) ("it would seem obvious that fees would not be recoverable for an appeal that reversed the award entirely or reversed as excessive an award appellant claimed was inadequate"). The logic as to why this Court should exclude time spent on fee applications and appeals is clear:

> Services performed in connection with the fee application are necessary to the attorney's recovery. They benefit him, for without them, the attorney cannot, since Lindy I, recover. But such services do not benefit the fund [if] they do not create, increase, protect or preserve it. Accordingly and in the circumstances of this case, we accept the prevailing rule for litigation involving the competing interests of claimants to a common fund. ... There

**Opposition to Class Counsel's Time Sheets & Expenses**

1    being no benefit to the fund from services performed by appellees in

2    connection with their fee application, there should be no attorneys' fee

3    award from the fund for those services. The district court, therefore, erred

4    in awarding $29,806.25 for the fee application work prior to March 20,

5    1974, in awarding $40,654 for work after March 20, 1974, and in

6    awarding $320 for fee application work by paraprofessionals and law

7    students.

*Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*,

540 F.2d 102, 111 (3d Cir. 1976) ("Lindy II"). Class Counsel's fee applications and

appeals over the fee award did "not create, increase, protect or preserve" the Class

settlement fund.   Therefore, this type of work should not be compensated, including

(1) time spent preparing, flying to Washington, D.C., and meeting with Public Citizen

to discuss settlement of the appeal[2]; (2) time spent preparing fee applications[3]; and (3)

---

[2] *See, e.g.*, Dkt. 604-3, at 53 (containing time entry for January 8, 2008 in which Satterfield wrote: "Met with D Drachler and T Moyer re preparing for meeting with S Nelson at Public Citizen" and "Met with S Nelson, D Drachler, T Moyer at Public Citizen").

[3] *See, e.g.*, Dkt. 603, at 88 (time sheet dated July 10, 2007 noting telephone conference over "motion or attorneys' fees" and other matters); *id.* at 91 (time sheet dated July 25, 2007 noting "Preparation for and participation in conference call ... with respect to proposed orders respecting ... attorneys' fees"); *id.* at 90 (same dated July 18, 2007); *id.* at 111 (time sheet of Dan Drachler dated Nov. 9, 2007 noting "corr with co-counsel re attorneys fee motion.  Review docs re same."); *id.* at 109 (time sheet of Dan Drachler dated Nov. 1, 2007 noting "review reply papers in connection with motions for attorneys' fees.  Corr with co-counsel re same"); *id.* at 108 (time sheet of Schachter dated Oct. 26, 2007 noting "Review of article in ABA Journal re: attorneys' fees"); *id.* at 107-108 (time sheet of Drachler dated Oct. 22, 2007 noting

**Opposition to Class Counsel's Time Sheets & Expenses**

1   time spent on those portions of the appeal that were related to preservation of the

2   attorney's fee award which was reversed by the Ninth Circuit.[4]

3   Ever since the U.S. Supreme Court approved an equitable fee award to a

4   grantee for a benefit conferred upon a class in *Trustees v. Greenough,* 105 U.S. 527

5   (1881), it has been clear that a grantee may only receive compensation for work done

6

7   on behalf of, and for the benefit of, the class. *In re Cendant Corp. Securities Litig.,*

8   404 F.3d 173, 191 (3d Cir. 2005); *id.* at 197 ("Only work that actually confers a

9

10  benefit on the class will be compensable"); *Matsushita Elec. Indus. Co., Ltd. v.*

11  *Epstein,* 516 U.S. 367, 391 (1996) (Ginsburg, J. concurring) (noting Delaware Court

12  of Chancery rejected a proposed class settlement that provided $1 million in

13

14  attorney's fees, in part, because attorney's fees conferred no benefit on the Class

15  members).  The Supreme Court elsewhere noted that equitable fee awards are

16

17  necessary where "[t]o allow the others to obtain full benefit from the plaintiff's

18  efforts without contributing equally to the litigation expenses would be to enrich the

19

20  others unjustly at the plaintiff's expense." *Mills v. Electric Auto-Lite Co.,* 396 U.S.

21  375, 392 (1970).  By extension, the very purpose of an equitable fee award (i.e., to

22

23  _____

"conv with co-counsel re revisions to omnibus brief re fees").

24

25  [4] *See, e.g.,* Dkt. 603, at 122 (containing time entry for February 14, 2008 in which
    Kleidman wrote: "Appeal research re: attorney misconduct" and attempting to bill

26  $2,664.50 for this single entry); Dkt. 604-3, at 60-62 (containing time entries for
    "MGM" and/or "RMR" dated February 15 and 19-22 and 27-28, 2008 re: research

27  over the "class conflict issue" that spurred the Ninth Circuit to reverse the attorney's
    fee award).  There are more such entries in the time sheets.

28
                                                                            10

**Opposition to Class Counsel's Time Sheets & Expenses**

avoid unjust enrichment of the Class) is removed where Class Counsel pursues its own interests.

In *Greenough*, the Supreme Court clearly stated that a bondholder who exerted efforts on behalf of other bondholders and, thereby, created a valuable common fund was not entitled to payment for "personal services and private expenses" that he performed and incurred on his own behalf.  105 U.S. at 536.  Such a bondholder was only entitled to compensation for work performed on behalf of other bondholders.  Applying *Greenough* to the present case, it is clear that Class Counsel's application for attorney's fees and unsuccessful arguments on appeal were simply personal services for their own benefit.  Therefore, they may not be compensated for this time and hours expended on fee applications or appeals must be deducted from their lodestar.

### C.    The Zwerling Firm Cannot Receive Payment For Work Done In the Separate "Park Action" Cited In Their Time Sheets

The Zwerling firm may not be compensated for time spent on the separate "Park" litigation referenced in their time sheets, as described *supra* at 4 - 5. *See Johnson v. Georgia-Pacific Corp.*, 2009 WL 3190343, *2 (W.D. Wash. Sept. 30 2009) (excluding time sheet hours that were unrelated to the case).  As discussed *supra* at 6 - 11, work performed in a separate action obviously confers no benefit on the Class.  The Third Circuit clarified that lawyers shall not receive compensation for

**Opposition to Class Counsel's Time Sheets & Expenses**

1    work that does not directly benefit the Class such as "duplicative" efforts in the same

2    case by different law firms:

> In Part V, infra, we will discuss the effect of the PSLRA on a court's
> decision to compensate counsel. For now, we simply note that the
> common fund doctrine itself imposes boundaries on that decision
> independent of the PSLRA. The cases are unanimous that simply *doing*
> work on behalf of the class does not create a right to compensation; the
> focus is on whether that work provided a benefit to the class. In the
> ordinary case, most work that lead counsel does will typically advance
> the class's interests, but the inquiry into non-lead counsel's work must
> be more detailed. Non-lead counsel will have to demonstrate that their
> work conferred a benefit on the class *beyond* that conferred by lead
> counsel. Work that is duplicative of the efforts of lead counsel – e.g.,
> where non-lead counsel is merely monitoring appointed lead counsels
> representation of the class, or where multiple firms, in their efforts to
> become lead counsel, filed complaints and otherwise prosecuted the
> early stages of litigation – will not normally be compensated.

*In re Cendant Corp. Securities Litig.,* 404 F.3d 173, 191 (3d Cir. 2005). Given that

lawyers in the *same* case may not receive compensation for "duplicative" work, it is

clear that lawyers working on *different* cases, such as this case and the Park litigation,

may also not receive an attorney's fee award for work done in a *different* case. The

12

Zwerling firm's work in the separate "Park" litigation did not contribute the relief obtained in this case. Therefore, these hours must be redacted from the lodestar or, alternatively, the entire lodestar should be reduced by 10 percent to account for this and other vagaries.

## II.   The Court Must Reduce Hourly Rates to Prevailing Market Rates, or Eliminate the 1.75 Risk Multiplier, And Reduce $18,000/Month Computer Research Expenses

Because the rates charged by Class Counsel are excessive and unreasonable, the Court must either reduce the hourly rates so that they reflect the "prevailing market rates in the relevant community"[5] or, as an alternative, the Court must eliminate the multiplier of 1.75 since Class Counsel's excessive hourly rates provide more than adequate compensation for the risk of nonpayment in taking this case. *See Fischel v. Equitable Life Assur. Society of U.S.,* 307 F.3d 997, 1008 (9th Cir. 2002) (noting a "risk multiplier" is only justified when "their hourly rate does not reflect that risk [of nonpayment]"). Rule 23(h) expressly states that only "reasonable attorney fees" may be awarded. According to the U.S. Supreme Court, the "reasonable hourly rate" is the proper "starting point" for calculating a lodestar.[6]

---

[5] *Bell v. Clackamas County,* 341 F.3d 858, 860, 868 (9th Cir. 2003); *Blum v. Stevenson*, 465 U.S. 886, 895 (1984).

[6] See *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (referring to Bell v. Clackamas County, 341 F.3d 858, 860, 868 (9th Cir. 2003)calculation of statutory fee award); *see also Lindy I*, 487 F.2d at 167 ("A logical beginning in valuing an attorney's services

1   Although it is the role of this Court to "fix an hourly rate of compensation" that is

2   reasonable,[7] Class Counsel have the burden to present proof of "rates claimed" (*see*

3   *generally Hensley*, 461 U.S. at 433) but they have failed to offer any up-to-date proof

4   demonstrating that the rates in their time sheets are the "prevailing market rates."

5

6       Indeed, many of the hourly rates requested by the Finkelstein firm (*supra* at 2 -

7   2), the Zwerling firm (*supra* at 4), and McGuireWoods (*supra* at 3 - 4) are not

8   reasonable in light of legal precedents and published articles.  Specifically, the

9   following "Requested Rate[s]" are unreasonable and the following personnel should

10  be awarded no more than the "Reasonable Rate" in the right-hand column:

11

12

| Name | Firm | Region | Requested Rate | Reasonable Rate |
|------|------|--------|----------------|-----------------|
| Bartholomew, Christine | Finkelstein (former associate) | San Francisco | $450 | $115[8] |
| Burton | Finkelstein | D.C. | $825 | $425[9] |

it to fix a reasonable hourly rate for his time-taking account of the attorney's legal reputation and status (partner, associate).  Where several attorneys file a joint petition for fees, the court may find it necessary to use several different rates for the different attorneys.  Similarly, the court may find that the reasonable rate of compensation differs for different activities").

7 *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 108 (3d Cir. 1976) ("*Lindy II*").

8 *Camacho v. Bridgeport Financial, Inc.*, 2008 WL 2951290, *4-6 (N.D. Cal. July 24, 2008) (awarding $115/hour for each associate and $375/hour for experienced partner in class action lawsuit in Northern District of California).

9 Gaudet Decl., Ex. D (attaching *Scott v. City of New York*, No. 02-civ-9530 (S.D.N.Y. Aug. 25, 2009) (Scheindlin, J.) (reducing requested rates for Washington, D.C. partners during 2006-2009 to $425/hour) (reducing requested rates for D.C.

**Opposition to Class Counsel's Time Sheets & Expenses**

| Finkelstein | (partner) | | | |
|---|---|---|---|---|
| Disner, Eliot | McGuireWoods (former partner) | L.A. | $640 | $400[10] |
| Drachler, Dan | Zwerling (Of Counsel) | Seattle | $550 | $300[11] |
| Frierson, Laurance | Finkelstein (paralegal) | (Probably) D.C. | $200 | $125[12] |
| Getchell, | McGuireWoods | Richmond, | $650 | $300[13] |

partners during 2004-2005 to $320/hour and $425/hour).

[10] *Mardirossian v. Guardian Life Ins. Co. of America*, 457 F.Supp.2d 1038, 1048 (C.D. Cal. 2006) (finding $400/hour to be reasonable and within prevailing market rates in October 2006 before current economic recession); *Kittok v. Ralphs Grocery Co.*, 2009 WL 2603096 (C.D. Cal. Aug. 24, 2009) (finding $295/hour reasonable for nearby Riverside, California); *Shah v. County of Los Angeles*, 2008 WL 3928230 (C.D. Cal. Aug. 18, 2008) (finding rates of $130/hour reasonable for L.A. and resisting demand for $300/hour).

[11] *Johnson v. Georgia-Pacific Corp.*, 2009 WL 3190343, *4 (W.D. Wash. Sept. 30 2009) (finding $300/hour to be reasonable for Seattle lawyer and rejecting request for $375/hour); *Eklund v. City of Seattle*, 2009 WL 1884402, *3 (W.D. Wash. June 30, 2009) (Zilly, J.) (awarding prevailing market rate of $275/hour to $350/hour to Seattle lawyers); *Bulger v. Commissioner of Internal Revenue*, 2005 WL 1427315, *11 (U.S. Tax Ct., June 20, 2005) (awarding $150/hour as reasonable for a Seattle lawyer and rejecting claim that Seattle lawyers in federal practice earned $225-$350); *Cornhusker Cas. Ins. Co. v. Kachman*, 2009 WL 2853119, *4 (W.D. Wash. Sept. 1, 2009) (awarding Seattle partners $350/hour to $400/hour; awarding $450/hour to founding partner of one of Seattle's most prominent plaintiff's firms; rejecting demands for higher rates of $425/hour to $500/hour).

12 Gaudet Decl., Ex. D (attaching *Scott v. City of New York*, No. 02-civ-9530 (S.D.N.Y. Aug. 25, 2009) ("the rates for all paralegals is reduced to $100 per hour for the 2004-2005 period and $125 per hour for 2006-2009").

[13] *JP ex rel. Peterson v. County School Bd. of Hanover County, Va.*, 641 F.Supp.2d 499, 514-515 (E.D. Va. 2009) (noting reasonable hourly rate for Richmond, Virginia lawyers is $300/hour and $350/hour is "reserved" for lawyers with considerable experience); *Phillips v. Brink's Co.*, 2009 WL 3681835, *5 (W.D. Va. Oct. 31, 2009) (noting that $275 was "more than reasonable rate to charge" for The Hawkins Law Firm P.C. in Richmond, Virginia); *Imaginary Images Inc. v. Evans*, 2009 WL 2488004, *3 (E.D. Va. Aug. 12, 2009) (finding $250-$300/hour to be reasonable as "standard rates for attorneys" with specialized knowledge).

15

**Opposition to Class Counsel's Time Sheets & Expenses**

| Duncan | (partner) | VA | | |
|--------|-----------|-----|-----|-----|
| Kanazawa, Sidney | McGuireWoods (partner) | L.A. | $525 | $400 |
| Lipofsky, Joseph | Zwerling (Of Counsel) | New York | $550 | $350[14] |
| Locke, Leslie | McGuireWoods (partner) | Chicago | $575 | $300[15] |
| Renwick, Sheeree | Finkelstein (paralegal) | (Probably) D.C. | $220 | $125 |
| Rezvani, Tracy | Finkelstein (partner) | D.C. | $605 | $425 |
| Rivas, Rosemary | Finkelstein (partner) | D.C. | $550 | $425 |
| Salvetti, Susan | Zwerling (partner) | New York | $635 | $425[16] |
| Satterfield, Kendall | Finkelstein (partner) | D.C. | $715 | $425 |
| Schachter, Robert | Zwerling (partner) | New York | $665 | $425 |
| Spahn, Thomas | McGuireWoods | McLean, VA | $635 | $425 |

---

[14] *Insinga v. Cooperatieve Centrale Raiffeisen Boerenleenbank B.A.,* 478 F.Supp.2d 508, 510 (S.D.N.Y. 2007) (awarding as reasonable $475/hour to lawyer with over 50 years of experience; $350/hour to lawyer with more than 20 years of experience; and $225/hour for associate with four years of experience).

[15] *Demitro v. GMAC,* 388 Ill.App.3d 15, 23; 902 N.E.2d 1163, 1170 (Ill. App. Ct. 1 Dist. 2009) (approving $300/hour for Chicago partner in accord with prevailing market rate).

[16] *Insinga v. Cooperatieve Centrale Raiffeisen Boerenleenbank B.A.,* 478 F.Supp.2d 508, 510 (S.D.N.Y. 2007) (awarding as reasonable $475/hour to lawyer with over 50 years of experience; $350/hour to lawyer with more than 20 years of experience); *Kahil v. Original Old Homestead Restaurant, Inc.,* 2009 WL 3103846, *3-4 (S.D.N.Y. Sept. 30, 2009) (finding $400 to be "reasonable" rate for "senior lawyer" with 25 years of experience); *New York Dist. Council of Carpenters Pension Fun v. Perimeter Interiors, Inc.,* 2009 WL 2486009, *11 (S.D.N.Y. Aug. 13, 2009) (finding $425/hour for partners to be reasonable); *Aspex Eyewear, Inc. v. Cheuk Ho Optical Intern. Ltd.,* 2008 WL 4549118, *7 (S.D.N.Y. Oct. 8, 2008) (finding $355/hour for senior partners to be "reasonable rates for intellectual property specialists and experienced litigation attorneys in this District").

16

**Opposition to Class Counsel's Time Sheets & Expenses**

| | (partner) | (outside D.C.) | | |
|---|---|---|---|---|
| Thompson, Douglas | Finkelstein (partner) | D.C. | $825 | $425 |
| Werlin, Leslie | McGuireWoods (partner) | L.A. | $525 | $400 |
| Woosley, Sean | Finkelstein (paralegal) | (Probably) D.C. | $200 | $125 |
| Zucconi, Karl | Zwerling (prior associate) | New York | $425 | $300[17] |

To determine what is reasonable, this Court must look to the "prevailing market rates in the relevant community" of each lawyer. *Blum v. Stenson,* 465 U.S. 996, 895 (1984). The "Reasonable Rate[s]" given in the chart are more than the average nationwide hourly rate of $347.[18]

Class members do not have the leverage or ability to negotiate reductions on the excessive rates sought by Class Counsel, so this Court must perform that duty by imposing upon Class Counsel the prevailing market rates evidenced by the legal precedents and published articles cited in this brief. Class Counsel's lodestar must be adjusted by application of each "Reasonable Rate" noted in the chart, above, in lieu

---

[17] *Insinga v. Cooperatieve Centrale Raiffeisen Boerenleenbank B.A.,* 478 F.Supp.2d 508, 510 (S.D.N.Y. 2007) (awarding as reasonable $225/hour for associate with four years of experience); *New York Dist. Council of Carpenters Pension Fun v. Perimeter Interiors, Inc.,* 2009 WL 2486009, *11 (S.D.N.Y. Aug. 13, 2009) (finding $300/hour for associates to be reasonable).

[18] Samantha Stainburn, *Rising salaries for new lawyers drive up legal fees,* Crain's Det. Business 17, 2008 WLNR 9369102 (May 12, 2008) (basing results on survey of 109 largest law firms).

17

**Opposition to Class Counsel's Time Sheets & Expenses**

of the hourly rates sought by Class Counsel.

In addition, the Court should make findings as to the actual costs of computer legal research, e.g., through monthly billing arrangements, and award Class Counsel only a proportion of the monthly billing charge that was used in support of this litigation. Class Counsel has not proven that they do *not* have monthly billing arrangements (which are quite common such as to be the norm in most law firms) to save on legal research expenses. If they do have such money-saving monthly research accounts, then those savings must be shared with the Class. Class Counsel cannot make a profit from its computer legal research bills by charging more to the Class than they actually incurred. Nevertheless, as shown *supra* at 3, Class Counsel have requested compensation for bills as high as $14,000 and $18,000 per month, but these amounts cannot be awarded absent findings as to their actual expenses.

## III.    McGuireWoods Should Not Be Rewarded With Millions of Dollars For Providing Ethically Conflicted Representation

The Court should deny fees, costs, and expenses to McGuireWoods LLP. *See* Dkt. 597; *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1156 (8th Cir. 1999) ("the conflict of interest of the firm in question constituted a serious violation of the firm's duty to the class, and that such a violation required the termination of the firm's employment. Under these circumstances, the district court could properly deny the firm any recovery for services rendered prior to the disqualification, even if those services conferred some benefit on the class"). To pay millions of dollars to

18

McGuireWoods would be to reward an ethical breach that allowed the firm to have its place in this litigation. Further, awarding payment to McGuireWoods would provide strong incentives to other firms to make dubious and unethical promises to their clients with the knowledge that, if discovered, they might nevertheless receive millions of dollars and a "slap on the wrist." To avoid such a paradoxical result, this Court must reject any compensation for McGuireWoods. *Blecher & Collins P.C. v. Northwest Airlines, Inc.,* 858 F.Supp. 1442, 1457 (C.D. Cal. 1994)

## CONCLUSION

For the reasons stated above, we ask the Court to (1) replace the unreasonable rates sought by Class Counsel with the prevailing market rates described in this brief; (2) eliminate the lodestar sought by McGuireWoods in its entirety; (3) eliminate the time spent by Class Counsel in pursuit of fees and on separate litigation, such as the "Park Action," by excising those time entries or reducing the overall lodestar by 10 percent; and (4) eliminate unreasonable expenses for computer legal research by making findings on the actual cost of computer legal research (e.g., through monthly billing arrangements) and awarding only those amounts to Class Counsel.

DATED: November 18, 2009          Respectfully submitted,

By: _____

Robert Gaudet, Jr. (*pro per*)
RJ Gaudet & Associates
Valkenboslaan 107
2563CH The Hague
The Netherlands
Tel: (206) 855-6679
Fax: (866) 333-1484
robert@rjgaudet.com


_____
Sandeep Gopalan (*pro per*)
P.O. Box 877906
Tempe, AZ 85287-7906
Tel: (480) 636-0710
Fax: (401) 232-6319
Sandeepgopalan@hotmail.com

*Pro Per* Objector Class Members

20

**Opposition to Class Counsel's Time Sheets & Expenses**

1

## PROOF OF SERVICE

2      I am over the age of eighteen (18).  My residence is Valkenboslaan 107,

3

4      2563CH, The Hague, The Netherlands; Telephone: (206) 855-6679; Facsimile: (866)

5      333-1484.

6      On November 18, 2009, I caused the following documents to be sent via email:

7
        • OPPOSITION TO CLASS COUNSEL'S TIME SHEETS & EXPENSES;
8
9      • DECLARATION OF ROBERT J. GAUDET, JR. IN SUPPORT OF

10      OPPOSITION TO CLASS COUNSEL'S TIME SHEETS & EXPENSES

11
        Said documents were sent via email to the following parties:
12

13      Eliot Disner
        Disner Law Corp.
14      19th Floor
        2029 Century Park East
15      Los Angeles, CA  90067
        edisner@disnerlaw.com
16

17
        Steven Molo
18      James Tallon
        Shearman & Sterling LLP
19      599 Lexington Avenue
        New York, NY  10022
20      smolo@shearman.com
21

22      Bradley Phillips
        Stuart Senator
23      Munger Tolles & Olson LLP
        355 South Grand Avenue
24      Los Angeles, CA  90071
        Brad.phillips@mto.com
25

26

27      Edward Klein
        Heather Gilhooly
28      Liner Yankelevitz Sunshine & Regenstreif LLP

1

1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
eklein@linerlaw.com
hgilhooly@linerlaw.com

Sidney M. Kanazawa
McGuire Woods LLP
1800 Century Park East, 8th Floor
Los Angeles, CA  90067
skanazawa@mcguirewoods.com

Dan Drachler
Zwerling, Schachter & Zwerling LLP
1904 Third Ave., Suite 1030
Seattle, WA  98101
ddrachler@zsz.com

Ryan Rodriguez
3943 Irvine Blvd., #330
Irvine, CA  92602
Ryanrodriguez7@hotmail.com

Lisa Gintz
10725 Fontenot Road
Denham Springs, LA 70726
lisagintz@hotmail.com

Loredana Nesci
859 North Hollywood Way, No. 206
Burbank, CA  91505
invisiblejet_usa@yahoo.com

John W. Davis
4445 Eastgate Mall, 2d Floor
San Diego, CA  92121
john@johnwdavis.com

C. Benjamin Nutley
Kendrick & Nutley
1055 E. Colorado Blvd., Fifth Floor
Pasadena, CA 91106
Nutley@zenlaw.com

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Robert L. Arleo
164 Sunset Park Road
Haines Falls, NY 12436
r.arleo@verizon.net

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of November, 2009 at The Hague, The Netherlands.

Robert J. Gaudet, Jr.

3