1 | J. Garrett Kendrick (SBN 61698)
  | C. Benjamin Nutley (SBN 177431)
2 | KENDRICK & NUTLEY
  | 1055 E. Colorado Blvd., 5th Floor
3 | Pasadena, CA 91106
  | Telephone: (626) 204-4060
4 | Facsimile: (626) 204-4061

5 | Attorneys for Objecting Class Members
  | George Schneider, Jonathan M. Slomba,
6 | James Puntumapanitch, Justin Head and
  | Ryan Helfrich

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN RODRIGUEZ, REENA B. FRAILICH, LOREDANA NESCI, JENNIFER BRAZEAL and LISA GINTZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WEST PUBLISHING CORPORATION, a Minnesota Corporation d/b/a BAR/BRI, and KAPLAN, INC., a Delaware Corporation,<br><br>Defendants. | Case No. CV-05-3222 R (MCx)<br><br>OPPOSITION TO PLAINTIFFS' MOTIONS FOR RECONSIDERATION (SCHNEIDER/HEAD OBJECTORS)<br><br>Date: August 9, 2010<br>Time: 10:00 a.m.<br>Courtroom: 8<br><br>Hon. Manuel L. Real |
| AND CONSOLIDATED ACTIONS | |

OPPOSITION TO PLAINTIFFS' MOTIONS FOR RECONSIDERATION (SCHNEIDER/HEAD OBJECTORS)

# TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A. Equitable Considerations do not Permit McGuire Woods to be Compensated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B. McGuire Woods' Disagreement with this Court's Application of *Rodriguez* is Unavailing . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    C. The Arrangement between MW and its Plaintiffs in this Case was never "arguably permissible" . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D. The *Rodriguez* Court Was Not Concerned with "Confirmation" of McGuire Woods' Efforts in this Case . . . . . . . . . . . . . . . . 7

    E. McGuire Woods Recent "Continuing Service" Cannot Cure the Ethical Violations That Caused the Denial of its Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    F. Zwerling Schachter & Zwerling / Finkelstein Thompson . . . . . . . . . . . . . . . . . 9

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

OPPOSITION TO PLAINTIFFS' MOTIONS FOR RECONSIDERATION (SCHNEIDER/HEAD OBJECTORS)

# TABLE OF AUTHORITIES

**Federal Cases**

*Image Tech. Serv., Inc. v. Eastman Kodak Co.*,
 136 F.3d 1354 (9th Cir. 1998) ................................. 1, 4

*Pegasus Satellite Television, Inc. v. DirecTV, Inc.*,
 318 F Supp. 2d 968 (C.D. Cal. 2004) ............................ 5

*Rodriguez v. West Publishing Corp.*,
 563 F. 3d 948 (9th Cir. 2009) ............................... 1, 4, 5, 6

*Sipper v. Capital One Bank*,
 2002 WL 398769 (C.D. Cal. 2002) ............................... 7

*Staton v. Boeing Co.*,
 327 F.3d 938 (9th Cir. 2003) .................................. 7

**State Cases**

*Apple v. Superior Court*,
 126 Cal. App. 4th 1253 (2005) ................................. 7

*Bruno v. Bell*,
 91 Cal. App. 3d 776 (1979) .................................... 3

*Cal-Pak Delivery v. UPS,*
 52 Cal. App. 4th 1 (1997) ..................................... 4

*Hydrotech Systems, Ltd. v. Oasis Waterpark*,
 52 Cal.3d 988 (1991) .......................................... 3

*Goldstein v. Lees*,
 46 Cal.App.3d 614 (1975) ...................................... 2

*Mardirossian & Assoc. V. Ersoff,*
 153 Cal. App. 4th 257 (2007) .................................. 4

*Mark v. Spencer,*
 166 Cal. App. 4th 219 (2008) .................................. 7

*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.*,
 36 Cal.4th 412 (2005) ......................................... 3

*Opp v. St Paul Fire & Marine Ins. Co.*,
 154 Cal.App.4th 71 (2007) ..................................... 3

*Pringle v. La Chapelle,*
 73 Cal. App. 4th 1000 (1999) .................................. 4

*Sullivan v. Dorsa,*
 128 Cal. App. 4th 947 (2005) .................................. 4

*Wright v. Issak*,
    149 Cal. App. 4th 1116 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

OPPOSITION TO PLAINTIFFS' MOTIONS FOR RECONSIDERATION (SCHNEIDER/HEAD OBJECTORS)

## I. INTRODUCTION

McGuire Woods LLP ("MW") disagrees with this Court's interpretation and application of the opinion in *Rodriguez v. West Publishing Corp.*, 563 F. 3d 948 (9th Cir. 2009); disagrees with the *Rodriguez* court's reliance on *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354 (9th Cir. 1998); and disagrees with the *Image Tech* opinion. But disagreement with Ninth Circuit opinions, or this Court's application of them, is not an appropriate basis for filing a motion for reconsideration. Further, McGuire Woods' argument consists entirely of re-argument of legal authorities and facts already presented to this Court, both of which the Court has unquestionably evaluated in making its determination on Class Counsel's fees.

The joint motion for reconsideration filed by Finkelstein Thompson LLP ("FT") and Zwerling, Schachter & Zwerling, LLP ("ZSZ") is equally improper. These firms concede that the matters which form the basis of their motion for reconsideration "were before the court" when it issued its fee order, but that this court failed to consider them. FT and ZSZ Memorandum in Support of Motion for Reconsideration (Doc. No. 642) at 1-2. But a review of the motion reveals that the real issue is that FT and ZSZ do not feel that this court was justified in reducing their lodestar for the reasons given by the court or in declining to award a multiplier. *Id.* at 5-8. These issues are not appropriate for review in a motion for reconsideration – they are the very essence of appellate issues.

Nothing about this Court's handling of class counsel's fee request on remand suggests a misapplication of or failure to consider any legal or factual issues. The Court's fee ruling unambiguously determined and foreclosed most of the very arguments made yet again in these motions for reconsideration. The motions should be denied.

## II. ARGUMENT

Under the Local Rules, the only possible applicable grounds for reconsideration of the Court's decisions on class counsel's fees is Local Rule 7-18(c) "a manifest showing of a

1

failure to consider material facts presented to the Court before such decision."[1] As for McGuire Woods, there is no material fact that has gone unnoticed – the firm's argument on reconsideration relies instead upon novel theories of compensation and reargument of cases already argued before this Court and the Ninth Circuit, in an attempt to wish away the conflict of interest and ethical violations that occurred in the case. Nor do the remaining firms indicate any failure to consider material facts in this Court's decision to award them less than they requested. Instead, the record continues to be characterized by a dearth of facts supporting the fees they requested in the first place, so that the fees that those firms were actually awarded can only be viewed as generous under the circumstances.

**A.  Equitable Considerations do not Permit McGuire Woods to be Compensated**

There is no case concerning concurrent conflict of interest that suggests that if fee recovery is prohibited a conflicted lawyer may simply recast the fee request as one addressed to equity.[2] The operation of law depriving McGuire Woods of its fee does not set up a consequent equitable action for unjust enrichment in McGuire Woods' favor. On the contrary, California courts have rejected the argument that the deprivation of a lawyers' fee under conflict of interest circumstances results in a disfavored "windfall" to the party excused from payment. *Goldstein v. Lees*, 46 Cal.App.3d 614, 623-24 (1975). In this case, the law defines the equities, and directs that, as between McGuire Woods and the Class, it is

---

[1] The other two grounds do not even arguably apply: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision...."

[2] This argument hews very close to that made by certain *pro se* lawyer/objectors in this case who have sought to convert their erstwhile fee request into a request for an "equitable award" on an unjust enrichment theory. McGuire Woods correctly opposed that silly argument (See Class Counsel's Omnibus Opposition to Objectors' Motions for Awards of Attorneys' Fees and Expenses, Doc. No. 633 at pages 9-11), only to take up its close cousin in this motion for reconsideration.

the Class that should retain the money, and it is McGuire Woods that would be unjustly enriched if it were paid any more than the law allows.

McGuire Woods' recurrent appeal to emotion – that the result here is simply too harsh to impose on an otherwise well-meaning firm – carries no weight against the priority of the protection of the consuming public and its perception of the integrity of our judicial system. California cases make that clear. See, Cal. Prof. Cond. Rule 1-100; *Bruno v. Bell*, 91 Cal. App. 3d 776 (1979). This result is not unusual where the rules involved are intended to place paramount importance on the protection of the consuming public.[3]

Finally, the fact that some firms prosecuting class actions will on rare occasion be deprived of a fee for a conflict of interest is not a condition that goes uncompensated in the aggregate. There is a reason class litigation is called complex litigation. The ethical issues involved in representing and adjudicating the substantive rights of thousands or even millions of people can become very complicated, a condition compounded by the heightened scrutiny afforded to conflict analysis in class actions. That is one reason why class action lawyers get paid more in cases in which they manage to prevail without running aground: the "risk of nonpayment" or the "risk of maintaining a class through trial" do not just arise from losses on the merits, but from the potential risk that the class attorney will encounter a conflict of interest requiring withdrawal or disqualification. Therefore, the potential loss of fees in class actions for ethical violations is a risk that is compensated by multipliers in cases in which those ethical violations do not occur.

---

[3] For example, the California Supreme Court has rejected similar equitable theories of recovery in the context of unlicensed contractors, who are prohibited from collecting the reasonable value of labor and materials even if the work they performed was adequate, and even if the customer was aware that the contractor was unlicensed. *MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.*, 36 Cal.4th 412, 423, 430 (2005) *Wright v. Issak*, 149 Cal. App. 4th 1116, 1119 (2007); *Opp v. St Paul Fire & Marine Ins. Co.*, 154 Cal.App.4th 71 (2007); *Hydrotech Systems, Ltd. v. Oasis Waterpark*, 52 Cal.3d 988, 1000-1002 (1991). In that context, courts routinely hold that the protection of the consuming public outweighs any injustice or inequity to the contractors involved.

### B. McGuire Woods' Disagreement with this Court's Application of *Rodriguez* is Unavailing

Local Rule 7-18 clearly directs that "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Yet McGuire Woods argues, again, that there is no *per se* rule requiring the denial of their fee for a concurrent conflict of interest, or that there must be a showing of "egregious harm" to justify the denial of the fee. McGuire Woods motion for reconsideration (Doc. No. 632) at 9. McGuire Woods has made this argument several times, most recently in the very fee application that this Court denied, and has cited the same cases yet again in support.[4] The Head/Schneider Objectors have already distinguished each of those cases, twice. See Head/Schneider Opp. to Motion to Attorneys' fees (Doc. No. 594) at 7-10 and fn. 2 (noting that plaintiffs had already unsuccessfully argued these cases to the Ninth Circuit). In sum, the cases cited share one or more of the following distinguishing features: (1) they are not class actions, in which disqualification is more likely because the conflict of interest rule are applied more strictly, (2) they do not involve actual concurrent conflict of interest, and (3) there was arguably an effective waiver of the conflict. McGuire Woods' argument that there must be an "egregious" breach of the rules to support the denial of its fee is both incorrect and irrelevant: under the facts of this case there ***was*** an egregious breach of the rules, as detailed in several places in the *Rodriguez* opinion. See *Rodriguez v. West Publishing Corp.*, 563 F. 3d at 961 and 968. And the Head/Schneider Objectors have already explained that McGuire Woods' theory that the Ninth Circuit does not understand California law is not, in fact, supported by California law.

McGuire Woods is free to disagree with this Court's interpretation of *Rodriguez*, with the *Rodriguez* court's reliance on *Image Tech*, with *Image Tech* court's interpretation of

---

[4] *Cal-Pak Delivery v. UPS,* 52 Cal.App.4th 1 (1997); *Mardirossian & Assoc. V. Ersoff,* 153 Cal.App.4th 257 (2007); *Pringle v. La Chapelle,* 73 Cal.App.4th 1000 (1999); *Sullivan v. Dorsa,* 128 Cal.App.4th 947 (2005).

California law, with this Court's interpretation of *Image Tech* and California law, and with California courts' interpretation of California law. It is not free to disagree with any of those things ***in a motion for reconsideration***, however. *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F Supp. 2d 968, 981 (C.D. Cal. 2004) (denying reconsideration motion arguing that court improperly applied Ninth Circuit case: "Under L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent.")

Even if it were able to raise these issues now, McGuire Woods' attempt to minimize the enormity of the ethical breaches adds nothing new, and goes nowhere. The Ninth Circuit did not find McGuire Woods' conflict of interest problem to be "harmless." McGuire Woods Motion for Reconsideration (Doc. No. 632) at 9:17. Had it found the conflict of interest to be harmless and/or of no consequence to the fee award, the Ninth Circuit would have upheld the original fee award for harmless error, or gone on to analyze the other objections. Instead, it sent the matter back for the express purpose of considering the effect of the conflict on the fee award. *Rodriguez v. West Publishing Corp.,* 563 F. 3d at 968-69. Similarly, the Ninth Circuit did not find McGuire Woods to be "adequate" counsel. McGuire Woods Motion for Reconsideration at 9. Rather, it found that the class had been adequately represented notwithstanding the conflict of interest and that this Court did not abuse its discretion in finding the settlement to be adequate. *Rodriguez v. West Publishing Corp.,* 563 F. 3d at 961. But even if McGuire Woods' routine services were "adequate" in the common sense of the word, the fact would not change this Court's application of the rules.

McGuire Woods' oft-repeated contention that it did not "conceal" the Amended Incentive Agreement is as unavailing on reconsideration as it has been all along. McGuire Woods Motion for Reconsideration (Doc. No. 632) at 9:4-5. Once again: the problem was never that McGuire Woods intentionally concealed the agreement from the Court, but rather that the firm ***failed to disclose*** to the Court the agreements and the conflicts they created at the time of class certification. The duty was to disclose, not to refrain from concealing, as

the *Rodriguez* opinion makes clear in no fewer than four places.[5] *Rodriguez v. West Publishing Corp.*, 563 F. 3d at 958 (observing that "Much of the appeal turns on the presence — and **nondisclosure** to the class — of the incentive agreements.") (emphasis added); *id.* at 959 ("The arrangement was **not disclosed when it should have been** and where it was plainly relevant, at the class certification stage.") (emphasis added); see also *Id.* at 960 (faulting counsel for "***failing to disclose*** the incentive arrangements in connection with class certification")(emphasis added). And, as the *Rodriquez* court finally held:

> [T]he conflict of interest inhering in the incentive agreements did not just happen, nor was it a conflict that developed beyond the control or perception of class counsel. It was inserted into the retainer agreement. " 'The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel.' " *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir.1995) (quoting *Sullivan v. Chase Inv. Servs. of Boston, Inc.*, 79 F.R.D. 246, 258 (N.D.Cal.1978)). ***In addition, class counsel's fiduciary duty is to the class as a whole and it includes reporting potential conflict issues. Neither the incentive agreements nor the possibility of conflict was disclosed to the court so that it could take steps to protect the interests of absentee class members.*** We think it appropriate for the district court to consider whether counsel could represent both the class representatives with whom there was an incentive agreement, and absentee class members, without affecting the entitlement to fees.

*Rodriguez v. West Publishing Corp.*, 563 F. 3d at 968 (emphasis added).

---

[5] The fact that the Amended Incentive Agreement was disclosed to the defendants in the case is not relevant, and has been raised before. The defendants did not represent the class, and their counsel did not seek payment of their fees from the fund. Neither defendants nor their counsel had a fiduciary duty to the Class. It was incumbent upon Class Counsel, and not the defendants, to disclose the agreement to the Court, and it is undisputed that it was not done.

**C.     The Arrangement Between MW and its Plaintiffs in this Case Was Never "Arguably Permissible"**

Proffering an article from the Illinois Bar Journal, earlier cited by this Court, MW suggests that the contingent incentive arrangement in this case was "arguably permissible" when made, so that they should not be held to account for the conflict of interest it created. But neither this Court nor the Illinois Bar Journal article suggested that the arrangement reached in this case, or the resulting chaos, was ever arguably permissible. The arrangement between MW and its plaintiffs in this case was a pileup of several violations of well-established rules. Thus the case involved a concurrent conflict of interest created by MW's contractual obligation to seek a contingent incentive awards in a sum certain measured by the class' recovery. In this case in which the class representatives were attorneys, it amounted to a contract to split fees between attorneys without disclosure to the class or the court (*Mark v. Spencer,* 166 Cal. App. 4th 219 (2008)), where some of those attorneys were also class representatives. It is a pertinent financial arrangement between the attorneys and class representatives that was also undisclosed to the Court (*Sipper v. Capital One Bank,* 2002 WL 398769 (C.D. Cal. 2002) and *Apple v. Superior Court,* 126 Cal. App. 4th 1253 (2005)) by which the class representatives would receive what amounts to legal fees for their participation in the case.

In aggravation, the contractual incentive award MW was required to seek was to be measured as a contingent percentage of the class' recovery, rather than upon any of the traditional bases for class member incentive awards, such as personal risk, expenses or inconvenience. *Staton v. Boeing Co.,* 327 F. 3d 938 (9th Cir. 2003). No known authority has ever held any of this to be arguably permissible, and of course both this Court and the Ninth Circuit have found that it was not.

**D.     The *Rodriguez* Court Was Not Concerned with "Confirmation" of McGuire Woods' "Efforts" in this Case**

McGuire Woods expends two pages listing its various duties and work in the case. MW Motion for Reconsideration (Doc. No. 632) at 4-6. It does so under the pretext that the

7

Ninth Circuit was "seeking confirmation regarding the nature and extent of [the] contributions by McGuire Woods, or more specific findings by this Court regarding the nature and extent of McGuire Woods' efforts on behalf of the Class. . ." *Id.* at 6.

Nothing in the *Rodriguez* opinion remotely suggests that the issue on remand was to be the extent of McGuire Woods' contributions or efforts in the case. Even if it had been, making such a belated showing on a motion for reconsideration would be improper. To the extent the opinion mentions the development of the record in relation to the conflict of interest, it was the objectors who sought that more information, such as time records, be produced to the Court. See Head/Schneider, Feldman and Juranek Objectors Proposal for Addressing the Mandate of the U.S.C.A. 9th Circuit on Attorneys' Fee Issues filed June 12, 2009 (Doc. No. 543); see also Head/Schneider Opp. to Motion to Attorneys' fees (Doc. No. 594) at 11:6-9 and n.7 (same).

McGuire Woods made no effort to develop the record in connection with the ethical issues. Instead, Class Counsel's strategy in this case was to renew their fee application and rely upon the same legal theories pressed on appeal, on the theory that this Court should simply "reaffirm" its prior award. See Memorandum of Points and Authorities in Support of Settling Class Plaintiffs' Motion for Distribution of the Net Settlement Fund Upon the Occurrence of the Effective Date and for Approval and Distribution of Attorneys' Fees and Expenses (Doc. No. 583) at pages 7-9. That was a losing strategy. The firm should not be permitted to double back on reconsideration and adopt a new strategy, especially where the new strategy is no more likely to extricate it from its predicament.

E.  **McGuire Woods Recent "Continuing Service" Cannot Cure the Ethical Violations That Caused the Denial of its Fees**

After the entry of this Court's Order recognizing and establishing the conflict of interest, McGuire Woods has no right to demand compensation for its continued work on this case. The firm was aware of the conflict of interest issue at the time of final approval. It nonetheless continued work through final approval, appeal and remand with the full and increasing knowledge that this Court might eventually deny it fees because of the conflict of

8

interest.  It gambled and lost.   The attempt to convert this activity into an "extra credit" example of fiduciary good faith rings very hollow.

At this point, McGuire Woods' continuing service can better be described as "precatory entrepreneurialism."  The firm has already filed an appeal from the order denying it fees.  If it succeeds, it hopes that some or all of its past, present and future work may become compensable.  That is not so much good faith as good business.  It also confers no benefit on the class and as such should not be compensated.[6]

Regardless, this attempt to make a virtue of necessity is unavailing even assuming the best intentions.  There is no case law to suggest that a lawyer's continued service of a client despite a conflict of interest, even if competent, somehow mitigates or counterbalances the application of the rule denying fees for concurrent conflict of interest.

### F.     Zwerling Schachter & Zwerling / Finkelstein Thompson

There are many circumstances in this case that support the fee amounts that this Court awarded to Zwerling Schachter & Swerling and Finkelstein Thompson.   In the Order awarding fees, this Court mentioned several reasons for making a downward adjustment in lodestar and refusing to apply a multiplier in the order awarding the fee, including "excessive fees and noncompensable work . . .work done to preserve the award of attorneys' fees, work done in connection with the *Park* litigation , and other work performed that conferred no benefits on the Class."  Order at 7.

The circumstances amply support the Court's decision.  In finding that the fees requested were excessive this Court undoubtedly considered the fact that the hourly rates of the ZSZ and FT firms increased dramatically between the initial judgment and the latest fee request, working as a retroactive increase in the lodestar for all hours billed by those firms.  See Head/Schneider Opp. to Motion to Attorneys' fees (Doc. No. 594) at 12-13.  And the

---

[6]     On the contrary, Class Counsel's premature appeals from the fee order only resulted in several months' unnecessary delay, given that this Court initially declined to hear the pending motions for reconsideration once the appeals were filed.

9

total hours claimed to be expended by those firms increased markedly, as well. *Id.* Thus, the ten-percent reduction that this Court has applied to the lodestar – when that lodestar is composed of massive additional billing hours at radically increased hourly rates – hardly results in a true reduction below a "reasonable" lodestar at all.

Indeed, the fees ultimately awarded to the ZSZ and FT firms actually ***exceed*** the amount that either firm was awarded prior to the appeal. Thus ZSZ originally sought and obtained a 1.75 multiplier on a lodestar of $792,414.50, for a total of $1,386,725.38. This Court has now awarded it $1,532,706.40–an increase of $145,981 over its initial fee award. Likewise, FT was originally awarded $1,102,095.75, or 1.75 times its lodestar of $629,769. The Court has since awarded that firm $1,597,560.84–an increase of $495,465.09 over its initial fee award.

Given that neither firm challenged its initial fee award for work prior to the appeal, it appears that these firms intend to complain that the additional $641,446.09 does not adequately compensate them for their comparatively modest contributions on appeal. Viewed in that light, the additional fees this court has now awarded represent ample compensation under any theory. Certainly, there is no evidence suggesting under-compensation given the facts before the Court.

Furthermore, the ZSZ and FT firms might be considered fortunate to be paid at all. Although the *Rodriguez* court did not find that those firms had a disabling concurrent conflict of interest, the firms were aware of the Amended Incentive Agreements and also did not disclose them to this Court. Had they done so, a major issue in this litigation may have been avoided. E.g., *Rodriquez*, 563 F. 3d at 959 (noting that, if the conflict had been timely disclosed, this Court might have taken steps to contain or otherwise mitigate the effect of the conflict); see also *id.* at 968 ("class counsel's fiduciary duty is to the class as a whole and it includes reporting potential conflict issues."). District courts have in fact disqualified co-class counsel for similar missteps. See *Sipper v. Capital One Bank*, 2002 WL 398769 (C.D. Cal. 2002) at *4 (failure to discover and disclose conflicts of interest in a class action case is enough reason to disqualify associate counsel, even though they are not directly involved in

the misconduct). Thus it is clear that ZSZ and FT only narrowly – and some might argue miraculously – dodged a fate similar to that of McGuire Woods.

Though the settlement is adequate, the road to its ultimate approval was unnecessarily tortuous and rocky. There is not much room for excessive pride on the part of any of the class counsel involved, much less excessive fees. For ZSZ and FT, fees that are only ten percent less than the claimed lodestar and which greatly exceed in absolute dollars the fees originally awarded before appeal can only be considered to be very generous under all of the circumstances, well-justified on the record, and certainly reasonable. Certainly, neither firm has shown any cause to challenge the fee award by way of a motion for reconsideration.

### III. CONCLUSION

This Court's decision on Class Counsel's attorneys' fees was amply supported by authority and well-informed by facts on the record. Reargument of the same authority and facts is not the purpose of a motion for reconsideration. The Motions should therefore be DENIED.

Dated: June 28, 2010  KENDRICK & NUTLEY

By: /s/C. Benjamin Nutley
C. Benjamin Nutley

Attorneys for Head/Schneider Objectors